1  ANTHONY J. ONCIDI, SBN 118135
   aoncidi@proskauer.com
2  HAROLD M. BRODY, SBN 84927
   hbrody@proskauer.com
3  G. SAMUEL CLEAVER, SBN 245717
   gcleaver@proskauer.com
4  PROSKAUER ROSE LLP
   2049 Century Park East, 32nd Floor
5  Los Angeles, CA 90067-3206
   Telephone:   (310) 557-2900
6  Facsimile:   (310) 557-2193

7  KENDRICK L. MOXON, SBN 128240
   kmoxon@earthlink.net
8  MOXON & KOBRIN
   3055 Wilshire Blvd., Ste 900
9  Los Angeles, CA 90010
   Telephone:  (213) 487-4468
10 Facsimile:  (213) 487-5385

11 Attorneys for Defendant,
   Church of Scientology Int'l
12

FILED

2009 JUN -4  AM 10: 16

CLERK U.S. DISTRICT COURT
CENTRAL DIST. C.  CALIF.
LOS ANGELES

BY_____

13           UNITED STATES DISTRICT COURT

14          CENTRAL DISTRICT OF CALIFORNIA

15

16  MARC HEADLEY,                          Case No **CV09-3986** (MANx)

17              Plaintiff,

18       v.                                **REMOVAL OF CIVIL ACTION
                                            FROM THE SUPERIOR COURT
                                            OF THE STATE OF
19  CHURCH OF SCIENTOLOGY                   CALIFORNIA FOR THE
    INTERNATIONAL, a corporate entity,      COUNTY OF LOS ANGELES TO
20  and DOES 1-20,                          THE UNITED STATES
                                            DISTRICT COURT**
21              Defendants.

22                                          (Los Angeles County Superior Court,
                                            Case No. BC 404958)
23

24

25       TO THE CLERK OF THE ABOVE-ENTITLED COURT:

26       PLEASE TAKE NOTICE that defendant Church of Scientology International

27  ("CSI" or "Defendant") hereby removes to this Court the state action described

28  below.

1.     On January 5, 2009, an action was commenced in the Superior Court of the State of California in the County of Los Angeles, entitled "Marc Headley, Plaintiff, v. Church of Scientology International, a corporate entity, and Does 1-20, Defendants," as case number BC 404958.  A true and correct copy of the summons and complaint are attached hereto as Exhibit A.  (Brody Decl. ¶ 2, Ex. A.)

2.     On or about February 17, 2009, before defendant had answered or otherwise responded, Plaintiff filed a First Amended Complaint ("FAC") and Notice of Related Cases.  Defendant CSI was served by substituted service on March 16, 2009.  A true and correct copy of the FAC and Notice of Related Cases are attached hereto as Exhibits B and C.  (Brody Decl. ¶ 3, Exs. B and C.)

3.     On February 27, 2009, the Superior Court judge assigned to this matter, the Hon. Jane L. Johnson, ruled that under LASC Local Rule 7.3(f) this case was related to *Claire Headley v. Church of Scientology, et al.*, LASC Case No. BC 405834, and the *Claire Headley* matter was then re-assigned to Judge Johnson for all purposes.  A copy of Judge Johnson's Order is attached hereto as Exhibit D. (Brody Decl. ¶ 4, Ex. D.)

4.     On or About March 6, 2009, Plaintiff filed their Proof of Service of Summons of the First Amended Complaint.  A true and correct copy of that Summons is attached as Exhibit E.  (Brody Decl. ¶ 5, Ex. E.)

5.     On or about April 15, 2009, CSI timely filed a Demurrer, a Motion to Strike, a Motion to Strike Punitive Damages and Declaration in Support thereof. Copies are attached as Exhibits F, G, H and I.  (Brody Decl. ¶ 6, Exs. F, G, H and I.)

6.     While the Demurrer and Motions to Strike were pending and before they were heard, the parties stipulated that Plaintiff may file a Second Amended Complaint ("SAC").  Plaintiff's counsel first provided a courtesy copy of the proposed SAC to counsel for CSI on or about April 28, 2009.  However, Plaintiff did not file the Stipulation and the SAC with the Superior Court until May 19, 2009, and did not serve a conformed copy of the SAC on CSI's counsel until May 22,

1   2009, and it is that date which governs the timeliness of removal.  True and correct

2   copies of conformed copies of the Stipulation and of the SAC are attached hereto as

3   Exhibits J and K.  (Brody Decl. ¶ 7, Exs. J, K.)  *See Murphy Bros., Inc. v. Michetti*

4   *Pipe Stringing, Inc.*, 526 U.S. 344, 354, 119 S. Ct. 1322, (1999).  As service is being

5   effected within 30 days of first service of the SAC after it was filed with the state

6   court, removal is thus timely under 28 U.S.C. § 1446(b).  *Schneehagen v. Spangle*,

7   975 F.Supp. 973, 974 (S.D. Tex. 1997).  As discussed below, the SAC was the first

8   pleading that raised a federal question; hence, Defendant is removing the case

9   within 30 days after receipt of an amended pleading from which it could be

10  ascertained that the case is one which is or has become removable.  28 U.S.C. §

11  1446(d).

12      7.    Neither the original complaint nor the FAC was removable as neither

13  pled a federal question.  The SAC, however, does plead a federal question.  The

14  SAC purports to plead three causes of action: (1) Unfair Practices Under B&P

15  § 17200 et seq.; (2) Labor Code Violations; and (3) Forced Labor aka Human

16  Trafficking.  In the third cause of action for "Forced Labor," Plaintiff pleads that

17          [p]ursuant to 18 USC [sic] §§ 1593 and 1595, Plaintiff has

18          a private cause of action under the Federal Human

19          Trafficking laws, including 18 USC [sic] § 1589 "Forced

20          Labor", on which Plaintiff may recover the full amount of

21          his loss, including payment at minimum wage and for

22          overtime and reasonable attorneys [sic] fees.

23  (SAC ¶ 52.)  Plaintiff also pleads that

24          [t]he private cause of action for forced labor under 18

25          USC [sic] §§ 1589, 1593 and 1595 does not have a statute

26          of limitation [sic] provision in the Federal Human

27          Trafficking law.  In that circumstance, state procedural law

28

1   applies and sets the appropriate statute of limitation [sic]

2   rule.

3   (*Id.* ¶ 53.)  18 U.S.C. § 1595, specifically invoked by Plaintiff, provides that the

4   "victim" of an alleged human trafficking offense, "may bring a civil action against

5   the perpetrator *in an appropriate district court of the United States . . . .*" (Emphasis

6   added.)  In his prayer for relief, Plaintiff prays for "[d]amages authorized by . . .

7   federal or common law, for forced labor/human trafficking as alleged in the Third

8   Cause of Action . . . ." (Prayer ¶ 3, SAC at 30:9-13.)

9         8.      Although this federal claim is pled along with other state law claims,

10   the federal claims constitute separate and independent claims over which the federal

11   courts originally could have exercised jurisdiction pursuant to 28 U.S.C. § 1331.

12   Thus, the entire case is removable pursuant to 28 U.S.C. § 1441(c).

13        9.      Notice of this removal is being given both to the adverse party and to

14   the state court pursuant to 28 U.S.C. § 1446(d).  A true and correct copy of the

15   Notice to Adverse Party is attached as Exhibit L.  A true and correct copy of the

16   Notice to State Court is attached hereto as Exhibit M.  (Brody Decl. ¶ 9, Exs. L, M.)

17        10.     Defendant is not attaching copies of the discovery that the parties have

18   propounded since service of the original Complaint but before this removal because

19   "[d]iscovery . . . simply does not constitute process, pleadings or orders" that must

20   be attached to a Notice of Removal.  *Visicorp v. Software Arts, Inc.,* 575 F.Supp.

21   1528, 1531 (N.D. Cal. 1983) (citing 28 U.S.C. §§ 1446(a), 1450).

22        11.     The Central District of California, Western Division, is the judicial

23   district embracing the place where LASC Case No. BC 404958 is pending.  *See* 28

24   U.S.C. § 84(c)(2).

25        12.     Accordingly, LASC Case No. BC 404958 is properly subject to

26   removal to the United States District Court for the Central District of California,

27   Western Division.

28

NOTICE OF REMOVAL

1      In the event this Court should have any questions about the propriety of

2  removal or may be inclined to remand this action, Defendant respectfully requests

3  that the Court issue an order to show cause why the case should not be remanded,

4  affording the parties the opportunity to provide the Court with full briefing and

5  argument.

6

7  DATED: June 4, 2009                     PROSKAUER ROSE LLP

8                                              ANTHONY J. ONCIDI
                                               HAROLD M. BRODY

9                                              G. SAMUEL CLEAVER

10                                            MOXON & KOBRIN
                                             KENDRICK L. MOXON

11

12                                              Harold M. Brody

13                                            Attorneys for Defendant,
                                             Church of Scientology International

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

0047/21051-004
Current/14755955v1

**NOTICE OF REMOVAL**

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I declare that: I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2049 Century Park East, Suite 3200, Los Angeles, California 90067.

On June 4, 2009, the foregoing documents described as:

**REMOVAL OF CIVIL ACTION FROM THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF LOS ANGELES TO THE UNITED STATES DISTRICT COURT**

were served on the interested parties in this action:

☑ by placing ☐ the original ☑ a true copy thereof enclosed in a sealed envelope addressed as follows:

## SEE ATTACHED SERVICE LIST

☑ (By Mail) I am "readily familiar" with the Firm's practice of collection and processing correspondence for mailing. Under that practice, the envelope would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ (By E-mail) By electronic transmission of a copy of the document.

☐ (By Overnight Courier) By causing such envelope to be delivered the next business day to the office of the addressee via Federal Express or other similar overnight delivery service.

☐ (By Personal Service) By personally delivering such envelope to the office of the addressee.

☑ (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 4, 2009 at Los Angeles, California.

Jennifer H. Kwon
Print Name                        Signature

# SERVICE LIST

1

2
Barry Van Sickle, Esq.
3
Law Offices of Barry Van Sickle
1079 Sunrise Avenue
4
Suite B-315
Roseville, CA  95661
5

Marc Marmaro, Esq.
6
Jeffer, Mangels, Butler & Marmaro LLP
1900 Avenue of the Stars, 7th Floor
7
Los Angeles, CA  90067

8
Kendrick L. Moxon
Moxon & Kobrin
9
3055 Wilshire Boulevard
Suite 900
10
Los Angeles, CA  90010

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8303/21051-004
Current/14771936v