**EXHIBIT G**

| | |
|---|---|
| 1 | Anthony J. Oncidi, State Bar No. 118135 |
| 2 | Harold M. Brody, State Bar No. 84927<br>PROSKAUER ROSE LLP |
| 3 | 2049 Century Park East, Suite 3200<br>Los Angeles, California 90067-3206 |
| 4 | Telephone: (310) 557-2900<br>Facsimile: (310) 557-2193 |
| 5 | Kendrick L. Moxon, State Bar No. 128240 |
| 6 | MOXON & KOBRIN<br>3055 Wilshire Boulevard, Suite 900 |
| 7 | Los Angeles, California 90010<br>Telephone: (213) 487-4468 |
| 8 | Facsimile: (213) 487-5385 |

**CONFORMED COPY
OF ORIGINAL FILED**
Los Angeles Superior Court

**APR 15 2009**

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
AEI LaFLEUR-CLAYTON

Attorneys for Defendant
CHURCH OF SCIENTOLOGY
INTERNATIONAL

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| MARC HEADLEY,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CHURCH OF SCIENTOLOGY<br>INTERNATIONAL, a corporate entity;<br>and DOES 1 through 20,<br><br><br>　　　　　Defendants. | Case No.  BC 404 958<br><br>Assigned for All Purposes to the<br>Honorable Jane L. Johnson<br><br>**NOTICE OF MOTION AND MOTION TO<br>STRIKE OF DEFENDANT CHURCH<br>OF SCIENTOLOGY INTERNATIONAL<br>[C.C.P. §§435, 436]**<br><br>(Served concurrently with Demurrer)<br><br><br>Date:  May 21, 2009<br>Time:  8:30 a.m.<br>Dept.: 56 |

**TO PLAINTIFF MARC HEADLEY AND TO HIS COUNSEL OF RECORD, BARRY
VAN SICKLE:**

　　　　**PLEASE TAKE NOTICE** that on Thursday, May 21, 2009, at 8:30 a.m., or as soon

thereafter as this matter may be heard in Department 56 of the above-entitled Court, the

1

NOTICE OF MOTION AND MOTION TO STRIKE

1    Honorable Jane L. Johnson, Superior Court Judge, presiding, located at 111 North Hill Street,

2    Los Angeles, California 90012, defendant Church of Scientology International ("CSI") will

3    bring on for hearing the following Motion to Strike, pursuant to Code of Civil Procedure

4    sections 435 and 436, as to plaintiff Marc Headley's First Amended Complaint:

**MOTION TO STRIKE**

6         CSI moves to strike from the First Amended Complaint ("FAC") all matter therein that

7    is:

8         1. Irrelevant, false, or improper pursuant to C.C.P. § 436(a). Such matter permeates the

9    FAC and is specifically identified in the accompanying Memorandum of Points and

10   Authorities in support of this Motion; and

11        2. Not drawn in conformity with the applicable statutes, rules, court orders, or law

12   pursuant to C.C.P. § 436(b), specifically:

13             a. Plaintiff's First Cause of Action (for a representative claim under Business

14   and Professions Code §§ 17200 *et seq.*) and any and all allegations related to that

15   purported cause of action;

16             b. Plaintiff's Second Cause of Action (for Labor Code violations), and

17   any and all allegations related to that purported cause of action;

18             c. Plaintiff's Third Cause of Action (for reformation of an oral agreement), and

19   any and all allegations related to that purported cause of action;

20             d. Plaintiff's Fourth Cause of Action (for human trafficking), and any and all

21   allegations related to that purported cause of action; and

22             e. Plaintiff's Fifth Cause of Action (for invasion of privacy), and any and all

23   allegations related to that purported cause of action.

24        This Motion is based on this Notice of Motion and Motion, the accompanying

25   Memorandum of Points and Authorities, the FAC, all matters properly judicially noticed, this

26   Court's file in this action, and upon such other matters as may be properly received into

27   ///

28

1  evidence by the Court at the time of the hearing.

2  Dated:   April 15, 2009

Respectfully Submitted

3  MOXON & KOBRIN

4  – and –

5  PROSKAUER ROSE LLP

6  By: _Harold M. Brody_

7  Harold M. Brody

8  Attorneys for Defendant
   CHURCH OF SCIENTOLOGY
9  INTERNATIONAL

1

**PROOF OF SERVICE**

2

   I am employed in the County of Los Angeles, State of California.  I am over the age of
3
eighteen (18) years and not a party to the within action.

4

   On April 15, 2009, I served the foregoing document described as:

5

**NOTICE OF MOTION AND MOTION TO STRIKE OF DEFENDANT CHURCH OF SCIENTOLOGY INTERNATIONAL [C.C.P. §§435, 436]**
6

7
By First Class Mail on interested parties in this action as follows:

8
Barry Van Sickle
Law Offices of Barry Van Sickle
9
1079 Sunrise Ave., Box B-315
Roseville, CA  95661
10

11
   Executed on April 15, 2009, at Los Angeles, California

12
   I declare in accordance with the laws of the State of California, under penalty of
perjury, that the foregoing is true and correct.
13

14

15                                   *Rosalen Doherty*
                                     Signature
16

17

18

19

20

21

22

23

24

25

26

27

28

---

4

NOTICE OF MOTION AND MOTION TO STRIKE

1   Anthony J. Oncidi, State Bar No. 118135
    Harold M. Brody, State Bar No. 84927
2   PROSKAUER ROSE LLP
    2049 Century Park East, Suite 3200
3   Los Angeles, California 90067-3206
    Telephone:  (310) 557-2900
4   Facsimile:  (310) 557-2193

5   Kendrick L. Moxon, State Bar No. 128240
    MOXON & KOBRIN
6   3055 Wilshire Boulevard, Suite 900
    Los Angeles, California 90010
7   Telephone:  (213) 487-4468
    Facsimile:  (213) 487-5385

8

9   Attorneys for Defendant
    CHURCH OF SCIENTOLOGY
    INTERNATIONAL

10

**CONFORMED COPY**
**OF ORIGINAL FILED**
Los Angeles Superior Court

APR 15 2009

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
A.E. LaFLEUR-CLAYTON

11          SUPERIOR COURT OF THE STATE OF CALIFORNIA

12              COUNTY OF LOS ANGELES, CENTRAL DISTRICT

13

| | |
|---|---|
| 14  MARC HEADLEY, | Case No.  BC 404 958 |
| 15              Plaintiff, | Assigned for All Purposes to the Honorable Jane L. Johnson |
| 16 | |
| 17         vs. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION** |
| 18 | **TO STRIKE OF DEFENDANT CHURCH OF SCIENTOLOGY INTERNATIONAL** |
| 19  CHURCH OF SCIENTOLOGY | **[C.C.P. §§435, 436]** |
| 20  INTERNATIONAL, a corporate entity; and DOES 1 through 20, | (Served concurrently with Demurrer) |
| 21 | |
| 22              Defendants. | Date:  May 21, 2009 Time:  8:30 a.m. Dept.:  56 |
| 23 | Complaint Filed:  Jan. 5, 2009 |
| 24 | Trial Date:  N/A |

25

26

27

28

## PRELIMINARY STATEMENT

Plaintiff Marc Headley's First Amended Complaint ("FAC") fails to meet a myriad of legal requirements that compel its dismissal, as defendant Church of Scientology International ("CSI") demonstrates in its accompanying Demurrer.  However, that FAC also is riddled throughout with improper, irrelevant, conclusory, argumentative, and scandalous allegations that are immaterial to any cause of action plaintiff purports to assert.  Accordingly, CSI submits this Motion to Strike plaintiff's surplusage so that if any of his FAC survives this Motion and its companion Demurrer, CSI will be disputing a lawsuit instead of disarming invective.

## LEGAL SCOPE OF A MOTION TO STRIKE

Any pleading may be subject to a motion to strike, in whole or in part.  Code Civ. Proc., §§ 435-437; see generally 5 Witkin, Cal. Procedure (5th ed. 2008) Pleading, § 1009 (Witkin).  A motion to strike "is traditionally used to reach certain kinds of defects in a pleading that are not subject to demurrer."  Witkin, § 1008.  In addition, "[a] motion to strike can also be used as a 'scalpel' — to cut out any 'irrelevant, false or improper' matters asserted therein" (Weil & Brown), Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2008) ¶ 7:177 (Weil & Brown), quoting Code Civ. Proc., § 436, subd. (a).), or to "[s]trike out all or any part of any pleading not drawn or filed in conformity with the laws of this state, a court rule, or an order of the court."  Code Civ. Proc., § 436, subd. (b).

## IMPROPER MATTER TO BE STRICKEN FROM THE FAC

### A.    Improper Legal Arguments and Conclusions of Law.

"Irrelevant, false, or improper matter," susceptible to a motion to strike include allegations statutorily defined as "immaterial."  Weil & Brown ¶ 7:178; Code Civ. Proc., §431.10, subds. (b)(1), (2) [immaterial allegations include those not essential to the claim or defense and those "neither pertinent to nor supported by an otherwise sufficient claim or defense."].  Moreover, the contents of a complaint are statutorily confined to "[a] statement of the facts constituting the cause of action, in ordinary and concise language" and "a demand for

1

1  judgment." Code Civ. Proc., § 425.10. That is why, in assessing the legal sufficiency of a

2  complaint on demurrer, the Court assumes the truth of "all material facts properly pleaded,"

3  while disregarding all "contentions, deductions or conclusions of fact or law." *Hirsch v. Bank*

4  *of America, N.A.* (2003) 107 Cal.App.4th 708, 716; *Blank v. Kirwan* (1985) 39 Cal.3d 311,

5  318. That is also why it is long-settled that California courts strike legal arguments from

6  complaints. *Kline v. San Francisco Unified School District* (1940) 40 Cal.App.2d 174, 178

7  [striking a legal argument from a complaint as it was apparent "that these allegations were

8  irrelevant and stated no issue upon which appellant could have tendered any proof."].

9      Upon that basis, the Court should strike the following legal arguments and conclusions

10  of law from the FAC:

11  [¶1, 1:21-26.] This case challenges Scientology's long-standing practice of
    evading laws and depriving workers of basic human rights. In particular,
12  Plaintiff complains that he worked long hard hours for illegal wages and was
    subjected to violations of personal rights and liberties by Defendant for
13  purposes of obtaining forced labor.

14  [¶1, 2:1-3.] Defendant has wrongfully retaliated against Plaintiff for these
    proper and privileged actions.
15
16  [¶2, 2:4-19.] Plaintiff's case has a solid legal foundation. It is supported by
    statutory law and decisions of the U.S. Supreme Court, the California Supreme
17  Court and the Ninth Circuit Court of Appeals. Defendant's case appears to be
    based on the premise that its status as a tax-exempt entity provides an
18  impermeable shield against claims. In particular, Defendant CSI, which is part
    of the Scientology enterprise ("Scientology"), typically claims First Amendment
19  or waiver type defenses to ongoing violations of state and federal law. These
    purported defenses to otherwise indisputably illegal conduct will not withstand
20  scrutiny and analysis. The law is well settled that Defendant is subject to labor
    laws and other neutral laws of general applicability. Further, the rights in
21  question cannot be waived. Fundamental rights and the protection of the labor
    laws cannot be lost with the stroke of a pen or word processor. (Authorities are
22  referenced and cited below.)

23  [¶5, 3:3-12.] At times herein material, and continuing, Defendant CSI was and
    is an enterprise conducting business, and an employer paying employees to
24  conduct said business, within the State of California and in interstate commerce.
    Accordingly, said Defendant is subject to California and Federal laws
25  concerning their work force, working conditions, business practices, minimum
    wage, payment for overtime and the protection of minors.... Defendant has
26  systematically ignored and violated said laws to the damage of Plaintiff Headley
    and others similarly situated.

27  [¶7, 3:20-4:2.] Defendant CSI, related Scientology entities and potential Doe
    Defendants claim that workers such as Plaintiff are not entitled to the benefits
28  and protections of the labor laws. The weight of authority is contrary to

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

Defendant's self-granted immunity from state and federal labor laws. As stated by the California Supreme Court, "... [to] permit religious beliefs to excuse acts contrary to law... would be to make professed doctrines of religious belief superior to the law of the land, and in effect to permit every citizen to become a law unto himself." *Catholic Charities of Sacramento, Inc. v. Superior Court* (2004) 32 Cal.4th 527, 541 (Citing the U.S. Supreme Court).

[¶8, 4:5-18.] The U.S. Supreme Court has ruled that non-profit and religious entities must abide by labor laws including laws on wages and employment of minors. In the *Alamo* case (cited below), the court also found that persons performing work for a religious entity are covered by the labor laws even if they claim not to want or qualify for the protection of the labor laws. Workers of religious entities are protected by the labor laws irrespective of whether workers consider themselves to be employees. The protection of labor laws cannot be waived. For purposes of minimum wage and child labor laws, employment is evaluated in the context of economic reality. *Tony & Susan Alamo Foundation v. Sec. of Labor*, (1985) 471 US 290. In accord, *Mitchell v. Pilgrim Holiness Church Corp.* 210 F.2d 879 (7th Cir. 1954). See also, *Prince v. Massachusetts,* (1944) 321 U.S. 158 (Child Labor).

[¶9, 4:19-26.] The California Supreme Court and the Ninth Circuit Court of Appeals have also found in well-considered opinions that religions are not exempt from laws of general applicability such as the labor laws. There is no constitutional right to exemption from minimum wage and child labor laws. See e.g. *Elvig v. Calvin Presbyterian Church,* 397 F.3d 790, 792 (9th Cir. 2003) (citing 3 U.S. Supreme Court cases) and *North Coast Women's Care Medical Group, Inc. v. Superior Court*, (2008) 44 Cal.4th 1145.

[¶10, 4:27-5:15.] For purposes of the minimum wage and similar laws, the test of employment looks to "economic reality" not labels, titles or a self-serving paper trail crafted by lawyers trying to minimize or obscure Defendant's legal obligations and liabilities. An "employee" who is called an independent contractor, a volunteer or religious worker is still an employee. As the court observed when evaluating employment in *Estrada v. FedEx Ground Package System, Inc.* (2007) 154 Cal.App.4th 1, 10: "... [I]f it looks like a duck, walks like a duck, swims like a duck and quacks like a duck, it is a duck." Simply put, if it looks like employment and has the attributes of employment, it is employment. The protections of the labor laws cannot be lost and the underlying reality is not changed, by Scientology's obsessive quest for self-serving documents. See e.g. Civil Code §3513, Labor Code 1194, *County of Riverside v. Superior Court (Madrigal)* (2002) 27 Cal.4th 793 and *Abramson v. Juniper Networks, Inc.* (2004) 115 Cal.App.4th 638

[¶11, 5:16-6:8.] Under the principles applied by the *Alamo*, court the parties' perceptions and documents do not control or govern applications of the labor laws. That would effectively make minimum wage and other labor laws optional, not mandatory, which is not the law. Also, the courts have recognized the strong public policy behind minimum wage, overtime and mandatory off-time laws. The labor laws protect the weak employee from being exploited by the stronger employer and against the "evils of overwork". *Gentry v. Superior Court (Circuit City Stores, Inc.)* (2007) 42 Cal.4th 443 at 445-6. Plaintiff was dependant upon his work and labor for Defendant, which satisfies the economic reality test. As stated in *Real v. Driscoll Strawberry Associates, Inc.* 603 F.2d 748, 754 (9th Cir 1979) "Courts have adopted an expansive interpretation of the definitions of "employer" and "employee" under the FLSA, in order to

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

effectuate the broad remedial purposes of the Act ... The common law concepts of "employee" and "independent contractor" are not conclusive determinants of the FLSA's coverage.  Rather, in the application of social legislation employees are those who *as a matter of economic reality* are dependent upon the business to which they render service." (Emphasis in original)

[¶14, 7:6-16.] The operative statute underlying the first cause of action may be triggered by essentially all business torts and statutory violations, including violations of federal law, which are independently actionable under the California body of law on unfair competition and business practices.  The California Supreme Court has expressly ruled that labor code violations are actionable under this law.  The difference between what was paid as wages and what should have been paid under minimum wage and overtime laws qualifies as restitution damages under B&P Code §17203.  *Cortez v. Purolator Air Filtration Products Co.* (2000) 23 Cal.4th 163, 177-179.

[¶16, 8:6-9.]  Plaintiff is informed and believes that films and other products still in use may have been made with illegal minor labor, and may constitute "hot goods" under the child labor laws and FTC regulations.

[¶19, 9:11-23.]  Defendant CSI, and Does, have a duty to inform employees of their rights under the labor laws. Not only did CSI not advise employees of rights, CSI mislead its employees about their rights.  Workers such as Plaintiff Headley were told that Scientology does not have to pay them minimum wage or give them any rights because "it's a church", and/or workers have waived rights. Plaintiff came to accept such misinformation while working for CSI. Defendant CSI has been on notice that workers are entitled to at least the protection of Federal labor laws since the publication of the *Alamo* case in 1985, however, CSI has failed to follow the labor laws or give its workers proper notice of their true legal rights under labor laws.  *Tony & Susan Alamo Foundation v. Sec. of Labor,* 471 US 290 (1985).

[¶20, 9:24-10:7.] The First Amendment does not exempt religious organizations from minimum wage and child labor laws.  *Elvig v. Calvin Presbyterian Church,* 397 F.3d 790, 792 (9th Cir. 2003).  In accord, *North Coast Women's Care Medical Group, Inc. v. Superior Court,* 44 Cal 4th 1145 (2008). Defendant had a duty owed to Plaintiff and other employees similarly situated to comply with the state and federal labor laws. Defendant intentionally, consciously and wrongfully made a tactical decision to ignore the labor laws, take its chances with a compliant and intimidated work force, and hope that the running of statutes of limitations would in the long run save CSI millions of dollars.

[¶21, 10:8-27.]  Defendant CSI has claimed that Plaintiff Headley, and apparently all of CSI's workers, have waived any right to the protection of the labor laws; however, as a matter of state and federal law, such rights cannot be waived.  The *Alamo* case cited above is one of numerous cases that establish that the rights in question are *not* waivable. Further, any such purported written waiver would not be enforceable on numerous other grounds including duress, menace, illegality and lack of consideration. Plaintiff was entitled to at least minimum wage and overtime for his work even if there was an agreement to the contrary. (Labor Code §1194)  Not only is a release of proper wages null and void, it is a misdemeanor for an employer to require a release of compensation rights. (Labor Code §206.5) Regarding federal laws, the U.S. Supreme Court has also ruled that the protections of the federal labor laws cannot be abridged

4

or waived in *Barrentine v. Arkansas-Best Freight System,* 450 U.S. 728, 740
(1981). Under controlling laws, Defendant had a non-waivable duty to comply
with wage and minor labor laws. Defendant breached said duty. Further,
Plaintiff Headley made no voluntary or effective waiver of pertinent rights.

[¶22, 11:1-7.] Pursuant to California Minimum Wage Order NW-2007,
Defendant CSI was required to pay Plaintiff minimum wage and overtime
compensation without any deduction for the purported value of room and board
furnished to Plaintiff. In computing unpaid wages, therefore, Plaintiff is entitled
to recover the full amount of minimum wages, overtime and penalties due
without offset.

[¶26, 14:8-12.] The California Supreme Court has held that failure to pay
proper wages is actionable and that restitution of wages unlawfully withheld, or
not paid when due, is a remedy authorized by B&P Code §17200 and 17203.
*Cortez v. Purolator Air Filtration Products Co.* 23 Cal.4th 163, 177-179 (2000)

## B.     Improper Conclusions or Deductions of Fact

Just as immaterial allegations such as legal arguments and conclusions of law are

improper in a complaint and subject to striking under section 436, subdivision (a), so, too, are

conclusions, suppositions, and deductions of fact. On that basis, the following portions of the

FAC should be stricken:

[¶1, 1:26-27.] Since leaving the Scientology enterprise...

[¶2, 2:9-14.] Defendant CSI, which is part of the Scientology enterprise
("Scientology"), typically claims First Amendment or waiver type defenses to
ongoing violations of state and federal law. These purported defenses to
otherwise indisputably illegal conduct will not withstand scrutiny and analysis.

[¶7, 4:3-4.] Historically, the Defendant CSI has considered itself just as
described by this court - a law unto itself.

[¶12, 6:9-15.] The core facts cannot be seriously disputed. Plaintiff worked for
Defendants from 1989 to 2005 and was not paid minimum wage or overtime.
Plaintiff worked long hours including 100+ hour weeks at below minimum
wage, no compensation for overtime and insufficient time off. The work week
was seven days not six as required by law. Plaintiff is informed and believes
that Defendants continue to ignore labor laws.

[¶13, 7:1-2.] [Plaintiff] was an employee as a matter of economic reality.

[¶16, 7:26-8:3.] Generally, Plaintiff worked for an unincorporated division of
CSI known as Golden Era Productions. ... Plaintiff's duties were secular and
commercial in nature. Golden Era Productions is a business enterprise operated
with the primary directive to "keep the stats up" and "make money".

[¶17, 8:13-16]. Plaintiff suspects that documents forced upon him are replete
with nonsensical and unconscionable terms that were obtained by duress and

5

95

1   intimidation and for which there was no consideration or "meeting of the minds".

2

3   [¶17, 8:16-17.]  Plaintiff continued to work under unlawful conditions....

4   [¶35, 15:21-24.]  Plaintiff unknowingly and initially incompetently as a minor, entered and worked under an unlawful employment contract with Defendant CSI, which called for illegal wages and unlawful working conditions.

5

6   [¶36, 15:25-16:2.]  Plaintiff did so under mistakes of law and fact, initially by reason of his young age, and by reason of misrepresentations and improper and unconscionable demands made upon him on the part of Defendant CSI. Plaintiff has only recently learned of full and true nature of said mistakes on his part and misrepresentation of CSI's part.

7

8

9   [¶37, 16:3-6.]  Recently, Plaintiff has learned that he was working for CSI under an unlawful and unfair contract of employment, in violation of his rights, and contributing to the unjust enrichment of Defendant CSI.

10

11   **C.    Irrelevant Allegations**

12   Irrelevant allegations are expressly forbidden.  Code Civ. Proc., § 436, subd. (a).  On

13   that basis, the following allegations of the FAC should be stricken as they are irrelevant to any

14   supposed claim plaintiff purports to assert.

15   [¶3, 2:20-23.]  The goals of this case include forcing the Defendant to comply with labor laws and clearing the path for workers of Scientology organizations to obtain the compensation due them under state and federal labor laws.

16

17   [¶24, 12:3-4.]  Further investigation may disclose additional violations of law and unfair business practices committed by Defendant.

18

19   [¶36, 15:28-16:2.]  Plaintiff has only recently learned of full and true nature of said mistakes on his part and misrepresentation of CSI's part.

20   [¶44, 17:23-25.]  This facility, known as Gold Base, was a secret base for many years.  Most Scientologists did not know of its existence.

21

22   **D.  Scurrilous or Scandalous Allegations**

23   Section 436's statutory authority is in addition to the Court's "inherent and plenary"

24   power *Warner v. Warner* (1955) 135 Cal.App.2d 302, 304, to "strike from its files a brief or

25   other document containing disrespectful, scandalous, or abusive language, directed against the

26   courts, officials, or litigants, or to take such other action as the circumstances may require."

27   *Carpenter v. Pacific Mutual Life Ins. Co. of Cal.* (1937) 10 Cal.2d 307, 314; *Warner v.*

28   *Warner*, 135 Cal.App.2d at pp. 303-305 [striking an "attack" on character, reputation, and

6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

1   integrity that was "offensive, scandalous, scurrilous, and defamatory" and "wholly

2   unnecessary"]; *McNeil v. Higgins* (1948) 86 Cal.App.2d 723, 725 [striking "repetitious

3   irrelevant counter charges and allegations of improper motive attributable to plaintiff"].

       On that basis, the following scurrilous assertions should be stricken from the FAC:

4

5      [¶17, 8:22-24].  CSI enslaves its employees through coercion, deceit, fear of
       reprisal, intimidation, forced signatures on oppressive documents and enforced
6      poverty.

7      [¶18, 8:25-9:7].  While working for Defendant CSI, Plaintiff Headley's life was
       effectively controlled by the management of the Scientology enterprise and
8      Defendant CSI.  The refusal of Scientology and CSI to pay its workers
       minimum wage and the practice of working employees to exhaustion creates a
9      compliant labor force.  For example, to keep him in line, Plaintiff was assaulted
       by the leader of the Scientology enterprise.  This was a show of power and
10     domination.  Plaintiff observed such heavy-handed tactics used against his co-
       workers.  To complain would have been futile at the time.  Witnesses to the
11     assault would have been intimidated into silence.

12     [¶24c, 13:1-11].  Defendant CSI and related Scientology entities have for years
       subjected minors to illegal labor and deprived them of a proper education.
13     Defendant still recruits minors and works them illegally; however, current
       employees are ordered to have abortions.  The very young have no work value
14     to Defendant and would interfere with mother's employment with Defendants.
       Plaintiff was in fact a victim of this illegal and outrageous practice, in violation
15     of her civil and Constitutional rights, which is actionable under B&P Code
       §17200 as an illegal business practice.
16

17     **E.  Other Matters In The FAC Not Drawn In Conformance With Law**

18        A "pleading not drawn or filed in conformity with the laws of this state, a court rule, or

19   an order of the court" may be defective in form, such as conclusory allegations, improper

20   damages requests or unauthorized attorneys' fees claims, (Weil & Brown ¶¶ 7:179, 7:182, 7:

21   183), or in substance.  See, e.g., *PH II v. Superior Court* (1995) 33 Cal.App.4th 1680, 1682-

22   1683["when a substantive defect is clear from the face of a complaint, such as a violation of

23   the applicable statute of limitations or a purported claim of right which is legally invalid, a

24   defendant may attack that portion of the cause of action by filing a motion to strike."].

25        Accordingly, plaintiff's request for a jury trial, for claims that are all facially equitable,

26   should be stricken as not conforming with the law. (Prayer for Relief #1; 13:2.)  Similarly, as

27   demonstrated in the accompanying demurrer, because the law does not recognize either a non-

28

                                          7

1   class action representative action under the Unfair Competition Law or a cause of action for

2   reformation of an oral agreement, both plaintiff's first and third purported causes of action

3   should be stricken.  Finally, as it is time barred on its face, plaintiff's second purported cause

4   of action for violation of unspecified Labor Code provisions should also be stricken.

5

6                     **CONCLUSION**

7       For all of the foregoing reasons, CSI urges the Court to grant this Motion to Strike in

8   its entirety and to sustain in its entirety CSI's concurrently filed Demurrer to the FAC on file

9   herein.

10   Dated:   April 15, 2009                  Respectfully Submitted,

11                                  MOXON & KOBRIN

12                                   – and –

13                                   PROSKAUER ROSE LLP

14

15                              By:

16                                    Harold M. Brody

17                               Attorneys for Defendant
                                      CHURCH OF SCIENTOLOGY
                                      INTERNATIONAL

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen (18) years and not a party to the within action.

On April 15, 2009, I served the foregoing document described as:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION STRIKE OF DEFENDANT CHURCH OF SCIENTOLOGY INTERNATIONAL [C.C.P. §§435, 436]**

By First Class Mail on interested parties in this action as follows:

Barry Van Sickle
Law Offices of Barry Van Sickle
1079 Sunrise Ave., Box B-315
Roseville, CA  95661

Executed on April 15, 2009, at Los Angeles, California

I declare in accordance with the laws of the State of California, under penalty of perjury, that the foregoing is true and correct.

_Rosalee Doherty_
Signature

**EXHIBIT H**

1   Anthony J. Oncidi, State Bar No. 118135
    Harold M. Brody, State Bar No. 84927
2   PROSKAUER ROSE LLP
    2049 Century Park East, Suite 3200
3   Los Angeles, California 90067-3206
    Telephone: (310) 557-2900
4   Facsimile: (310) 557-2193

5   Kendrick L. Moxon, State Bar No. 128240
    MOXON & KOBRIN
6   3055 Wilshire Boulevard, Suite 900
    Los Angeles, California 90010
7   Telephone: (213) 487-4468
    Facsimile: (213) 487-5385

8
    Attorneys for Defendant
9   CHURCH OF SCIENTOLOGY
    INTERNATIONAL

10

11

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 15 2009

John A Clarke, Executive Officer/Clerk
By _____ Deputy
A.E. LaFLEUR-CLAYTON

12              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13                **COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

14

15  MARC HEADLEY,                          Case No.  BC 404 958

16                                         Assigned for All Purposes to the
            Plaintiff,                     Honorable Jane L. Johnson
17

18          vs.                            **DEFENDANT, CHURCH OF
                                           SCIENTOLOGY INTERNATIONAL'S
19                                         MOTION TO STRIKE PUNITIVE
                                           DAMAGE ALLEGATIONS FROM
20  CHURCH OF SCIENTOLOGY                  PLAINTIFF'S AMENDED
    INTERNATIONAL, a corporate entity;    COMPLAINT; MEMORANDUM OF
21  and DOES 1 through 20,                 POINTS AND AUTHORITIES IN
                                           SUPPORT THEREOF [C.C.P. §425.14]**
22
            Defendants.
23                                         Date:  May 21, 2009
                                           Time:  8:30 a.m.
24                                         Dept.: 56

25

26          **TO PLAINTIFF MARC HEADLEY AND TO HIS COUNSEL OF RECORD:**

27          **PLEASE TAKE NOTICE** that on Thursday, May 21, 2009, at 8:30 a.m., or as soon

28  thereafter as this matter may be heard in Department 56 of the above-entitled Court, the

                                         1
    NOTICE OF MOTION AND MOTION TO STRIKE PUNITIVE DAMAGES ALLEGATIONS

1   Honorable Jane L. Johnson, Superior Court Judge, presiding, located at 111 North Hill Street,

2   Los Angeles, California 90012, defendant Church of Scientology International ("CSI"), a

3   religious corporation, will, and hereby does, move for an order striking plaintiff Marc

4   Headley's claims for punitive damages from his First Amended Complaint.

5       This Motion is made on the grounds that Section 425.14 of the California Code of Civil

6   Procedure forbids any claim for punitive damages against a religious corporation without first

7   seeking and obtaining leave of Court to do so.

8       This Motion is based upon this Notice of Motion and Motion, the accompanying

9   Memorandum of Points and Authorities and the documentary evidence annexed thereto, the

10   Court's file in this action, and such additional argument and evidence as may be properly

11   presented to the Court at the time of the hearing.

12

13   Dated:  April 15, 2009               Respectfully submitted,

14                               MOXON & KOBRIN
                               -- and --

15

16                               PROSKAUER ROSE LLP

17

18                       By:_____
                                Harold M. Brody

19                       Attorneys for Defendant
                       CHURCH OF SCIENTOLOGY

20                       INTERNATIONAL

21

22

23

24

25

26

27

28

2

NOTICE OF MOTION AND MOTION TO STRIKE PUNITIVE DAMAGES ALLEGATIONS

1
## MEMORANDUM OF POINTS AND AUTHORITIES

2
## I - INTRODUCTION

3      Plaintiff Marc Headley has sued Church of Scientology International ("CSI"), a

4   California nonprofit religious corporation, claiming entitlement to a variety of relief for a

5   variety of purported claims which are either not recognized under California law or time-

6   barred or otherwise legally deficient. In his First Amended Complaint ("FAC"), he seeks

7   punitive damages for his third cause of action, a prayer that is improper without prior leave of

8   Court under section 425.14 of the Code of Civil Procedure. As plaintiff has neither sought nor

9   obtained such leave, the punitive damage allegations of the FAC must be stricken.

10
## II - C.C.P. § 425.14 REQUIRES THAT THE PUNITIVE DAMAGE CLAIMS BE STRICKEN

11

12      As seen by its Articles of Incorporation, CSI is a California religious corporation.

13   [Declaration of Allan Cartwright, ¶2 & Ex. 1 thereto]. Thus, plaintiff's punitive damages

14   prayer is improper as à matter of law under section 425.14 of the Code of Civil Procedure,

15   which states that:

16      No claim for punitive or exemplary damages against a religious
    corporation or religious corporation sole shall be included in a complaint

17      or other pleading unless the court enters an order allowing an amended
    pleading that includes a claim for punitive or exemplary damages to be

18      filed. The court may allow the filing of an amended pleading claiming
    punitive or exemplary damages on a motion by the party seeking the

19      amended pleading and upon a finding, on the basis of the supporting and
    opposing affidavits presented, that the plaintiff has established evidence

20      which substantiates that plaintiff will meet the clear and convincing
    standard of proof under Section 3294 of the Civil Code.

21

22      Plaintiff's failure to comply with, indeed his apparent ignorance of, section 425.14 is

23   manifest and undeniable. The FAC contains a prayer for punitive damages against CSI [FAC,

24   Prayer for Relief ¶4, at 20:12-16] and no leave of Court was sought, let alone obtained by

25   Plaintiff. Section 425.14 thus requires the striking of that punitive damages claim.

26   //

27   //

28   //

3

## III - CONCLUSION

For the foregoing reason, plaintiff's punitive damages claim should be stricken from the First Amended Complaint.

Dated:  April 15, 2009

Respectfully submitted,

MOXON & KOBRIN
-- and --

PROSKAUER ROSE LLP

By: _____
Harold M. Brody

Attorneys for Defendant
CHURCH OF SCIENTOLOGY
INTERNATIONAL

4

103

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen (18) years and not a party to the within action.

On April 15, 2009, I served the foregoing document described as:

**DEFENDANT, CHURCH OF SCIENTOLOGY INTERNATIONAL'S MOTION TO STRIKE PUNITIVE DAMAGE ALLEGATIONS FROM PLAINTIFF'S AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [C.C.P. §425.14]**

By First Class Mail on interested parties in this action as follows:

Barry Van Sickle
Law Offices of Barry Van Sickle
1079 Sunrise Ave., Box B-315
Roseville, CA  95661

Executed on April 15, 2009, at Los Angeles, California

I declare in accordance with the laws of the State of California, under penalty of perjury, that the foregoing is true and correct.

_Rosalee Doherty_
Signature

5
NOTICE OF MOTION AND MOTION TO STRIKE PUNITIVE DAMAGES ALLEGATIONS

104

**EXHIBIT I**

1  Anthony J. Oncidi, State Bar No. 118135
   Harold M. Brody, State Bar No. 84927
2  PROSKAUER ROSE LLP
   2049 Century Park East, Suite 3200
3  Los Angeles, California 90067-3206
   Telephone: (310) 557-2900
4  Facsimile:  (310) 557-2193

5  Kendrick L. Moxon, State Bar No. 128240
   MOXON & KOBRIN
6  3055 Wilshire Boulevard, Suite 900
   Los Angeles, California 90010
7  Telephone: (213) 487-4468
   Facsimile:  (213) 487-5385

8
   Attorneys for Defendant
9  CHURCH OF SCIENTOLOGY
   INTERNATIONAL

10

11

12

13                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                    COUNTY OF LOS ANGELES, CENTRAL DISTRICT

15  MARC HEADLEY,                          Case No.  BC 404 958

16                  Plaintiff,             Assigned for All Purposes to the
                                           Honorable Jane L. Johnson
17

18       vs.                              **DECLARATION OF ALLAN
                                          CARTWRIGHT IN SUPPORT OF
19                                        DEFENDANT, CHURCH OF
                                          SCIENTOLOGY INTERNATIONAL'S
20  CHURCH OF SCIENTOLOGY                 MOTION TO STRIKE PUNITIVE
    INTERNATIONAL, a corporate entity;    DAMAGE ALLEGATIONS FROM
21  and DOES 1 through 20,                PLAINTIFF'S AMENDED COMPLAINT;
                                          MEMORANDUM OF POINTS AND
22                                        AUTHORITIES IN SUPPORT THEREOF
                 Defendants.              [C.C.P. §425.14]**
23

24                                        Date:  May 21, 2009
                                          Time:  8:30 a.m.
25                                        Dept.:  56

26

27

28

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 1 5 2009

John A Clarke, Executive Officer/Clerk
By _____, Deputy
A.E. LaFLEUR-CLAYTON

---

1

**DECLARATION OF ALLAN CARTWRIGHT**

*105*

## DECLARATION OF ALLAN CARTWRIGHT

I, Allan Cartwright hereby declare:

1.      I am the Assistant Secretary of the Church of Scientology International ("CSI").  I have personal knowledge of the facts stated below and, if called upon to do so, could and would competently testify thereto.

2.      CSI is a California non-profit religious corporation.  Attached hereto as Exhibit 1 is a true and correct copy of CSI's Articles of Incorporation reflecting this fact.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 15th day of April, 2009 at Los Angeles, California.

_____
Allan Cartwright

**DECLARATION OF ALLAN CARTWRIGHT**

106

**EXHIBIT 1**

ARTICLES OF INCORPORATION

OF

CHURCH OF SCIENTOLOGY INTERNATIONAL

1060183

F I L E D
in the office of the Secretary of State
of the State of California

NOV 1 9 1981

MARCH FONG EU, Secretary of State

Deputy

FIRST:  The name of this corporation is CHURCH OF SCIENTOLOGY INTERNATIONAL.

SECOND:  This corporation is a religious corporation and is not organized for the private gain of any person. It is organized under the Nonprofit Religious Corporation Law exclusively for religious purposes.  The corporation shall present and propagate the religion of Scientology as founded and as it may be further developed by L. Ron Hubbard to the end that any person desiring participation or participating in the religion of Scientology may derive the greatest possible good from the increased Spititual awareness of his imminent and imortal soul.  The corporation shall forward and enhance its external activities in the material world through application of the corporation's religious guidance and ministration.

THIRD:  The name of the initial registered agent is Chris Cobb at the address of 202 South Juanita, Apt 2-208, Los Angeles, California.

Fourth:  (a)  The property of this corporation is irrevocably dedicated to religious purposes, and no part of the net income or assets of this organization shall ever inure to the benefit of any private party or individual.

(b)  Upon the winding up and  dissolution of this corporation, after paying or adequately providing for the debts and obligations of the corporation, the remaining assets shall be distributed to a nonprofit fund, foundation, or corporation organized and operated exclusively for charitable and/or religious purposes and that has established its tax-exempt status under Section 501 (c)(3) of the Internal Revenue Code of 1954 as amended.

Fifth:  (a) This corporation is organized exclusively for religious purposes within the meaning of Section 501 (c)(3) of the Internal Revenue Code of 1954 as amended. Notwithstanding any other provisions of these Articles, the corporation shall not carry on any other activities not permitted to be carried on (i) by a corporation exempt from Federal Income Tax under Section 501 (c)(3) of the Internal Revenue Code of 1954 as amended (or the corresponding provision of any future United States Internal Revenue Law) or (ii) by a corporation, contributions to which are deductible under section 170 (c)(2) of the Internal Revenue Code of 1954 as amended (or the corresponding

/108

provision of any future United States Internal Revenue Law).

(b)  No substantial part of the activities of this corporation shall consist of the carrying on of propaganda or otherwise attempting to influence legislation, nor shall this corporation particiapte in, or intervene in (including the publishing or distributing of statements) any political campaign on behalf of any candidate for political office.

SIXTh.:  The Articles of Incorporation and Bylaws of this corporation may be amended only upon the vote or written consent of all voting members of the corporation.

Dated this ___18___ day of _Novem ber_, 1981.

_Richard Murray_
Richard Murray

I hereby declare that I am the person who executed the foregoing Articles of Incorporation, which execution is my act and deed.

_Richard Murray_
Richard Murray

109

*1060183*

RESTATED

A249680
F I L E D
In the office of the Secretary of State
of the State of California

ARTICLES OF INCORPORATION

JUN 1 1982

OF

MARCH FONG EU, Secretary of State

CHURCH OF SCIENTOLOGY INTERNATIONAL

Deputy

REV. HEBER JENTZSCH and REV. SANDY BRENNAN certify that:

1. They are the President and Assistant Secretary, respectively, of the CHURCH OF SCIENTOLOGY INTERNATIONAL, a nonprofit Religious California corporation.

2. The articles of incorporation shall be amended and restated to read as follows:

ARTICLE ONE

Name of the Corporation

The name of the corporation shall be Church of Scientology International.

ARTICLE TWO

Duration of the Corporation

The duration of the corporation shall be perpetual.

ARTICLE THREE

Purpose of the Corporation

The corporation is a religious corporation and is not organized for the private gain of any person.  It is organized

110

under the Nonprofit Religious Corporation Law exclusively for religious purposes. Its purpose is to espouse, present, propagate, practice, ensure, and maintain the purity and integrity of the religion of Scientology, as the same has been developed and may be further developed by L. Ron Hubbard to the end that any person wishing to, and participating in Scientology may derive the greatest possible good of the spiritual awareness of his Beingness, Doingness and Knowingness. More particularly, the corporation is formed for the purpose of providing a corporate organization through which and by means of which the operations and activities of a church, may be accomplished. Its purpose is to act as the Mother Church, which is the ultimate ecclesiastical authority of Scientology. More particularly, the corporation is formed for the accomplishment, without limitation, of the following more specific purposes:

a. To serve as a means of promulgating and administering the religious faith of Scientology; and

b. To regulate and conduct religious services, including worship services, for its parishioners; and

c. To conduct religious and educational activities of various kinds; and

d. To foster and enhance the spriitual welfare of its followers, which shall be deemed to be Scientologists throughout the World.

/ / /

ARTICLE FOUR

Power of the Corporation and Limitations Thereon

In the conduct of its activities and the accomplishment of its purposes, the corporation shall have, shall enjoy, and may exercise, to their fullest extent, all powers which nonprofit corporations are permitted by law to have and to enjoy; PROVIDED HOWEVER, that:

a. The property of the corporation is irrevocably dedicated to religious purposes, and no part of the income or assets of the corporation shall ever inure to the benefit of any private party or individual; and

b. No substantial part of the activities of the corporation shall be devoted to attempts to influence legislation, by propaganda or otherwise, and the corporation shall not participate or intervene, directly or indirectly, in any political campaign on behalf of or in opposition to any candidate for public office; and

c. The corporation shall not carry on any activities not permitted to be carried on by an organization exempt from federal income tax under Section 501(c)(3) of the Internal Revenue Code of 1954, or successor statutes of similar import; and

d. The corporation shall not carry on any activities not permitted to be carried on by a corporation described in

Page 3.

112

Section 170(c)(2), contributions to which are deductible under Section 170(a) of the Internal Revenue Code of 1954, or successor statutes of similar import.

### ARTICLE FIVE

#### Number of Directors of the Corporation

The number of the corporation's Directors may not be increased above five (5) or decreased below three (3) without amendment of the corporation's articles of incorporation.

### ARTICLE SIX

#### No Members of the Corporation

This corporation shall have no members.

### ARTICLE SEVEN

#### Disposition of the Corporation's Assets

#### Upon Dissolution

In keeping with the religious purposes to which the corporation's property is irrevocably dedicated, upon the winding up and dissolution of the corporation, and after payment or adequate provision is made for its debts and obligations, the corporation's remaining assets shall be distributed to one or more nonprofit funds, foundations, trusts or corporations which are organized and operated exclusively for religious purposes, and which have established or are

Page 4.

113

entitled to receive tax exempt status under Section 501(c)(3) of the Internal Revenue Code of 1954, or successor statutes of similar import.

ARTICLE EIGHT

Amendment of the Corporation's

Articles of Incorporation

Notwithstanding any provision of the law permitting their amendment upon the affirmative act of less than all of the corporation's incumbent directors, the articles of incorporation of this corporation may be amended only upon both the unanimous act of the Trustees of the corporation, if any, and the unanimous vote of the Directors of the corporation then incumbent.

3. The foregoing amendment and restatement of articles of incorporation has been duly approved by the Board of Directors.

4. The foregoing amendment and restatement of articles of incorporation has been duly approved by the unanimous vote of the voting members in accordance with Section's 5812 and 5813 of the Corporations Law.

Page 5.

114

_(signature)_

Rev. Heber Jentzsch, President

_(signature)_

Rev. Sandy Brennan,
Assistant Secretary

The undersigned declare under penalty of perjury that the matters set forth in the foregoing certificate are true of their own knowledge.

Executed at Los Angeles, California, on May 20 , 1982.

_(signature)_

Rev. Heber Jentzsch

_(signature)_

Rev. Sandy Brennan

Page 6.

115

1060183     A449581     FILED
the office of the Secretary of State
of the State of California

CERTIFICATE OF AMENDMENT
OF
ARTICLES OF INCORPORATION
CHURCH OF SCIENTOLOGY INTERNATIONAL

JUL 2 9 1994

*Tony Miller*

~~Acting~~ Secretary of State

Heber C. Jentzsch and Lynn R. Farny certify that:

1.  They are the President and Secretary respectively, of CHURCH OF SCIENTOLOGY INTERNATIONAL, a California nonprofit religious corporation.

2.  The Articles of Incorporation shall be amended with respect to Article Seven as follows:

### ARTICLE SEVEN

### DISPOSITION OF THE CORPORATION'S ASSETS UPON DISSOLUTION

In keeping with the religious purposes to which the corporation's property is irrevocably dedicated, upon the winding up and dissolution of the corporation, and after payment or after provision is made for its debts and obligations, the corporation's remaining assets shall be distributed to one or more nonprofit funds, foundations, trusts or corporations which are organized and operated exclusively for religious purposes, and which are qualified as tax exempt under section 501(c)(3) of the Internal Revenue Code or the corresponding provisions of a future United States Internal Revenue Law.

3.  The corporation has no members and the Bylaws provide that the right to amend the articles resides in the corporation's Directors and Trustees. The Directors and Trustees have unanimously adopted the foregoing amendment to the Articles of Incorporation.

_____
Heber C. Jentzsch, President

_____
Lynn R. Farny, Secretary

The undersigned declare under penalty of perjury that the matters set forth in the foregoing certificate are true of their own knowledge.

Executed at Los Angeles, California on *July 28, 1994*

_____
Heber C. Jentzsch

_____
Lynn R. Farny

116

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen (18) years and not a party to the within action.

On April 15, 2009, I served the foregoing document described as:

**DECLARATION OF ALLAN CARTWRIGHT IN SUPPORT OF DEFENDANT, CHURCH OF SCIENTOLOGY INTERNATIONAL'S MOTION TO STRIKE PUNITIVE DAMAGE ALLEGATIONS FROM PLAINTIFF'S AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [C.C.P. §425.14]**

By First Class Mail on interested parties in this action as follows:

Barry Van Sickle
Law Offices of Barry Van Sickle
1079 Sunrise Ave., Box B-315
Roseville, CA  95661

Executed on April 15, 2009, at Los Angeles, California

I declare in accordance with the laws of the State of California, under penalty of perjury, that the foregoing is true and correct.

_Rosalea Doherty_
Signature

3
DECLARATION OF ALLAN CARTWRIGHT

117

**EXHIBIT J**

56

BARRY VAN SICKLE - BAR NO. 98645
1079 Sunrise Avenue
Suite B-315
Roseville, CA  95661
Telephone: (916) 549-8784
E-Mail:  bvansickle@surewest.net

Attorney for Plaintiff
MARC HEADLEY

**FILED**
LOS ANGELES SUPERIOR COURT

MAY 1 9 2009

JOHN A. CLARKE, EXECUTIVE OFFICER
C. Wright
BY CAROL WRIGHT, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

MARC HEADLEY,

                    Plaintiff,

        vs.

CHURCH OF SCIENTOLOGY
INTERNATIONAL, a corporate
entity, AND DOES 1 - 20

                    Defendants.

) CASE NO. BC404958
)
) STIPULATION RE FILING SECOND
) AMENDED COMPLAINT
)
)
)
)
) ASSIGNED TO THE HONORABLE JANE
) L. JOHNSON, DEPT. 56
)
)
)

        WHEREAS, Defendant has filed various motions and demurrers
scheduled for May 21, 2009 in this court, and Defendant has
noticed the depositions of Marc and Claire Headley.  Whereas the
parties have agreed that Plaintiff will amend his complaint
rendering the pending demurrer and motions moot and that
Defendant may have certain discovery priority.

        It is agreed and stipulated by the parties through their
respective counsel as follows:

        1)   Plaintiff will, and has, amended his complaint.  The
Second Amended Complaint was emailed to Counsel on April 28,
2009, receipt and service of which is herby acknowledged.  The

1

PLAINTIFF'S RESPONSE TO DEPO NOTICE; NOTICE OF INTENT TO RESPOND

118

1  parties hereby stipulate to the filing of said Second Amended

2  Complaint.

3      2)   The pending motions and demurrer are withdrawn and

4  shall be taken off the court's calendar.

5      3)   Defendants shall have until June 5, 2009 to respond to

6  Plaintiff's Second Amended Complaint.

7      4)   Defendants will have reasonable priority of deposition

8  discovery with respect to taking the deposition of Marc and

9  Claire Headley.

10  April 28, 2009

11

12

13  _____              _____
          HAROLD BRODY                     BARRY VAN SICKLE
14     Attorney for Defendant            Attorney for Plaintiff
       CHURCH OF SCIENTOLOGY                MARC HEADLEY
15        INTERNATIONAL

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    2

119

**EXHIBIT  K**

56

1  BARRY VAN SICKLE - BAR NO. 98645
   1079 Sunrise Avenue
2  Suite B-315
   Roseville, CA  95661
3  Telephone: (916) 549-8784
   E-Mail: bvansickle@surewest.net
4
   Attorney for Plaintiff
5  MARC HEADLEY

6

**FILED**
LOS ANGELES SUPERIOR COURT
MAY 1 9 2009
JOHN A. CLARKE, EXECUTIVE OFFICER
BY CAROL WRIGHT, DEPUTY

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                      COUNTY OF LOS ANGELES

9

10  MARC HEADLEY,                    ) CASE NO. BC404958
                                     )
11              Plaintiff,           ) PLAINTIFF'S SECOND AMENDED
                                     ) COMPLAINT FOR:
12       vs.                         )
                                     )
13  CHURCH OF SCIENTOLOGY            )   1) UNFAIR PRACTICES UNDER
    INTERNATIONAL, a corporate       )      B&P §17200 ET. SEQ
14  entity, AND DOES 1 - 20          )   2) LABOR CODE VIOLATIONS
                                     )   3) FORCED LABOR aka HUMAN
15              Defendants.          )      TRAFFICKING
                                     )
16                                   ) ASSIGNED TO THE HONORABLE JANE
17                                   ) L. JOHNSON, DEPT. 56
                                     )
18  _____

19                          **INTRODUCTION**

20       1)   This case challenges Scientology's long-standing

21  practice of evading labor laws and depriving workers of basic

22  human rights.  Plaintiff Marc Headley ("Headley") worked long

23  hard hours for illegal wages and was subjected to violations of

24  personal rights and liberties by Defendant Church of Scientology

25  International ("CSI").  As explained in some detail below,

26  Defendant CSI disregards the labor laws and subjects it employees

27  to a coercive and controlling environment.   Since leaving the

28  Scientology enterprise, Plaintiff has reported Defendant's labor

                                 1

120

1  law violations to the California Labor Commission and filed the

2  initial Complaint in this action.  Defendant has wrongfully

3  retaliated against Plaintiff for these proper and privileged

4  actions.

5       2)    This case is not conceptually difficult from a legal

6  perspective and it only asks that Scientology organizations be

7  required to obey laws they ignore.  Simply stated, 1) Plaintiff

8  was an employee, 2) Defendant was the employer, 3) the employee

9  was paid illegal wages and coerced and 4) employer owes

10 additional compensation.  Under controlling law, Plaintiff was

11 entitled to the protections of the labor laws, including legal

12 wages, hours and working conditions.  Plaintiff's case is

13 supported by statutory law and decisions of the U.S. Supreme

14 Court, the California Supreme Court and the Ninth Circuit Court

15 of Appeals.  Defendant CSI is subject to labor laws and other

16 neutral laws of general applicability irrespective of whether

17 Scientology should, or should not, enjoy tax exempt status.

18 Further, the rights in question cannot be waived and violations

19 of law cannot be excused by exculpatory contracts.  (Authorities

20 cited below.)

21      3)    Plaintiff seeks payment for his work at minimum wage,

22 overtime pay and other remedies authorized by law.  Plaintiff

23 seeks to establish that Defendant CSI is subject to labor laws

24 including the laws against forced labor.  Defendant is prone to

25 obscuring its malfeasance with grandiose claims of religiosity;

26 however, there is no omnipotent "religious" defense to save

27 Defendant in this case.  The claims of religion as a defense to

28 violation of law are also disingenuous.  In promotional

1 literature under the subtitle "What is Scientology?"
2 Scientology's founder L. Ron Hubbard wrote as follows:
3 "Scientology is today the only successfully validated
4 psychotherapy in the world…Scientology is a precision science."
5 (From the "Technical Bulletins" of L. Ron Hubbard.) Depending
6 upon its self-interest, Scientology presents itself as a
7 "technology", science, therapy, philosophy or religion, however,
8 for purposes of the labor laws and human trafficking laws it does
9 not matter because, whatever Scientology is, Defendant CSI is
10 also an employer with employees who are subject to the laws of
11 the land.

12     4) Human Trafficking is commonly misunderstood. Coerced
13 labor is one variation of the crime. As alleged below, forced
14 labor has been a crime since 2000 and prior to that it was
15 actionable as involuntary servitude or a common law tort. No
16 movement across borders is required. It is not limited to
17 immigrants. As set forth in Penal Code §236.2, the "indicators"
18 of human trafficking are as follows:

19     a) Signs of trauma, fatigue, injury, or other evidence
20         of poor care.
21     b) The person is withdrawn, afraid to talk, or his or
22         his communication is censored by another person.
23     c) The person does not have freedom of movement.
24     d) The person lives and works in one place.
25     e) The person owes a debt to his or his employer.
26     f) Security measures are used to control who has
27         contact with the person.
28

3

SECOND AMENDED COMPLAINT

122

1         g)    The person does not have control over his or his own

2               government-issued identification or over his or his

3               worker immigration documents.

4 These indicators are present to various extents in the workforce

5 at Plaintiff's previous place of employment with Defendant and

6 most if not all of these "indicators" of human trafficking would

7 apply to Plaintiff herein at various times during his employment

8 at Defendant CSI.

9      5)   A day in Plaintiff's life when working for CSI at Gold

10 Base would include three attendance checks called "Musters". The

11 employees lined up for roll call. The purpose of "musters" is to

12 discourage escape and cut down the head start of any fleeing

13 "volunteer". In Gold Base jargon, leaving is "blowing". There

14 is a "blowing" drill that is practiced. There is a "blowing"

15 procedure commenced when someone is missing. If it is dark,

16 floodlights illuminate the base. Executives are sent to the

17 local bus station and similar escape routes.

18      6)    Amongst "Musters", the work day was frequently 15 - 20

19 hours. Plaintiff was sleeping 3 - 4 hours a night and working

20 the rest of the day. At night, people are assigned to watch the

21 sleeping quarters. Long hours, poor food, lack of sleep and lack

22 of freedom is the norm. The "indicators" of human trafficking

23 provide an accurate description of daily life at Gold Base.

24 Employees must obey without question. Plaintiff was once

25 punished by being put in a "waste treatment" collection center.

26 On another occasion, Plaintiff was physically assaulted by David

27 Miscavige, Scientology's supreme ruler for not showing Mr.

28 Miscavige the proper respect.

4

SECOND AMENDED COMPLAINT

1     7)    For several hundred thousand dollars, you can reach a

2 level within Scientology that presents the story of why the

3 practice of Scientology is useful. Scientology teaches that Lord

4 Xenu killed millions of people on earth 75 million years ago and

5 that the aftermath is responsible for mankind's problems. Proper

6 application of Hubbard "technologies" can fix the problem.

7 Defendant will argue that its employees are elite Scientologists,

8 however this both misses the point and is misleading.

9 "Employees" are still "employees" and most of Defendant's

10 employees know relatively little about Scientology. Plaintiff

11 never heard the Xenu story until he left Scientology. Most

12 supposedly "elite" employees do not know what Scientology sells

13 to "public" Scientologists for millions of dollars. While

14 Scientology represents its workers as being super Scientologists,

15 most, like was Plaintiff, are just grunts working hard for the

16 bare necessities of life.

17     8)    Defendant's tax-exempt status does not excuse it from

18 complying with other laws. In fact, Scientology's secret deal

19 with the IRS, most of which has been published in the Wall Street

20 Journal, requires just the opposite. The privilege of being a

21 tax-exempt organization carries the burden of complying with

22 other laws and not being operated for the benefit of a selected

23 few. The use of coerced, cheap labor is contrary to law and

24 Defendant's tax-exempt deal with the IRS.

25     9)    Defendant CSI claims that its workers are "volunteers",

26 "religious workers" or just about anything but "employees" or

27 persons with legal rights. Following CSI's "religious" argument

28 to its logical conclusion, there are apparently no limits to the

5

SECOND AMENDED COMPLAINT

124

1  abuse Scientology organizations, such as Defendant CSI, can

2  inflict on those who work for it.  According to Defendant,

3  "Volunteers" and "religious workers" apparently give up all of

4  their human rights.  As alleged in more detail with legal

5  authorities below, Defendant is wrong.  Defendant has employees

6  and there are legal limits to the abuse even a purported religion

7  can perpetrate upon its victims.

8                **PLAINTIFF WAS AN EMPLOYEE OF DEFENDANT**

9       10)  Scientology documents refer to its workers as

10 employees.  For example, Scientology's own website,

11 www.Scientologytoday.org, has a somewhat fanciful description of

12 the Sea Org; however it also notes that the "Sea Org" is not the

13 employer.  In this case, Defendant CSI, not the Sea Org, is the

14 employer.  It has the following admission that its workers are,

15 of course, "employees".  It states:

16            "…All advanced churches and management-echelon

17            church  organizations  employ  only  members  of

18            the  Sea  Organization  religious  order.  While

19            such  members  sign  legally  binding  employment

20            contracts  and are responsible to the directors

21            and  officers  of  the  church  where  they  are

22            employed…"

23            (www.scientologytoday.org/corp/ministry2.htm)

24      11)  In 1993, CSI knew that it employed employees, not

25 volunteers.  One of CSI's own publications defines "employee" as

26 follows:

27            "Legally,  an  employee  is  defined  as  someone

28            who  performs  a  service  where  the  employer

                              6

1          can control what will be done and how it
2          will be done…" (Tax Compliance Manual
3          Published by Church of Scientology
4          International for use by Churches and
5          Missions of Scientology, 1993)

6      12)   This definition in CSI's tax compliance manual focuses
7   on "control" of the employee, and his or her work, as does the
8   definition of "employer" used by the pertinent state agency. The
9   California Division of Labor Standards Enforcement publishes a
10  manual that is available to the public. With respect to
11  employment, on page 21 of the Enforcement Policies and
12  Interpretation Manual of the state agency responsible for
13  enforcing the California labor laws "employer" is defined as
14  follows:

15         "Employer", Defined: The definition of employer for
16         purposes of California's labor laws, is set forth in
17         the Wage Orders promulgated by the Industrial Welfare
18         Commission at Section 2 (see Section 55.2.1.2 of this
19         Manual), and reads in relevant part as follows:

20             "Employer" means any person . . . who
21             directly or indirectly, or through an agent
22             or any other person, employs or exercises
23             control over the wages, hours, or working
24             conditions of any person. (E.g., 8 CCR
25             §11090(2)(F))"

26  In section 2.1, this manual defines the term "employee" as
27  follows:   "Generally, the term means any person employed by an
28  employer."

                            7

126

1    13)   Defendant CSI was required by law to post various

2  notices concerning wages, hours and working conditions.  For

3  example, Industrial Welfare Commission Order 4-2001 applies to

4  clerical employees such as Plaintiff.  Under 2. Definitions it

5  defines "employ", "employee" and "employer" as follow:

6         a)   "Employ" means to engage, suffer, or

7              permit to work.

8         b)   "Employee" means any person employed by an

9              employer.

10        c)   "Employer" means any person as defined in

11             Section 18 of the Labor Code, who directly

12             or indirectly, or through an agent or any

13             other person, employs or exercises control

14             over the wages, hours, or working

15             conditions of any person.   (Emphasis

16             added)

17  This definition of "employer" in California labor law is

18  restated in the Division of Labor Standards Enforcement Manual,

19  Page 2-1 citing 8 CCR §11090(d) (7).

20    14)   Defendant Church of Scientology International (CSI)

21  represents itself to be the "Mother Church" of Scientology.  CSI

22  has its principal office and apparent headquarters in Los

23  Angeles, California.  The County of Los Angeles is an appropriate

24  venue for this action.  Defendant CSI controls lower level

25  organizations, develops and markets promotional materials, and

26  charges for its activities.  Defendant CSI may or may not be a

27  church in the ordinary sense of the term, however, CSI

28

8

1  indisputably has a commercial function and aspect.  CSI has

2  employees and Plaintiff was once one of them.

3  ## A BRIEF REVIEW OF SUPPORTING CASES

4  15)  The U.S. Supreme Court has ruled that non-profit and

5  religious entities must abide by labor laws including laws on

6  wages and employment of minors.  In the Alamo case (cited below),

7  the court also found that persons performing work for a religious

8  entity are covered by the labor laws even if they claim not to

9  want or qualify for the protection of the labor laws.  Workers of

10  religious entities are protected by the labor laws irrespective

11  of whether workers consider themselves to be employees.  The

12  protection of labor laws cannot be waived.  For purposes of

13  minimum wage and child labor laws, employment is evaluated in the

14  context of economic reality.  Tony & Susan Alamo Foundation v.

15  Sec. of Labor, (1985) 471 US 290.  In accord, Mitchell v. Pilgrim

16  Holiness Church Corp. 210 F.2d 879 (7th Cir. 1954). See also,

17  Prince v. Massachusetts, (1944) 321 U.S. 158 (Child Labor).

18  16)  The California Supreme Court and the Ninth Circuit

19  Court of Appeals have also found in well-considered opinions that

20  religions are not exempt from laws of general applicability such

21  as the labor laws.  There is no constitutional right to exemption

22  from minimum wage and child labor laws.  See e.g. Elvig v. Calvin

23  Presbyterian Church, 397 F.3d 790, 792 (9th Cir. 2003) (citing 3

24  U.S. Supreme Court cases) and North Coast Women's Care Medical

25  Group, Inc. v. Superior Court, (2008) 44 Cal.4th 1145.

26  17)  For purposes of the minimum wage and similar laws, the

27  test of employment looks to "economic reality" not labels, titles

28  or a self-serving paper trail crafted by lawyers trying to

9

SECOND AMENDED COMPLAINT

1  minimize or obscure Defendant's legal obligations and

2  liabilities.  An "employee" who is called an independent

3  contractor, a volunteer or religious worker is still an employee.

4  As the court observed when evaluating employment in Estrada v.

5  FedEx Ground Package System, Inc. (2007) 154 Cal.App.4th 1, 10:

6  "…[I]f it looks like a duck, walks like a duck, swims like a duck

7  and quacks like a duck, it is a duck."  Simply put, if it looks

8  like employment and has the attributes of employment, it is

9  employment.  The protections of the labor laws cannot be lost and

10  the underlying reality is not changed, by Scientology's obsessive

11  quest for self-serving documents.  See e.g. Civil Code §3513,

12  Labor Code 1194, County of Riverside v. Superior Court (Madrigal)

13  (2002) 27 Cal.4th 793  and Abramson v. Juniper Networks, Inc.

14  (2004) 115 Cal.App.4th 638

15      18)   Under the principles applied by the Alamo court, the

16  parties' perceptions and documents do not control or govern

17  applications of the labor laws.  That would effectively make

18  minimum wage and other labor laws optional, not mandatory, which

19  is not the law.  Also, the courts have recognized the strong

20  public policy behind minimum wage, overtime and mandatory off-

21  time laws.  The labor laws protect the weak employee from being

22  exploited by the stronger employer and against the "evils of

23  overwork".  Gentry v. Superior Court (Circuit City Stores, Inc.)

24  (2007) 42 Cal.4th 443 at 445-6.  Plaintiff was dependant upon his

25  work and labor for Defendant, which satisfies the economic

26  reality test.  As stated in Real v. Driscoll Strawberry

27  Associates, Inc. 603 F.2d 748, 754 (9th Cir 1979) "Courts have

28  adopted an expansive interpretation of the definitions of

10

SECOND AMENDED COMPLAINT

129

1  "employer" and "employee" under the FLSA, in order to effectuate

2  the broad remedial purposes of the Act...The common law concepts of

3  "employee" and "independent contractor" are not conclusive

4  determinants of the FLSA's coverage.  Rather, in the application

5  of social legislation employees are those who <u>as a matter of</u>

6  <u>economic reality</u> are dependent upon the business to which they

7  render service." (Emphasis in original)

8       19)  Plaintiff was not a part-time volunteer who had other

9  work and could come and go as he pleased.  The extreme opposite

10 was the case.  Plaintiff had a rigid work schedule and was

11 dependant upon his employment and work with Defendant CSI for the

12 bare necessities of life.  Plaintiff's activities, time, location

13 and work were controlled by defendant employers.  Plaintiff's

14 compensation was based in part on the job performance of

15 Plaintiff and his fellow employees.  Plaintiff was not free to

16 leave Gold Base.  There were multiple roll calls each day to

17 check on the presence of employees.  If someone was not accounted

18 for, a major program was activated to find and retrieve the

19 missing worker.  There was a "drill" for escaping workers.  Such

20 drills were practiced and used to monitor and retrieve those who

21 tried to escape.  There were persons assigned to watch and report

22 absences.  As the monitors might try to escape, there were others

23 whose job was to monitor the monitors for a second level of

24 security to prevent workers from leaving Gold Base.

25      20)  Plaintiff was employed by Defendant CSI from 1989 to

26 2005 and was not paid minimum wage or overtime.  Plaintiff worked

27 long hours including 100+ hour weeks at below minimum wage, no

28 compensation for overtime and insufficient time off.  The work

11

SECOND AMENDED COMPLAINT

1  week was seven days not six as required by law.  Plaintiff is

2  informed and believes that Defendants continue to ignore labor

3  laws.

4      21)  This case asserts labor code violations, and other

5  improper, illegal and unfair business practices, in a first cause

6  of action brought under Business and Professions Code §17200.

7  The operative statute underlying the first cause of action may be

8  triggered by essentially all business torts and statutory

9  violations, including violations of federal law, which are

10 independently actionable under the California body of law on

11 unfair competition and business practices.  The California

12 Supreme Court has expressly ruled that labor code violations are

13 actionable under this law.  The difference between what was paid

14 as wages and what should have been paid under minimum wage and

15 overtime laws qualifies as restitution damages under B&P Code

16 §17203.  Cortez v. Purolator Air Filtration Products Co. (2000) 23

17 Cal.4th 163, 177-179.

18     22)  Defendant CSI, related Scientology entities and

19 potential Doe Defendants claim that workers such as Plaintiff are

20 not entitled to the benefits and protections of the labor laws.

21 The weight of authority is contrary to Defendant's self-granted

22 immunity from state and federal labor laws.  As stated by the

23 California Supreme Court, "… [to] permit religious beliefs to

24 excuse acts contrary to law… would be to make professed doctrines

25 of religious belief superior to the law of the land, and in

26 effect to permit every citizen to become a law unto himself."

27 Catholic Charities of Sacramento, Inc. v. Superior Court (2004)

28 32 Cal.4th 527, 541 (Citing the U.S. Supreme Court).

12

SECOND AMENDED COMPLAINT

131

1 Historically, the Defendant CSI has considered itself just as
2 described by this court - a law unto itself.

3     23) At times herein material, and continuing, Defendant CSI
4 was and is an enterprise conducting business, and an employer
5 paying employees to conduct said business, within the State of
6 California and in interstate commerce. Accordingly, said
7 Defendant is subject to California and Federal laws concerning
8 their work force, working conditions, business practices, minimum
9 wage, payment for overtime and the protection of minors. As
10 alleged in more detail herein, Defendant has systematically
11 ignored and violated said laws to the damage of Plaintiff Headley
12 and others similarly situated.

13     24) Plaintiff is uncertain with respect to the identity of
14 all persons or entities responsible and liable for this wrongful
15 conduct and names said potential parties as Doe Defendants 1 - 10
16 as authorized by California law. Doe Defendants 11 - 20 are
17 those potential Defendants who may participate in wrongful
18 retaliation, witness intimidation and fraudulent transfer or
19 concealment of assets to avoid payment of judgment in this case.

20                  **FIRST CAUSE OF ACTION FOR VIOLATION**
21                     **OF B&P CODE §17200 ET. SEQ**

22     25) Plaintiff Headley realleges and incorporates the above
23 paragraphs in their entirety.

24     26) Plaintiff Marc Headley worked for CSI from 1989 to
25 January, 2005. When initially recruited into employment with the
26 Scientology enterprise, Plaintiff was told he would be paid
27 minimum wage. Plaintiff was a minor at the time. Plaintiff was
28 paid minimum wage for his first several months of employment.

13

SECOND AMENDED COMPLAINT

132

1 | Plaintiff was then transferred to a different position and told
2 | he would no longer be paid minimum wage.  Plaintiff signed his
3 | first purported employment contract at age eleven.  Plaintiff was
4 | employed by Defendant CSI for fifteen years under unlawful
5 | working conditions.

6 |     27)  Plaintiff worked for an unincorporated division of
7 | Defendant CSI known as Golden Era Productions.  Plaintiff's wages
8 | came from CSI.  Plaintiff's duties were secular and commercial in
9 | nature.  Golden Era Productions is a business enterprise.
10 | Plaintiff worked on films and promotional materials that were
11 | sold, licensed to various Scientology organizations, or used for
12 | the commercial purposes of Golden Era Productions/CSI.

13 |     28)  While working at CSI and its Golden Era Productions
14 | unit, Plaintiff was led to believe that he had few effective
15 | rights as an employee.  Plaintiff was forced to sign various
16 | documents over the years under duress and not given copies of
17 | said documents.  Plaintiff is informed and believes, and
18 | therefore alleges that unlawful and unconscionable terms were
19 | contained in various instruments obtained by duress and
20 | intimidation.  Plaintiff continued to work under unlawful
21 | conditions, and signed whatever was demanded, in large part,
22 | because he was wrongly convinced by Defendant CSI that he had no
23 | meaningful employment rights or viable options.

24 |     29)  In the course of his employment with Defendant CSI,
25 | Plaintiff was assaulted by the leader of the Scientology
26 | enterprise, David Miscavige, who was the head of RTC.  This was a
27 | show of power and domination.  Plaintiff observed such heavy-
28 | handed tactics used against his co-workers.

14

SECOND AMENDED COMPLAINT

133

1    30)  Defendant CSI has a duty to inform employees of their

2  true rights under the labor laws.  The Wage Orders of the

3  governing state agency must be prominently displayed in the

4  workplace.  Defendant CSI unlawfully failed and refused to post

5  Wage Orders and other required notices for employees.  In

6  addition to the failure to post notices advising employees of

7  rights as required by law, CSI mislead its employees about their

8  rights.  If an employee should inquire, the "per policy" response

9  would be that Scientology does not have to pay workers minimum

10  wage because "it's a church".  Plaintiff came to accept such

11  misinformation while working for CSI, and for years thereafter.

12  Defendant CSI has been on notice that workers are entitled to at

13  least the protection of Federal labor laws since the publication

14  of the Alamo case in 1985, however, CSI has failed to follow the

15  labor laws or give its workers proper notice of their true legal

16  rights under labor laws.  See, Tony & Susan Alamo Foundation v.

17  Sec. of Labor, 471 US 290 (1985), and Wage Orders of the

18  California Department of Industrial Relations.

19    31)  The First Amendment does not exempt religious

20  organizations from minimum wage and child labor laws.  Elvig v.

21  Calvin Presbyterian Church, 397 F.3d 790, 792 (9th Cir. 2003).

22  In accord, North Coast Women's Care Medical Group, Inc. v.

23  Superior Court, 44 Cal 4th 1145 (2008).  Defendant had a duty

24  owed to Plaintiff and other employees similarly situated to

25  comply with the state and federal labor laws with respect to pay,

26  working conditions and notice of legal rights.  Defendant

27  intentionally, consciously and wrongfully made a tactical

28  decision to ignore the labor laws, take its chances with a

15
SECOND AMENDED COMPLAINT

134

1 | compliant and intimidated work force, and hope that the running
2 | of statutes of limitations would in the long run save CSI
3 | millions of dollars.

4 |     32)   Defendant CSI has claimed that Plaintiff Headley, and
5 | apparently all of CSI's workers, have waived any right to the
6 | protection of the labor laws; however, as a matter of state and
7 | federal law, such rights cannot be waived.   The <u>Alamo</u> case cited
8 | above is one of numerous cases that establish that the rights in
9 | question are <u>not</u> waivable.   Further, any such purported written
10 | waiver would not be enforceable on numerous other grounds
11 | including duress, menace, illegality and lack of consideration.
12 | Plaintiff was entitled to at least minimum wage and overtime for
13 | his work even if there was an agreement to the contrary. (Labor
14 | Code §1194)   It is a misdemeanor for an employer to require a
15 | release of compensation rights.   (Labor Code §206.5) Regarding
16 | federal laws, the U.S. Supreme Court has also ruled that the
17 | protections of the federal labor laws cannot be abridged or
18 | waived in <u>Barrentine v. Arkansas-Best Freight System</u>, 450 U.S.
19 | 728, 740 (1981).   Under controlling laws, Defendant had a non-
20 | waivable duty to comply with wage and minor labor laws.
21 | Defendant breached said duty.   Further, Plaintiff Headley made no
22 | voluntary or effective waiver of pertinent rights.

23 |     33)   Plaintiff worked for Defendants from 1989 to 2005 and
24 | was not paid minimum wage or overtime.   Plaintiff worked long
25 | hours including 100+ hour weeks at below minimum wage, no
26 | compensation for overtime and insufficient time off.   The work
27 | week was seven days not six as required by law.   Plaintiff is
28 |

135

1  informed and believes that Defendants continue to ignore labor
2  laws.

3  34) Plaintiff is informed and alleges that at least some of
4  the documents he was required to sign while an employee of CSI
5  purported to exculpate Defendant and its agents from wrongful,
6  unlawful and illegal conduct in violation of Civil Code Sections
7  1667 and 1668. Civil Code §1668 states as follows:

8  "All contracts which have for their object,
9  directly or indirectly, to exempt any one from
10  responsibility for his own fraud, or willful
11  injury to the person or property of another, or
12  violation of law, whether willful or negligent,
13  are against the policy of the law."

14  35) In addition to purportedly waiving rights that cannot
15  be waived, Plaintiff is informed and alleges that said documents
16  were executed under a lack of proper and freely given consent
17  (Civil Code 1565-8), and are unconscionable, unenforceable and
18  otherwise invalid and subject to rescission and/or cancellation
19  by reason of duress, menace, fraud, undue influence, mistake and
20  being unlawful. (See Civil Code §§1569-1580.) Further,
21  unconscionable terms are unenforceable as a matter of law. (See
22  Civil Code §1670.5.)

23  36) Pursuant to California Minimum Wage Order NW-2007, and
24  other applicable Wage Orders, Defendant CSI was required to post
25  notice and pay Plaintiff minimum wage and overtime compensation
26  without any deduction for the purported value of room and board
27  furnished to Plaintiff. In computing unpaid wages, therefore,
28  Plaintiff is entitled to recover the full amount of minimum

17

SECOND AMENDED COMPLAINT

1  wages, overtime and penalties due without offset.  Plaintiff

2  computes his average wage at CSI to be about thirty-nine cents

3  (39¢) per hour.

4       37)  In attempting to control, extort forced labor and evade

5  labor laws with respect to its employees, such as former employee

6  Plaintiff Headley, Defendant CSI and Doe Defendants, engaged in

7  unlawful, unfair and fraudulent business practices.  These

8  improper activities include, but are not limited to, a)

9  intimidation by assault, threat, menace and invasion of privacy,

10  b) failure to pay minimum wage, c) failure to pay overtime, d)

11  failure to give proper breaks, rest periods and days off, e)

12  depriving minors of required education, f) working minor

13  employees illegal hours at illegal tasks, g) not paying full

14  wages upon termination, h) typically demanding releases for wages

15  due or to become due in violation of the Labor Code, i) refusing

16  employees access to their files, j) coercing workers to sign all

17  requested documents upon demand and refusing to give workers

18  copies of required documents and k) failing to put Wage Orders as

19  required by law and deceiving employees with respect to their

20  rights to the protection of the labor laws, all as was, and is,

21  required by law.

22       38)  Defendant CSI has engaged in additional unlawful and

23  unfair business practices actionable under B&P Code §17200.

24  Further investigation may disclose additional violations of law

25  and unfair business practices committed by Defendant.  In

26  addition to the unlawful and unfair practice described above, one

27  or more Defendants has committed the following unlawful or unfair

28  practices:

18

SECOND AMENDED COMPLAINT

137

a) Retaliation against Plaintiff's family business and others for pursuing labor claims, which is a violation of Labor Code 1102.5 and 98.6, and intimidation of potential witnesses.

b) Upon termination of employment, instead of paying wages due, CSI claims that the employee has a debt owed to the employer. In addition to being a further attempt to pay less than legal wages for labor performed, and being an unconscionable and unenforceable claim, the threat of a "Freeloader Debt" is used to intimidate and coerce employees into continuation of working under unlawful conditions. At the conclusion of Plaintiff's employment with Defendant, Scientology asserted a "Freeloader Debt" against Plaintiff in excess of $60,000. The use of the "Freeloader Debt" to force workers into the performance of labor for Defendant is one of the threats and coercive tactics used by Defendant to intimidate, deceive and coerce employees into providing continued labor under unlawful working conditions.

c) David Miscavige, the absolute ruler of the Scientology enterprise, has implemented a "no baby" rule. The very young have no work value to Defendant and would interfere with mother's employment with Defendants. Plaintiff was in fact a victim of this illegal and outrageous practice, in violation of his civil and Constitutional rights, as his wife was ordered to abort their child while keeping it a secret from Plaintiff, her husband.

19

SECOND AMENDED COMPLAINT

138

d)    Requiring that employees submit to interrogation on a primitive lie detector type device called an e-meter in violation of state and federal laws prohibiting mandatory use of lie detectors or similar devices in interrogations and examinations as a condition of continued employment. See e.g., Labor Code §432.2.

e)    Engaging in Human Trafficking in violation of state and federal law as alleged in more detail below.

f)    Refusing to give employees copies of signed instruments in violation of Labor Code §432

39)    Violation of Plaintiff's inalienable rights guaranteed by Article 1, Section 1 of the California Constitution including Plaintiff's right to privacy and to make his own free choice on having children. See e.g. Hill v. National Collegiate Athletic Assn. (1994) 7 Cal.4th 1, 15-16 and American Academy of Pediatrics v. Lungren (1997) 16 Cal.4th 307, 332-334.

40)    Defendant CSI and Doe Defendants have engaged in illegal and unfair business practices in violation of B&P Code §17200, including but not limited to violations of state and Federal labor laws. The California Supreme Court has held that failure to pay proper wages is actionable and that restitution of wages unlawfully withheld, or not paid when due, is a remedy authorized by B&P Code §17200 and 17203. Cortez v. Purolator Air Filtration Products Co. 23 Cal.4th 163, 177-179 (2000)

41)    Plaintiff Headley has suffered injury in fact and has standing to sue under B&P Code §17203 for himself and as a representative of persons also entitled to restitution of unpaid wages, overtime and waiting penalties. Among other things, upon

20

SECOND AMENDED COMPLAINT

139

1 termination of his employment in 2005, Plaintiff was entitled to
2 timely payment of all wages due. At the time of termination,
3 Defendant CSI legally owed Plaintiff at least three years of back
4 pay, and under applicable law potentially back pay for
5 Plaintiff's entire period of working under unlawful conditions,
6 which comes to an amount well in excess of $100,000 and which
7 will be sought in accordance with proof at trial.

8    42)  B&P Code §17203 empowers this court to enjoin continued
9 violations of law by Defendant CSI.  Plaintiff brings this action
10 for the public good and is therefore entitled to recover
11 reasonable attorney's fees and costs.  (C.C.P. 1021.5)

12    43)  This case has been brought within the four year statute
13 of limitation period for a B&P Code §17200 action and the five
14 year period for human trafficking actions.  For purposes of B&P
15 §17200 et. seq., the four year statue of limitations starts to
16 run upon reasonable discovery of the claim.  See, e.g. Broberg v.
17 The Guardian Life Ins. Co. of America (3/2/09) __Cal App 4th__
18 (B199461).  See also, Puentes v. Wells Fargo Home Mortgage, Inc.
19 (2008) 160 Cal.App.4th 638, 645 (B&P §17200 "fraud" is different
20 from common law fraud, less is required.)  Plaintiff did not
21 discover his claims for illegal or unfair business practices
22 under B&P §17200 et. seq., his claim to proper wages under the
23 labor code, and other potential claims against Defendant CSI
24 until well within the four year period prior to commencing this
25 action.  Further, to the extent Defendant may attempt to use
26 statute of limitation defenses to limit damages or attack causes
27 of action with statue of limitations periods shorter than four
28 years, Defendant CSI is estopped from using the statute of

21

SECOND AMENDED COMPLAINT

1  limitations to avoid responsibility for its continuing violations
2  of the Labor Code, its efforts to deceive employees into thinking
3  they have no claims and Defendant's fraudulent concealment of
4  claims by failing to post Wage Orders and other notices of
5  employee rights required by law.  See, e.g. 3 <u>Witkin Procedure</u>,
6  "Actions" §§762-772.  Defendants' deceitful and manipulative
7  conduct, including their failure to post legally required notices
8  and wage orders, operates to equitably and legally estopp
9  Defendants from using time bars to escape liability for an
10  ongoing course of illegal and coercive conduct.

11      44)  Pursuant to California Minimum Wage Order NW-2007, and
12  other wage orders that apply and should have been posted for
13  Plaintiff's benefit, Plaintiff was entitled to notice of said
14  rights being posted in prominent places in the workplace.
15  Pursuant to California Wage Orders, Defendant CSI was required to
16  post effective notice and pay Plaintiff minimum wage and overtime
17  compensation without any deduction for the purported value of
18  room and board furnished to Plaintiff.  In computing unpaid
19  wages, therefore, Plaintiff is entitled to recover the full
20  amount of minimum wages, overtime and penalties due without
21  offset.  Further, recovery should be allowed for the entire
22  period of employment under the "continuing violations doctrine.
23  See, <u>Watson v. Department of Rehabilitation</u> (1989) 212 Cal.App.3d
24  1271, 1290.

25      **SECOND CAUSE OF ACTION FOR UNPAID WAGES AND PENALTIES**

26      45)  Plaintiff Headley realleges all paragraphs above in
27  support of his second cause of action for unpaid wages, penalties
28  and other economic damages.  As alleged above, this action is

22
SECOND AMENDED COMPLAINT

141

1  timely because Defendant CSI is estopped from asserting the

2  statute of limitations under the labor code by reason of

3  Defendant's fraudulent concealment of said rights to-wit

4  Defendant's failure to post Notices and Wage Orders as required

5  by law and Defendant's use of bogus waivers and confidentiality

6  agreements to deceive employees and conceal Defendant's legal

7  responsibilities to pay minimum wage and otherwise comply with

8  labor laws.  Defendant CSI is estopped to escape liability under

9  the labor laws by reason of its deceitful conduct in asserting a

10  statue of limitations defense to these labor claims.

11  46)  Plaintiff Headley worked for Defendant CSI from 1989 –

12  2005.  His average wage was less than fifty cents (50¢) per hour.

13  47)  Plaintiff Headley is entitled to recover unpaid and

14  withheld legal wages including minimum wages unpaid, overtime

15  wages and waiting penalties all authorized by the California

16  Labor Code, which is in excess of $25,000 and will be sought in

17  accordance with proof at trial.

18  48)  Pursuant to the Labor Code, Plaintiff Headley is

19  entitled to an award for reasonable attorney's fees and costs.

20  **THIRD CAUSE OF ACTION FOR FORCED LABOR aka HUMAN TRAFFICKING**

21  49)  Plaintiff Headley realleges all paragraphs above in

22  support of his third cause of action for human trafficking.

23  50)  Forced labor has been a crime under Federal Human

24  Trafficking statutes since at least 2000.  (18 USC §1589 "Forced

25  Labor")  The elements of forced labor under Federal law are

26  similar to the California Human Trafficking violations described

27  below.  Essentially, obtaining labor by use of, or threat of,

28

23

SECOND AMENDED COMPLAINT

142

1  intimidation, duress, coercion, confinement, fraud or physical

2  punishment constitutes illegal forced labor.

3      51)  In addition to human trafficking laws, coerced or

4  forced labor is a form of involuntary servitude that has been

5  outlawed since the ratification of the Thirteenth Amendment.

6  Freedom from forced labor is a constitutional, statutory and

7  common law right.  See, e.g. 18 USC §1584, Penal Code §181, Civil

8  Code §43, Article 1, Section 1 of the California Constitution,

9  United States v. Mussry (9th Cir. 1984) 726 F.2d 1448 and Moss v.

10  Superior Court (1998) 17 Cal.4th 396.

11     52)  Pursuant to 18 USC §§1593 and 1595, Plaintiff has a

12  private cause of action under the Federal Human Trafficking laws,

13  including 18 USC §1589 "Forced Labor", on which Plaintiff may

14  recover the full amount of his loss, including payment at minimum

15  wage and for overtime and reasonable attorneys fees.

16     53)  The private cause of action for forced labor under 18

17  USC §§1589, 1593 and 1595 does not have a statute of limitation

18  provision in the Federal Human Trafficking law.  In that

19  circumstance, state procedural law applies and sets the

20  appropriate statute of limitation rule.  See, 3 Witkin Procedure,

21  "Actions" §58.

22     54)  The appropriate and applicable statute of limitation

23  rule of procedure to a forced labor/human trafficking claim,

24  state or federal, is the five year statute of limitation in Civil

25  Code §52.5.  This cause of action for forced labor and human

26  trafficking was timely commenced against both Defendants.

27     55)  In addition to being a violation of statutory and

28  common law rights, and an unfair business practice actionable

24

SECOND AMENDED COMPLAINT

143

1  under B&P §17200 et. seq., Plaintiff may enforce his rights under

2  both Federal and State human trafficking law under Civil Code

3  §52.1(b)(h), which authorizes a civil action for protection of

4  rights and authorizes damages, injunctive relief and attorneys

5  fees.  Civil Code §52.1 entitled Civil Actions for protection of

6  rights, damages, injunctive and other equitable relief… states in

7  part:

8      "(b)  Any  individual  whose  exercise  or  enjoyment  of

9      rights  secured  by  the  Constitution  or  laws  of  the

10     United   States,   or   of   rights   secured   by   the

11     Constitution  or  laws  of  this  state,  has  been

12     interfered with, or attempted to be interfered with,

13     as  described  in  subdivision  (a),  may  institute  and

14     prosecute in his or his own name and on his or his own

15     behalf a civil action for damages, including, but not

16     limited  to,  damages  under  Section  52,  injunctive

17     relief,  and  other  appropriate  equitable  relief  to

18     protect  the  peaceable  exercise  or  enjoyment  of  the

19     right or rights secured." (Emphasis added)

20     56)  As set forth in Penal Code §236.2, the "indicators" of

21 human trafficking are as follows:

22         a)   Signs of trauma, fatigue, injury, or other evidence

23              of poor care.

24         b)   The person is withdrawn, afraid to talk, or his or

25              his communication is censored by another person.

26         c)   The person does not have freedom of movement.

27         d)   The person lives and works in one place.

28         e)   The person owes a debt to his or his employer.

25

SECOND AMENDED COMPLAINT

144

f)   Security measures are used to control who has

contact with the person.

g)   The person does not have control over his or his own

government-issued identification or over his or his

worker immigration documents.

These indicators are present to various extents in the workforce
at Gold Base and most if not all would apply to Plaintiff
herein.

57)   Penal Code Section 236.1 states in pertinent part as
follows: "(a) Any person who deprives or violates the personal
liberty of another..., to obtain forced labor or services, is
guilty of human trafficking."

58)   Wrongfully coerced labor was codified as a crime in the
California Penal Code in 2005.  However, forced labor and human
trafficking have been criminal under Federal law since 2000,
involuntary servitude has been a crime for decades and forced
labor would constitute a common law tort under California law.
The California criminal law of human trafficking is cumulative to
pre-existing tort, common law and Federal law prohibitions
against coerced labor and human trafficking.

59)   Subsection (d)(1) of Penal Code Section 236.1 clarifies
that a victim's personal liberty is deprived when there is a
"substantial and sustained restriction of another's liberty
accompli he d through fraud, deceit, coercion, violence, duress,
menace, or threat of unlawful injury to the victim or to another
person[....]"

60)   Subsection (d) of Penal Code Section 236.1 defines
"forced labor or services" as "labor or services that are

26

145

1  performed or provided by a person and are obtained or maintained
2  through force, fraud, or coercion, or equivalent conduct that
3  would reasonably overbear the will of the person."

4       61)  California Civil Code Section 52.5 authorizes a civil
5  cause of action for victims of human trafficking.  Civil Code
6  §52.5 applies to this case, although not enacted until 2005.
7  Said Civil Code section is a rule of procedure and remedies, not
8  substantive law.  Statutes of limitations are considered rules of
9  procedure.  Rules of procedure apply as presently stated.  That
10 Plaintiff left Defendants' employ in 2005 does not make the 2005
11 rules of procedure applicable to this case.  The current rules
12 apply.

13      62)  Defendant CSI deprived Plaintiff of his personal
14 liberty by substantially restricting his freedoms and by their
15 systematic practice of threatening, coercive tactics, which were
16 and are intended to restrict workers such as Plaintiff from
17 freedom of movement, thought and choice, and from obtaining
18 access to the outside world, deprive them of meaningful
19 competitive options, and subjugate the workers' will to that of
20 defendants.  Defendants thus deceitfully, fraudulently and
21 coercively secure, at the expense of Plaintiff's liberty, forced
22 labor at illegal wages.

23      63)  At times herein material (circa 1996 - 2005), Plaintiff
24 Headley worked for Defendants at Scientology's international base
25 at Hemet, California. This facility, known as Gold Base, was a
26 secret base for many years. Most Scientologists did not know of
27 its existence.

28

SECOND AMENDED COMPLAINT

146

1    64)  Gold Base resembles a prison camp, the workers inmates.
2    A razor-wire topped fence encircles Gold Base with sharp inward
3    pointing spikes to prevent escape. The gates are guarded at all
4    times, preventing employees from freely coming and going.
5    Security guards patrol the grounds, motion sensors are placed
6    throughout, and surveillance posts surround the perimeter, all of
7    which are intended to keep workers in the facility. One cannot
8    leave without permission and permission is seldom granted except
9    to a select few. Workers, including Plaintiff, are restricted to
10   the base and not permitted to leave. Defendant has a detailed
11   program to prevent escape. Defendant has "drills" that are
12   practiced known as "No Blow" drills. Flood lights are turned on
13   if one is determined to be missing. A comparison to a minor
14   security prison would not be an exaggeration.

15   65)  Plaintiff was deprived of normal liberties as a matter
16   of standard course. Plaintiff's freedom of movement was
17   essentially restricted to the Gold Base or other place where work
18   was being done. Contact with the outside world was severely
19   restricted. Plaintiff did not have access to email, telephones,
20   the internet or uncensored television. Plaintiff was restricted
21   to seeing a limited and distorted view of the outside world.
22   Mail was opened, read and censored. Plaintiff's passport was
23   taken form him and held under lock and key where he could not
24   obtain it.

25   66)  Defendant CSI threatened to, and did on numerous
26   occasions, subjected employees who disobeyed or questioned CSI's
27   absolute authority to severe, sometimes corporal, punishment.
28   Workers who were caught trying to escape have been physically

147

1   assaulted and restrained.  Plaintiff was aware of how Defendant
2   CSI had restrained, assaulted, punished and tracked down workers
3   who had attempted to escape from Gold Base.  Defendant CSI and
4   the ultimate boss, David Miscavige, use a punishment which
5   involves relegating workers to a program known as the
6   Rehabilitation Project Force (or "RPF"). Workers assigned to the
7   RPF are subjected to a brutal regimen of manual labor, have no
8   freedom of movement and are subjected to almost total
9   deprivations of personal liberties.  Working conditions on the
10  RPF are incredibly harsh.  The RPF serves as a deterrent and
11  intimidates workers, such as Plaintiff, into a state of
12  compliance vis-à-vis Defendant.  Employees such as Plaintiff
13  rightfully fear being sent to the RPF and this coerces employees
14  into providing continued forced labor for Defendant CSI.

15      67)   Gold Base at Hemet is considered by RTC and CSI
16  management to be a high security area.  The employees there are
17  considered to be greater security risks should they become free
18  than most employees at other CSI and/or RTC facilities.  The
19  increased level of security of Gold Base reflects this concern.
20  It was generally understood by most employees that no one "blows
21  Int" (Scientology speak for "no one gets out of Gold Base")
22  without a plan and without considerable risk.  The fences and
23  security patrols were a reminder and it is in a relatively remote
24  and secluded area.  During his time at Gold Base, Plaintiff was
25  lead to believe by CSI and RTC that if he left he would be
26  pursued, tracked down and put under great pressure to return.
27  There would be punishment if he was caught and retrieved.
28  Plaintiff remained in reasonable fear and apprehension that his

148

1   personal liberties would be further violated in the future unless

2   he continued to provide services and labor to Defendant CSI and

3   the ultimate boss of the Scientology enterprise David Miscavige,

4   on their terms, and as ordered by Defendant and Mr. Miscavige.

5       WHEREFORE, Plaintiff requests:

6       1)  A jury trial;

7       2)  Restitution and any other damages authorized by law and

8           according to proof under the First Cause of Action;

9       3)  Damages authorized by Civil Code §52.5(a) et. seq.,

10          excluding punitive damages at this stage, or

11          alternatively federal or common law, for forced

12          labor/human trafficking as alleged in the Third Cause of

13          Action, including actual damages, back pay, compensatory

14          damages, and treble actual damages;

15      4)  An award of reasonable attorney's fees computed with an

16          appropriate lodestar in consideration of the difficult

17          and litigious nature of Defendants;

18      5)  Such other relief as the court may deem just including

19          costs.

20  April 28, 2009

21                                _____

22                                  BARRY VAN SICKLE
                                    Attorney for Plaintiff

23                                  MARC HEADLEY

24

25

26

27

28

SECOND AMENDED COMPLAINT

149

**PROOF OF SERVICE**
[C.C.P. §1013a(3) and 2015.5]

I am employed in the County of Placer, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 1079 Sunrise Avenue, Suite B-315, Roseville, CA 95661

On April 29, 2009, I served the foregoing document(s) in the interested parties in this action:

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

____ **BY MAIL:** I deposited such envelope in the United States Mail.  The document was addressed to concerned parties in this action and a true copy thereof was enclosed in a sealed envelope with postage thereon fully prepaid.  The envelope was sealed and placed for collection and mailing on the date set forth above following ordinary business practices.

____ **BY PERSONAL SERVICE:**  I personally delivered the documents to the persons at the addresses on the attached Service List. For a party represented by an attorney, delivery was made to the attorney or the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office.

✔ *email* **BY ~~FACSIMILE~~ TRANSMISSION:**  Based on ~~an agreement of the parties to accept service by fax transmis~~sion, I ~~faxed~~ *email* the documents to the persons at the fax numbers listed on the attached Service List.  No error was reported by the fax machine that I used.  A copy of the record of the fax transmission is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 29, 2009 at Placer County, California.

Barry Van Sickle

SERVICE LIST

1

2

3   Anthony J. Oncidi
Harold M. Brody
4   PROSKAUER ROSE LLP
2049 Century Park East
5   Suite 3200
Los Angeles, CA  90067
6   Fax:  (310) 557-2193

7

8   Kendrick L. Moxon
MOXON & KOBRIN
3055 Wilshire Boulevard
9   Suite 900
Los Angeles, CA  90010
10   Fax:  (213) 487-5385

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

151

**EXHIBIT L**

1  ANTHONY J. ONCIDI, SBN 118135
   aoncidi@proskauer.com
2  HAROLD M. BRODY, SBN 84927
   hbrody@proskauer.com
3  G. SAMUEL CLEAVER, SBN 245717
   gcleaver@proskauer.com
4  PROSKAUER ROSE LLP
   2049 Century Park East, 32nd Floor
5  Los Angeles, CA 90067-3206
   Telephone:    (310) 557-2900
6  Facsimile:    (310) 557-2193

7  KENDRICK L. MOXON, SBN 128240
   kmoxon@earthlink.net
8  MOXON & KOBRIN
   3055 Wilshire Blvd., Ste 900
9  Los Angeles, CA 90010
   Telephone:    (213) 487-4468
10 Facsimile:    (213) 487-5385

11 Attorneys for Defendant,
   Church of Scientology Int'l

12

13

14              SUPERIOR COURT OF THE STATE OF CALIFORNIA

15                COUNTY OF LOS ANGELES, CENTRAL DISTRICT

16

   MARC HEADLEY,                          )  Case No.  BC 404958
17                                        )
                  Plaintiff,              )
18                                        )  **NOTICE TO ADVERSE PARTY;**
         v.                               )  **REMOVAL OF CIVIL ACTION**
19                                        )
   CHURCH OF SCIENTOLOGY                  )
20 INTERNATIONAL, a corporate entity,     )
   and DOES 1-20,                         )  Complaint Filed:    Jan. 5, 2009
21                                        )  Trial Date:         N/A
                  Defendants.             )
22                                        )
                                          )
23 _____    )

24

25       TO PLAINTIFF MARC HEADLEY AND HIS ATTORNEY OF RECORD:

26       PLEASE TAKE NOTICE that on June 4, 2009, defendant, Church of Scientology

27 International filed a Notice of Removal of the above-entitled action to the United States District

28

1   Court for the Central District of California.  A true and correct copy of the Notice of Removal

2   filed with the federal court is attached hereto as Exhibit A.

3

4

5   DATED:  June 4, 2009                    PROSKAUER ROSE LLP

6                                           ANTHONY J. ONCIDI
                                            HAROLD M. BRODY
7                                           G. SAMUEL CLEAVER

8                                           MOXON & KOBRIN
                                            KENDRICK L. MOXON
9

10                                          _____
                                            Harold M. Brody
11
                                            Attorneys for Defendant,
12                                          Church of Scientology International

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT  M**

1  ANTHONY J. ONCIDI, SBN 118135
   aoncidi@proskauer.com
2  HAROLD M. BRODY, SBN 84927
   hbrody@proskauer.com
3  G. SAMUEL CLEAVER, SBN 245717
   gcleaver@proskauer.com
4  PROSKAUER ROSE LLP
   2049 Century Park East, 32nd Floor
5  Los Angeles, CA 90067-3206
   Telephone:    (310) 557-2900
6  Facsimile:    (310) 557-2193

7  KENDRICK L. MOXON, SBN 128240
   kmoxon@earthlink.net
8  MOXON & KOBRIN
   3055 Wilshire Blvd., Ste 900
9  Los Angeles, CA 90010
   Telephone:    (213) 487-4468
10 Facsimile:    (213) 487-5385

11 Attorneys for Defendant,
   Church of Scientology International

12

13

14              SUPERIOR COURT OF THE STATE OF CALIFORNIA

15                COUNTY OF LOS ANGELES, CENTRAL DISTRICT

16 MARC HEADLEY,                          )  Case No. BC 404958
                                          )
17                 Plaintiff,             )
                                          )  **NOTICE TO THE CLERK OF THE**
18        v.                              )  **SUPERIOR COURT RE REMOVAL OF**
                                          )  **CIVIL ACTION**
19 CHURCH OF SCIENTOLOGY                  )
   INTERNATIONAL, a corporate entity,     )
20 and DOES 1-20,                         )  Complaint Filed:    Jan. 5, 2009
                                          )  Trial Date:         N/A
21                 Defendants.            )
                                          )
22                                        )
                                          )
23

24        TO THE CLERK OF THE LOS ANGELES COUNTY SUPERIOR COURT:

25        PLEASE TAKE NOTICE that defendant, Church of Scientology International filed a

26 Notice of Removal of the above-entitled action to the United States District Court for the Central

27 District of California.  A true and correct copy of the Notice of Removal filed with the federal

28

0047/21051-004
Current/14755952v1

─────────────────────────────────────────────────────
        NOTICE TO CLERK OF SUPERIOR COURT RE REMOVAL OF CIVIL ACTION

154

1    court is attached hereto as Exhibit A.  Pursuant to 28 U.S.C. Section 1446(d), this court "shall

2    proceed no further unless the case is remanded."

3

4    DATED:  June  4  , 2009                      PROSKAUER ROSE LLP
                                                  ANTHONY J. ONCIDI
5                                                 HAROLD M. BRODY
                                                  G. SAMUEL CLEAVER
6
                                                  MOXON & KOBRIN
7                                                 KENDRICK L. MOXON

8

9                                                 _____
                                                  Harold M. Brody
10                                                Attorneys for Defendant,
                                                  Church of Scientology International
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -
NOTICE TO CLERK OF SUPERIOR COURT RE REMOVAL OF CIVIL ACTION

155