ANTHONY J. ONCIDI (Bar No. 118135)
aoncidi@proskauer.com
HAROLD M. BRODY (Bar No. 84927)
hbrody@proskauer.com
G. SAMUEL CLEAVER (Bar No. 245717)
gcleaver@proskauer.com
PROSKAUER ROSE LLP
2049 Century Park East, 32nd Floor
Los Angeles, CA 90067-3206
Telephone:   (310) 557-2900
Facsimile    (310) 557-2193

Attorneys for Defendant,
Church of Scientology Int'l

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC HEADLEY,<br><br>  Plaintiff,<br><br>  v.<br><br>CHURCH OF SCIENTOLOGY INTERNATIONAL, a corporate entity, and DOES 1-20,<br><br>  Defendants. | Case No. CV09-3986 MMM (MANx)<br><br>**NOTICE OF RELATED CASES** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

Pursuant to Rule 83-1.3 of this Court's Local Rules, defendant Church of Scientology International ("CSI"), hereby notifies the Court and all parties appearing that the current action and the following case filed in the Central District appear to (a) arise from the same or closely related transactions, happenings or events; or (b) call for determination of the same or substantially related or similar questions of law and fact; or (c) would, in any event, entail substantial duplication of

labor if heard by different judges: *Claire Headley v. Church of Scientology International; Religious Technology Center*, Case No. CV09-3987-MMM (FFMx), currently assigned to Judge Margaret M. Morrow. Both cases were removed to this Court from the Los Angeles County Superior Court on June 4, 2009.

The present case is related to the *Claire Headley* matter for the following reasons: Claire and Marc Headley are husband and wife. Both suits are brought against the same defendant, CSI. Both arise from the same or similar transactions in that, in both matters, the plaintiffs allege that they were employed by CSI and that CSI failed to pay them the minimum wage and overtime to which they were entitled. In addition, the plaintiffs in both purport to bring claims for human trafficking based in part on the federal human trafficking laws as well as on various state statutes. In each, CSI will demonstrate that the plaintiff, in fact, was a volunteer and a member of a religious order and, consequently, the First Amendment forbids either the state or federal government from attempting to regulate the terms and conditions of their service. In each, moreover, CSI will demonstrate that the human trafficking claims fail as a matter of both law and fact.

The only notable difference between the two cases is that the plaintiff has joined an additional defendant, Religious Technology Center ("RTC") in the *Claire Headley* matter. Claire Headley alleges, however, that CSI and RTC "are joint actors", alleges that the two are essentially the same entity, and she makes precisely the same allegations and claims against both defendants. (Claire Headley 2d Am. Compl. ¶¶ 5, 41.)

Also, the *Claire Headley* matter includes an additional claim under Calif. Business and Professions Code § 17200 based on an alleged policy of forcing female "employees" to undergo abortions; while Marc Headley makes reference to this in his Complaint, he does not plead a claim directly based on this conduct. (The abortions to which Marc Headley refers, however, are those allegedly performed on his wife, Claire Headley.) The merits of this one additional claim, which is not the

focal point of Claire Headley's complaint and is likely subject to the same analysis as the other claims found in both complaints, is not worth sacrificing the judicial economy of combining these otherwise related cases.

In addition, before these two cases were removed to this Court, the Superior Court had ruled that the *Marc* and *Claire Headley* suits were related under Local Rule 7.3(f) of the Rules of the Los Angeles County Superior Court.

Substantial judicial efficiencies will be realized if the two matters are found related, and there will be a substantial duplication of labor if the matters are heard by different judges:

1. Both cases require a resolution of whether the plaintiffs were employees or volunteer members of a religious order. This will turn on common facts as well as common issues of First Amendment jurisprudence;

2. Both cases require a resolution of whether defendants violated human trafficking statutes, a resolution that will turn on common issues of fact and law;

3. Both cases require a resolution of whether CSI is equitably estopped from asserting the applicable statutes of limitations (which will bar plaintiffs' claims either entirely or in substantial part). Plaintiffs rely on common factual allegations in asserting that CSI is estopped; consequently resolution of this issue, too, will turn on common issues of fact and law.

1     For all the foregoing reasons, this matter should be found to be related to *Claire Headley v. Church of Scientology International*, Case No. Case No. CV09-3987-MMM (FFMx), currently assigned to this Court.

DATED: June 15, 2009

PROSKAUER ROSE LLP
ANTHONY J. ONCIDI
HAROLD M. BRODY
G. SAMUEL CLEAVER

/s/
_____
Harold M. Brody

Attorneys for Defendant,
Church of Scientology International