1  BARRY VAN SICKLE - BAR NO. 98645
2  1079 Sunrise Avenue
   Suite B-315
3  Roseville, CA  95661
4  Telephone: (916) 549-8784
   E-Mail:  bvansickle@surewest.net
5
6  Attorney for Plaintiff
   MARC HEADLEY
7

8
9              UNITED STATES DISTRICT COURT
10             CENTRAL DISTRICT OF CALIFORNIA
11

| 12 | MARC HEADLEY, | CASE NO. CV 09-03986 DSF (MANx) |
|---|---|---|
| 13 | Plaintiff, | **PLAINTIFF'S OPPOSITION TO MOTIONS OF DEFENDANT CSI FOR DISMISSAL UNDER RULE 12 (b)(6) OR FOR MORE DEFINITE STATEMENT AND MOTION TO STRIKE** |
| 14 | vs. | |
| 15 | CHURCH OF SCIENTOLOGY INTERNATIONAL, a corporate entity, AND DOES 1 - 20 | |
| 16 | | |
| 17 | | |
| 18 | Defendants. | DATE:   August 10, 2009<br>TIME:   1:30 pm<br>PLACE:  Roybal Federal Building, Courtroom 840 |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | **ASSIGNED TO THE HONORABLE JUDGE DALE S. FISCHER** |
| 23 | | |

---

**PLAINTIFF'S OPPOSITION TO Defendant's MOTION TO DISMISS**

TABLE OF CONTENTS

I. INTRODUCTION ............................................................................................1

II. THE STANDARD FOR RULE 12 (b)(6) MOTIONS MANDATES DENIAL OF MOTIONS ............................................................................3

III. PLAINTIFF ALLEGES A CASE OF FORCED LABOR .........................4

IV. THE DISCOVERY RULE APPLIES TO PLAINTIFF'S B&P §17200 CLAIM UNDER CURRENT CONTROLLING LAW ...............5

V. THE CURRENT 10 YEAR STATUTE OF LIMITATION APPLIES TO THE FEDERAL HUMAN TRAFFICKING CLAIM, BUT THE OLD 4 YEAR STATUTE WAS SATISFIED .........6

VI. PLAINTIFF WAS AN EMPLOYEE ENTITLED TO LEGAL COMPENSATION ......................................................................................8

VII. PLAINTIFF WAS AN EMPLOYEE AS A MATTER OF ECONOMIC REALITY ............................................................................10

VIII. THE PROTECTION OF THE LABOR LAWS IS NOT WAIVABLE ...............................................................................................12

IX. MOTION FOR MORE DEFINITE STATEMENT IS POINTLESS .................................................................................................13

X. THE FORCED LABOR/HUMAN TRAFFICKING CLAIM IS BEYOND PLAUSIBLE – THAT IS HOW SCIENTOLOGY OPERATES ....................................................................................................13

XI. MOTION TO STRIKE SHOULD BE DENIED .......................................14

XII. PLAINTIFF MAY AMEND COMPLAINT TO SEEK CLASS RELIEF ..........................................................................................................15

XIII. CONCLUSION .............................................................................................15

# TABLE OF AUTHORITIES

**CASES**

*Barrentine v. Arkansas-Best Freight System, Inc.*,
　　450 U.S. 728, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981) .......................... 12, 13

*Bartels v. Birmingham*,
　　332 U.S. 126, 67 S.Ct. 1547, 91 L.Ed. 1947 (1947) ....................... 10, 11, 12

*Bonnette v. California Health and Welfare Agency*,
　　704 F.2d 1465, 1469 (9th Cir. 1982) ................................................................ 9

*Broberg v. The Guardian Life Ins. Co. of America*,
　　171 Cal. App.4th 912 (2009) ..................................................................... 6, 10

*Bureerong v. Uvawas*,
　　922 F.Supp. 1450, 1463 (C.D. Cal. 1996) ................................................. 3, 12

*Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ............. 4

*Cortez v. Purolator Air Filtration Products Co.*,
　　23 Cal.4th 163, 173-5 (2000) ..................................................................... 9, 10

*Cruz v. J Beto*,
　　405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972) ..................................... 3

*Douglas Aircraft Co. v. Cranston*,
　　58 Cal.2d 462, 465, 24 Cal.Rptr. 851, 374 P.2d 819 (1962) ....................... 2, 7

*Dunlop v. Carriage Carpet Co.*, 548 F.2d 139, 144 (6th Cir. 1977) .................... 11

*Goldberg v. Whitaker House Cooperative*,
　　366 U.S. 28, 33, 81 S.Ct. 933, 6 L.Ed.2d 100 (1961) (FLSA) ................. 9, 11

*Hale v. State of Arizona*,
　　967 F.2d 1356, 1360 (9th Circuit 1992) .............................................. 9, 11, 12

*Hishon v. King & Spalding*,
　　467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed. 2d 59 (1984) ................................ 4

*Maldonado v. Harris,*
　　370 F3d 945 (9th Cir. 2004) ......................................................................... 7, 8

*Mednick v. Albert Enterprises*,
  508 F.2d 297, 299 (5th Cir. 1975) .................................................................11

*Mudd v. McColgan* ,
  30 Cal.2d 463, 468, 183 P.2d 10 (1947) .........................................................7

*Pashley v. Pacific Electric Railway Co.*,
  25 Cal.2d 226 (1944)........................................................................................3

*Real v. Driscoll Strawberry Associates Inc.*,
  603 F2d 748, 754 (9th Cir. 1979) ..................................................................10

*Retail Clerks International Association Local 1625 v. Schermerhorn*, 373 U.S.
  746, 753 n. 6, 83 S.Ct. 1461, 10 L.Ed.2d 678 (1963) ....................................4

*Scheuer v. Rhodes*,
  416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) ..............................4

*Thompson v. City of Shasta Lake*,
  314 F.Supp 2d 1017 (E.D. Cal. 2004) .............................................................7

*Tony and Susan Alamo Foundation v. Secretary of Labor,*
  471 U.S. 290, 297, 105 S.Ct. 1953, 85 L.Ed.2d 278 (1985).........................9

*United States v. Silk*,
  331 U.S. 704, 712, 67 S.Ct. 1463, 91 L.Ed. 1757 (1947) ............................11

*Vernon v. Heckler*,
  811 F.2d 1274, 1278 (9th Cir. 1987) ...............................................................3

*W.J. Usery v. Pilgrim Equipment Co.*,
  527 F.2d 1308, 1311 & 1315 (5th Cir. 1976) .........................................10, 11

**STATUTES**

18 USC §1595(c)..................................................................................................2, 4

California Labor Code .........................................................................................13

## I. INTRODUCTION

The Second Amended Complaint ("Complaint") is more than adequate to state legal claims. It alleges in considerable detail the facts necessary to establish an employer/employee relationship. As an employee, Plaintiff was absolutely entitled to minimum wage and overtime pay. It is that simple. These factual allegations include that Plaintiff earned his livelihood working for Defendant Church of Scientology International ("CSI"). Plaintiff earned the bare necessities of life working for Defendant. Plaintiff worked for Defendant and was compensated at illegal rates of pay. (See e.g. Complaint #'s 1, 10, 11, 12, 13, 19, 20, 26, 33, 37, 46 & 47.) A wage and hour claim has been properly alleged.

Plaintiff further alleges that he filed the Complaint within any applicable four year statute of limitation period. Also, the statute of limitations would be, at most, a partial affirmative defense. In addition, the Complaint alleges accrual, wrongful concealment and tolling provision that would also apply. In particular, Plaintiff alleges the fact that Defendant illegally failed to post Wage Orders as is required by law. (See e.g. Complaint #'s 22, 28, 30, 34, 35, 36, 43, 44 & 45)

Not one of the forty plus cases cited in Defendant's motion involves a case where employees are deceived by the employer's failure to post required Wage Orders. The purpose of the Wage Orders, of course, is to prevent what happened here, namely a deceived Plaintiff and workforce that have a misunderstanding of workers' rights. At the pleading state, Defendant's failure to post legally required Wage Orders, especially in the context of forcing unenforceable wage waivers and such on employees, properly raises issued of accrual and estoppel on the statue of limitation. Further, failure to post Wage Orders would be an illegal business practice actionable under the state law on which the First Cause of Action is ultimately based.

1

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

1  Plaintiff has also adequately alleged a case of forced labor, which is a sub-
2  category of human trafficking. Also, as addressed below, the applicable statue of
3  limitation for forced labor under federal law would be ten years.
4  With respect to forced labor, the "duty" may be found in federal and/or
5  state statutes. The Complaint alleges the "duty" requirement in paragraphs 4, 50,
6  51, 52 & 55. Breach of the "duty" not to coerce labor is alleged in paragraphs 4,
7  5, 6, 19, 26, 38(b), 46, 56, 62, 64, 65, 66 & 67. Damages are alleged in
8  paragraphs 1, 36, 37, 47 & 62.
9  The Complaint alleges a compelling case of illegal abuse of Defendant's
10 workers, including Plaintiff. The legal issues are addressed below.
11 Defendant's statute of limitation arguments are seriously flawed and
12 contrary to current case law. The basic rule is that the statute of limitation period
13 is extended by a change in law that occurs prior to a claim being barred by the old
14 statute. *Douglas Aircraft Co. v. Cranston*, 58 Cal.2d 462, 463, 24 Cal.Rptr. 851,
15 374 P.2d 819 (1962). Even the cases cited by Defendant for the opposite and
16 erroneous conclusion, including *Douglas*, recognize that basic rule. Further, the
17 unfair business claim has a four year statute with case law supplying a discovery
18 rule. *Broberg v. The Guardian Life Ins. Co. of America*, 171 Cal.App.4th 912
19 (2009). Plaintiff has ten years to bring a forced labor claim (18 USC §1595(c))
20 and four years from discovery for the B&P claim in his First Cause of Action.
21 Plaintiff is well within those time periods and the Complaint does not plead
22 otherwise.
23 Plaintiff pleads wrongful concealment and estoppel in the running of the
24 statue of limitation as precautionary measures. (Paragraphs 22, 23, 33, 36 & 37)
25 Among other things, Plaintiff alleges that Defendant deceived Plaintiff and
26 concealed information on the rights of an employee, such as Plaintiff, to receive
27 minimum wage and other rights under state and federal labor laws. Defendant's
28 wrongful and intentional refusal to post Wage Orders as required by law creates a

question of fact on limitations as well as being alternative grounds for relief as an illegal business practice. The failure of Defendant to disclose to employees what Defendant had a legal duty to disclose presents, at minimum, a question of fact on deceit and improper concealment that would toll any statute of limitation, estopp Plaintiff from hiding behind it, or delay accrual until discovery of the claim. *Pashley v. Pacific Electric Railway Co.*, 25 Cal.2d 226 (1944). See also, Witkin Procedure, "Actions" §§762 – 772.

Before filing the numerous motions now on file, Defendant made an unconditional demand for a complete surrender. The only condition given to avoid the threat of their motions was a complete dismissal of the case. Defense counsel stated that they would not stipulate to any further amendment of the Complaint, including efforts to convert some or all of the case into a class action. That was the "meet and confer" with respect to all the motions, including the motion to strike.

## II.    THE STANDARD FOR RULE 12 (b)(6) MOTIONS MANDATES DENIAL OF MOTIONS

A Rule 12(b)(6) motion is not the appropriate motion to attack remedies or raise a statue of limitation defense not enforceable on the face of the Complaint. If the face of the Complaint pleads a claim for which some relief can be granted, a Rule 12(b)(6) motion should be denied. *Bureerong v. Uvawas,* 922 F.Supp. 1450, 1462-3 (C.D. Cal. 1996) and *Vernon v. Heckler*, 811 F.2d 1274, 1278 (9th Cir. 1987).

In *Thompson v. City of Shasta Lake*, 314 F.Supp 2d 1017, 1021-2 (E.D. Cal. 2004), the court addressed the standard for dismissal under Fed. Rules of Civil Procedure 12(b)(6) in the following terms:

> "On a motion to dismiss, the allegations of the complaint must be accepted as true. See *Cruz v. J Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). The court is bound to give

1 the plaintiff the benefit of every reasonable inference to be
2 drawn from the "well-pleaded" allegations of the complaint.
3 See *Retail Clerks International Association Local 1625 v.*
4 *Schermerhorn*, 373 U.S. 746, 753 n. 6, 83 S.Ct. 1461, 10
5 L.Ed.2d 678 (1963).  Thus, the plaintiff need not necessarily
6 plead a particular fact if that fact is a reasonable inference
7 from facts properly alleged… In general, the complaint is
8 construed favorably to the pleader.  See *Scheuer v. Rhodes*,
9 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).  So
10 construed, the court may not dismiss the complaint for failure
11 to state a claim unless it appears beyond doubt that the
12 plaintiff can prove no set of facts in support of the claim
13 which would entitle him or his to relief.  See *Hishon v. King &*
14 *Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed. 2d 59
15 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct.
16 99, 2 L.Ed.2d 80 (1957))."

### III. PLAINTIFF ALLEGES A CASE OF FORCED LABOR

18 USC Section 1589, Forced Labor, states as follows:

"Whoever knowingly provides or obtains the labor or services of a person (1) by threats of serious harm to, or physical restraint against, that person or another person; (2) by means of any scheme, plan, or pattern intended to cause the person to believe that, if the person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint; or (3) by means of the abuse or threatened abuse of law or the legal process…"

The Complaint adequately alleges a claim under this statute for forced labor against Defendant.  If the court concludes that additional facts should be

alleged in an amended complaint, Plaintiff will of course do so. Among other things, the Complaint alleges that:

    1)     Plaintiff suffered from the statutorily recognized "indictors" of human trafficking. (Complaint #4)

    2)     Plaintiff was subject to thrice daily roll-calls called "musters". (Complaint #5)

    3)     Workers sleep on or near work and are monitored at night. (Complaint #6 & 19)

    4)     Physical violence is used to control and intimidate workers, including Plaintiff. (Complaint #6 & 29)

    5)     Defendant claims that workers owe debts to the employer if they leave. (Complaint #38b)

    6)     Plaintiff was intimidated by threats of harm and confinement while working for Defendant. (Complaint #66 & 67)

    7)     Plaintiff was watched and guarded to frustrate escape. (Complaint #62, 64 & 67)

    8)     Defendant deprived Plaintiff of liberty and freedom to obtain coerced labor. (Complaint #64, 65, 66 & 67)

    9)     Gold Base resembles a prison camp. Security measures exist to confine and restrain workers' freedom. (Complaint #64, 65 & 66)

    10)     Defendant uses punishment to control workers and coerce labor including a process known as the RPF. (Complaint #6, 19, 28, 62, 64, 66 & 67)

Accepting these allegations as true, which they are, illegal conduct has been alleged. A claim for forced labor/human trafficking has been stated.

**IV. THE DISCOVERY RULE APPLIES TO PLAINTIFF'S B&P §17200 CLAIM UNDER CURRENT CONTROLLING LAW**

In *Broberg v. The Guardian Life Ins. Co. of America*, 171 Cal.App.4th 912 (2009) the Second District Court of Appeals, the Appellate Court having jurisdiction of state cases filed in Los Angeles Superior court as was this case, held that the discovery rule applied to the four year statute of limitation applicable to B&P §17200 claims. If the case had not been removed, the *Broberg* case would control in state court. Removal should not change the result in this case.

The *Broberg* court recognized the split of old authority, some of which is cited in Defendant's motion; however the court concluded:

> "…we believe the better view is that the time to file a section 17200 cause of action starts to run only when a reasonable person would have discovered the factual basis for a claim."
>
> Id at 920-1.

The court continued to observe that the delayed discovery rule is generally a question of fact. Id at 921. The Broberg decision is the current leading state authority on what is a question of state law. (The California Supreme Court denied petitions to decertify or review the case, which is a matter of public record on the court's website.)

Defendant' statute of limitation argument is wrong on multiple levels. Among other flaws, the date Plaintiff escaped is not determinative of the B&P §17200 claim. Further, this purported "defect in the claim is not on the face of the Complaint as would be required to support a motion to dismiss. In fact, Plaintiff filed on or before the four years anniversary of leaving Scientology, but the date of departure is not controlling or dispositive.

**V.   THE CURRENT 10 YEAR STATUTE OF LIMITATION APPLIES TO THE FEDERAL HUMAN TRAFFICKING CLAIM, BUT THE OLD 4 YEAR STATUTE WAS SATISFIED**

With respect to the federal "forced labor" claim, Defendant's Memorandum describes the transition from a four year statute of limitation to a

1  ten year period in December 2008.  According to Plaintiff's operative Complaint,
2  which is accepted as true for this motion, Plaintiff was still working for and under
3  the control of Defendant CSI in December 2004.  This was before the change to a
4  ten year statute of limitation.  According to the face of the Complaint, Plaintiff
5  was working for CSI in 2005.  Accordingly, in December 2008, Plaintiff's human
6  trafficking claim was not barred by the four year statute of limitation when the
7  four year statute was extended to ten years.  Therefore, the ten year extension
8  applies to Plaintiff's case.
9       Defendant cited three cases for the proposition that the ten year statute does
10 not apply to Plaintiff's human trafficking claim.  Defendant is wrong.  The
11 leading "authority" Defendant cited for their erroneous statement of law is
12 *Thompson v. City of Shasta Lake*, 314 F.Supp 2d 1017 (E.D. Cal. 2004).  What
13 the *Thompson* case actually says is as follows:
14       "…[A] new statute which enlarges a statutory limitations
15       period applies to matters that are not already barred by the
16       original period at the time the new statute goes into effect.
17       *Mudd v. McColgan* , 30 Cal.2d 463, 468, 183 P.2d 10 (1947);
18       *Douglas Aircraft Co. v. Cranston*, 58 Cal.2d 462, 465, 24
19       Cal.Rptr. 851, 374 P.2d 819 (1962)." *Id* at 1024.  (The
20       *Douglas* case was one of three cases cited by Defendant for
21       the opposite and wrongful premise.)
22     The other case cited for the erroneous premise that statutes of limitation
23 cannot extend the limitation period is *Maldonado v. Harris,* 370 F3d 945 (9th Cir.
24 2004).  In *Maldonado*, the court was dealing with the change in California law
25 from a one year to a two year period for personal injury action.  Citing the
26 *Douglas* case also cited by the court in *Thompson* in the above quote, the court
27 simply noted that the two year extension did not revive claims that had been
28 barred under the old one year rule.  *Maldonado* Id.  None of the cited cases

1  support or hold that Plaintiff is stuck with the statue of limitation that was the law
2  on the date of his departure form Scientology.  Defendant is 180 degrees off
3  target on this point.
4       The *Maldonado* court also noted that California courts employ the
5  "primary rights" theory to determine what constitutes a cause of action.  Under
6  California law and the primary rights doctrine, the violation of a primary right
7  gives rise to a single cause of action.  *Maldonado v. Harris,* 370 F3d 945 (9th Cir.
8  2004).  This should not be an issue in a Rule 12 motion to dismiss; however,
9  Defendant has attempted to make it an issue.  Defendant suggest in its argument
10 that if Plaintiff would satisfy the statute of limitation by filing on the last day,
11 Plaintiff would only be entitled to damages for that last one day of human
12 trafficking or illegal business practice.  That would be an absurd result and
13 contrary to various legal principles including the primary rights doctrine under
14 which Plaintiff would have a single cause of action for human trafficking or
15 unfair business practice.
16      Plaintiff submits that if he met the statute of limitation on a cause of action
17 that ends the inquiry, especially for a Rule 12 motion to dismiss.  If he met the
18 statute of limitations, according to his Complaint, Plaintiff has done all he needs
19 to do to state a claim for the purposes of a Rule 12 motion to dismiss.
20 **VI.  PLAINTIFF WAS AN EMPLOYEE ENTITLED TO LEGAL**
21 **COMPENSATION**
22      Plaintiff Headley was employed by Defendant CSI and RTC for
23 approximately fifteen years (1989 – 2005).  This was a full-time job and
24 Plaintiff's only source of income and support.  The mode, manner and pay
25 regarding Plaintiff's work were controlled by Defendant.  As addressed below,
26 these factors make Plaintiff Headley an "employee" of Defendant as a matter of
27 "economic reality", which is the applicable test.
28

The U.S. Supreme Court has held that the labor laws apply to employees of purported non-profit entities and that the test of employment is "economic reality". *Tony and Susan Alamo Foundation v. Secretary of Labor,* 471 U.S. 290, 301, 105 S.Ct. 1953, 85 L.Ed.2d 278, 289 (1985) (Citing *Goldberg v. Whitaker House Cooperative*, 366 U.S. 28 at 33, 81 S.Ct. 933, 6 L.Ed.2d 100 (1961).

The factors that may be considered in evaluating "economic reality" include control of work by employer and economic dependence by the employee. The economic reality standard is well satisfied by the underlying facts concerning Plaintiff's day-to-day work for Defendant. Plaintiff Headley was employed by Defendant as his sole occupation and source of income. Working for Defendant was how Plaintiff earned his food, shelter and cash income. Under the alleged facts of Plaintiff's working conditions and dependence on his job with Defendant for his livelihood, Plaintiff has alleged facts showing "employment". *Hale v. State of Arizona,* 967 F.2d 1356, 1360 (9th Circuit 1992) and *Bonnette v. California Health and Welfare Agency,* 704 F.2d 1465, 1469 (9th Cir. 1982). Plaintiff was an employee as a matter of "economic reality", and employees have entitlement to minimum wage and overtime pay. (See e.g. Complaint #'s 2, 19, 20 & 33.)

Plaintiff seeks restitution and recovery of unpaid wages under state and federal labor laws. The First Cause of Action seeks restitution of unpaid wages as an illegal and unfair business practice pursuant to California Business and Professions Code (B&P) §§17200 et. seq. Seeking additional compensation due under the labor laws as an unfair business practice in violation of California state law, B&P §17200, et. seq. has been expressly approved by the California Supreme Court. *Cortez v. Purolator Air Filtration Products Co.,* 23 Cal.4th 163, 173-5 (2000). As recognized in *Cortez*, the failure to pay an employee minimum

wage and overtime is a violation of labor laws <u>and</u> an illegal business practice under B&P §17200.[1]

## VII. PLAINTIFF WAS AN EMPLOYEE AS A MATTER OF ECONOMIC REALITY

The test of employment status is the "economic reality" test. In *W.J. Usery v. Pilgrim Equipment Co.*, 527 F.2d 1308, 1311 & 1315 (5th Cir. 1976) the court explained its rulings in terms pertinent to this case. The court stated:

> "…the lesson taught by the Supreme Court's 1947 trilogy is that any formalistic or simplistic approach to who receives the protection of this type legislation must be rejected. In *Bartels v. Birmingham*, 332 U.S. 126, 67 S.Ct. 1547, 91 L.Ed. 1947 (1947), the Court held that in the application of social legislation <u>employees are those who as a matter of economic reality are dependent upon the business to which they render service.</u>" *Usery,* 527 F.2d 1311

The *Usery* court further stated:

> "<u>Neither contractual recitations nor subjective intent can mandate the outcome in these cases.</u> Broader economic realities are determinative." *Usery,* 527 F.2d 1308, 1315.
> (emphasis supplied)

The Ninth Circuit used the "economic reality" test described in the *Usery* case with apparent approval in *Real v. Driscoll Strawberry Associates Inc.,* 603 F2d 748, 754 (9th Cir. 1979). The court stated:

> "Courts have adopted an expansive interpretation of the definitions of "employer" and "employee" under the FLSA, in

---

[1] The B&P Code §17200 claim has the advantage of a 4-year statute of limitation and case law holding that the limitations period is subject to the accrual upon discovery rule. *Cortez*, Supra, 23 Cal 4th 163,179 and *Broberg v. The Guardian Life Ins. Co. of America,* 171 Cal. App.4th 912 (2009)

10

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

order to effectuate the broad remedial purposes of the Act. See, e. g., *Dunlop v. Carriage Carpet Co.*, 548 F.2d 139, 144 (6th Cir. 1977); *Usery v. Pilgrim Equipment Co.*, 527 F.2d 1308, 1311 n.6 (5th Cir.), Cert. denied, 429 U.S. 826, 97 S.Ct. 82, 50 L.Ed.2d 89 (1976). Cf. *United States v. Silk*, 331 U.S. 704, 712, 67 S.Ct. 1463, 91 L.Ed. 1757 (1947) (Social Security Act). The common law concepts of "employee" and "independent contractor" are not conclusive determinants of the FLSA's coverage. See *W.J. Usery v. Pilgrim Equipment Co.*, supra, 527 F.2d at 1311 n.6; *Mednick v. Albert Enterprises*, 508 F.2d 297, 299 (5th Cir. 1975). Rather, in the application of social legislation employees are those who as a matter of economic reality are dependent upon the business to which they render service. (*Bartels v. Birmingham*, 332 U.S. 126, 130, 67 S.Ct. 1547, 1550, 91 L.Ed. 1947 (1947) (Social Security Act) (emphasis added).)  See *Goldberg v. Whitaker House Cooperative*, 366 U.S. 28, 33, 81 S.Ct. 933, 6 L.Ed.2d 100 (1961) (FLSA)."

The Ninth Circuit has also given guidance on application of the "economic reality" test.  In *Hale v. State of Arizona,* 967 F.2d 1356, 1360, 1362-3 (9th Circuit 1992), the court listed the following four guidelines that might be considered in applying the "economic reality" test:

"This circuit, in deciding if an employer/employee relationship exists, has applied an "economic reality" test which looks to four factors: whether the alleged employer (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment,

  and (4) maintained employment records." *Hale v. State of Arizona,* (967 F.2d 1356, 1364 (9th Circuit 1992).

The "economic reality" test has also been described in terms of "economic dependency". As stated by a Central District Court:

> "The touchstone of 'economic reality' in analyzing a possible employee/employer relationship for purposes of the FLSA is dependency of the employee upon the alleged employer" (emphasis supplied/citation omitted) "Citing *Bartels v. Birmingham*, 332 U.S. 126, 130, 67 S.Ct. 1547, 1549-50 (1947), 91 L.Ed 1947 (1947) <u>The question is whether as a matter of economic reality, the individuals are dependant upon the business to which they render service</u>" *Bureerong v. Uvawas,* 922 F.Supp. 1450 (C.D. Cal. 1996) (Emphasis supplied)

Plaintiff Headley worked for Defendant to earn his livelihood. As a matter of "economic reality", Plaintiff was an employee as alleged in the Complaint.

## VIII. THE PROTECTION OF THE LABOR LAWS IS NOT WAIVABLE

  The right to minimum wage and overtime cannot be given away by the employee or taken away by the employer. As often recognized by the courts, the Fair Labor Standards Act, 29 U.S.C. §§201 et. seq. ("FLSA"), was enacted to protect workers such as Plaintiff Headley from the evils of "overwork" and "underpay". See e.g., *Barrentine v. Arkansas-Best Freight System, Inc.,* 450 U.S. 728, 739, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981).

  Accordingly, the U.S. Supreme Court has expressly found that FSLA rights, e.g. minimum wage and overtime, cannot be abridged by contract or otherwise waived.

> "This Court's decisions interpreting the FLSA have frequently emphasized the nonwaivable nature of an individual

1   employee's right to a minimum wage and to overtime pay
2   under the Act. Thus, we have held that FLSA rights cannot be
3   abridged by contract or otherwise waived…" *Barrentine v.*
4   *Arkansas-Best Freight System, Inc.,* 450 U.S. 728, 101 S.Ct.
5   1437, 67 L.Ed.2d 641 (1981).

6   Similarly, the rights to minimum wage and overtime under the California
7   Labor Code cannot be lost, waived, disclaimed or contracted away. Calif. Labor
8   Code §1194.

## IX. MOTION FOR MORE DEFINITE STATEMENT IS POINTLESS

As addressed above, the exact date Plaintiff escaped is not determinative or dispositive regarding any applicable statue of limitation defense. Also, and as a practical matter, Defendant deposed Plaintiff for two days and obtained a production of documents before removing this case to federal court. If an escape date was truly that important, Defendant had the opportunity to narrow it down. Also, Defendant knows full well when Plaintiff escaped; they chased him down.

## X. THE FORCED LABOR/HUMAN TRAFFICKING CLAIM IS BEYOND PLAUSIBLE – THAT IS HOW SCIENTOLOGY OPERATES

Defendant move to strike portions of the Complaint that they find embarrassing or problematic. Defendant claims to be a peaceful, harmless "church". The truth is much different. Plaintiff is aware of many additional facts that show Scientology to be a quasi-criminal enterprise at best.

Defendant apparently claims that the forced labor claims should be dismissed as not "plausible". There are hundreds of former staff members who know how "plausible" Scientology's abuse of workers truly is. Further, it is inconsistent for Defendant to move to strike embarrassing facts about it and then argue that human trafficking cannot possibly be "plausible". The Scientology enterprise is incredibly cruel and indifferent to its lower level workers. The top brass lives like royalty. There are many potential witnesses to these facts, which

tend to provide a context in which human trafficking is standard operating procedure at Scientology's major facilities.  Working for Defendant is a bizarre and demeaning experience.

If the Court concludes that more plausibility and facts showing forced labor should be plead, it can be done.  Among other things, Plaintiff has pictures of spiked fences.  A major newspaper has just done a series of articles on Scientology's leader, David Miscavige.  Four former leaders of the Scientology enterprise, including Marty Rathbun of RTC and Mike Rinder of CSI, are out and confirming what cult observers have known for years.  For example, there are now many witnesses who can testify that the leader of the Scientology enterprise, David Miscavige (the head of RTC), beats people and has workers dunked into pools in the middle of the night.  (Slaves must be reminded of who the master is.)

It should not be necessary, but if the court wants more factual detail on the misconduct of CSI its leader, David Miscavige, it is available, can be alleged <u>and can be proven</u>.  The conduct of Mr. Miscavige and Scientology's "dirty tricks" department (known as "OSA") makes "forced labor" just another Scientology outrage.  The Complaint only alleges the tip of the iceberg on Defendant propensity towards bizarre and illegal behavior.

## XI.   MOTION TO STRIKE SHOULD BE DENIED

This case is before the Court on removal.  The Complaint in question was filed in state court.  The protocol in California State Court calls for "code pleading", not the "notice" pleading of federal court.  The Complaint was drafted in consideration of state procedures and the propensity of litigious Defendant to engage in a lengthy demurrer process.  When the first round of demurrers was expected however, the cases (there are now 3 such cases) were removed.

The rules do not require that a state court complaint be replead to conform to federal procedures.  That is largely left to the discretion of the court.  The applicable rule of procedure states as follows:

> "Rule 81(c) Removed Actions, (2) Further Pleading. After removal, repleading is unnecessary unless the court orders it."

The Court should exercise its discretion to deny the motions to strike in their entirety.

The Complaint and allegations serve a purpose but complaints are not that important in Federal Court. The Pretrial Conference Order will supercede the Complaint, and what might be stricken now could resurface later in Plaintiff's Contentions of Fact and Law and the PTC Order.

Further, the challenged allegations help tell Plaintiff's story, provide context as to the parties, demonstrate the existence of legal duties breached and show that Plaintiff's claims are in fact "plausible". The motion to strike is an exercise in busy work and should be denied.

## XII. PLAINTIFF MAY AMEND COMPLAINT TO SEEK CLASS RELIEF

This case was initially filed to be a test case rather than a class action, however, California B&P §17200 does authorize "representative actions" in section 17203. Within the past few weeks the California Supreme Court has ruled that a B&P §17203 "representative action" must be brought as a class action. Therefore, Plaintiff concedes that under current state law he must assert a class claim to pursue "representative relief".

The Second Amended Complaint does not seek representative relief in its prayer for damages; however, Plaintiff may seek leave to amend to add class action allegations with respect to similarly situated past employees of Defendant CSI.

## XIII. CONCLUSION

Defendant's Rule 12 motions to dismiss motions for a more definite statement and, motions to strike portions of the Complaint should be denied. Alternatively, Plaintiff must be granted leave to amend to address whatever pleading issue may concern the Court.

1  July 17, 2009

———————————————
BARRY VAN SICKLE
Attorney for Plaintiff
MARC HEADLEY