UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 09-3986 DSF (MANx) | Date | 8/12/09 |
| Title | Marc Headley v. Church of Scientology International, et al. | | |

| | |
|---|---|
| Present: The Honorable | DALE S. FISCHER, United States District Judge |

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING in Part and DENYING in Part Defendant Church of Scientology International's Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Docket No. 5) and GRANTING in Part and DENYING in Part Defendant Church of Scientology International's Motion to Strike Portions of Second Amended Complaint (Docket No. 7)

Before the Court is Defendant Church of Scientology International's ("CSI") Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6). Also before the court is CSI's Motion to Strike Portions of Second Amended Complaint.

For the following reasons, the Court GRANTS in Part and DENIES in Part the Motion to Dismiss and GRANTS in Part and DENIES in Part the Motion to Strike.

## I. BACKGROUND

On January 5, 2009, Plaintiff Marc Headley filed this action against CSI. Headley filed a Second Amended Complaint ("SAC") on May 19, 2009. He was employed by CSI from 1989 to January 2005. (SAC ¶ 25.)[1] Headley claims that CSI forced him to work for below minimum wage and denied overtime pay. (Id. ¶¶ 2-3.) Headley alleges: (1) unfair business practices in violation of California Business and Professions Code §§

---

[1] The Court accepts the allegations in the SAC as true for purposes of this motion only.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

17200, et seq.; (2) violations of various provisions of the California Labor Code; and (3) violations of California and federal prohibitions against forced labor.

## II.  LEGAL STANDARD

### A.  Motion to Dismiss

A motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the pleadings.  "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982).

"Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief.  Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks omitted).  Dismissal is appropriate only if the plaintiff fails to assert a cognizable legal theory or to allege sufficient facts under a cognizable legal theory.  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).  But the Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Moreover, the court need not accept legal conclusions as true.  Ashcroft v. Iqbal, _U.S._, 129 S.Ct. 1937, 1949 (2009).

The plaintiff bears the burden of pleading sufficient facts to state a claim.  Courts will not supply essential elements of a claim that are not initially pled.  Richards v. Harper, 864 F.2d 85, 88 (9th Cir. 1988).  "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."  Erickson, 551 U.S. at 94.  "The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.  Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) (internal citations omitted).

When a party moves to dismiss a complaint on statute of limitations grounds, the fact that the dates as alleged in the complaint fall outside of the limitations period is not enough for dismissal.  The motion "can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled."  Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir. 1993) (citation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

and internal quotation marks omitted).

### B. Motion to Strike

A court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

"'Immaterial' matter is that which has no essential or important relationship to the claim for relief . . . being pleaded." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (citation omitted), rev'd on other grounds, Fogerty v. Fantasy, Inc., 510 U. S. 517 (1994). "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." Id. "Superfluous historical allegations" may be stricken. Id. Allegations may be stricken as scandalous if they "bear[] no possible relation to the controversy or may cause the objecting party prejudice." Talbot v. Robert Matthews Distributing Co., 961 F.2d 654, 664 (7th Cir. 1992). "Scandalous" matter includes statements that impugn the character of defendants, and that are superfluous descriptions rather than substantive elements. Alvarado-Morales v. Digital Equip. Corp., 843 F.2d 613, 618 (1st Cir. 1988) (striking references to concentrations camps, torture, brainwash, etc. in the context of a voluntary incentive resignation plan).

"The function of a Rule 12(f) motion is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Bassiri v. Xerox Corp., 292 F. Supp. 2d 1212, 1219 (C.D. Cal. 2003), rev'd on other grounds, 463 F.3d 927 (9th Cir. 2006); see also California ex rel. State Lands Comm'n v. United States, 512 F. Supp. 36, 38 (N.D. Cal. 1981) ("[W]here the motion may have the effect of making trial of the action less complicated, or have the effect of otherwise streamlining the ultimate resolution of the action, the motion to strike will be well taken."). Nevertheless, such motions are "viewed with disfavor and are not frequently granted." Bassiri, 292 F. Supp. 2d at 1220; accord Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc., 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002).

In reviewing a 12(f) motion, courts view the pleading under attack in the light most favorable to the non-moving party. Bassiri, 292 F. Supp. 2d at 1220. Therefore, "[m]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." Id. (citation omitted). Courts often require a "showing of prejudice by the moving party" before the challenged material will be stricken. Alco Pac., Inc., 217 F. Supp. 2d at 1033 (citation omitted).

"[A] motion to strike may be used to strike any part of a prayer for relief when the damages sought are not recoverable as a matter of law." Bureerong v. Uvawas, 922 F. Supp. 1450, 1479 n.34 (C.D. Cal. 1996) (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

## III.  DISCUSSION

### A.  Motion to Dismiss Plaintiff's Second Amended Complaint

#### 1. First Cause of Action for Violation of California Business and Professions Code §§ 17200 et seq.

Headley alleges that he "worked for CSI from 1989 to January[ ] 2005" and that he "was employed by Defendant CSI for fifteen years under unlawful working conditions." (SAC ¶ 26.)  Headley also alleges that CSI "engaged in illegal and unfair business practices in violation of . . . § 17200, including but not limited to violations of state and Federal labor laws."  (Id. ¶ 40.)  Reading the SAC with the required liberality at this stage of the proceedings, the Court assumes for purposes of this motion that Headley was employed by CSI until the end of January 2005.  CSI argues that the statute of limitations bars the first cause of action.  Headley counters that CSI is equitably estopped from asserting the statute of limitations defense.

"[A]ny business act or practice that violates the Labor Code through failure to pay wages is, by definition (§ 17200), an unfair business practice."[2]  Cortez v. Purolator Air Filtration Prods. Co., 23 Cal. 4th 163, 178 (2000).  "*Any* action on *any* UCL cause of action is subject to the four-year period of limitations created by [§ 17208]."  Id. at 179.

The statute of limitations for a § 17200 claim "begins to run when [a] cause of action accrues, irrespective of whether plaintiff knew of its accrual . . . ."  See Stutz Motor Car of Am., Inc. v. Reebok Intern., Ltd., 909 F. Supp. 1353, 1363 (C.D. Cal. 1995).  Each alleged violation "create[s] a separate and distinct violation, triggering the running of a new limitations period."  Jones v. Tracy Sch. Dist., 27 Cal. 3d 99, 105 (1980).  Headley alleges "a series of multiple wrongs" continuing for 15 years.  See Stutz, 909 F. Supp. at 1364.  Headley's allegations of § 17200 violations, therefore, have different expiration dates.  For example, an alleged violation of § 17200 that occurred in January 1995 expired in January 1999; an alleged violation in December 2004 expired in December 2008.  As noted, Headley filed this action on January 5, 2009.  Therefore, any § 17200 violations that occurred between January 5, 2005 and January 31, 2005 are not time-barred by § 17208.  See id.

The Court also finds that § 17200 violations allegedly occurring before January 5, 2005 are not time-barred.  Equitable estoppel "comes into play only after the limitations

---

[2] The SAC alleges that Defendants claimed that they did not have to obey minimum wage and other labor laws.  The Court assumes for purposes of this motion that state and federal wage and labor laws apply to CSI.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

period has run and addresses itself to the circumstances in which a party will be estopped from asserting the statute of limitations as a defense to an admittedly untimely action because his conduct has induced another into forbearing suit within the applicable limitations period.  Its application is wholly independent of the limitations period itself and takes its life, not from the language of the statute, but from the equitable principle that no man will be permitted to profit from his own wrongdoing in a court of justice." Battuello v. Battuello, 64 Cal. App. 4th 842, 847-48 (1998).  The complaint must identify specific conduct that is an alleged basis for estoppel and also "plead facts indicating that this conduct '*actually and reasonably induced*'" [the plaintiff] to forbear filing suit within the limitations period."  Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP, 133 Cal. App. 4th 658, 686 (2005).  "[E]stoppel may certainly be invoked when there are acts of *violence* or *intimidation* that are *intended* to prevent the filing of a claim."  Doe v. Bakersfield City Sch. Dist., 136 Cal. App. 4th 556, 567 (2006) (internal citations and quotation marks omitted).

  Headley claims that while he worked for CSI from 1989 to 2005 his pay was below minimum wage and he was not paid for overtime.  (SAC ¶¶ 20, 26.)  Headley further alleges: (1) he was led to believe by CSI that he had few effective rights as an employee (id. ¶ 28); (2) CSI forced him to sign various documents under duress and he was not given copies of said documents (id.); (3) he was assaulted by the leader of the Scientology enterprise, David Miscavige (id. ¶ 29); (4) CSI failed and refused to post Wage Orders and other required notices advising employees of their rights (id. ¶ 30); (5) CSI misled employees about their rights by stating that CSI does not have to pay workers minimum wage because "it's a church," (id.); (6) he worked at CSI's Gold Base in Hemet, California for many years where a razor wire topped fence encircles the base with sharp inward pointing spikes to prevent escape (id. ¶¶ 63-64); (7) the gates at Gold Base are guarded at all times to prevent employees from freely moving in and out of the base (id. ¶64); (8) he and other workers were restricted to the base and not permitted to leave without permission and permission is seldom granted except to a select few (id.); (9) that flood lights are turned on if an employee is determined to be missing from Gold Base (id.); (10) his passport was taken from him and held under lock and key where he could not obtain it (id. ¶ 65); (11) CSI threatened and inflicted physical punishment on those caught trying to escape (id. ¶ 66); (12) physical punishment and manual labor serve to intimidate workers into obeying CSI (id.); and (13) he remained in reasonable fear and apprehension that his personal liberties would be further violated in the future unless he continued to provide services and labor to CSI (id. ¶ 67).

  The Court cannot conclude that Headley's equitable estoppel claim must fail.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Therefore, the Court denies the Motion to Dismiss the First Cause of Action.[3]

### 2. Second Cause of Action for Unpaid Wages and Penalties Under the California Labor Code

Headley alleges that CSI violated various sections of the California Labor Code, including minimum wage and overtime provisions. CSI argues that such allegations are time barred. Statutory allegations regarding wages are generally subject to a three-year statute of limitations pursuant to California Civil Procedure Code § 338. See Murphy v. Kenneth Cole Prods., Inc., 40 Cal. 4th 1094, 1102-03, 1112 (2007). Even though it seems Headley's California Labor Code claims are time-barred, given the factual allegations, the Court cannot conclude that Headley's equitable estoppel claim must fail.

Therefore, the Court denies the Motion to Dismiss as to the Second Cause of Action.

### 3. Third Cause of Action for Violation of California and Federal Laws Prohibiting Forced Labor

#### a. California Statutory and Constitutional Provisions Against Forced Labor

Under California Penal Code § 236.1(a), "[a]ny person who deprives or violates the personal liberty of another . . . to obtain forced labor or services[ ] is guilty of human trafficking." California Civil Code § 52.5 specifies that a "victim of human trafficking, as defined in section 236.1 of the Penal Code, may bring a civil action" for damages. California Civil Code § 3 states that Civil Code provisions are not retroactive "unless expressly so declared." Both § 236.1 and § 52.5 became effective on January 1, 2006 and neither statute expressly declares itself to have retroactive effect. Therefore, neither statute can be retroactively applied to unlawful conduct, because it occurred before January 1, 2006.

---

[3] Headley also alleges that he "has suffered injury in fact and has standing to sue under § 17203 for himself and *as a representative* of persons also entitled to restitution of unpaid wages . . . ." (SAC ¶ 41) (emphasis added). Central District of California Local Rule 23-1 states that the "title of any pleading purporting to commence a class action shall include the legend: "(Title of Pleading) Class Action." Local Rule 23-2 specifies that "[a]ny pleading purporting to commence a class action shall contain a separate section entitled "Class Action Allegations." Headley fails to comply with these and other rules related to bringing a class action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Accordingly, the Court grants the Motion to Dismiss as to this claim without leave to amend.[4]

### b. Trafficking and Violence Protection Act ("TVPA"), 18 U.S.C. § 1589

CSI argues that Headley's forced labor claims under federal law are largely time-barred. The Court disagrees.

18 U.S.C. § 1589(a)(1) prohibits knowingly obtaining the labor or services of a person by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person. The victim of a §1589(a)(1) violation may bring a civil action against the perpetrator in the appropriate district court of the United States and may recover damages and reasonable attorneys fees. § 1595(a). Effective December 23, 2008, an action under § 1595 is subject to a 10-year statute of limitations. § 1595(c).

Congress did not expressly include a statute of limitations period when it first enacted the TVPA on October 28, 2000. When a statute enacted after 1990 does not expressly contain its own statute of limitations period, an action filed under such statute

---

[4] Headley also alleges that "forced labor would constitute a common law tort under California law." (SAC ¶ 58.) The Court finds that California courts have not recognized such a tort and therefore grants the motion to dismiss as to this tort claim.

Furthermore, Headley alleges that CSI's alleged actions violate Article I, § 1 of the California Constitution and California Civil Code § 52.1. Article I, § 1 of the California Constitution states that "[a]ll people are by nature free and independent and have inalienable rights. Among them are enjoying and defending life and liberty . . . ." Article I, § 6 of the California Constitution states that "involuntary servitude is prohibited except to punish crime." Section 52.1(b) states that "[a]ny person whose exercise or enjoyment of rights secured by the . . . Constitution or laws of this state, has been interfered with [by another through threats, intimidation, or coercion], may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages . . . ."

Given that Headley alleges that CSI used intimidation and threats of force to prevent his free movement and to make him work for below minimum wage, the Court finds that Headley has stated a cognizable claim under the California Constitution and § 52.1. See County of Fresno v. Superior Court, 82 Cal. App. 3d 191, 203 (1978) (stating that "a system of forced labor . . . would violate the constitutional prohibition against involuntary servitude" pursuant to Article I, § 6 of the California Constitution). The applicable statute of limitations period is either one year or three years. See Gatto v. County of Sonoma, 98 Cal. App. 4th 744, 759 (2002). This claim, therefore, has expired. The Court, however, denies the Motion to Dismiss as to this claim on the basis of equitable estoppel for the reasons discussed above.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

must be commenced within four years after the cause of action accrues.  28 U.S.C. § 1658(a).  Thus, the TVPA had a four-year limitations period from October 28, 2000, the date of its original enactment, to December 23, 2008, the effective date of the ten-year limitations period amendment.

"Congress, of course, has the power to extend the period of limitations without running afoul of the ex post facto clause, provided the period has not already run."[5] United States v. Richardson, 512 F.2d 105, 106 (3d Cir. 1975).  Courts that have "upheld extensions of *unexpired* statutes of limitations . . . have consistently distinguished situations where limitations periods have *expired*."  Stogner v. California, 539 U.S. 607, 618 (2003).  These courts reason that giving a prosecution a "longer lease of life" (extending unexpired limitations periods) as opposed to reviving a "prosecution already dead" (extending expired limitations periods) is not so "harsh and oppressive" as to violate "instinctive feelings of justice and fair play."  Falter v. United States, 23 F.2d 420, 425-26 (2d Cir. 1928).

Similarly, the Ninth Circuit has "suggested that a rule extending a statute of limitations . . . is acceptable if such application would not 'result in manifest injustice' and there is no 'statutory direction or legislative history to the contrary.'"  Chenault v. United States Postal Service, 37 F.3d 535, 538 (9th Cir. 1994).  As the legislative history of the § 1595(c) amendment extending the limitations period from four years to ten years is silent as to the issue of retroactivity and CSI, at least in the papers submitted so far, has not shown that manifest injustice will result, the Court finds that § 1595(c) may be retroactively applied to unexpired claims.  Thus, any TVPA action that was not yet barred under the original four-year statute of limitations may be maintained so long as it is commenced within ten years after the cause of action arose.  Here, CSI's alleged forced labor conduct occurred from 1996 to 2005.  Headley's claims regarding such conduct starting December 23, 2004 had not expired under the original four-year limitations period when the ten-year statute of limitations under § 1595(c) became effective on December 23, 2008.  Accordingly, the limitations period on such claims have been extended from four years to ten years and these claims are not time-barred.

Further, alleged violations of § 1589 that occurred before December 23, 2008 can be considered.  The United States Supreme Court has held that "discrete discriminatory acts [in employment] are not actionable if time barred, even when they are related to acts alleged in timely filed charges."  Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101,

---

[5] All cases discussed in this paragraph involve criminal charges.  Accordingly, the statute of limitations analysis in each case focuses on whether the subsequent extension or enlargement of a pre-existing statute of limitations violates the *ex post facto* clause of the constitution and is therefore unconstitutional.

113 (2002).  In contrast, "[a] hostile work environment claim is composed of a series of separate acts that collectively constitute one 'unlawful employment practice.'"  Id. at 117.  "It does not matter, for purposes of the [hostile work environment] statute, that some of the component acts of the hostile work environment fall outside the statutory time period.  Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability."  Id.  The Ninth Circuit recognizes this distinction.  See RK Ventures, Inc. v. City of Seattle, 307 F.3d 1045, 1061 n.13 (9th Cir. 2002).  "The timely filing provision [of a hostile work environment claim] only requires that a Title VII plaintiff file a charge within a certain number of days after the unlawful practice happened."  Morgan, 536 U.S. at 117.  The timely filing provision of the TVPA also requires that a plaintiff file an action within a certain period (10 years) of the violation.  See § 1595(c).  The Court finds that Headley's allegations are analogous to a hostile work environment claim and therefore the "more generous continuing violation rule Morgan" applies.  See RK Ventures, 307 F.3d at 1061 n.13.

      Headley alleges that CSI subjected him to a coercive work environment from 1996 to 2005.  The Court finds that such alleged conduct constitutes a continuing violation of the TVPA, and is therefore actionable as a single unlawful practice subject to a ten-year statute of limitations.  The Court preliminarily finds that it will consider the entire time period of the alleged forced labor to determine any potential liability.  Headley timely filed his TVPA claim and therefore the Court denies the Motion to Dismiss as to this claim.  The Court also rejects the equitable estoppel argument for the reasons discussed above.

### B.  Motion to Strike Portions of Second Amended Complaint

      CSI makes numerous requests to strike allegations from the SAC.  The Court has considered each in turn.

      The Court views "the pleading under attack in the light most favorable to [Headley]" and therefore will not grant a motion to strike "unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation."  Bassiri, 292 F. Supp. 2d at 1220.

      The SAC is certainly not the clearest pleading the Court has seen.  The Court, however, declines to strike the allegedly immaterial, impertinent or scandalous allegations, most of which do not fall into these categories.  In addition, while the references to case law are unnecessary and generally inappropriate in a pleading, the Court finds no particular reason to strike them.  They will not be grounds for additional discovery and will not be presented to a jury.

      CSI also moves to strike Headley's prayer for attorneys fees pursuant to California

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Civil Procedure Code § 1021.5 in the context of a § 17200 claim. (SAC ¶¶ 42-48.) "Section 1021.5 codifies the 'private attorney general doctrine' adopted by [the California] Supreme Court. The doctrine is designed to encourage private enforcement of important public rights and to ensure aggrieved citizens access to the judicial process where statutory or constitutional rights have been violated." Ryan v. Cal. Interscholastic Fed'n, 94 Cal. App. 4th 1033, 1044 (2001) (internal citations omitted). Attorneys fees are recoverable in a § 17200 claim that comes under the private attorney general doctrine.[6] Harper v. 24 Hour Fitness, Inc., 167 Cal. App. 4th 966, 976 (2008). Therefore, the Court denies the Motion to Strike as to page 21, lines 9-11.

### IV. CONCLUSION

For these reasons, the Court GRANTS in Part and DENIES in Part the Motion to Dismiss and DENIES the Motion to Strike.

IT IS SO ORDERED.

---

[6] "In determining whether to award attorney fees under section 1021.5 to the 'successful party,' we apply a three-prong test inquiring whether (1) the litigation resulted in the enforcement of an important right affecting the public interest, (2) a significant benefit has been conferred on the general public or a large class of individuals, and (3) the necessity and financial burden of private enforcement renders the award appropriate." Ryan v. Cal. Interscholastic Fed'n, 94 Cal. App. 4th 1033, 1044 (2001). The Court need not make this determination now.