UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | CV 09-3986 DSF (MANx) | Date | 9/22/09 |
|---|---|---|---|
| Title | Marc Headley v. Church of Scientology International, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order DENYING Plaintiff's Motion for Summary Adjudication of Facts and Conclusions of Law (Docket No. 14)

The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for September 28, 2009 is removed from the Court's calendar. The stipulation to continue the hearing is denied as moot.

## I.  FACTUAL BACKGROUND

In about 1989, Headley, who was still in high school, applied to join the Sea Org. (Defs.' Statement of Genuine Issues at ¶ 74.) The Sea Org is a religious order of the Church of Scientology International ("CSI") that requires its members to commit themselves to one billion years of service to the CSI. (Id. at ¶ 30.) On May 31, 1990, Headley signed the Sea Org's covenant of religious commitment and started to work at Golden Era, a division of CSI that produces films, music, tapes, cassettes and CDs about the CSI. (Id. at ¶¶ 1, 51) Headley worked at Golden Era from 1990 until January 3, 2005 in a variety of different capacities. (Id. at ¶¶ 1, 86-105.) He alleges that he worked an average of 100 hours per week, and that CSI paid him an average of $0.39 per hour. (Id. at ¶19.) He also alleges that Golden Era was run with the intent to maximize profits. (Headley Supp. Decl. at ¶¶ 9-18.)

## II.  LEGAL STANDARDS

Summary judgment shall be granted where "the pleadings, the discovery and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). Because the moving party has the burden of proof at trial, he must establish "beyond controversy every essential element" of his claim. So. Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885, 888 (9th Cir. 2003) (internal quotation marks omitted) (adopting the district court's opinion).

### III. DISCUSSION

The Fair Labor Standards Act ("FLSA") provides a variety of labor protections to covered "employees," including minimum wage and overtime protections. See, generally, 29 U.S.C. §§ 201 et seq. The FLSA "reaches only the 'ordinary commercial activities' of religious organizations, 29 CFR § 779.214 (1984), and only those who engage in those activities in expectation of compensation." Tony and Susan Alamo Found. v. Sec'y of Labor, 471 U.S. 290, 302 (1985) ("Alamo"). A church-run business that "serve[s] the general public in competition with ordinary commercial enterprises" is covered by the FLSA; otherwise church-run businesses would have an unfair competitive edge over their non-religious affiliated competitors. Id. at 299. Whether a church-run business is engaged in "ordinary commercial activities" is a factual issue. Id. at 298-99. The Parties agree the scope of the FLSA's coverage for similarly situated workers is the same as California labor law.[1] (Pl.'s Mot. at 14-16); (Defs.' Opp. at 10-11.)

Plaintiff's Motion fails because he has not established beyond controversy that Golden Era's business activities constitute "ordinary commercial activities." Although Plaintiff has put forward evidence that Golden Era had the intent to maximize profits,

---

[1] Plaintiff appears to backtrack from this agreement in his Reply, but -- as in his Motion -- he relies on Bureerong v. Uvawas, 922 F. Supp. 1450 (C.D. Cal. 1996), to define the scope of California's labor laws. (Pl.'s Reply at 4); see also Bureerong, 922 F. Supp. at 1470 ("the Court finds that the California courts would likely adopt the federal FLSA's broad definition of 'employment.'"). Moreover, Plaintiff does not cite to any authority suggesting that the scope of California's labor laws is greater than federal labor law for people who are similarly situated. (Pl.'s Reply at 3-5.); Bldg. Material and Constr. Teamsters' Union, Local 216 v. Farrell, 41 Cal. 3d 651, 658-59 (1986) ("Federal decisions have frequently guided our interpretation of state labor provisions" unless California's state labor protections are more extensive in a particular area than federal law). Regardless, the Court "need not consider arguments raised for the first time in a reply brief." Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Plaintiff did not allege that any other business enterprise competes with Golden Era in the marketplace. Moreover, there is no evidence that Golden Era competes with other entities in disseminating multimedia products about the CSI. Cf. Alamo, 471 U.S. at 292 (finding FLSA covers employees who work at the service stations, retail clothing and grocery outlets, farms, construction companies, a record keeping company, a motel, and candy companies of a religious non-profit foundation). Without such evidence, Alamo's rationale cannot be applied here. Plaintiff's Motion fails.[2]

### IV. CONCLUSION

The Court DENIES Plaintiff's Motion.

IT IS SO ORDERED.

---

[2] Because the Court finds that, on this record, there are genuine issues of fact as to whether Golden Era's work constitutes "ordinary commercial activities," it need not assess the other issues raised by the parties in their briefing. Defendants' motion to strike Headley's declaration is denied as moot.