F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipluations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

1   BARRY VAN SICKLE, ESQ., SBN 98645
    1079 SUNRISE AVENUE, SUITE B-315
2   ROSEVILLE, CA 95661
    TELEPHONE: (916) 549-8784
3   EMAIL: barryvansickle@comcast.net

4   METZGER LAW GROUP
    A PROFESSIONAL LAW CORPORATION
5   RAPHAEL METZGER, ESQ., SBN 116020
    GREGORY A. COOLIDGE, ESQ., SBN 211984
6   401 E. OCEAN BLVD., SUITE 800
    LONG BEACH, CA  90802-4966
7   TELEPHONE:  (562) 437-4499
    TELECOPIER: (562) 436-1561
8   WEBSITE:  www.toxictorts.com

9   Attorneys for Plaintiff
    MARC HEADLEY
10

11              UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13

14   MARC HEADLEY,                    )   CASE NO. CV09-3986 DSF (MANx)
                                      )
15              Plaintiffs,           )
                                      )
16      vs.                           )   JOINT STIPULATION
                                      )   REGARDING PLAINTIFF MARC
17   CHURCH OF SCIENTOLOGY            )   HEADLEY'S MOTION TO
     INTERNATIONAL, a corporate entity, )   COMPEL THE PRODUCTION OF
18                                    )   DOCUMENTS AND
                Defendants.           )   ELECTRONICALLY STORED
19                                    )   DATA
                                      )
20                                    )   Date:  June 22, 2010
                                      )   Time:  10:00 a.m.
21                                    )   Place: Ctrm. 580
                                      )
22                                    )   Discovery Cutoff:  June 30, 2010
     _____ )   Pretrial Conf.:  December 17, 2010
23                                    )   Trial Date:  January, 18 2011

24

25

26

27

28

_____
JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION
TO COMPEL THE PRODUCTION OF DOCUMENTS

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

# TABLE OF CONTENTS

**PAGE**

I.  INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

    A.  PLAINTIFF'S POSITION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

    B.  DEFENDANTS' POSITION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

II.  SUMMARY OF DISPUTE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

    A.  PLAINTIFF'S POSITION. . . . . . . . . . . . . . . . . . . . . . . . . . .  3

    B.  DEFENDANTS' POSITION. . . . . . . . . . . . . . . . . . . . . . . . . .  4

III.  SPECIFIC DOCUMENT REQUESTS IN DISPUTE. . . . . . . . . . . . . . . .  14

    PLAINTIFF'S DEMAND FOR PRODUCTION NO. 1. . . . . . . . . . . . . . .  14

    DEFENDANT CSI'S RESPONSE TO DEMAND FOR PRODUCTION NO. 1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

    PLAINTIFF'S POSITION ON DEMAND FOR PRODUCTION NO. 1. . .  15

        A.  Defendant's Objection That Demand No. 1 Is Work Product Is Improper. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16

        B.  Defendant's Objection That Demand No. 1 Is Attorney-Client Privileged Is Improper. . . . . . . . . . . . . . . . . . . . . . . . .  17

        C.  Defendant's Objection That Demand No. 1 Is Irrelevant Is Improper. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  17

        D.  Defendant's Objection That Demand No. 1 Is Unduly Burdensome, Oppressive, Overbroad, Vexatious, and Harassing Is Improper.. . . . . . . . . . . . . . . . .  18

        E.  Defendant's Objections Based On Right of Privacy, First Amendment, California Constitution, Religious Freedom Restoration Act, And Clergy-Communicant Privilege Are Improper.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  19

        F.  Defendant Has Failed To Provide A Privilege Log. . . . . . . . . .  22

    DEFENDANT'S POSITION ON DEMAND FOR PRODUCTION NO. 1.  22

        Auditing and Ethics Files. . . . . . . . . . . . . . . . . . . . . . . . . .  26

        Clergy-Communicant Privilege. . . . . . . . . . . . . . . . . . . . . .  31

        First Amendment Protection. . . . . . . . . . . . . . . . . . . . . . . . .  37

i

Case 2:09-cv-03986-DSF-MAN    Document 99    Filed 05/27/10    Page 3 of 170    Page ID #:3334

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

Religious Freedom Restoration Act. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

Work Product/Attorney-Client Privilege. . . . . . . . . . . . . . . . . . . . . . 44

Privacy. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47

Undue Burden and Expense. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 51

PLAINTIFF'S DEMAND FOR PRODUCTION NO. 12. . . . . . . . . . . . . . 55

DEFENDANT CSI'S RESPONSE TO DEMAND FOR PRODUCTION NO. 12. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 55

PLAINTIFF'S POSITION ON DEMAND FOR PRODUCTION NO. 12. . 56

    A.   Defendant's Objection That Demand No. 12 Is Irrelevant Is Improper. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 57

    B.   Defendant's Objection That Demand No. 12 Is Vague, Ambiguous, Unduly Burdensome, Oppressive, Unduly Overbroad, Vexatious, and Harassing Is Improper. . . . . . . . . 58

    C.   Defendant's Objections Based On Right of Privacy, First Amendment, California Constitution, Religious Freedom Restoration Act, And Clergy-Communicant Privilege Are Improper. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 60

    D.   Defendant Has Failed To Provide A Privilege Log. . . . . . . . . 62

DEFENDANT'S POSITION ON DEMAND FOR PRODUCTION NO. 12. 63

PLAINTIFF'S DEMAND FOR PRODUCTION NO. 13. . . . . . . . . . . . . . 64

DEFENDANT CSI'S RESPONSE TO DEMAND FOR PRODUCTION NO. 13. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 64

PLAINTIFF'S POSITION ON DEMAND FOR PRODUCTION NO. 13. . 65

    A.   Defendant's Objection That Demand No. 13 Is Irrelevant Is Improper. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 65

    B.   Defendant's Objection That Demand No. 13 Is Vague, Ambiguous, Unduly Burdensome, Oppressive, Overbroad, Vexatious, and Harassing Is Improper. . . . . . . . . . . . . . . . . . 66

    C.   Defendant's Objections Based On Right of Privacy Is Improper. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 67

    D.   Defendant's Objection On Possession Grounds Is Improper. . 68

DEFENDANT'S POSITION ON DEMAND FOR PRODUCTION NO. 13. 69

PLAINTIFF'S DEMAND FOR PRODUCTION NO. 14. . . . . . . . . . . . . . 69

DEFENDANT CSI'S RESPONSE TO DEMAND FOR PRODUCTION

ii

Case 2:09-cv-03986-DSF-MAN    Document 99    Filed 05/27/10    Page 4 of 170    Page ID #:3335

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

NO. 14. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 69

PLAINTIFF'S POSITION ON DEMAND FOR PRODUCTION NO. 14. . 70

    A.    Defendant's Objection That Demand No. 14 Is Irrelevant Is Improper.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 71

    B.    Defendant's Objection That Demand No. 14 Is Unduly Burdensome, Oppressive, Overbroad, Vexatious, and Harassing Is Improper.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 72

    C.    Defendant's Objections Based On Right of Privacy, First Amendment, California Constitution, And Religious Freedom Restoration Act Are Improper. . . . . . . . . . . . . . . . . . . . . . . . 73

    D.    Defendant's Objection On Possession Grounds Is Improper... . 75

    E.    Defendant Has Failed To Provide A Privilege Log.. . . . . . . . 76

DEFENDANT'S POSITION ON DEMAND FOR PRODUCTION NO. 14. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 76

PLAINTIFF'S DEMAND FOR PRODUCTION NO. 15. . . . . . . . . . . . . . 78

DEFENDANT CSI'S RESPONSE TO DEMAND FOR PRODUCTION NO. 15. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 78

PLAINTIFF'S POSITION ON DEMAND FOR PRODUCTION NO. 15. . 78

DEFENDANT'S POSITION ON DEMAND FOR PRODUCTION NO. 15. 79

PLAINTIFF'S DEMAND FOR PRODUCTION NO. 16. . . . . . . . . . . . . . 80

DEFENDANT CSI'S RESPONSE TO DEMAND FOR PRODUCTION NO. 16. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 80

PLAINTIFF'S POSITION ON DEMAND FOR PRODUCTION NO. 16.. . . . . . . 81

    A.    Defendant's Objection That Demand No. 16 Is Irrelevant Is Improper.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 81

    B.    Defendant's Objection That Demand No. 16 Is Vexatious and Harassing Is Improper. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 82

    C.    Defendant's Objections Based On Right of Privacy, First Amendment, California Constitution, Religious Freedom Restoration Act, And Clergy-Communicant Privilege Are Improper.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 83

    D.    Defendant Has Failed To Provide A Privilege Log.. . . . . . . . 85

DEFENDANT'S POSITION ON DEMAND FOR PRODUCTION NO. 16. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 86

iii

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

Clergy-Penitent Privilege/First Amendment/ RFRA . . . . . . . . . . . . . 86

Privacy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 89

PLAINTIFF'S DEMAND FOR PRODUCTION NO. 17 . . . . . . . . . . . . . . 89

DEFENDANT CSI'S RESPONSE TO DEMAND FOR PRODUCTION NO. 17 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 90

PLAINTIFF'S POSITION ON DEMAND FOR PRODUCTION NO. 17 . . 91

    A.   Defendant's Objection That Demand No. 17 Is Irrelevant Is Improper . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 91

    B.   Defendant's Objection That Demand No. 17 Is Vexatious and Harassing Is Improper . . . . . . . . . . . . . . . . . . 92

    C.   Defendant's Objections Based On Right of Privacy, First Amendment, California Constitution, Religious Freedom Restoration Act, And Clergy-Communicant Privilege Are Improper . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 93

    D.   Defendant Has Failed To Provide A Privilege Log . . . . . . . . . 95

DEFENDANT'S POSITION ON DEMAND FOR PRODUCTION NO. 17 . 96

Clergy-Penitent Privilege/First Amendment/ RFRA . . . . . . . . . . . . . 96

Privacy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 99

PLAINTIFF'S DEMAND FOR PRODUCTION NO. 30 . . . . . . . . . . . . . 100

DEFENDANT CSI'S RESPONSE TO DEMAND FOR PRODUCTION NO. 30 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 100

PLAINTIFF'S POSITION ON DEMAND FOR PRODUCTION NO. 30 . 101

    A.   Defendant's Objection That Demand No. 30 Is Overbroad, Vexatious, and Harassing Is Improper . . . . . . . . . . . . . . . . . . 101

    B.   Defendant's Objections Based On Right of Privacy, First Amendment, California Constitution, And Religious Freedom Restoration Act Are Improper . . . . . . . . . . . . . . . . . . . . . . . . 102

DEFENDANT'S POSITION ON DEMAND FOR PRODUCTION NO. 30 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 104

PLAINTIFF'S DEMAND FOR PRODUCTION NO. 31 . . . . . . . . . . . . . 105

DEFENDANT CSI'S RESPONSE TO DEMAND FOR PRODUCTION NO. 31 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 105

PLAINTIFF'S POSITION ON DEMAND FOR PRODUCTION NO. 31 . 106

    A.   Defendant's Objection That Demand No. 31 Is Irrelevant Is

iv

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

Improper.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 107

B.   Defendant's Objection That Demand No. 31 Is Overbroad, Vexatious, and Harassing Is Improper. . . . . . . . . . . . . . . . . 108

C.   Defendant's Objections Based On Right of Privacy, First Amendment, California Constitution, And Religious Freedom Restoration Act Are Improper. . . . . . . . . . . . . . . . . . . . . . 109

DEFENDANT'S POSITION ON DEMAND FOR PRODUCTION NO. 31. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 110

PLAINTIFF'S DEMAND FOR PRODUCTION NO. 32. . . . . . . . . . . . . 111

DEFENDANT CSI'S RESPONSE TO DEMAND FOR PRODUCTION NO. 32. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 112

PLAINTIFF'S POSITION ON DEMAND FOR PRODUCTION NO. 32. 112

A.   Defendant's Objection That Demand No. 32 Is Work Product Is Improper. . . . . . . . . . . . . . . . . . . . . . . . . . . . 112

B.   Defendant Has Failed To Provide A Privilege Log. . . . . . . . 114

DEFENDANT'S POSITION ON DEMAND FOR PRODUCTION NO. 32. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 114

PLAINTIFF'S DEMAND FOR PRODUCTION NO. 33. . . . . . . . . . . . . 116

DEFENDANT CSI'S RESPONSE TO DEMAND FOR PRODUCTION NO. 33. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 116

PLAINTIFF'S POSITION ON DEMAND FOR PRODUCTION NO. 33. 117

A.   Defendant's Objection That Demand No. 33 Is Work Product Is Improper. . . . . . . . . . . . . . . . . . . . . . . . . . . . 117

B.   Defendant's Objection That Demand No. 33 Is Vexatious, Harassing, And Assumes Facts Not In Evidence Is Improper.. 118

C.   Defendant Has Failed To Provide A Privilege Log. . . . . . . . 119

DEFENDANT'S POSITION ON DEMAND FOR PRODUCTION NO. 33. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 120

PLAINTIFF'S DEMAND FOR PRODUCTION NO. 38. . . . . . . . . . . . . 120

DEFENDANT CSI'S RESPONSE TO DEMAND FOR PRODUCTION NO. 38. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 120

PLAINTIFF'S POSITION ON DEMAND FOR PRODUCTION NO. 38. 122

A.   Defendant's Objection That Demand No. 38 Is Vague, Ambiguous, Unduly Burdensome And Oppressive, Overbroad, Vexatious, and

v

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipluations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

Harassing Is Improper. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 122

B.    Defendant's Objections Based On Right of Privacy, First Amendment, California Constitution, And Religious Freedom Restoration Act Are Improper. . . . . . . . . . . . . . . . . . . . . . . 124

DEFENDANT'S POSITION ON DEMAND FOR PRODUCTION NO. 38. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 126

PLAINTIFF'S DEMAND FOR PRODUCTION NO. 40. . . . . . . . . . . . . 127

DEFENDANT CSI'S RESPONSE TO DEMAND FOR PRODUCTION NO. 40. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 127

PLAINTIFF'S POSITION ON DEMAND FOR PRODUCTION NO. 40. 128

A.    Defendant's Objection That Demand No. 40 Is Work Product Is Improper. . . . . . . . . . . . . . . . . . . . . . . . 129

B.    Defendant's Objection That Demand No. 40 Is Attorney-Client Privileged Is Improper. . . . . . . . . . . . . . 130

C.    Defendant's Objection That Demand No. 40 Is Irrelevant Is Improper. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 130

D.    Defendant's Objection That Demand No. 40 Is Vague, Ambiguous, Vexatious and Harassing Is Improper. . . . . . . . 131

E.    Defendant's Objections Based On Right of Privacy, First Amendment, California Constitution, And Religious Freedom Restoration Act Are Improper. . . . . . . . . . . . . . . . . . . . . . . 132

F.    Defendant Has Failed To Provide A Privilege Log. . . . . . . . 134

DEFENDANT'S POSITION ON DEMAND FOR PRODUCTION NO. 40. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 134

PLAINTIFF'S DEMAND FOR PRODUCTION NO. 42. . . . . . . . . . . . . 135

DEFENDANT CSI'S RESPONSE TO DEMAND FOR PRODUCTION NO. 42. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 136

PLAINTIFF'S POSITION ON DEMAND FOR PRODUCTION NO. 42. 136

A.    Defendant's Objection That Demand No. 42 Is Irrelevant Is Improper. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 137

B.    Defendant's Objection That Demand No. 42 Is Unduly Burdensome, Oppressive, Unduly Overbroad, Vexatious, and Harassing Is Improper. . . . . . . . . . . . . . . . . . . . . . . . . . 138

C.    Defendant's Objection Based On Right of Privacy Is Improper. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 139

vi

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

DEFENDANT'S POSITION ON DEMAND FOR PRODUCTION NO. 42. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 139

PLAINTIFF'S DEMAND FOR PRODUCTION NO. 43. . . . . . . . . . . . . . 141

DEFENDANT CSI'S RESPONSE TO DEMAND FOR PRODUCTION NO. 43. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 141

PLAINTIFF'S POSITION ON DEMAND FOR PRODUCTION NO. 43.    142

    A.    Defendant's Objection That Demand No. 43 Is Irrelevant Is Improper. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 142

    B.    Defendant's Objection That Demand No. 43 Is Unduly Burdensome, Oppressive, Overbroad, Vexatious, and Harassing Is Improper.. . . . . . . . . . . . . . . . . . . . . . . . . . 143

    C.    Defendant's Objections Based On Right of Privacy, First Amendment, California Constitution, Religious Freedom Restoration Act, And Clergy-Communicant Privilege Are Improper. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 144

    D.    Defendant Has Failed To Provide A Privilege Log. . . . . . . . 146

DEFENDANT'S POSITION ON DEMAND FOR PRODUCTION NO. 43. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 147

PLAINTIFF'S DEMAND FOR PRODUCTION NO. 44. . . . . . . . . . . . . . 148

DEFENDANT CSI'S RESPONSE TO DEMAND FOR PRODUCTION NO. 44. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 148

PLAINTIFF'S POSITION ON DEMAND FOR PRODUCTION NO. 44.    149

    A.    Defendant's Objection That Demand No. 44 Is Work Product Is Improper. . . . . . . . . . . . . . . . . . . . . . . . . . . . 150

    B.    Defendant's Objection That Demand No. 44 Is Attorney-Client Privileged Is Improper.. . . . . . . . . . . . . . . . . . . . . . . . . 151

    C.    Defendant's Objection That Demand No. 44 Is Unduly Burdensome, Oppressive, Unduly Overbroad, Vexatious, and Harassing Is Improper.. . . . . . . . . . . . . . . . . . . . . . . . . 151

    D.    Defendant Has Failed To Provide A Privilege Log. . . . . . . . 152

DEFENDANT'S POSITION ON DEMAND FOR PRODUCTION NO. 44. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 153

IV.    CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 154

    A.    PLAINTIFF'S POSITION. . . . . . . . . . . . . . . . . . . . . . . 154

    B.    DEFENDANT'S POSITION. . . . . . . . . . . . . . . . . . . . . . 154

vii

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

1

# TABLE OF AUTHORITIES

2                                                                          **PAGE**

3                                  <u>CASES</u>

4   *A. Farber & Partners Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006). . 18, 52,
          58, 67, 72, 83, 92, 102, 108, 123, 132, 138, 144, 152
5

6   *Adolph Coors Co. v. Wallace,* 570 F. Supp. 202, 208 (N.D. Cal. 1983). . . . . . . . . 8

7   *Alcazar v. Corp. of the Catholic Archbishop of Seattle*, 598 F.3d 668
      (9th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 9-11, 14, 37, 88, 98

8   *Ameri-Medical Corp. v. Workers' Comp. Appeals Bd.*, 42 Cal. App. 4th 1260,
      1287-88 (1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 48, 50
9

10  Atkins v. Kessler, 97 Cal. App. 3d at 796. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 50

11  *Brandenburg v. Ohio,* 395 U.S. 444, 447 (1969). . . . . . . . . . . . . . . . . . . . . . . . . 13

12  *Braunfeld v. Brown*, 336 U.S. 599, 605 (1961). . . 21, 61, 74, 84, 94, 103, 110, 125,
          133, 146

13  *Britt v. Superior Court,* 20 Cal. 3d 844, 855 (1978). . . . . . . . . . . . . . . . . . . . . 9, 49

14  *Burlington N. & Santa Fe Ry. Co. v. United States Dist. Ct. of Mont.*,
      408 F.3d 1142, 1149 (9th Cir.2005). . . . . . . . . . . . . . . . 18, 58, 67, 72, 83, 92, 102,
15  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 108, 123, 132, 138, 144, 152

16  *Church of Scientology Flag Service v. Williams*, 671 So. 2d 840, 842
      (Fla. Dist. Ct. App. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 99
17

18  *Church of Scientology of Cal. v. Cazares,* 638 F.2d 1272, 1278 (5th Cir. 1981) . . 48

    *City of Boerne v. Flores*, 521 U.S. 507 (1997). . . . . . . . . . . . . . . . . . . . . 35, 38, 42
19

20  *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1098 (6th Cir. 1994). . . . . . . . . . . . . 54

21  *Commissioner v. Stewart*, 690 A.2d 195, 197 (Pa. 1997) . . . . . . . . . . . . . . . . . . 25

22  *Conn. Indem. Co. v. Superior Court*, 23 Cal. 4th 807, 817-18 (2000) . . . . . . . . . 51

23  *Corsie v. Campanalonga*, 721 A.2d 733, 735-36
      (N.J. Super. Ct. App. Div. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

24  *Craig v. Municipal Court*, 100 Cal. App.3d 69, 77 (1996). . . . . . . . . . . . . . . . . 48

25  *Doe v. Corporation of the President of the Church of Jesus Christ of
      Latter-Day   Saints*, 90 P.3d 1147, 1151 (Wash. App. 2004) . . . . . . . . . . . . . . . 25
26

27  *E.E.O.C. v. Jewel Food Stores, Inc.*, 231 F.R.D. 343, 346 (N.D. Ill. 2005). . . 17, 113,
          118, 129, 150

28

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION
TO COMPEL THE PRODUCTION OF DOCUMENTS

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

*EEOC v. Catholic Univ. of Am.*, 83 F.3d 455, 470 (D.C. Cir. 1996) . . . . . . . . . . .   38

*EEOC v. Dist. of Columbia Pub. Schs.*, 217 F.R.D. 12, 15-16 (D.D.C. 2003) . . . .   54

*EEOC v. Nevada Resorts Ass'n*, 792 F.2d 882, 885-886 (9th Cir. 1986). . . . . . . .   48

*First Nat. Bank of Boston v. Bellotti*, 435 U.S. 765, 778 fn. 14 (1978). 20, 60, 68, 74, 84, 93, 103, 109, 124, 133, 139, 145

*Fischel v. Margolis*, 557 F.2d 209, 212-13 (9th Cir. 1977) . . . 16, 113, 118, 129, 150

*Fresenius Med. Care Holding Inc. v. Baxter Int'l, Inc.*, 224 F.R.D. 644, 655 (N.D. Cal. 2004. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 46, 113, 117, 129, 150

*Funderburg v. United States*, Case No. C-02-05461 JS (RS) (N.D. Cal. Dec. 15, 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   36

*Gitlow v. New York*, 268 U.S. 652, 673 (1925) . . . . . . . . . . . . . . . . . . . . . . . . .   13

*Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 424 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   38

*Griffith v. Davis*, 161 F.R.D. 687, 699 (C.D. Cal. 1995). . 16, 47, 113, 117, 129, 150

*Guam v. Guerrero*, 290 F.3d 1210, 1222. . . . 20, 61, 74, 84, 94, 103, 110, 125, 133, 146

*Gunn v. Mariners Church*, 167 Cal. App. 4th 206, 217 (2008) .. . . . . . . . . . . . . .   13

*H & M Assocs. v. City of El Centro*, 109 Cal. App. 3d 399, 409-11  (1980) . . . . .   50

*Hernandez v. Commissioner of Internal Revenue*, 490 U.S. 680, 684-85 (1989). .   27

*Hernandez v. Tanninen*, ___ F.3d ___, 2010 WL 1882304, at *3 (9th Cir. May 12, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   46

*Hickman v. Taylor*, 329 U.S. 495, 510 (1947). . . . . . . . . . . . . . . . . . . . . . . 44, 116

*Higgins v. Maher*, 210 Cal. App. 3d 1168, 1175 (1989). . . . . . . . . . . . . . . . . . 11-13

*In re Grand Jury Investigation*, 918 F.2d 374, 381 n.10, 382 (3d Cir 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21, 24, 32, 62, 85, 95, 146

*Intel Corp. v. VIA Technologies, Inc.*, 204 F.R.D. 450, 452 (N.D. Cal. 2001). . . 115

*J & M Assocs, Inc. v. Nat'l Union Fire Ins. Co.*, 2008 WL 638137, at *6 (S.D. Cal. Mar. 4, 2008) . . . . . . . . . . . . . . . . . 54, 140

*Jaffee v. Redmond*, 518 U.S. 1, 12-13 (1996). . . . . . . . . . . . . . . . . . . . . . . . . . .   35

*Kandel v. Brother Int'l Corp.*, 2009 WL 5454888, at * 5 (C.D. Cal. Feb. 1, 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 116

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION
TO COMPEL THE PRODUCTION OF DOCUMENTS

Case 2:09-cv-03986-DSF-MAN   Document 99   Filed 05/27/10   Page 11 of 170   Page ID #:3342

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

*Kelly v. City of San Jose*, 114 F.R.D. 653, 656 (N.D. Cal. 1987).. . . . . . . . . . . . . .   36

*Kintera, Inc. v. Convio, Inc.*, 219 F.R.D. 503, 507 (S.D. Cal. 2003). . . . . 17, 45, 113, 115, 116, 118, 129, 151

*L.H. v. Schwarzenegger*, 2007 U.S. Dist. LEXIS 73752, at *9-10 (E.D. Cal. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19, 59, 67, 73, 123, 138, 144, 152

*Lal v. Felker*, 2010 WL 582138, at *2 (E.D. Cal. Feb. 11, 2010) . . . . . . . . . . . . . . . . 52

*Leon v. County of San Diego*, 202 F.R.D. 631, 635 (S.D. Cal. 2001) . . . . . . . . . . . 35

*Loustalet v. Refco, Inc.*, 154 F.R.D. 243, 245 (C.D.Cal.1993) . 17, 57, 65, 71, 78, 82, 91, 107, 119, 131, 137, 143

*Marker v. Union Fid. Life Ins. Co.*, 125 F.R.D. 121, 125 n.3 (M.D.N.C. 1989). . . 55

*McLeod, Alexander, Powel & Apffel, P .C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir.1990) . . . . . . . . . . . . . . 18, 58, 67, 72, 83, 92, 102, 108, 123, 132, 138, 144, 152

*Mockaitis v. Harcleroad*, 104 F.3d 1522 (9th Cir.). . . . . . . . . . . . . . . 35, 41-43, 97

*NAACP v. Alabama*, 357 U.S. 449, 459 (1958). . . . . . . . . . . . . . . . . . . . . . . . . 47, 48

*NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 911 (1982) . . . . . . . . . . . . . .  13

*Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1070 (9th Cir. 2008). . . . 38, 42, 43

*NLRB v. Catholic Bishop of Chicago*, 440 U.S. 490, 502 (1979). . . . . . . . . . . . . .  7

*Org. for a Better Austin v. Keefe*, 402 U.S. 415, 419 (1971). . . . . . . . . . . . . . . . .  13

*Paul v. Watchtower Bible & Tract Soc'y of New York, Inc.*, 819 F. 2d 875 (9th Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

*People v. Campobello*, 810 N.E.2d 307, 321 (Ill. App. 2004) .. . . . . . . . . . . . . . .  25

*Perry v. Schwarzenegger*, 591 F.3d 1126, 1141 (9th Cir. 2009). . . . . . . . . . . . . . .  8

*Philadelphia Indem. Ins. Co. v. Westchester Surplus Lines Ins. Co.*, 2010 WL 1032586, at *1 (N.D. Cal. Mar. 19, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  52

*Planned Parenthood Golden Gate v. Superior Court*, 83 Cal. App. 4th 347, 358 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  49

*Quality Aero Technology, Inc. v. Telemetrie Elektronik, GMBH*, 212 F.R.D. 313 (E.D.N.C. 2002).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 77, 78

*Ricotta v. Allstate Ins. Co.*, 211 F.R.D. 622, 624 (S.D. Cal. 2002) . . . . . . . . . . 52, 53

*Rivera v. NIBCO, Inc.*, 384 F.3d 822, 824 (9th Cir. 2004) . . . . 18, 57, 66, 71, 82, 92, 107, 119, 131, 137, 143

*Roberts v. Gulf Oil Corp.*, 147 Cal. App. 3d 770 (1983). . . . . . . . . 49-51, 89, 99-100

x

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION
TO COMPEL THE PRODUCTION OF DOCUMENTS

Case 2:09-cv-03986-DSF-MAN     Document 99     Filed 05/27/10     Page 12 of 170     Page ID #:3343

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

*Ryan v. Ryan*, 642 N.E.2d 1028, 1034 (Mass. 1994) . . . . . . . . . . . . . . . . . . . . . . . .  25

*Schlegel v. Kaiser Found. Health Plan*, 2008 WL 4570619, at *4 (E.D. Cal. Oct. 14, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  35

*Schnabel v. Superior Court*. 5 Cal. 4th 704, 718 (1993) . . . . . . . . . . . . . . . . . . . . .  51

*SEC v. American Beryllium & Oil Corp.,* 47 F.R.D. 66, 68 (S.D. N.Y. 1968) . . . . 59, 73, 132

*Serbian E. Orthodox Diocese v. Milivojevich,* 426 U.S. 696, 713 (1976) ("*Milivojevich*") . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6, 11

*Snedigar v. Hodderesen,* 786 P.2d 781, 783 (Wash. 1990) . . . . . . . . . . . . . . . . . . .  8

*Stencel v. Fairchild Corp.*, 174 F. Supp. 2d 1080, 1085 n.8 (C.D. Cal. 2001). . . .  45

*Thomas v. Review Bd. Of Ind. Employment Sec. Div.*, 450 U.S. 707, 718 (1981). . 21, 61, 75, 84, 94, 103, 110, 125, 133, 146

*Tierno v. Rite Aid Corp.*, 2008 WL 2705089, at *4 -5 (N.D. Cal. 2008) . . . . . . .  115

*Totten v. United States*, 92 U.S. 105, 107 (1875). . . . . . . . . . . . . . . . . . . . . . . . . .  23

*Trammel v. United States*, 445 U.S. 40, 51 (1980). . . . . . . . . . . . . . . . . . . . . . . . .  23

*United States v. ChevronTexaco Corp.*, 241 F.Supp.2d 1065, 1080-81 (N.D. Cal. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 113, 118, 129, 151

*United States v. Church of Scientology of Boston, Inc.*, 933 F.2d 1074 (1st Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7, 99

*United States v. Hubbard*, 650 F.2d 293, 306-07 (D.C. Cir. 1980). . . . . . . . . . . . .  50

*United States v. Israel*, 317 F.3d 768, 771 (7th Cir. 2003). . . . 21, 61, 74, 84, 94, 103, 109, 125, 133, 145

*United States v. Morton Salt Co.*, 338 U.S. 632, 651-652 (1950). . 20, 60, 68, 74, 84, 93, 102, 103, 109, 124, 133, 139, 145

*United States v. Nixon*, 418 U.S. 683, 709 (1974) . . . . . . . . . . . . . . . . . . . . . . . . .  24

*United States v. Turnbull*, 888 F.2d 636, 638 (9th Cir. 1989) . . . . . . . . . . . . . . . .  38

*United States v. White*, 322 U.S. 694, 64 S.Ct. 1248 (1944). . 20, 60, 68, 74, 84, 93, 102, 109, 124, 133, 139, 145

*Upjohn Co. v. United States,* 449 U.S. 383, 389 (1981). . . . . . . . . . . . . . . . . . . . .  46

*Warth v. Seldin*, 422 U.S. 490 (1975). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  48

*Whittall  v. Henry Schein, Inc.*, 2006 WL 902571, at *4 (E.D. Cal. Apr. 5, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  48, 50

xi

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

*Worldwide Church of God, Inc. v. Phila. Church of God, Inc.*, 227 F.3d 1110, 1120 (9th Cir. 2000). . . . . . . . . . . . . . . . . . . 21, 38, 61, 74, 84, 94, 103, 110, 125, 133, 146

## **STATUTES**

18 U.S.C. § 1589. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

42 U.S.C. § 2000bb, *et seq*.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26, 38

42 U.S.C. § 2000bb-1(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

42 U.S.C. § 2000bb-1(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

42 U.S.C. § 2000bb-3(a), (b).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

Business & Professions Code § 17200 et seq.. . . . . . . . . . . . . . . . . . . . . . . . . 34

Civil Code § 52.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

Evidence Code § 1032.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Evidence Code § 1034 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

Evidence Code §§ 1030, 1031.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Evidence Code §§ 1033, 1034.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

Evidence §§ 2394-2396 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

Fed. R. Civ. P. 26(b)(1). . . . . . . . . . . . . . . . . . 5, 8, 18, 45, 55, 57, 65, 71, 77-78, 81, 91, 107, 118, 127, 130, 137, 140, 142

Fed. R. Civ. P. 26(b)(2)(C)(iii). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 52, 54

Fed. R. Civ. P. 26(b)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 115-116

Fed. R. Civ. P. Rule 26(b)(3)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

Fed. R. Civ. P. 26(b)(3)(A)(ii).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 116

Fed. R. Civ. P. 34(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-4

Fed. R. Civ. P. 34(b). . . . . . . . . . . . . . . . . . . . . . . 3, 59, 68, 73, 75, 79, 132

Fed. R. Civ. P. 37(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed. R. Evid. 501. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34, 36

Fed. R. Evid. 502(g)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

Federal Rule 26(b)(5). . . . . . . . . . . . . . . . . . 22, 62, 76, 85, 95, 114, 119, 134 146-147, 152-153

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION
TO COMPEL THE PRODUCTION OF DOCUMENTS

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

Local Rule 37-1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 69

Local Rule 37-2.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 23

## **OTHER AUTHORITIES**

26 Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure* § 5620 (2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

7 Cal. L. Rev. Comm. Reports 1 (1965). . . . . . . . . . . . . . . . . . . . . . . . . . 34, 37

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

## JOINT MEMORANDUM OF POINTS AND CONTENTIONS

I.        **INTRODUCTION**

        A.        **PLAINTIFF'S POSITION**

Pursuant to Fed. R. Civ. P. 37(a) and Local Rule 37-2.1, Plaintiff Marc Headley ("Plaintiff") and Defendant Church of Scientology International ("CSI") submit the following Joint Stipulation regarding Plaintiff Marc Headley's Motion to Compel Production of Documents and Electronically Stored Data.  Pursuant to Local Rule 37-1, the parties conducted a pre-filing conference of counsel by letters on March 18, 2010, on March 29, 2010, and on April 13, 2010.  As the parties were unable to reach an agreement with respect to the production of these documents, their respective positions are set forth below.

        B.        **DEFENDANTS' POSITION**

Contrary to plaintiff Headley's statement, Headley's lawyers never completed the meet-and-confer process (which they weakly state was accomplished by "letters").  Defendant Church of Scientology International ("CSI") timely served its responses on February 17, 2010 (and its first amended responses on February 23).  On March 18, Headley's lawyers sent a meet-and-confer letter, to which CSI's counsel responded in detail on March 29.  The last paragraph of that letter stated:

> We believe that we can resolve many of the disputes raised in your letter through the meet and confer process, and we would like to avoid motion practice.  Therefore, please let us know if you would like to set up a time to continue our dialog on these issues.

(Brody Decl., Ex. B.)  That was the *last* communication regarding the Marc Headley document production that CSI's counsel received until Headley's counsel

1

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

(unexpectedly) served their portion of the Joint Stipulation late in the day on Monday, May 10.  In the intervening six weeks, Headley's lawyers did not send a single letter or e-mail, make a single telephone call on the topic or attempt to set-up an in-person (or at least a telephonic) meeting required under the Local Rules.  L.R. 37-1.  (*Id.*, ¶ 4.)

On May 11, after Plaintiff served her portion of the Joint Stipulation, Defendants made a request to Plaintiff's counsel to wait to file a motion to compel so that the parties could meet and confer regarding Plaintiff's document demands. Plaintiff's counsel, however, refused to engage in a meet and confer or wait to proceed with their motion. (Brody Decl., ¶ 5, Ex. G.)

The Local Rules contemplate a thoroughgoing meet-and-confer process, with a joint stipulation being prepared shortly after that process is completed if full agreement on all issues was not reached.  They do not contemplate the kind of gamesmanship in which Headley and his lawyers appear to have indulged, ignoring CSI's request that the parties engage in further discussions, taking as much time as they wished over a six-week period to prepare their 70-page portion of a joint stipulation, serving it late on a day when it best serves their strategic and tactical ends, allowing CSI only seven days in which to prepare its portion.

Further, Headley fails to report accurately CSI's substantial and extensive document production to date.  In fact, CSI has produced over six banker boxes containing thousands of pages of documents and thousands more on CDs.  In

2

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

fact, between documents, books and DVDs, we estimate that, to date, Defendant has produced approximately *33,000* pages of documents.  (Brody Decl., ¶ 6.)  Contrary to the impression he tries to make in his motion, Headley and his attorneys are awash in CSI-produced documents with more shortly to be produced upon the entry of the protective order the Court recently granted.

Headley's motion raises two primary issues: (1) Should CSI be compelled to divert members of its staff to devote hundreds of hours inspecting thousands of files and documents in search of additional *potentially* relevant documents? (2) Should CSI be compelled to produce documents protected by the First Amendment, the Religious Freedom Restoration Act and various long-established evidentiary privileges?  The answer to both questions is, "no," and Headley's motion should be denied in toto.

## II.        SUMMARY OF DISPUTE

### A.        PLAINTIFF'S POSITION

Pursuant to Fed. R. Civ. P. 34(a), a party may serve on any other party a request to produce documents and tangible things.  The written response to a request for production must either state that inspection and related activities will be permitted as requested, or state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b).  Moreover, a party is obligated to produce all specified relevant and non-privileged documents or other things which are in its "possession,

3

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

custody, or control" on the date specified in the request.  Fed. R. Civ. P. 34(a).

On January 22, 2010, Plaintiff served Defendant with a Demand for Production of Documents and Electronically Stored Data, Set One.  Defendant responded with virtually uniform objections, and failed to produce documents responsive to nearly all of the categories requested.  In an effort to informally resolve the dispute, the parties met and conferred by letter.  However, the parties were unable to reach an agreement.  Plaintiff is entitled to the documents requested, and Defendants should be ordered to produce the requested documents without further delay.

## B.    DEFENDANTS' POSITION

Headley's motion is both procedurally and substantively defective.

It is procedurally defective for the reasons discussed above.  Yet, not only did Headley's lawyers fail to engage in the meet-and-confer process prescribed by the Local Rules, they have failed to report accurately the results of the parties' exchange of letters (that should have been only a precursor to an actual conference).  As shown below, in many instances in the Joint Stipulation Headley's counsel fail to apprise the Court of the further responses that CSI provided in its letter of March 29.  Had they done so, the number of disputed items submitted to the Court for resolution would have been substantially reduced.  We correct those errors below.  But the tactics Headley has employed violate both the spirit and the letter of the Local Rules.

4

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

Case 2:09-cv-03986-DSF-MAN     Document 99     Filed 05/27/10     Page 19 of 170     Page ID #:3350

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

1    Headley's motion is equally flawed on its substantive merits.

2    The scope and breadth of Headley's discovery demands is truly

3

4    breathtaking.  If permitted, Headley would require defendants to produce millions of

5    pages of documents relating to their religious functions, covering years, and would

6    require defendants to assign a vast staff to work for weeks or months to review and

7

8    produce such documents.  Headley apparently believes that relevance under the

9    Federal Rules is so broad that CSI is obliged to hunt down every document that he

10   might imagine might have some connection to the subject matter of his lawsuit,

11   irrespective of the time, burden and cost that such might impose, when the scope of

12

13   discovery under the Federal Rules is limited to that which "is relevant to any party's

14   claim or defense", Fed. R. Civ. P. 26(b)(1), and provide that the burden or expense

15   of proposed discovery must be measured against "its likely benefit . . . ."  Fed. R.

16

17   Civ. P. 26(b)(2)(C)(iii).

18   All this, it is to be remembered, is demanded from a religious institution

19   by a former minister of the religion whose relationship with the defendants is

20   covered by the ministerial exception[1] and governed by the First Amendment.  The

21   application of the ministerial exception profoundly affects the permissible scope and

22

23   depth of plaintiff's discovery demands.

24

25

26   [1] CSI has shown that Headley was a minister within the meaning of that doctrine and that his claims in this case are barred by it in his pending motion for summary judgment.  (Dkt. No. 75)  We attach to the Brody Declaration a copy of CSI's Memorandum of Points and Authorities in support of that motion.  (Brody Decl., Ex. D [Dkt. No. 76].)  *See* Point I demonstrating that Headley was covered by the exception, and Points I and III demonstrating that his minimum wage and "forced labor" claims cannot be pursued because of the application of the exception.

27

28

5

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

1   The Ninth Circuit's decision in *Alcazar v. Corp. of the Catholic*

2   *Archbishop of Seattle*, 598 F.3d 668 (9th Cir. 2010), and Judge Fischer's April 2,

3   2010, Order in the Claire Headley case granting Defendants' Motion for Partial

4   Summary Judgment ("Order" [Dkt. No. 100]), emphasize that application of the

5   ministerial exception is mandated by the non-entanglement principle of the

6   Establishment Clause, and by the Free Exercise Clause.  The non-entanglement

7   principle "recognize[s] that the First Amendment strongly circumscribes legislative

8   and *judicial* intrusion into the internal affairs of a religious organization."  *Alcazar*,

9   598 F.3d at 673 (emphasis added).  Under it, courts and civil authorities must avoid

10  involvement in "matters of discipline, faith, internal organization, or ecclesiastical

11  rule, custom or law."  *Serbian E. Orthodox Diocese v. Milivojevich,* 426 U.S. 696,

12  713 (1976) ("*Milivojevich*").

13  As explained by the Ninth Circuit in *Alcazar* and recognized by Judge

14  Fischer's decision, "[e]ntanglement has substantive and procedural components."

15  *Id.* at 672.  The substantive component implicates a "church's freedom to choose its

16  ministers," which applies "not only to the selection of ministers but more broadly to

17  employment decisions regarding ... ministers" and "encompasses *all tangible*

18  *employment actions*", including but not limited to "the determination of a minister's

19  salary, his place of assignment, and the duty he is to perform in the furtherance of

20  the religious mission of the church."  *Id.* at 672, 674 (emphasis added; citation

21  omitted).  "As for the procedural dimension, the very process of civil court inquiry

22  into the clergy-church relationship can be sufficient entanglement [to foreclose

6

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION
TO COMPEL THE PRODUCTION OF DOCUMENTS

judicial interference]."  *Id.* at 672-73.  The *Alcazar* Court emphasized:  "'It is not only the conclusions that may be reached by [the court] which may impinge on rights guaranteed by the Religion Clauses, but also the very process of inquiry leading to findings and conclusions.'"  *Id.* at 673 (quoting *NLRB v. Catholic Bishop of Chicago,* 440 U.S. 490, 502 (1979)).  As Judge Fischer noted, application of the ministerial exception "minimizes the procedural entanglement of detailed factual determinations."  (Order at 4 (quoting  *Alcazar*, 598 F.3d at 676).)

These principles have obvious and compelling significance for these cases, not only with respect to the ultimate result (*i.e.,* what the Ninth Circuit identified as the "substantive" component of the non-entanglement principle and the ministerial exception), but also with respect to Plaintiffs' massive and intrusive discovery demands (*i.e.,* the "procedural" component, protecting against "the very process of inquiry").  The court must take special care to limit the scope and breadth of those demands in light of the First Amendment and the ministerial exception.  Churches are entitled to a degree of privacy and non-entanglement with respect to their internal affairs and actions that is not accorded to businesses.  *United States v. Church of Scientology of Boston, Inc.*, 933 F.2d 1074 (1st Cir. 1991) (Applying Church Audit Procedures Act to limit IRS administrative summons only to those matters "necessary", and not merely "relevant", to IRS inquiry); *Church of Scientology Flag Service v. Williams*, 671 So. 2d 840, 842 (Fla. Dist. Ct. App. 1996) ("petitioner is a religious institution and the court should exercise special care that such discovery is legitimately needed for litigation, not desired for some other

7

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

1    purpose").

2                    Where discovery demands threaten First Amendment rights of privacy

3

4    or association,

5            the party seeking the discovery must show that the
             information sought is *highly relevant* to the claims or
6            defenses in the litigation — a more demanding standard of
             relevance than that under Federal Rule of Civil Procedure
7            26(b)(1).  The request must also be carefully tailored to
             avoid unnecessary interference with protected activities,
8            and the information must be otherwise unavailable.

9

10

11   *Perry v. Schwarzenegger*, 591 F.3d 1126, 1141 (9th Cir. 2009)

12   (emphasis added).  Such compelling state interest/least restrictive means analysis is

13   commonly applied where discovery may intrude on First Amendment rights; a court

14

15   may permit such discovery only upon reaching a "conclusion that the discovery

16   request, as framed, is the means least inclusive and intrusive for gathering the

17   information . . ."  *Adolph Coors Co. v. Wallace,* 570 F. Supp. 202, 208 (N.D. Cal.

18

19   1983); *accord, Snedigar v. Hodderesen,* 786 P.2d 781, 783 (Wash. 1990) ("The

20   party asserting the First Amendment privilege is only required to show *some*

21   *probability* that the requested disclosure will harm its First Amendment rights"; "the

22   party seeking discovery must establish the relevancy and materiality of the

23

24   information sought, and show that there are no reasonable alternative sources for the

25   information") (emphasis  in original).  Indeed, as the California Supreme Court

26   warned, "the threat to First Amendment Rights may be more severe in a discovery

27

28   context, since the party directing the inquiry is a litigation adversary who may well

8

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION
TO COMPEL THE PRODUCTION OF DOCUMENTS

Case 2:09-cv-03986-DSF-MAN    Document 99    Filed 05/27/10    Page 23 of 170    Page ID #:3354

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

1   attempt to harass his opponent. . . ." *Britt v. Superior Court,* 20 Cal. 3d 844, 855

2   (1978).

3

4        As is shown in this Joint Stipulation, Plaintiff seeks to compel

5   document production and proposes to inquire at the depositions of defendants

6   concerning such matters as Plaintiff's religious counseling and ecclesiastical

7   discipline records, communications concerning his work assignments and duties, the

8   "average hours per week" Sea Org members have worked for Defendants for a 16

9   year period; Defendants' "personnel policies, rules, guidelines and procedures"

10  including "supervision procedures" and "the enforcement of personnel policies"; the

11  "implementation of personnel policies" with respect to Marc and Claire Headley;

12

13  "routing out procedures"; defendants' "supervision hierarchy"; "the written and/or

14  oral acknowledgments, recitations and/or statements of Sea Organization members

15

16  that they would "serve without expectation" of receiving "material compensation";

17  and "the policies, practices, and/or procedures for anyone who sought to leave the

18  Sea Organization."

19

20        Lest there be any doubt, Plaintiff, ignoring the lesson of *Alcazar,*

21  repeatedly states in his proposed Joint Stipulation with respect to his motion to

22

23  compel discovery that his requests are "directly relevant to Plaintiff's claim of

24  Forced Labor." That is precisely the point:  if, and to the extent that, Plaintiff's claim

25

26  for "forced labor" under the Victims of Trafficking and Violence Protection Act of

27  2000 ("TVPA"), 18 U.S.C. § 1589, requires or permits him to inquire into and seek

28  broad and intrusive discovery and judgment on the basis of such matters, the

9

ministerial exception must disallow his claim, as Defendants argue in their pending motion for summary judgment.

"Because the ministerial exception is constitutionally compelled, it applies as a matter of law *across* statutes, both state and federal, that would interfere with the church-minister relationship." *Alcazar,* 598 F.3d at 673 (emphasis added). Accordingly, to interpret the TVPA constitutionally, it must be construed not to apply when the "labor or services" in question are comprised of ministerial activities for a church. Otherwise, courts will be in the untenable, and unconstitutional, position of constantly questioning the means by which religious institutions acquire and keep their ministers' services. Religious practices which, as CSI shows in its pending motion for summary judgment, are protected from state interference — such as requiring that monks, priests, or other ministers live in seclusion, take vows of poverty, engage in humble labor, not interact with those of other persuasions, give up worldly possessions such as televisions and computers, and refrain from sex — would become the subject of discovery demands (as shown by Plaintiff's demands) and judicial inquiry to determine if they were improper "means" of acquiring "labor or services," 18 U.S.C. § 1589, directly contrary to the law of this circuit (and every other circuit). Such judicial interference would require both substantive and procedural entanglement in churches' affairs, contrary to the Establishment Clause. *See, e.g., Alcazar*, 598 F.3d at 672-73.[2]

---

[2] While government certainly may criminalize or create civil remedies for kidnaping, aggravated battery, or false imprisonment even by churches of their ministers, it may not do so by

10

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION
TO COMPEL THE PRODUCTION OF DOCUMENTS

The ministerial exception especially precludes judicial inquiry and imposition of judicial judgments with respect to church discipline of ministers. Courts have been particularly deferential when questions of church discipline are at issue. *See, e.g., Milivojevich*, 426 U.S. at 717 ("questions of church discipline and the composition of the church hierarchy are at the core of ecclesiastical concern"). Even if an ecclesiastical decision appears harsh, humiliating, unfair, or irrational from a secular viewpoint, civil courts have no role to play: "Constitutional concepts of due process, involving secular notions of fundamental fairness or impermissible objectives, are therefore hardly relevant to such matters of ecclesiastical cognizance." *Id*. at 714-15 (footnote omitted). "Secular courts will not attempt to right wrongs related to the ... discipline or administration of clergy." *Higgins v. Maher*, 210 Cal. App. 3d 1168, 1175 (1989),

In *Paul v. Watchtower Bible & Tract Soc'y of New York, Inc.*, 819 F. 2d 875 (9th Cir. 1987), cert denied, 484 U.S. 926, the Ninth Circuit reaffirmed these principles of judicial deference even to harsh ecclesiastical disciplinary decisions that inflict severe humiliation and emotional distress on members, let alone ministers, recognizing that acts short of physical force that would be subject to tort liability in a secular context are protected when undertaken in an ecclesiastical context:

---

means of a broad statute whose primary purpose and focus is to regulate labor, that reaches conduct not constituting forcible restraint or violence, and by applying it to, and permitting indiscriminate discovery into, the labor relationship between a church and its ministers. "The exception was created because government interference with the church-minister relationship *inherently* burdens religion." *Alcazar*, 598 F.3d at 672-73 (court's emphasis).

11

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

1
2
3
4

> Churches are afforded great latitude when they impose discipline on members or former members.  We agree with Justice Jackson's view that "[r]eligious activities which concern only members of the faith are and ought to be free — as nearly absolutely free as anything can be."  *Prince v. Massachusetts*, 321 U.S. 158, 177 (1944) (concurring).

5   *Id.* at 883.

6         *Higgins v. Maher*, *supra*, dramatically demonstrates the limitations the

7   First Amendment and the ministerial exception placed upon application of civil tort

8

9   law to employment decisions and discipline imposed in an ecclesiastical context.  In

10  *Higgins*, a Catholic priest brought numerous tort claims against his Bishop and the

11  Church for his removal from his position, subsequent mandated psychiatric

12

13  treatment, which included drugs and shock therapy,[3] and public revelation of alleged

14  private defamatory information.  The court found that the complaint adequately

15  alleged "torts of invasion of privacy, defamation, and the intentional and negligent

16  infliction of emotional distress," and therefore would be actionable in a secular

17

18  context.  210 Cal. App. 3d at 1175.  The court, however, dismissed the complaint

19  because, even if defendants had engaged in the alleged tortious conduct, "the acts so

20  taken were part and parcel of the Bishop's administration of his ecclesiastical

21

22  functions," and thus were protected activity under the ministerial exception.  *Id.* at

23  1175-76.  Further:

24
25

> the torts recited are simply too close to the peculiarly religious aspects of the transaction to be segregated and

26

[3] Higgins averred that "upon persuasion from the church," he "underwent a program of rehabilitation with a therapy-oriented organization within the church," was "given various drugs which caused him to become nervous and lose much of his reasoning ability" and "was treated with electroshock therapy."  210 Cal. App. 3d at 1172.

27
28

12

**JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS**

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

1
2
3
4
5

> treated separately — as simple civil wrongs.  The making of accusations of misconduct; the discussion of same within the order; the recommendation of psychological or medical treatment; the infliction, whether *intentionally* or negligently, of emotional distress — these are all activities and results which will often, if not usually, attend the difficult process by which priestly faculties are terminated.

6   *Id.* at 1176 (emphasis added); *accord, Gunn v. Mariners Church,* 167 Cal. App. 4th

7   206, 217 (2008) (following *Higgins* and holding that "the ministerial exception

8

9   applies to preclude further judicial review *regardless of the otherwise tortious*

10  *nature of the statements*") (emphasis added).

11          It is precisely because the "substantive prong" of the ministerial

12  exception so strictly limits judicial interference with conditions of work and the

13

14  church discipline of church ministers that the "procedural" or non-entanglement

15  prong of the exception, therefore, prohibits, or at least dramatically limits,[4]

16

17  Plaintiff's ability to demand and enforce discovery demands going to the work

18  _____

19  [4] As Defendant argues in its summary judgment motions, at a minimum, TVPA cannot be applied to a church's relationship with its ministers in the absence of actual physical force or restraint or

20  the threat of the imminent use of such force.  A compelling analogy is to the realm of political speech, also protected by the First Amendment. The Supreme Court has recognized that speech

21  (like religious doctrine and practice) can and often is intended to have a psychologically coercive effect.  *NAACP v. Claiborne Hardware Co.,* 458 U.S. 886, 911 (1982) ("'The claim that the

22  expressions were intended to exercise a coercive impact on respondent does not remove them from the reach of the First Amendment'") (quoting *Org. for a Better Austin v. Keefe,* 402 U.S. 415, 419

23  (1971)). *See Gitlow v. New York,* 268 U.S. 652, 673 (1925) ("Every idea is an incitement")

24  (Holmes, J., dissenting). Nevertheless, such speech, even "advocacy of the use of force or of law violation," is protected except and only to the extent that it "'is directed to inciting or producing

25  imminent lawless action and is likely to incite or produce such action.'"  *Claiborne Hardware,* 458 U.S. at 927-28 (quoting *Brandenburg v. Ohio,* 395 U.S. 444, 447 (1969)). So, too, a church's

26  application of religious doctrine and practice to its ministers must be protected in the absence of actual physical restraint or the threat of imminent restraint. *Any discovery under a TVPA claim*

27  *against defendants must be strictly limited to evidence supporting such allegations, and not include plaintiffs' indiscriminate and unlawful attempt to inquire into the terms and conditions of*

28  *the ministerial relationship.*

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION
TO COMPEL THE PRODUCTION OF DOCUMENTS

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipluations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

assignments, terms and conditions of employment, and discipline of plaintiffs as ministers of Scientology, because, as the *Alcazar* court warned, "As for the procedural dimension [of the ministerial exception], the very process of civil court inquiry into the clergy-church relationship can be sufficient entanglement [to foreclose judicial interference]." *Id.* at 672-73.

With these preliminary caveats, CSI addresses below the specific discovery demands raised by Headley's motion and shows that it should be denied.

**III.     SPECIFIC DOCUMENT REQUESTS IN DISPUTE**

The disputed portions of Plaintiff's Request for Production of Documents and Electronically Stored Data are as follows:

**PLAINTIFF'S DEMAND FOR PRODUCTION NO. 1:**

All documents in any file maintained by, or in the control of, defendant CSI, which pertains to plaintiff including but not limited to plaintiff's "Ethics" and work history files.

**DEFENDANT CSI'S RESPONSE TO DEMAND FOR PRODUCTION NO. 1:**

CSI objects to this Request on the grounds that it:

(a)     seeks information that is neither relevant to the claims or defenses of any party, relevant to the subject matter of the action, nor reasonably calculated to lead to the discovery of admissible evidence;

14

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION
TO COMPEL THE PRODUCTION OF DOCUMENTS

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

(b)    is unduly burdensome and oppressive in that it would require CSI to search for and review files going back 20 years;

©    is overbroad, vexatious, and harassing for the same reasons set forth in (b);

(d)    seeks documents that are shielded from discovery by the right to privacy, including the right to privacy for church and corporate information recognized in case law and the privacy of persons named therein, as well as their freedom of association and free exercise of religion;

(e)    seeks to compel the production of documents that are shielded from discovery by the First Amendment's religion clauses, the California Constitution, and RFRA;

(f)    seeks documents, including Ethics Files and PC Folders (religious counseling files), that are shielded from discovery by the clergy-communicant privilege; and

(g)    seeks documents created in connection with this and related litigations that are attorney work product and/or attorney-client privileged.

**PLAINTIFF'S POSITION ON DEMAND FOR PRODUCTION NO. 1:**

Defendant has failed to provide responsive documents to Demand No. 1. In its response, Defendant claimed it produced responsive non-privileged documents, and asserted certain documents would be withheld on the basis of some unknown privilege. This is wholly inadequate. Further, the documents requested

15

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

Case 2:09-cv-03986-DSF-MAN    Document 99    Filed 05/27/10    Page 30 of 170    Page ID #:3361

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

are relevant because they are directly relating to Plaintiff.  Thus, this Court can and should order Defendant to produce the documents requested.

### A.    Defendant's Objection That Demand No. 1 Is Work Product Is Improper.

The work product doctrine is improper because there is no evidence that these documents were prepared in anticipation of litigation.  In order to invoke work product immunity, "a party must show that the discovery sought is: 1) a document or tangible thing; 2) *that was prepared in anticipation of litigation*; 3) by or for a party, or by or for its representative."  *Fresenius Med. Care Holding Inc. v. Baxter Int'l, Inc.*, 224 F.R.D. 644, 655 (N.D. Cal. 2004) (emphasis added).  Put otherwise, "work product applies only to material '**that would not have been generated but for the pendency or imminence of litigation**.'"  *Griffith v. Davis*, 161 F.R.D. 687, 699 (C.D. Cal. 1995) (emphasis in original) (granting discovery of memorandum because it "would have been generated whether or not litigation was pending").  *See also Fischel v. Margolis*, 557 F.2d 209, 212-13 (9th Cir. 1977) ("The limited work product immunity extends only to certain materials prepared by an attorney in anticipation of litigation.").  Moreover, as Defendant well knows, Plaintiff is not seeking the mental impressions of Defendant's counsel regarding the merits (or vulnerabilities) of its case.  Defendant may not shield these documents from discovery through a specious claim of work product protection.  *See, e.g.,*

16

*E.E.O.C. v. Jewel Food Stores, Inc.*, 231 F.R.D. 343, 346 (N.D. Ill. 2005).

Moreover, "[t]he party claiming the work-product privilege bears the burden of establishing that documents claimed as work product were prepared in anticipation of litigation." *Kintera, Inc. v. Convio, Inc.*, 219 F.R.D. 503, 507 (S.D. Cal. 2003); *see also, United States v. ChevronTexaco Corp.*, 241 F.Supp.2d 1065, 1080-81 (N.D. Cal. 2002). Defendant has failed to meet its burden that these documents were prepared in anticipation of litigation, and thus, they are not protected by the work product doctrine.

## B. Defendant's Objection That Demand No. 1 Is Attorney-Client Privileged Is Improper.

Likewise, the attorney-client privilege is improper. Mere transmission to an attorney does not render the documents privileged. These documents, based on their description, do not invoke the attorney-client privilege, as the documents do not involve any confidential attorney-client communications.

## C. Defendant's Objection That Demand No. 1 Is Irrelevant Is Improper.

Defendant's objection based on relevance lacks merit. "Generally, discovery may be had as to any matter, *not privileged*, which is relevant to the subject matter of the pending action." *Loustalet v. Refco, Inc.*, 154 F.R.D. 243, 245

17

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

1   (C.D.Cal.1993) (*citing* Fed. R. Civ. P. 26(b)(1)).  Courts routinely recognize a

2   "broad right" of discovery "based on the general principle that litigants have a right

3
4   to 'every man's evidence,' and that wide access to relevant facts serves the integrity

5   and fairness of the judicial process by promoting the search for the truth."  *Rivera v.*

6   *NIBCO, Inc.*, 384 F.3d 822, 824 (9th Cir. 2004) (internal citations omitted).  The

7
8   documents requested are relevant, because the request seeks Defendant's documents

9   concerning the Plaintiff in this action.  These documents belong to Plaintiff.  Thus,

10  the documents must be produced.

11

12

13      **D.    Defendant's Objection That Demand No. 1 Is Unduly**

14          **Burdensome, Oppressive, Overbroad, Vexatious, and**

15          **Harassing Is Improper.**

16

17          Defendant further objects to this request on the grounds that it is unduly

18  burdensome, oppressive, overbroad, vexatious, and harassing.  However, Defendant

19  has failed to demonstrate that there is merit to its general and boilerplate objections.

20
21  Such objections are insufficient to meet Defendant's burden.  *Burlington N. & Santa*

22  *Fe Ry. Co. v. United States Dist. Ct. of Mont.*, 408 F.3d 1142, 1149 (9th Cir.2005)

23  ("We hold that boilerplate objections or blanket refusals inserted into a response to a

24  Rule 34 request for production of documents are insufficient to assert a privilege.");

25
26  *A. Farber & Partners Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006); *see*

27  *also, McLeod, Alexander, Powel & Apffel, P .C. v. Quarles*, 894 F.2d 1482, 1485

28  (5th Cir.1990) (objections that document requests are overly broad, burdensome,

18

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION
TO COMPEL THE PRODUCTION OF DOCUMENTS

oppressive, and irrelevant are insufficient to meet the objecting party's burden of explaining why discovery requests are objectionable).

Further, in an attempt to justify its objection, Defendant claimed this request was unduly burdensome and oppressive in that it would Defendant "to search for and review files going back 20 years[.]" The mere fact that Defendant has documents regarding Plaintiff over time does not make the request burdensome. Moreover, Plaintiff is only 35 years old, so Defendant cannot have documents regarding him for multiple decades.  While this request may present some minimal burden on Defendant, such is not unduly burdensome when, as here, the responding party will have to gather the requested documents in preparation for its own case. *See generally, L.H. v. Schwarzenegger*, 2007 U.S. Dist. LEXIS 73752, at *9-10 (E.D. Cal. 2007).  In short, Defendant may not refuse to produce documents responsive to this request with claims of burden, when Defendant will presumably gather all documents in any file it has pertaining to Defendant in the preparation of its own case.

**E.      Defendant's Objections Based On Right of Privacy, First Amendment, California Constitution, Religious Freedom Restoration Act, And Clergy-Communicant Privilege Are Improper.**

In its response, Defendant objected on the basis of the right of privacy,

19

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

the First Amendment religion clauses, the California Constitution, the Religious Freedom Restoration Act ("RFRA"), and the clergy-communicant privilege.  During the meet and confer process, Defendant cited to case law in support of these objections.  However, these objections are baseless and improper.

With respect to the privacy objection, the constitutional provision simply does not apply to Defendant. The information contained in Plaintiff's files belongs to Plaintiff, not Defendant.  If anyone has a privacy right in relation to these documents, it is Plaintiff, and only him.  Moreover, this objection is improper because "corporations can claim no equality with individuals in the enjoyment of a right to privacy."  *United States v. Morton Salt Co.*, 338 U.S. 632, 651-652 (1950); *Cf., United States v. White*, 322 U.S. 694, 64 S.Ct. 1248 (1944).  Thus, as a corporation, Defendant generally has no right of privacy.  *See*, *First Nat. Bank of Boston v. Bellotti*, 435 U.S. 765, 778 fn. 14 (1978); *United States*, 338 U.S. at 651-652.

The objections based on the First Amendment and the California Constitution are unfounded.  There is no case law or constitutional provision in the First Amendment or the California Constitution that indicates that certain documents are protected from discovery due to the First Amendment or California Constitution.

Defendant's claim that this request is objectionable based on the RFRA could not be further off base.  To establish a RFRA violation, a party must demonstrate that the federal government's statute works a *substantial burden* on their ability to practice their religion freely.  *Guam v. Guerrero*, 290 F.3d 1210,

20

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

1222; *see also, United States v. Israel*, 317 F.3d 768, 771 (7th Cir. 2003).  A statute burdens the free exercise of religion if it "puts substantial pressure on an adherent to modify his behavior and to violate his beliefs," *Thomas v. Review Bd. Of Ind. Employment Sec. Div.*, 450 U.S. 707, 718 (1981), including, when, if enforced, it "results in the choice to the individual of either abandoning his religious principle or facing criminal prosecution."  *Braunfeld v. Brown*, 336 U.S. 599, 605 (1961).  "A substantial burden must be more than an 'inconvenience.'" *Worldwide Church of God v. Phila. Church of God, Inc., 227 F.3d 1110, 1121* (9th Cir. 2000).  In this request, Plaintiff is simply asking for his personal files.  Defendant has not provided any evidence that complying with this discovery request substantially burdens the exercise of its religion.  Nor has Defendant explained why its faith requires immunity from the Federal Rules of Civil Procedure, as they apply to requests for production of documents.  Accordingly, Defendant's objection based on the RFRA is inapplicable.

Finally, Defendant's objection based on the clergy-communicant privilege is inapplicable.  First, Courts have held that "[t]he privilege should not be interpreted to comprehend communications to and among members of sects that denominate each and every member as clergy, proclaim that all communications have spiritual significance, or dictate that all communications among members, whether essential to and in furtherance of the purportedly privileged communication or not, shall be confidential."  *In Re Grand Jury Investigation*, 918 F.2d 374, 384, fn. 13 (3rd Cir. 1990).  Additionally, the privilege is held by Plaintiff, not Defendant,

21

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION
TO COMPEL THE PRODUCTION OF DOCUMENTS

and thus cannot be asserted by it.  Defendant cannot assert that, by virtue of its religion, all communications are privileged and entitled to protection.


### F.    Defendant Has Failed To Provide A Privilege Log.

Pursuant to Federal Rule 26(b)(5), a party must notify other parties when withholding documents on grounds of privilege or the work product doctrine. To comply with Rule 26, parties are required to provide a privilege log for documents withheld.  The privilege log must be detailed enough for both the court and the party seeking discovery to conduct an informed and meaningful evaluation of the claims.  The 1993 advisory committee's notes to Rule 26(b)(5) noted, "to withhold materials without such notice is contrary to the rule, subjects the party to sanctions...and may be viewed as a waiver of the privilege or protection."  While Defendant has withheld documents based on claims of privilege and work product, it has not produced a privilege log.  Thus, the Court should order Defendant to provide Plaintiff with a privilege log.

In sum, this Court should order Defendant to provide Plaintiff with all responsive documents and a privilege log without further delay.


### DEFENDANT'S POSITION ON DEMAND FOR PRODUCTION NO. 1:

Plaintiff's portion of the Joint Stipulation as to this Demand distorts and mischaracterizes Defendant's position because it does not provide the Court with the entirety of Defendant's response, in an attempt to make it seem as if

22

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

Defendant had produced nothing.  That is flatly false.  Following its objections, Defendant stated:

> Without waiving any of the foregoing objections, CSI responds that *it has already produced documents responsive to this request,* including plaintiff's *personnel files, and student files*, and that responsive, non-privileged documents in CSI's possession, custody or control that have been located since CSI's prior productions, *will be made available* for inspection and copying at a mutually agreeable time and place once the court has entered a stipulated or court-ordered protective order. The documents as to which privilege is asserted will be set forth in a privilege log.[5]

(Brody Decl., ¶ 3.)

Beyond his failure to comply with the requirement of Local Rule 37-2.1 that "the stipulation shall contain, verbatim" the text of the supposedly inadequate response, Plaintiff broadly dismisses Defendant's significant objections as being based upon "some unknown privilege."  This is disingenuous, at best.

The core privilege at issue with respect to this category is the clergy-communicant privilege, sometimes called the priest-penitent or clergy-penitent privilege.  It is hardly "unknown."  It has been recognized at federal law for over a century.  See *Totten v. United States*, 92 U.S. 105, 107 (1875).  It is "rooted in the imperative need for confidence and trust," *Trammel v. United States*, 445 U.S. 40,

---

[5] This omission cannot have been inadvertent, as Plaintiff acknowledges that there was a response, saying "Defendant claimed it produced responsive non-privileged documents, and asserted certain documents would be withheld on the basis of some unknown privilege." (Joint Stip., Pl.'s Position on Demand No. 1.)  Rather than inform the Court of particular documents that Plaintiff claims remain to be produced, he states only that "[t]his is wholly inadequate."  Moreover, CSI's response shows that it has always stated that it would provide a privilege log, something it anticipates completing within the week.

23

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION
TO COMPEL THE PRODUCTION OF DOCUMENTS

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

51 (1980), and "recognizes the human need to disclose to a spiritual counselor, in total and absolute confidence, what are believed to be the flawed acts or thoughts and to receive priestly consolation and guidance in return." *Id.  See United States v. Nixon*, 418 U.S. 683, 709 (1974) ("[G]enerally, an attorney or priest may not be required to disclose what has been revealed in professional confidence").  *See In re Grand Jury Investigation*, 918 F.2d 374, 381 n.10, 382 (3d Cir 1990).  The privilege applies to protect "communications made (1) to a clergyperson (2) in his or her spiritual and professional capacity (3) with a reasonable expectation of confidentiality."  *Id*. at 384.

Most if not all states have also recognized the privilege, either at common law or by statute.  *See In re Grand Jury*, 918 F.2d at 381 n.10 (collecting state statutes).  In California, the California Evidence Code grants a privilege to penitential communications between a member of the clergy and a penitent.  Cal. Evid. Code §§ 1030, 1031.  A penitential communication is defined as:

> a communication made in confidence, in the presence of no third person so far as the penitent is aware, to a member of the clergy who, in the course of the discipline or practice of the clergy member's church, denomination, or organization, is authorized or accustomed to hear those communications and, under the discipline or tenets of his or her church, denomination or organization, has a duty to keep those communications secret.

Cal. Evid. Code § 1032.

//

24

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

This Demand seeks all documents[6] that pertain to Plaintiff in any file that may exist, but specifies only "Ethics" and "work history files."  As indicated in Defendant's response, Plaintiff's personnel files (and others) were already produced. What is at issue, then, that has not been produced are Plaintiff's Auditing files, sometimes referred to as Preclear ("PC") files, and Ethics files, as well as whatever other documents or pieces of paper that might mention Plaintiff that are scattered through thousands or possibly millions of archived files covering the time period of 1990 to 2005 that Plaintiff worked as CSI staff, and work product and/or privileged files that have been created in connection with the litigation.   (Declaration of Catherine Fraser ¶¶ 3-12.)

Defendant will first turn to the arguments concerning the Auditing and

_____

[6] The federal clergy-communicant privilege applies to documents containing the confidential communication:  "In addition to preventing testimony concerning privileged communications, the privilege also gives the penitent the right to exclude documentary evidence of such communications and to quash a summons seeking production of such documents."  26 Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure* § 5620 (2010).  Likewise, numerous state courts have held or presumed documents to be within the scope of various statutory formulations of the privilege, including some referring to "testimony" or to the "examination" of a cleric. *See Corsie v. Campanalonga*, 721 A.2d 733, 735-36 (N.J. Super. Ct. App. Div. 1998) (recognizing statute according "privilege" to "[a]ny communication" to protect documents), *rev'd on other grounds, Corsie v. Campanalonga,* 734 A.2d 788 (N.J. 1999) (augmenting protection accorded by intermediate court); *Commissioner v. Stewart*, 690 A.2d 195, 197 (Pa. 1997) (treating documents as within scope of privilege against "disclos[ure]" of "information"); *Ryan v. Ryan*, 642 N.E.2d 1028, 1034 (Mass. 1994) (protecting documents under statute forbidding "priest[s]" from "disclos[ing] a confession. . . [or] testify[ing] as to any communication"); *Doe v. Corporation of the President of the Church of Jesus Christ of Latter-Day Saints*, 90 P.3d 1147, 1151 (Wash. App. 2004) (protecting against document's disclosure under statute providing that cleric "shall not. . . be examined as to any confession"); *People v. Campobello*, 810 N.E.2d 307, 321 (Ill. App. 2004) (recognizing protection against disclosure "not only of the admission, confession, or accompanying 'information' as originally articulated. . . but also of any reiteration or repetition in any form," under statute providing that clergy "shall not be compelled to disclose. . . a confession or admission. . . nor be compelled to divulge any information").

25

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION
TO COMPEL THE PRODUCTION OF DOCUMENTS

1  Ethics files.

2

3

4              **Auditing and Ethics Files**

5              CSI has objected to the production of the Auditing and Ethics files on a

6  number of grounds, but the most important of these are that: (1) they are privileged

7  from disclosure under the Clergy-Communicant privilege; (2) they contain

8  information that is protected by the First Amendment, (3) their production would

9

10  violate the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb, *et seq.*

11  ("RFRA").  While in Request No. 1, Plaintiff does not specify Auditing files but

12  only Ethics files, he does specifically request Auditing files in Request No. 16, and

13

14  so Defendant will address both here.

15              An understanding of Auditing and Ethics files requires some

16  understanding of the Scientology religion and its precepts and practices.  Defendant

17  provided this to the district court at some length in its Motion for Partial Judgment

18

19  in the Claire Headley case, which the Court granted on April 2.  (Dkt. No. 100; *See*

20  Joint Br. at 2-6 [Dkt. No. 49].)  With this Court's indulgence, we set forth a

21  somewhat briefer version of that discussion here, supported by the Declaration of

22

23  Rev. Warren McShane.

24              The basic tenet of Scientology is that man is an immortal spiritual

25  being, called a "thetan" (from the Greek "theta" meaning "spirit"), who has the

26  potential of infinite survival.  A thetan has had one *continuous* life; while his or her

27

28  innumerable physical bodies have died over time, his or her life experience never

26

stops.  A thetan is inherently good, with infinite spiritual capability.  However, over eons, thetans have lost their spiritual identity and native ability.  Only through exploration of their pasts can thetans overcome the negative experiences that affect and reduce their inherent spiritual ability.  (McShane Decl., ¶¶ 12-16.)

Scientology posits the existence of the "reactive mind."  Scientologists believe that during moments of pain and partial or full unconsciousness, the reactive mind makes a full "mental image picture" of everything taking place.  These are called "engrams."  While the reactive mind retains these engrams, both from current and past physical lifetimes, a thetan is not aware of them.  These engrams, however, affect one's behavior, are the source of irrationality, fear and psychosomatic illness, and impede spiritual enlightenment.   (McShane Decl., ¶ 8.)

Scientology seeks to remove the effects of engrams through the practice of auditing, described below.  When one has eliminated the reactive mind, one is called "Clear."  Beyond that, one must travel the path to full spiritual ability and freedom, called "Operating Thetan" or "OT."  This path is known as The Bridge to Total Freedom ("The Bridge"), and is represented in the Classification, Gradation and Awareness Chart (the "Grade Chart").  (McShane Decl., ¶¶ 18-19, Ex. C.)

When enough people have attained the state of "clear" and above, the entire planet will be cleared, and the ultimate Scientology goal of "a civilization without insanity, without criminals and without war . . ." will be achieved.  This concept is called "Clearing the Planet."  (McShane Decl., ¶ 19.)  Auditing was described by the Supreme Court in *Hernandez v. Commissioner of Internal Revenue*,

27

490 U.S. 680, 684-85 (1989):

Scientologists believe that an immortal spiritual being exists in every person. A person becomes aware of this spiritual dimension through a process known as "auditing." Auditing involves a one-to-one encounter between a participant (known as a "preclear") and a Church official (known as an "auditor"). An electronic device, the E-meter, helps the auditor identify the preclear's areas of spiritual difficulty by measuring skin response during a question and answer session. Although auditing sessions are conducted one-on-one, the content of each session is not individually tailored. The preclear gains spiritual awareness by progressing through sequential levels of auditing...

Auditors are Scientology ministers who are authorized to hear such communications, and, under the discipline and tenets of Scientology, have a duty to keep such religious communications secret, much as a Roman Catholic priest has a religious obligation not to divulge the contents of confessions made to him. (McShane Decl., ¶¶ 22, 30.) The auditor makes written notations of each auditing session and places them in the Auditing file. (*Id*, ¶ 31.) Thus, the Auditing file is a record of what transpires during the auditing process and is a record of the spiritual growth and progress of the individual parishioner. (*Id*, ¶ 32.) The auditing file is maintained in strictest confidence within the Church. Ecclesiastical policy prohibits even the parishioner from reviewing the folder, regardless of whether that person is asking to see the folder's contents. (*Id*., ¶ 33.)

Maintaining the confidentiality of the contents of auditing files is a fundamental tenet of the Scientology religion, and the auditor is absolutely forbidden to disclose the file or its contents. (McShane Decl., ¶ 34-35.) It is deemed necessary to ensure that both parishioners and Scientology ministers will be

28

completely forthcoming during the course of auditing, and in this regard the confidentiality of the Auditing folder is believed to be absolutely essential for the spiritual development of individual Scientologists.  (*Id.*, ¶ 36.)  Disclosure of an auditing file beyond the Church is a fundamental breach of a sacred promise made by the Church to its parishioners and it undermines the central religious practice of the Scientology Religion.  (*Id.*)

The contents of ethics files are similarly sacrosanct.  Central to the Scientology religion is its system of ethics and justice, which is summarized in the book, *Introduction to Scientology Ethics*.  (McShane Decl., ¶ 39.)  An essential precept of the Scientology religion is that if one has acted unethically, one cannot achieve spiritual progress, and will act in a manner contrary to the survival of oneself, one's family, one's group and all mankind, *i.e.,* across all "dynamics."  In Scientology, such a harmful unethical act is referred to as an "overt," a concept analogous to that of sin in western religions.  In Scientology, however, an overt may be a transgression in a past lifetime, consistent with Scientology beliefs in the concept of past lifetimes.  (*Id.*, ¶ 40-42.)  Once a person commits an overt act, he or she will often withhold from others the commission of that act.  This is called a "withhold."  (*Id.*, ¶ 42.)  A person with accumulated overts and withholds is incapable of spiritual progress and will not benefit from auditing or training.  (*Id.*)

Scientology scriptures set forth techniques, called "Confessionals" (sometimes called "Security or Sec Checking"), which are intended to address the harmful effects of overts and withholds and to rehabilitate an individual's personal

29

integrity and ability to achieve "case gain", *i.e.*, spiritual progress, not only for the individual but also for the family and groups with which one associates.  (McShane Decl., ¶ 43.)  One form of Confessional is intended solely to help individuals unburden themselves of past transgressions.  (*Id.*)  As stated in Mr. Hubbard's Bulletin "Confessional Procedure", such a Confessional is considered "auditing and is kept confidential."  "When the Confessional is fully completed, the auditor who has administered the Confessional informs the person he is forgiven for the overts and withholds he has just confessed."  (*Id.*)  As Claire Headley testified, this form of Confessional is "close[] to the Roman Catholic confessional where at the end you tell the person you're forgiven for what you've confessed to."  (Brody Decl., ¶ 8.)

A second form of confessional, called a Hubbard Communications Office ("HCO") Confessional, is part of the Scientology Justice system.  (McShane Decl., ¶ 44.)  Within RTC and CSI, it is applied to Sea Org members who may have committed "overts" or "withholds" against the rules of the Order.  (*Id.*)  They are similar to practices within Buddhist and Catholic religious orders which have strict codes of conduct and provide for confessions and punishments for those who infringe the rules of the order.  (*See* Flinn Decl., submitted in support of MSJ, ¶¶ 10, 15, 22, 27 [*Claire Headley* Dkt. No. 54].)  In the Sea Org, if a member has committed overts against the Rules, he or she may be called before a Committee of Evidence, which can impose disciplinary action.  (McShane Decl., ¶ 44.)  Such action may be appealed within the Justice system to the International Justice Chief.  HCO confessionals are conducted in the same way as regular confessionals.  The

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

difference is that an HCO confessional is a Scientology justice action and can be used as a basis to impose discipline upon errant members of the Order.  (*Id.*.)

Beyond such internal ecclesiastical use, however, the communications are considered strictly confidential, and Scientology ministers are absolutely forbidden to disclose their contents to anyone else.  (*Id.*)

Ethics confessionals are maintained in an "Ethics file," and are subject to the strict confidentiality limitations discussed above.  (McShane Decl., ¶ 45.)

It is impossible to overstate the importance which parishioners and CSI attach to the confidentiality of these documents, which is ecclesiastically mandated.

Auditing and Ethics files are subject to one or more of these privileges for the reasons explained below.

**Clergy-Communicant Privilege**

Plaintiff dismisses Defendant's invocation of the clergy-communicant privilege ("clergy privilege") in a single paragraph, and on two grounds.  First, he argues that the privilege does not comprehend "communications to and among members of sects that denominate each and every member clergy, [and] proclaim that all communications have spiritual significance . . . ."  (Joint Stip., Pl.'s Discussion, Demand No. 1, § E (quoting *Grand Jury Investigation*, 918 F.2d at 384 n.13).)  Headley's argument is absurd.  Defendant does not denominate each and every Scientologist a member of the clergy (unlike, e.g., Jehovah's Witnesses), and does not invoke the privilege for "all communications."  Defendant's claim of clergy-communicant privilege is limited to communications with Scientology

31

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

ministers, and which are contained in auditing and ethics files. Judge Fischer found that Claire Headley's position in carrying out the very functions of auditor and cramming officer made her a minister within the ministerial exception. (Order at 5 [Dkt. No. 100].)   Plaintiff's communications as set forth in his auditing files were made to Scientology auditors (ministers) under a pledge and vow of confidentiality on behalf of both parties, and therefore come within the privilege. Indeed, in the very case cited by Plaintiff, the court relied on the prerequisites enunciated by Dean Wigmore for protecting clergy-communicant communications from disclosure:

> (1) The communications must originate in a *confidence* that they will not be disclosed.

> (2) This element of *confidentiality must be essential* to the full and satisfactory maintenance of the relation between the parties.

> (3) The *relation* must be one which in the opinion of the community ought to be sedulously *fostered*.

> (4) The *injury* that would inure to the relation by the disclosure of the communications must be *greater* than the *benefit* thereby gained for the correct disposal of litigation.

*In re Grand Jury Investigation*, 918 F.2d at 383-84 (emphasis in original).  All these factors exist here.

The second basis upon which Plaintiff argues the clergy privilege does not apply is that Plaintiff has waived it, and, according to Plaintiff, neither the Church nor its ministers may assert it in the face of that waiver.  Plaintiff is wrong,

32

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

1  for several reasons.

2     First, under California law, *both* the clergy member *and* the

3  communicant hold the privilege.[7]  Cal. Evid. Code §§ 1033, 1034.  With respect to

4  the clergy member's right, "a member of the clergy, whether or not a party, *has a*

5

6  *privilege to refuse to disclose* a penitential communication if he or she claims the

7  privilege."  Cal. Evid. Code § 1034 (emphasis added).  Citing to 8 Wigmore,

8  Evidence §§ 2394-2396 (McNaughton rev. 1961), the Law Revision Commission

9

10  Comments to section 1034 note that:

11

12

13       There may be several reasons for granting clergyman the
         traditional priest-penitent privilege.  At least one
14       underlying reason seems to be that the law will not compel
         a clergyman to violate — nor punish him for refusing to
15       violate — the tenets of his church which require him to
         maintain secrecy as to confidential statements made to him
16       in the course of his religious duties.

17

18     Noting that the statute permits, but does not compel, the clergyperson to

19

20  claim the privilege, the Commission also stated that: "[t]he extent to which a

21  clergyman should keep secret or reveal penitential communications is not an

22  appropriate subject for legislation; the matter is better left to the discretion of the

23

24  _____

[7] Scientology doctrine requires the Church to maintain the secrecy of auditing files, including to the
25  preclear himself.  "Turning over the preclear folders of the parishioner's auditing, even to the
    parishioner, is forbidden by the policy and doctrines of the Church and serves no purpose to the
26  recipient of the information. The Church feels that it has an absolute responsibility to its doctrine,
    and its parishioners to maintain the secrecy, sacredness and confidentiality of all auditing files."
27  (McShane Decl., ¶ 35.)

28

33

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION
TO COMPEL THE PRODUCTION OF DOCUMENTS

Case 2:09-cv-03986-DSF-MAN    Document 99    Filed 05/27/10    Page 48 of 170    Page ID #:3379

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

individual clergyman involved and the discipline of the religious body of which he is a member." 7 Cal. L. Rev. Comm. Reports 1 (1965).

Plaintiff ignores the California statute, despite the fact that two of his claims and part of his third claim are founded on state law, and argues, rather assumes without argument or authority, that it is the federal privilege that is relevant and that the federal privilege extends only to the communicant and not the minister. Once again Plaintiff is in error.

First, under the Federal Rules of Evidence, where State law supplies the rule of decision "with respect to an element of a claim or defense," privilege "shall be determined in accordance with State law." Fed. R. Evid. 501. Here, at present, two out of three of Headley's claims arise under State law, and his third claim for forced labor arises under both federal and State law and federal claims.[8] Hence, federal and State privileges are both applicable to the issues raised here.

Second, the federal privilege cannot be applied to permit waiver over the religious objection of the minister. So far as our research discloses, no federal court has yet squarely addressed the issue as a matter of federal common law; indeed, contrary to Headley's assertion that under federal law he was the sole holder

---

[8] His First Cause of Action is for Unfair Practices for Violation of Business & Professions Code § 17200 et seq., based on alleged violations of state and federal minimum wage and overtime laws, and of the California Constitution's privacy rights related to decisions on having children. (SAC ¶¶ 25-43 [Notice of Removal Ex. K [Dkt. No. 1].) The Second Cause of Action is for Unpaid Wages and Penalties under the California Labor Code. (*Id*. ¶¶ 45-48.) The Third Cause of Action for Forced Labor aka Human Trafficking is based upon federal statute and a claim under the California Constitution and Cal. Civil Code § 52.1 (*Id*. ¶¶ 55, 61.)

34

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

of the privilege, Headley's sole authority stated that it did "not reach the issue . . . of whether [the clergy member] could assert the privilege on his own behalf."  *Grand Jury Investigation*, 918 F.2d at 385 n.15.  The Ninth Circuit's decision in *Mockaitis v. Harcleroad*, 104 F.3d 1522 (9th Cir.), *overruled on other grounds by City of Boerne v. Flores*, 521 U.S. 507 (1997), strongly points the way toward recognizing that the federal privilege must encompass the minister's right to invoke it on his own behalf, lest the religious practice of the minister be unconstitutionally burdened under the free exercise clause and RFRA.  See further discussion of *Mockaitis, post.*

A federal court sitting in California should incorporate California's policy decision to permit the clergy person to assert the privilege on his own behalf. The Supreme Court has recognized that the "policy decisions of the States bear on the question whether federal courts should recognize a new privilege or amend the coverage of an existing one." *Jaffee v. Redmond*, 518 U.S. 1, 12-13 (1996).  The Court has recognized that uniformity between a jurisdiction's state and federal courts is a particular virtue when "[d]enial of the federal privilege. . . would frustrate the purposes of. . . state legislation that was enacted to foster. . . confidential communications." *Id.* at 13. *See Leon v. County of San Diego*, 202 F.R.D. 631, 635 (S.D. Cal. 2001) (federal courts should attempt to accommodate state privilege in federal question cases unless doing so would impair assertion of federal right); *Schlegel v. Kaiser Found. Health Plan*, 2008 WL 4570619, at *4 (E.D. Cal. Oct. 14. 2008) (same); *Kelly v. City of San Jose*, 114 F.R.D. 653, 656 (N.D. Cal. 1987).

In *Kelly*, the court stated that the fact that federal privilege law is

35

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

controlling in cases brought under federal statutes did not mean "that federal courts should wholly ignore state laws, or rights recognized by state governments, when analyzing privilege issues in civil rights cases." *Id.*  The court continued on to state:

> As a matter of comity, federal courts should attempt to ascertain what interests inspire relevant state doctrine and should take into account the views of state authorities about the importance of those interests. . . . When it is clear that a desire to ward off civil rights plaintiffs played no role in the formulation of state privilege rules it would be irrational for a federal court to assume that it could learn nothing from state or local views about the severity of the problems that could be created if certain kinds of information were available to civil litigants.  Likewise, federal courts generally should give some weight to privacy rights that are protected by state constitutions or state statutes.

*Id.*[9]

Here, as we have seen, California directly considered and addressed the question and concluded that there exists a strong state policy in favor of recognizing that the privilege belongs to the minister as well as the communicant, finding that:

> [t]he extent to which a clergyman should keep secret or reveal penitential communications is not an appropriate subject for legislation; the matter is better left to the discretion of the individual clergyman involved and the discipline of the religious body of which he is a member.

---

[9] In *Funderburg v. United States*, Case No. C-02-05461 JS (RS) (N.D. Cal. Dec. 15, 2004), the defendant sought the production of Auditing files of the plaintiffs.  The court recognized that under Rule 501, privileges in federal question cases are governed by federal law, but ruled that federal courts can apply state privileges where no conflict is created.  The court therefore applied the California clergy-penitent privilege statutes and denied the motion to compel the Church of Scientology to produce the auditing folders.  (Brody Decl., Ex. F at 5-6.)

36

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

7 Cal.L.Rev.Comm. Reports 1 (1965).  Federal courts should recognize this state policy decision not only as a matter of comity, as suggested above, but to avoid raising the serious constitutional questions that would arise from a federal court's requiring a minister to disclose confidences contrary to his religious duty and vows.

**First Amendment Protection**

The Auditing files  that Plaintiff seeks to compel are integrally related to the ministerial relationship and the Ethics files are integrally related to ministerial discipline and ecclesiastical ethics matters.  Under *Alcazar*, Defendant's Free Exercise rights — in the form of its relationship with its parishioners and ministerial staff — would be inherently burdened if Defendant is ordered to produce the contents of files that are maintained as confidential and which those persons expect will be so maintained.  Moreover, the process of inquiry into the relationship in order to make the determination would create an impermissible entanglement of this Court into Defendant's religious beliefs and practices.

The Court therefore should deny the motion to compel production of Auditing and Ethics files.  *See* discussion, *ante* at pp. 9-13.

**Religious Freedom Restoration Act**

The Religious Freedom Restoration Act of 1993 ("RFRA"), 42 U.S.C. §§ 2000bb *et seq.,* reinforces the arguments made above that this Court cannot compel the Church to violate its religious doctrine and practice to never disclose the content of Auditing or Ethics files.  RFRA provides that "Government shall not

37

substantially burden a person's exercise of religion even if the burden results from a rule of general applicability" except "in furtherance of a compelling governmental interest," and then only by "the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000bb-1(b). *See Worldwide Church of God, Inc. v. Phila. Church of God, Inc.*, 227 F.3d 1110, 1120 (9th Cir. 2000).

RFRA precludes state action coercing religious adherents "to act contrary to their religious beliefs by the threat of civil or criminal sanctions." *Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1070 (9th Cir. 2008). RFRA amends *all* federal law, whether enacted before or after RFRA itself, *see* 42 U.S.C. § 2000bb-3(a), (b), unless a statute specifically excludes its application. A person whose religious practices are burdened in violation of RFRA "may assert that violation as a claim or defense in a judicial proceeding[.]" *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 424 (2006) (quoting 42 U.S.C. § 2000bb-1(c)); *see, e.g.*, *EEOC v. Catholic Univ. of Am.*, 83 F.3d 455, 470 (D.C. Cir. 1996) (RFRA provided defense to Title VII action brought by plaintiff whose position was the functional equivalent of a minister). Action taken by a federal court is government action. *See also, United States v. Turnbull*, 888 F.2d 636, 638 (9th Cir. 1989) ("federal courts may not improperly burden the free exercise of religion.").[10]

---

[10] Although RFRA was held unconstitutional as applied to the states in *City of Boerne v. Flores*, 521 U.S. 507 (1997), on the ground that Congress lacked power to legislate on the subject with respect to the states, the statute remains valid with regard to its application to federal claims and proceedings and requires that Plaintiff's auditing and ethics files not be produced in this case. *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418 (2006) (applying RFRA to federal

38

As described above, confidentiality of Auditing files is a central tenet of the Scientology religion and key to the spiritual progress of its parishioners.  In Scientology doctrine, it is believed that parishioners would not be totally forthcoming in their auditing if they knew that there was a possibility that someday their file might be viewed outside of the auditing process.  The written records of the auditing sessions are kept for the purpose of assisting the parishioner to spiritual happiness.  Disclosure of these files would break a sacred understanding between the Church and its parishioners, and as such, it would have an equally adverse affect on the ability of the minister to participate freely in the auditing process.  By disclosing the contents of the folders pertaining to a parishioner's auditing, the credibility of the Church in maintaining the confidentiality of its members' auditing folders will be lost forever, and the members of the Church will no longer feel free and confident in disclosing to their auditors their confessions.  (McShane Decl., ¶ 36.)

Indeed, all parishioners of the Church and all staff are very well aware of the requirements of confidentiality of auditing files and related files.  To assure that this policy of confidentiality is well understood and agreed, from time to time, members are required to read and sign enrollment applications for certain services that spell out this and other agreements as a condition of  acceptance for services. For example as agreed in writing by Claire Headley on such an enrollment

statute).

39

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

agreement which confirmed her understanding of confidentiality of auditing files:

> In connection with the Service, the Church may compile or add to an existing folder containing its notations of my spiritual progress, known as a "Preclear Folder" (PC folder), as well as other ecclesiastical files containing notations regarding my spiritual progress. The contents of the folders are kept confidential from persons who lack the ecclesiastical authority to gain access to such documents, including the person whom the files concern, and are subject to the priest-penitent privilege. I understand that as a condition of being accepted for participation in the Service, I am giving up any and all rights of ownership, possession and control, copying and viewing of the PC folder and other files concerning myself, both with respect to the files themselves and the information contained therein.

(McShane Decl., Ex. D. (Claire Headley's Religious Services Enrollment Application/ Agreement, signed June 19, 1998).)

Thus, an order compelling the production of Plaintiff's auditing files would greatly burden the free exercise of religion in that it would require the Church to violate its sacred religious practice in maintaining the confidentiality of the contents of all parishioners' Auditing folders. Moreover, breaching this promise of confidentiality fundamentally undermines Scientology's religious practice of auditing. (*Id.*, ¶36 ) Free communication between parishioner and auditor is believed to be essential for spiritual growth through auditing. And this would also mean that Scientology as a religion would be severely limited and denied the effectiveness of one of its most sacred sacraments.

Disclosure of Ethics files would similarly violate an important ecclesiastical doctrine of the religion, and in this case, would greatly burden the

40

religion's practices and doctrines relating to ministerial discipline, and willingness of members of the Sea Organization religious order to freely communicate confidential, private and religious issues to ecclesiastical Ethics staff, for fear of future disclosure in civil litigation.

RFRA prohibits burdening this essential religious practice, except under the most narrow circumstances not present here.

In *Mockaitis, supra,* the Ninth Circuit held that RFRA was violated when a local prosecutor seized an audiotape recording of a murder suspect's confession to a Roman Catholic priest made while the priest was visiting the suspect in the local jail.  Although the confession was partially exculpatory and therefore the suspect — i.e., the parishioner — consented to the publication of its contents, the court held that the religious practice of the priest was burdened by the recording and the turning over of the audiotape to the local prosecutor.  104 F.3d at 1530.  The court explained:

> [Penance] is a sacrament that from experience the Catholic Church has surrounded with extraordinary safeguards so that the content of the penitent's confession will not be revealed unless the penitent himself chooses to reveal it; and these safeguards have the evident reason that the knowledge, belief, or suspicion that freely confessed sins would become public would operate as a serious deterrent to participation in the sacrament and an odious detriment accompanying participation.  When the prosecutor asserts the right to tape the sacrament he not only intrudes upon the confession taped, but threatens the security of any participation in the sacrament by penitents in the jail; he invades their free exercise of religion and doing so makes it impossible for [plaintiff] to minister the sacrament to those who seek it in jail.

41

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

*Id.*[11]  The court further held that the free exercise of the supervising Archbishop was burdened as well.  "A substantial burden is imposed on [the Archbishop of Portland, Oregon's] free exercise of religion as the responsible head of the archdiocese of Portland by the intrusion into the Sacrament of Penance by officials of the state." *Id.* at 1531.[12]

Here, Plaintiff is demanding that the Court place a substantial burden on Defendant's free exercise of its religion, by ordering the Church to violate one of its central beliefs and practices, or be subject to criminal or civil sanction from the

---

[11] The court held that because the suspect desired that the audiotape be maintained for trial and because the audiotape had already been turned over to prosecutors and reviewed by them, RFRA did not require that the audiotape be destroyed. Nonetheless, the court held that the separate acts of taping the communication and the seizure of the audiotape each violated RFRA. 104 F.3d at 1533.

[12] In *Navajo Nation v. U.S. Forest Service*, *supra*, a case not involving any issue of confidential clergy-penitent communications but raising other questions under RFRA and the First Amendment, the Ninth Circuit held that a substantial burden upon free exercise rights within the meaning of RFRA occurs when state action coerces religious adherents "to act contrary to their religious beliefs by the threat of civil or criminal sanctions." 535 F.3d at 1070.  In so holding, the court rejected an argument, irrelevant to the instant case, that *Mockaitis* had defined "burden" in a broader manner, *Navajo Nation* 535 F3d at 1073 n.15, since in *Mockaitis* neither the priest nor the bishop were subject to compulsion to disclose the confession; rather the taping had been done without their knowledge and they therefore did not have to choose between violating their religious beliefs and practices or violating a court order. The *Navajo Nation* court found that "*Mockaitis* did not define substantial burden, let alone analyze the substantial burden standard under the *Sherbert/ Yoder* framework restored in RFRA", and also noted that since the decision had involved state law, it no longer was valid to the extent *City of Boerne* declared RFRA unconstitutional in its application to actions of state actors.  *Navajo Nation*, 535 F.3d at 1073 n.15.  *Navajo Nation's* holding that a burden under RFRA is created where the minister or church or individual is put to such a choice is precisely applicable here; Plaintiff asks this court to order the Church to violate its practices or be subject to sanctions.  Judge Noonan's decision for the court in *Mockaitis* recognizing that the free exercise rights of the priest and archbishop not to disclose penitential communications, if burdened by state action as Plaintiff seeks here, require protection against compulsory disclosure of the contents of the confession bears directly on that issue, to that extent was undisturbed and in fact supported by *Navajo Nation*, and points the way to proper determination here.

42

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION
TO COMPEL THE PRODUCTION OF DOCUMENTS

Court. *Navajo Nation*, 535 F.3d at 1070 (a substantial burden upon free exercise arises under RFRA where state action coerces religious adherents "to act contrary to their religious beliefs by the threat of civil or criminal sanctions"). Plaintiff has only made conclusory assertions as to what he expects these files to provide that even could be relevant to his claims. As noted in Section I, *supra*, his assertions are the very reason why the disclosure would be improper. He has not articulated a compelling interest, let alone an interest that the State is compelled to justify, that would warrant any production.

Moreover, Plaintiff has substantial additional evidence and discovery available to him for prosecuting his claims, without resort to the Auditing or Ethics files. This fact demonstrates both that requiring production of the Auditing File and Ethics File both does not advance a compelling governmental interest and that it is not the least restrictive means for achieving that interest. When presented with the very same issue, the court in *Mockaitis* held that the prosecution's seizure of the taped confession was not the least restrictive alternative, because the prosecutor had available alternate means to prove the case. The court explained:

> Taping a sacramental confession was an easy way to
> secure additional evidence if the detective's hunch about
> what would be confessed was right. But the ordinary
> means of proving a case by good police work were "the
> least restrictive means" of furthering the prosecutor's desirable goal.

104 F.3d at 1530. Similarly, Plaintiff in this action has available other means to prove his case, including his ability to recount his own version of events. Requiring

43

1  him to proceed without the Auditing folder and the Ethics file is the least restrictive

2  alternative here.

3

4

5  **Work Product/Attorney-Client Privilege**

6  Plaintiff's argument on these objections is both boilerplate and

7  incorrect.  Had Plaintiff's counsel complied with their obligation to meet and confer

8  with Defendant, they would know that Defendant is not claiming that the work

9

10  product or attorney-client privileges apply to any documents other than the

11  numerous documents that have been prepared by counsel and by Defendant for or at

12  the direction of counsel *in connection with this litigation*.  Defendant's privilege log

13

14  will make that abundantly clear, as a proper meet-and-confer process would have

15  done.

16  Since 1947, when the leading case of *Hickman v. Taylor,* 329 U.S. 495,

17  510 (1947), first used the term "work product," it has been firmly established that

18

19  "written statements, private memoranda and personal recollections prepared or

20  formed by an adverse party's counsel in the course of his legal duties . . . fall[]

21  outside the arena of discovery and contravene[] the public policy underlying the

22  orderly prosecution and defense of legal claims."  These include materials prepared

23

24  by the client for the attorney's use in the litigation.  *Id.* at 510 & n.9.

25  The underlying reasons for this rule include the need to keep

26  "inviolate" an attorney's preparation and his thoughts about the case, which are

27  reflected "in interviews, statements, memoranda, correspondence, briefs, mental

28

44

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION
TO COMPEL THE PRODUCTION OF DOCUMENTS

impressions, personal beliefs, and countless other tangible and intangible ways." *Id.* at 510-11.  If work product were not protected, "[i]nefficiency, unfairness and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases for trial.  The effect on the legal profession would be demoralizing.  And the interests of the clients and the cause of justice would be poorly served." *Id.* at 511.

Rule 26(b)(3)(A) provides that "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney . . .)", subject to an exception for things that "are otherwise discoverable under Rule 26(b)(1)" as to which the requesting party shows "substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."  *See Stencel v. Fairchild Corp.*, 174 F. Supp. 2d 1080, 1085 n.8 (C.D. Cal. 2001).  Federal Rule of Evidence 502(g)(2) provides that "'work-product protection' means the protection that applicable law provides for tangible material (or its intangible equivalent) prepared in anticipation of litigation or for trial."

Fact work product is protected if it "would not have been generated but for the pendency or imminence of litigation . . . regardless of whether [it] contain[s] mental impressions of counsel."  *Kintera, Inc. v. Convio, Inc.*, 219 F.R.D. 503, 509-10 (S.D. Cal. 2003).

Attorney-client privilege protects "confidential attorney-client

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

communications." Fed. R. Evid. 502(g)(1). "The attorney-client privilege is intended 'to encourage clients to make full disclosure to their attorneys,' recognizing that sound advice 'depends upon the lawyer's being fully informed by the client.'" *Hernandez v. Tanninen*, ___ F.3d ___, 2010 WL 1882304, at *3 (9th Cir. May 12, 2010) (quoting *Upjohn Co. v. United States,* 449 U.S. 383, 389 (1981)).

Plaintiff has not sought specific documents, but instead asks for "[a]ll documents" "in any file" "which pertains to plaintiff." As worded, this would include all attorney-client privileged and work product documents. Plaintiff has not identified any particular document that he believes is being incorrectly withheld, and Defendant and its attorneys have numerous documents that have been created in connection with this litigation that relate to "interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs," and the like, as well as ones that qualify as privileged because they are communications between counsel and Defendant for the purpose of sharing information and determining strategy related to the litigation. The exceptionally broad Request propounded here implicates a large number of privileged and work product documents, with no specificity at all, and the motion to compel production of such documents should be denied.

Indeed, the cases that Plaintiff cites in his work-product objection argument support that the Court should not order that these documents be produced, as they either were "prepared in anticipation of litigation," *Fresenius Med. Care v.*

46

*Baxter Int'l, Inc.*, 224 F.R.D. 644, 655 (N.D. Cal. 2004), or "would not have been generated but for the pendency or imminence of litigation."  *Griffith v. Davis*, 161 F.R.D. 687, 699 (C.D. Cal. 1995) (citation, internal quotation marks and emphasis omitted).

### Privacy

Plaintiff makes the sweeping assertion concerning Request No. 1 and throughout his arguments that "as a corporation, Defendant generally has no right of privacy."  His argument, like his document requests, is overbroad and ignores considerable law protecting religious and corporate documents from disclosure in litigation.

Defendant's privacy objection to this Request was based on the fact that documents in the Ethics and Auditing files, and likely other documents that might be found if the overbroad search requested were compelled, contain names of and information about other Scientology staff and/or parishioners, who do enjoy a right of privacy.

Corporations have the right, and indeed the obligation, to assert the privacy rights of their members.  In *NAACP v. Alabama*, 357 U.S. 449, 459 (1958), the Supreme Court held that the NAACP was "the appropriate party to assert [associational privacy] rights" respecting civil discovery made to the organization. Finding that the NAACP was "the medium through which its individual members seek to make more effective the expression of their own views," the court overturned a discovery order requiring production of membership information and

47

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION
TO COMPEL THE PRODUCTION OF DOCUMENTS

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

found that the organization "has standing to complain of the production order on behalf of its members." *Id.* at 459-60 466.

In *EEOC v. Nevada Resorts Ass'n,* 792 F.2d 882, 885-886 (9th Cir. 1986), the Ninth Circuit relied heavily on *NAACP v. Alabama* to conclude that the Minorities Research and Development Corporation possessed standing to enforce an EEOC decree on behalf of its members in its own right if the associational ties of its members were injured.    "The right to privacy of individuals, for [sic] which defendants have a right to assert on behalf of absent third parties . . . is a powerful privilege under California law." *Whittall  v. Henry Schein, Inc*., 2006 WL 902571, at *4 (E.D. Cal. Apr. 5, 2006) (citing *Craig v. Municipal Court*, 100 Cal. App.3d 69, 77 (1996) and *Ameri-Medical Corp. v. Workers' Comp. Appeals Bd.*, 42 Cal. App. 4th 1260, 1287-88 (1996))

Such standing principle has previously been applied to Scientology churches.  In an action brought by the former Mother Church of the religion, CSI's predecessor, the Church of Scientology of California, the Fifth Circuit similarly ruled that "the requisite for representational standing in this circuit is not necessarily an explicit statement of representation but a close nexus between the organization and its members …and an allegation of injury to its members as a result of the action." *Church of Scientology of Cal. v. Cazares,* 638 F.2d 1272, 1278 (5th Cir. 1981) (citing *NAACP v. Alabama*, 357 U.S. at 458-59, and *Warth v. Seldin*, 422 U.S. 490 (1975)).

California courts, too, recognize that "numerous cases establish that

48

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

compelled disclosure of an individual's private associational affiliations and activities . . . frequently poses one of the most serious threats to the free exercise of this constitutionally endowed right." *Britt v. Superior Court*, 20 Cal. 3d at 852 (citing, among others, *NAACP v. Alabama*).  In line with this, organizations standing to object on privacy grounds to the production of such information regarding their members is recognized.  *See, e.g., Planned Parenthood Golden Gate v. Superior Court*, 83 Cal. App. 4th 347, 358 (2000) (addressing Planned Parenthood's assertion of privacy rights of non-party staff and volunteers; holding privacy interests can be overcome only by "compelling" state purpose and "least intrusive means.").  Thus, Defendants have standing to assert religious and associational privacy rights on behalf of their members respecting records in Defendants' possession.  Indeed, they have an obligation to do so.

Furthermore, the right of corporations to privacy in connection with certain documents and information has been recognized in numerous cases.  In *Roberts v. Gulf Oil Corp.*, 147 Cal. App. 3d 770 (1983), the court recognized that while there is no corporate right of privacy under the California Constitution, there may be such a right under the federal Constitution:

> *United States v. Hubbard* . . . 650 F.2d 293 speaks to this point: 'However, we think one cannot draw a bright line at the corporate structure.  The public attributes of corporations may indeed reduce *pro tanto* the reasonability of their expectation of privacy, but the nature and purposes of the corporate entity and the nature of the interest sought to be protected will determine the question whether under

49

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION
TO COMPEL THE PRODUCTION OF DOCUMENTS

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

given facts the corporation *per se* has a protectable privacy interest.  Moreover at least certain types of organizations — corporate or non-corporate — should be able to assert in good faith the privacy interest of their members. Finally, whether acting for itself or on behalf of its members, surely the privacy interests of a "church" . . . must be assessed somewhat differently from the privacy interests of other sorts of "corporations.'"

*Id.* at 796 (quoting *United States v. Hubbard*, 650 F.2d 293, 306-07 (D.C. Cir. 1980)).

The Roberts court also stated that: "Although corporations have a lesser right to privacy than human beings and are not entitled to claim a right to privacy in terms of a fundamental right, some right to privacy exists.  *Atkins+ v. Kessler*, 97 Cal. App. 3d at 796.  Privacy rights accorded artificial entities are not stagnant, but depend on the circumstances."  *Id.  Accord Whittall v. Henry Schein, Inc.*, 2006 WL 902571, at *3-4 (noting that "[b]oth corporate and individual privacy rights are at issue here", plaintiff denied records of compensation paid to other employees because he failed to "sufficiently demonstrate[] that his need for other individual's [sic] payment records outweighs the state privacy privilege."); *H & M Assocs. v. City of El Centro*, 109 Cal. App. 3d 399, 409-11  (1980) (city's improper disclosure of information violated corporate right to privacy; "businesses, regardless of their legal form, have zones of privacy which may not legitimately be invaded."); *see also*, *Schnabel v. Superior Court*. 5 Cal. 4th 704, 718 (1993) (court must consider privacy right of closely-held corporation in discovery dispute related to shareholder's divorce); *Ameri-Medical Corp.*, 42 Cal. App. 4th at 1287 (plaintiffs

50

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION
TO COMPEL THE PRODUCTION OF DOCUMENTS

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

"do not have an automatic right to unfettered access to books and records regarding the medical clinic's [defendant's] overall business operation"); *see Conn. Indem. Co. v. Superior Court*, 23 Cal. 4th 807, 817-18 (2000) (assuming, without deciding, that corporations have privacy rights).

*Roberts* identified two criteria to apply in determining "the strength of the privacy right being asserted by a nonhuman entity."  It said "[t]wo critical factors are the strength of the nexus between the artificial entity and human beings and the context in which the controversy arises." *Roberts*, 147 Cal. App. 3d at 797.

Here, many of the requested documents contain names and/or information about other people who have nothing to do with this litigation.  They are entitled to have Defendant protect their privacy interests, and Defendant has the right and obligation to protect such interests by asserting a privacy objection against the enforced disclosure of documents containing such information.

**Undue Burden and Expense**

The problem with the Demand begins with its inartful and overly broad drafting.  It calls for the production of "[*a*]ll documents *in any file* . . . which pertains to plaintiff . . . ."  (Emphasis added.)  As noted, except for the Auditing and Ethics files, CSI has produced the contents of *every* file in its possession, custody or control that were specifically denominated as "Marc Headley" files.  But Headley's demand apparently requires more.  It asks for *any* document in *any* file that may "pertain" (whatever that really means) to him.

51

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

On its face, the Demand is overly broad.  To comply with it, CSI would have to first determine which of its many thousands of files might have a document that somehow has something to do with Headley.  Then it would have to scour those files to see if they had documents pertaining to Headley on any topic.  As set forth in the accompanying declaration of Cathy Fraser, to accomplish this, CSI estimates that it would have to divert at least 20 of its staff and assign them to this task, which it estimates will take at least one month to complete.  (Fraser Decl., ¶ 12.)

The Federal Rules do not permit this sort of wanton expenditure of the other side's resources without some showing of the need for and benefit of the discovery sought.  In fact, under the Federal Rules, "the [c]ourt *must* limit the extent of discovery when the burden or expense of the proposed discovery outweighs its likely benefit." *Philadelphia Indem. Ins. Co. v. Westchester Surplus Lines Ins. Co.*, 2010 WL 1032586, at *1 (N.D. Cal. Mar. 19, 2010) (emphasis added) (citing Fed. R. Civ. P. 26(b)(2)(C)(iii)).  *Accord Ricotta v. Allstate Ins. Co.*, 211 F.R.D. 622, 624 (S.D. Cal. 2002) (same) (citing Fed. R. Civ. P. 26(b)(2)(C)(iii)).[13]

---

[13] Headley argues that CSI's objections of undue burden and oppression are "boilerplate," and that use of such boilerplate waives the objection.  Not so.  As Headley's own authority recognizes, "*[e]xcept where defendants support the objections in their opposition to plaintiff's motion to compel*, the court does not individually analyze each of defendants" boilerplate objections."  *Lal v. Felker*, 2010 WL 582138, at *2 (E.D. Cal. Feb. 11, 2010) (emphasis added). *Accord A. Farber & Partners, Inc. v. Garber*, 234 F.R.D 186, 188 (C.D. Cal. 2006) (noting that *on a motion to compel*, "conclusory recitations of expense and burdensomeness are not sufficiently specific to demonstrate why requested discovery is objectionable."  Here, CSI demonstrates in detail the factual and legal support for each of its objections.  Moreover, if any party is enamored of boilerplate, it is Headley, who repeats verbatim his same arguments after each demand, turning his portion of a joint stipulation seeking to compel a relatively discrete number of demands into an unwieldy, difficult-to-navigate 70-page document.

52

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

Case 2:09-cv-03986-DSF-MAN    Document 99    Filed 05/27/10    Page 67 of 170    Page ID #:3398

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

In *Ricotta*, for example, the court denied plaintiff's request for *every* report prepared by a particular firm for defendant in part because "this would require Defendant to hand-sort and manually review each and every claim file in its possession dating from 1987 . . . . Defendant estimates that it would have to examine 50,000 claims files." *Id.* Plaintiff claimed that this expenditure of time and money was justified because the report "*might* serve as an indication of *potential* bias", an issue in dispute in that case. *Id.* (emphasis in the original). The court rejected this and denied the motion because "the burden and expense of requiring Defendant to respond to Plaintiff's Request[s] . . . far outweigh the likely benefit." *Id.*

The same is true here. CSI would have to hand-sort and manually review what it estimates to be thousands of files to see if any of them have any documents that "pertain" to Headley. And to do so, it must divert 20 of its staff from their normal duties and devote an entire month to the task. Nor can Headley state with any assurance that this file-by-file search has anything other than the *potential* to locate additional relevant documents.[14]

Many courts faced with similar circumstances have denied production

---

[14] Headley argues that since he "is only 35 years old, . . . Defendants cannot have documents regarding him for multiple decades." Apparently his lawyers have failed to read their own pleadings, but in his Complaint, Headley attempts to make much of the fact that he allegedly "worked" for CSI from 1989 to January 2005, and that he "signed his first purported employment contract at age eleven." (Notice of Removal Ex. K at 133 (2d Am. Compl. ¶ 26) [Dkt. No. 1].) Moreover, in his over 15 years of service with CSI Headley held at least nine different posts, including missions to two foreign countries. (Fraser Decl., ¶ 5.) Thus, to comply with Headley's Demand as written, CSI must indeed search multiple files in multiple locations, both here and abroad that span "multiple decades." Also contrary to Headley's assertion, unless ordered to do so by the Court, CSI has no intention of "gather[ing]" these additional documents "in preparation of its own case."

53

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION
TO COMPEL THE PRODUCTION OF DOCUMENTS

of the requested documents.  See, for example:

- *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1098 (6th Cir. 1994) (holding that district court did not abuse its discretion in denying document request that "would have required the Red Cross to search every file that exists at its National Headquarters for any documents that might be of any relevance to any matter in the case.");

- *J & M Assocs, Inc. v. Nat'l Union Fire Ins. Co.,* 2008 WL 638137, at *6 (S.D. Cal. Mar. 4, 2008) (noting that it "must" limit discovery "if it determines that 'the burden or expense of the proposed discovery outweighs its likely benefit", court denies document request that "would literally involve a manual file-by-file review of tens of thousands of claims files located at claims offices and storage facilities throughout the United States [and that] [t]o complete such a file by file review would require thousands of hours and divert [defendants']    personnel from their ongoing work responsibilities") *(*quoting Fed. R. Civ. P. 26(b)(2)(C)(iii));

- *EEOC v. Dist. of Columbia Pub. Schs.,* 217 F.R.D. 12, 15-16 (D.D.C. 2003) (denying document request where "retrieving the information would be oppressive"; defendant would be required "to search the individual files of each teacher who was employed

54

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

by [defendant] at the time of the 1996 RIF . . . . Requiring [defendant] to do so would impose an unreasonable burden on the defendant and, in any event, would result in a significant expenditure of time and effort for information that, at best, would prove minimally useful to the plaintiff") (footnote omitted).

It falls to the Court to "'prevent use of discovery to wage a war of attrition or as a device to coerce a party, whether financially weak or affluent.'" *Marker v. Union Fid. Life Ins. Co.*, 125 F.R.D. 121, 125 n.3 (M.D.N.C. 1989) (quoting Rule 26(b)(1) 1983 advisory committee's note).  But that, we submit, is precisely what Headley is seeking to do in moving to compel CSI to commit the extraordinary amount of time and resources needed to comply with his request.

**PLAINTIFF'S DEMAND FOR PRODUCTION NO. 12:**

All work or production orders provided to plaintiff while he worked for CSI/Golden Era Productions.

**DEFENDANT CSI'S RESPONSE TO DEMAND FOR PRODUCTION NO. 12:**

CSI objects to this Request on the grounds that it:

(a)     is vague and ambiguous in that it is unclear to CSI what plaintiff means by "work or production orders";

(b)     seeks documents that are not relevant to the subject matter of this action, and are not reasonably calculated to lead to the discovery of admissible

55

Case 2:09-cv-03986-DSF-MAN    Document 99    Filed 05/27/10    Page 70 of 170    Page ID #:3401

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

1  evidence;

2         ©      is unduly burdensome and oppressive in that it would require

3  searching extensive archival records going back 20 years for documents that were

4  not addressed to "Marc Headley" in the first place, but rather to whatever post title

5  she held at any given time;

6

7         (d)      is unduly overbroad, vexatious, and harassing for the same

8  reasons set forth in ©, and because any records after 2004 are beyond the time

9  period at issue in this case; and

10

11        (e)      seeks documents that are shielded from discovery by the right to

12  privacy, including the right to privacy for church and corporate information

13  recognized in case law.

14

15

16

17  **PLAINTIFF'S POSITION ON DEMAND FOR PRODUCTION NO. 12:**

18        Defendant has categorically failed to provide responsive

19  documents to Demand No. 12.  Defendant purported to have responded to Demand

20  No. 12 with some written objections and a reference to some unknown privilege.

21  This is wholly inadequate.  Further, these documents are directly relevant to

22  Plaintiff's Forced Labor claim because they may contain information showing the

23  means by which Defendant forced labor upon Plaintiff.  Thus, Defendant should be

24  ordered to produce all responsive documents without further delay.

25

26

27  //

28  //

56

Case 2:09-cv-03986-DSF-MAN    Document 99    Filed 05/27/10    Page 71 of 170    Page ID #:3402

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

### A.    Defendant's Objection That Demand No. 12 Is Irrelevant Is Improper.

Defendant's objection based on relevance lacks merit.  "Generally, discovery may be had as to any matter, *not privileged*, which is relevant to the subject matter of the pending action." *Loustalet*, 154 F.R.D. at 245 (*citing* Fed. R. Civ. P. 26(b)(1)).  Courts routinely recognize a "broad right" of discovery "based on the general principle that litigants have a right to 'every man's evidence,' and that wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth."  *Rivera*, 384 F.3d at 824 (internal citations omitted).  Contrary to Defendant's improper objection, the documents requested are relevant.

Plaintiff has requested all work or production orders provided to him while he worked for CSI/Golden Era Productions, because these documents are directly relevant to Plaintiff's claim for Forced Labor.  Specifically, there may be information in these documents showing the means by which Defendant obtained the labor of Plaintiff (e.g., a rigid work schedule, working seven days a week, for 100 or more hours per week; threat of hard labor; sleep deprivation, required to stay up for days on end; confinement; physical restraint; food deprivation; interrogations by use of the e-meter; isolation tactics; threats of the Freeloader Debt).  Defendant should therefore be ordered to produce the responsive documents.

//

//

57

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipluations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

**B.    Defendant's Objection That Demand No. 12 Is Vague, Ambiguous, Unduly Burdensome, Oppressive, Unduly Overbroad, Vexatious, and Harassing Is Improper.**

Defendant further objected to this request on the grounds that it is vague, ambiguous, unduly burdensome and oppressive, unduly overbroad, vexatious, and harassing.  However, Defendant has failed to demonstrate that there is merit to its general and boilerplate objections.  Such objections are insufficient to meet Defendant's burden.  *Burlington N. & Santa Fe Ry. Co.*, 408 F.3d at 1149 ("We hold that boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege."); *A. Farber & Partners Inc.*, 234 F.R.D. at 188; *see also, McLeod, Alexander, Powel & Apffel,* P.C., 894 F.2d at 1485 (objections that document requests are overly broad, burdensome, oppressive, and irrelevant are insufficient to meet the objecting party's burden of explaining why discovery requests are objectionable).

Further, in an attempt to justify its objection, Defendant claimed this request was "unduly burdensome and oppressive in that it would require searching extensive archival records going back 20 years for documents that were not addressed to "Marc Headley" in the first place, but rather to whatever post title she held at any given time."  The mere fact that Defendant has documents regarding Plaintiff over time does not make the request burdensome.  Moreover, Plaintiff is only 36 years old, so Defendant cannot have documents regarding Plaintiff for multiple decades.  While this request may present some minimal burden on

58

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

Defendant, such is not unduly burdensome when, as here, the responding party will have to gather the requested documents in preparation for its own case. *See generally, L.H.*, 2007 U.S. Dist. LEXIS 73752, at *9-10.  In short, Defendant may not refuse to produce documents responsive to this request with claims of burden, when Defendant will presumably gather these documents in the preparation of its own case.

As for Defendant's claim that the request is burdensome, oppressive, overbroad, vexatious and harassing because it will have to conduct a search by post title, rather than by name, is baseless.  In asking for work or production orders provided to plaintiff while he worked for Defendant, the request is described with reasonable particularity for Defendant to know what documents to produce.  In a request for production of documents, the requesting party is often seeking documents he or she has never seen, and which may or may not exist, out of files with which he or she has no familiarity.  Fed. R. Civ. P. 34(b); *SEC v. American Beryllium & Oil Corp.,* 47 F.R.D. 66, 68 (S.D. N.Y. 1968) . Therefore, the request is sufficient if the documents or things to be produced are of a category described with "reasonable particularity" in the request.  *Id*.

//

//

//

//

//

59

**C.    Defendant's Objections Based On Right of Privacy, First Amendment, California Constitution, Religious Freedom Restoration Act, And Clergy-Communicant Privilege Are Improper.**

In its response, Defendant objected on the basis of the right of privacy, the First Amendment religion clauses, the California Constitution, the RFRA, and the clergy-communicant privilege.  During the meet and confer process, Defendant cited to case law in support of these objections.  However, these objections are baseless and improper.

With respect to the privacy objection, the constitutional provision simply does not apply to Defendant. This objection is improper because "corporations can claim no equality with individuals in the enjoyment of a right to privacy."  *United States*, 338 U.S. at 651-652; *Cf., United States*, 322 U.S. at 694. Thus, as a corporation, Defendant generally has no right of privacy.  *See*, *First Nat. Bank of Boston v. Bellotti*, 435 U.S. 765, 778 fn. 14 (1978); *United States*, 338 U.S. at 651-652.

The objections based on the First Amendment and the California Constitution are unfounded.  There is no case law or constitutional provision in the First Amendment or the California Constitution that indicates that certain documents are protected from discovery due to the First Amendment or California Constitution.

Defendant's claim that this request is objectionable based on the RFRA

60

F:\WP\Cases\9526\DISC-MOTI\NSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

could not be further off base.  To establish a RFRA violation, a party must demonstrate that the federal government's statute works a *substantial burden* on their ability to practice their religion freely.  *Guam*, 290 F.3d at 1222; *see also, United States*, 317 F.3d at 771.  A statute burdens the free exercise of religion if it "puts substantial pressure on an adherent to modify his behavior and to violate his beliefs," *Thomas*, 450 U.S. at 718, including, when, if enforced, it "results in the choice to the individual of either abandoning his religious principle or facing criminal prosecution." *Braunfeld*, 336 U.S. at 605.  "A substantial burden must be more than an 'inconvenience.'" *Worldwide Church of God,* 227 F.3d at1121.  In this request, Plaintiff is simply asking for documentation demonstrating the type of work Plaintiff conducted while he worked for Defendant.  Defendant has not provided any evidence that complying with this discovery request substantially burdens the exercise of its religion.  Nor has Defendant explained why its faith requires immunity from the Federal Rules of Civil Procedure, as they apply to requests for production of documents.  Accordingly, Defendant's objection based on the RFRA is inapplicable.

Finally, Defendant's objection based on the clergy-communicant privilege is inapplicable.  First, courts have held that "[t]he privilege should not be interpreted to comprehend communications to and among members of sects that denominate each and every member as clergy, proclaim that all communications have spiritual significance, or dictate that all communications among members, whether essential to and in furtherance of the purportedly privileged communication

61

or not, shall be confidential." *In Re Grand Jury Investigation*, 918 F.2d at 384, fn. 13. Additionally, the privilege is held by Plaintiff, not Defendant, and thus cannot be asserted by it. Defendant cannot assert that, by virtue of its religion, all communications are privileged and entitled to protection.

### D.    Defendant Has Failed To Provide A Privilege Log.

Pursuant to Federal Rule 26(b)(5), a party must notify other parties when withholding documents on grounds of privilege or the work product doctrine. To comply with Rule 26, parties are required to provide a privilege log for documents withheld. The privilege log must be detailed enough for both the court and the party seeking discovery to conduct an informed and meaningful evaluation of the claims. The 1993 advisory committee's notes to Rule 26(b)(5) noted, "to withhold materials without such notice is contrary to the rule, subjects the party to sanctions...and may be viewed as a waiver of the privilege or protection." While Defendant has withheld documents based on claims of privilege, it has not produced a privilege log. Thus, the Court should order Defendant to provide Plaintiff with a privilege log.

In sum, this Court should order Defendant to provide Plaintiff with all responsive documents and a privilege log without further delay.

//

//

//

62

Case 2:09-cv-03986-DSF-MAN    Document 99    Filed 05/27/10    Page 77 of 170    Page ID #:3408

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

**DEFENDANT'S POSITION ON DEMAND FOR PRODUCTION NO. 12:**

Like Demand No. 1, compliance with this Demand would impose undue burden and cost on CSI. Headley was in CSI's service for over 15 years, from 1989 through January 2005. During that time, he held nine different posts (or jobs). Most were at the Gold Base near Hemet, but during his service Headley was assigned at various times to Scientology's Headquarters in Clearwater, Florida, and was assigned to missions in two foreign countries. (Fraser Decl., ¶ 5.) Headley almost certainly received "work or production orders" at each of those posts. But if they still exist, the work and production orders are not organized to reflect the staff members to whom they were assigned (and in many instances, multiple staff members would be expected to work on a particular work order).

To comply with this Demand, CSI would have to attempt to determine where the documents for each of Headley's nine posts over 15 years of service are located, find those files and documents and then try to determine which of those were work or production orders that Headley worked on. CSI conservatively estimates that it would have to assign 20 staff members to this task and that it would take them a month to go through by hand what CSI estimates would be thousands of files. (*Id.*, ¶ 12.)

We set forth in detail above with respect to Demand No. 1 why, under the Federal Rules, this Demand should not be enforced. We will not repeat them all again here.

In addition, discovery of Golden Era's "work and production orders" to

63

plaintiff on its face is directed to his work as a minister, and therefore is improper under the ministerial exception.  See discussion, *ante* at 8-14.

**PLAINTIFF'S DEMAND FOR PRODUCTION NO. 13:**

All work or production orders from David Miscavige that plaintiff was required to sign and return to RTC.

**DEFENDANT CSI'S RESPONSE TO DEMAND FOR PRODUCTION NO. 13:**

CSI objects to this Request on the grounds that it:

(a)     is vague and ambiguous in that it is unclear to CSI what plaintiff means by "work or production orders";

(b)     seeks information that is neither relevant to the claims or defenses of any party, relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence;

©     is unduly burdensome and oppressive in that it could require extensive searches of CSI's records to determine if there are responsive documents;

(d)     is vexatious and harassing and may be overbroad for the same reasons set forth in ©;

(e)     seeks documents that are shielded from discovery by the right to privacy for church and corporate information recognized in case law; and

(f)     seeks production of documents that, if any exist, are not in the possession, custody, or control of CSI, as the Request on its face asks for documents

64

that, if they ever existed, would not have been kept by CSI, but would have been sent to a different entity.

**PLAINTIFF'S POSITION ON DEMAND FOR PRODUCTION NO. 13:**

Defendant refused to respond to Demand No. 13 based on improper written objections and a reference to some unknown privilege.  The objections are baseless and not well taken.  Further, this information is directly relevant to Plaintiff's Forced Labor claim because the responsive documents may contain information showing the means by which Defendant forced labor upon Plaintiff. Thus, Defendant should be ordered to produce all responsive documents without further delay.

> **A.     Defendant's Objection That Demand No. 13 Is Irrelevant Is Improper.**

Defendant's objection based on relevance lacks merit.  "Generally, discovery may be had as to any matter, *not privileged*, which is relevant to the subject matter of the pending action."  *Loustalet*, 154 F.R.D. at 245 (*citing* Fed. R. Civ. P. 26(b)(1)).  Courts routinely recognize a "broad right" of discovery "based on the general principle that litigants have a right to 'every man's evidence,' and that wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth."  *Rivera*, 384 F.3d at 824 (internal citations omitted).  Contrary to Defendant's improper objection, the documents requested are

65

relevant.

Plaintiff has requested all work or production from David Miscavige that Plaintiff was required to sign and return to RTC, because these documents are directly relevant to Plaintiff's claim for Forced Labor. Specifically, there may be information in these documents showing the means by which Defendant obtained the labor of Plaintiff (e.g., a rigid work schedule, working seven days a week, for 100 or more hours per week; threat of hard labor; sleep deprivation, required to stay up for days on end; confinement; physical restraint; food deprivation; interrogations by use of the e-meter; isolation tactics; threats of the Freeloader Debt). Defendant should therefore be ordered to produce the responsive documents.

**B.      Defendant's Objection That Demand No. 13 Is Vague, Ambiguous, Unduly Burdensome, Oppressive, Overbroad, Vexatious, and Harassing Is Improper.**

Defendant further objected to this request on the grounds that it is vague, ambiguous, unduly burdensome and oppressive, overbroad, vexatious, and harassing. However, Defendant has failed to demonstrate that there is merit to its general and boilerplate objections. Such objections are insufficient to meet Defendant's burden. *Burlington N. & Santa Fe Ry. Co.*, 408 F.3d at 1149 ("We hold that boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege."); *A. Farber & Partners Inc.*, 234 F.R.D. at 188; *see also, McLeod, Alexander, Powel &*

66

*Apffel,* P.C., 894 F.2d at 1485 (objections that document requests are overly broad, burdensome, oppressive, and irrelevant are insufficient to meet the objecting party's burden of explaining why discovery requests are objectionable).

Further, in an attempt to justify its objection, Defendant claimed this request was unduly burdensome and oppressive in that it "could require extensive searches of CSI's records to determine if there are responsive documents." The mere fact that Defendant will actually have to search for the responsive documents does not make the request burdensome. Moreover, Plaintiff is only 36 years old, so Defendant cannot have documents regarding him for multiple decades. While this request may present some minimal burden on Defendant, such is not unduly burdensome when, as here, the responding party will have to gather the requested documents in preparation for its own case. *See generally, L.H.*, 2007 U.S. Dist. LEXIS 73752, at *9-10. In short, Defendant may not refuse to produce documents responsive to this request with claims of burden, when Defendant will presumably gather these documents in the preparation of its own case.

**C.    Defendant's Objections Based On Right of Privacy Is Improper.**

In their response, Defendant objected on the basis of the right of privacy. These documents were signed by Plaintiff. As such, if anyone has a privacy right in relation to these documents, it is Plaintiff, and only him. Moreover, this objection is improper because "corporations can claim no equality with

67

individuals in the enjoyment of a right to privacy."   *United States*, 338 U.S. at 651-652; *Cf., United States*, 322 U.S. at 694.  Thus, as a corporation, Defendant generally has no right of privacy.  *See, First Nat. Bank of Boston*, 435 U.S. at 778, fn. 14; *United States*, 338 U.S. at 651-652.

## D.    Defendant's Objection On Possession Grounds Is Improper.

Finally, Defendant objected on grounds that Demand No. 13 seeks documents not in its possession, custody or control, "as the Request on its face asks for documents that, if they ever existed, would not have been kept" by Defendant.  However, this response is not adequate.

In responding to a request for production of documents, a party must either: 1)  agree to comply, except to the extent of any objections; 2) or state its inability to comply.  Fed. R. Civ. P. 34(b).  Generally, a response of inability to comply with the Rule 34 request states that a diligent search and reasonable inquiry has been made in an effort to locate the item requested, and the reason the party is unable to comply.  Based on Defendant's responses, it has failed to make reasonable efforts to obtain the documents requested.  Thus, Defendant should be ordered to, in good faith, conduct a diligent search and reasonable inquiry in an effort to locate and provide Plaintiff with all responsive documents in its possession, custody or control.

In sum, this Court should order Defendant to provide Plaintiff with all responsive documents without further delay.

68

**DEFENDANT'S POSITION ON DEMAND FOR PRODUCTION NO. 13:**

Demand No. 13 is one of the Demands that would not have been brought to the Court for ruling had Headley's counsel actually read the exchange of letters that they claim satisfied L.R. 37-1's meet-and-confer requirements.  In that letter, CSI's attorneys wrote that "CSI has no responsive documents."  (Brody Decl., Ex. B.)  Nothing further is or should be required.

**PLAINTIFF'S DEMAND FOR PRODUCTION NO. 14:**

All internal communications including telexes, Mercury Communications and all other forms of written communications sent or directed to plaintiff Marc Headley from anyone working or affiliated with CSI or RTC during the time period plaintiff provided labor and services to any Scientology organization.

**DEFENDANT CSI'S RESPONSE TO DEMAND FOR PRODUCTION NO. 14:**

CSI objects to this Request on the grounds that it:

(a)     seeks information that is neither relevant to the claims or defenses of any party, relevant to the subject matter of the action, nor reasonably calculated to lead to the discovery of admissible evidence;

(b)     is unduly burdensome and oppressive in that it would require searching extensive archival records going back 20 years to attempt to find any such records for documents that were not addressed to or from "Marc Headley" in the first

69

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION
TO COMPEL THE PRODUCTION OF DOCUMENTS

place, but rather to the post title he held at any given time;

        (c)    is unduly overbroad, vexatious, and harassing ;

        (d)    seeks documents that are shielded from discovery by the right to privacy, including the right to privacy for church and corporate information recognized in case law and the privacy of persons named therein, as well as their freedom of association and free exercise of religion; and

        (e)    seeks to compel the production of documents that are shielded from discovery by the First Amendment's religion clauses, the California Constitution, and RFRA.

        (f)    seeks documents that are not in CSI's possession, custody, or control.

## PLAINTIFF'S POSITION ON DEMAND FOR PRODUCTION NO. 14:

Defendant refused to respond to Demand No. 14 based on improper written objections and a reference to some unknown privilege.  The objections are baseless and not well taken.  Further, this information is directly relevant to Plaintiff's Forced Labor claim because the responsive documents may contain information showing the means by which Defendant forced labor upon Plaintiff.  Thus, Defendant should be ordered to produce all responsive documents without further delay.

//

//

70

### A.    Defendant's Objection That Demand No. 14 Is Irrelevant Is Improper.

Defendant's objection based on relevance lacks merit.  "Generally, discovery may be had as to any matter, *not privileged*, which is relevant to the subject matter of the pending action." *Loustalet*, 154 F.R.D. at 245 (*citing* Fed. R. Civ. P. 26(b)(1)).  Courts routinely recognize a "broad right" of discovery "based on the general principle that litigants have a right to 'every man's evidence,' and that wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth."  *Rivera*, 384 F.3d at 824 (internal citations omitted).  Contrary to Defendant's improper objection, the documents requested are relevant.

Plaintiff has requested all internal communication sent or directed to Plaintiff from anyone working or affiliated with Defendant during the time period Plaintiff provided labor and service to any Scientology organization, because these documents are directly relevant to Plaintiff's claim for Forced Labor.  Specifically, there may be information in these documents showing the means by which Defendant obtained the labor of Plaintiff (e.g., a rigid work schedule, working seven days a week, for 100 or more hours per week; threat of hard labor; sleep deprivation; required to stay up for days on end; confinement; physical restraint; food deprivation; interrogations by use of the e-meter; isolation tactics; threats of the Freeloader Debt).  Defendant should therefore be ordered to produce the responsive documents.

71

**B.    Defendant's Objection That Demand No. 14 Is Unduly Burdensome, Oppressive, Overbroad, Vexatious, and Harassing Is Improper.**

Defendant further objected to this request on grounds that it is unduly burdensome and oppressive, unduly overbroad, vexatious, and harassing.  However, Defendant has failed to demonstrate that there is merit to its general and boilerplate objections.  Such objections are insufficient to meet Defendant's burden.  *Burlington N. & Santa Fe Ry. Co.*, 408 F.3d at 1149 ("We hold that boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege."); *A. Farber & Partners Inc.*, 234 F.R.D. at 188; *see also, McLeod, Alexander, Powel & Apffel,* P.C., 894 F.2d at 1485 (objections that document requests are overly broad, burdensome, oppressive, and irrelevant are insufficient to meet the objecting party's burden of explaining why discovery requests are objectionable).

Further, in an attempt to justify its objection, Defendant claimed this request was "unduly burdensome and oppressive in that it would require searching extensive archival records going back 20 years for documents that were not addressed to or from "Marc Headley" in the first place, but rather to the post title he held at any given time[.]"  The mere fact that Defendant has documents regarding Plaintiff over time does not make the request burdensome.  Moreover, Plaintiff is only 36 years old, so Defendant cannot have documents regarding him for multiple decades.  While this request may present some minimal burden on Defendant, such

72

is not unduly burdensome when, as here, the responding party will have to gather the requested documents in preparation for its own case.  *See generally, L.H.*, 2007 U.S. Dist. LEXIS 73752, at *9-10.  In short, Defendant may not refuse to produce documents responsive to this request with claims of burden, when Defendant will presumably gather these documents in the preparation of its own case.

As for Defendant's claim that the request is burdensome, oppressive, overbroad, vexatious and harassing because the documents were not addressed to or from "Marc Headley," is baseless.  In asking for the communications sent or directed to plaintiff Marc Headley, the request is described with reasonable particularity for Defendant to know what documents to produce.  In a request for production of documents, the requesting party is often seeking documents he or she has never seen, and which may or may not exist, out of files with which he or she has no familiarity.  Fed. R. Civ. P. 34(b); *SEC*, 47 F.R.D. at 68. Therefore, the request is sufficient if the documents or things to be produced are of a category described with "reasonable particularity" in the request.  *Id.*

**C.**     **Defendant's Objections Based On Right of Privacy, First Amendment, California Constitution, And Religious Freedom Restoration Act Are Improper.**

In its response, Defendant objected on the basis of the right of privacy, the First Amendment religion clauses, the California Constitution, and the RFRA. During the meet and confer process, Defendant cited to case law in support of these

73

1  objections.  However, these objections are baseless and improper.

2       With respect to the privacy objection, the constitutional provision

3

4  simply does not apply to Defendant. This objection is improper because

5  "corporations can claim no equality with individuals in the enjoyment of a right to

6  privacy."  *United States*, 338 U.S. at 651-652; *Cf., United States*, 322 U.S. at 694.

7

8  Thus, as a corporation, Defendant generally has no right of privacy.  *See*, *First Nat.*

9  *Bank of Boston*, 435 U.S. at 778, fn. 14; *United States*, 338 U.S. at 651-652.

10       The objections based on the First Amendment and the California

11

12  Constitution are unfounded.  There is no case law or constitutional provision in the

13  First Amendment or the California Constitution that indicates that certain documents

14  are protected from discovery due to the First Amendment or California Constitution.

15       Defendant's claim that this request is objectionable based on the RFRA

16

17  could not be further off base.  To establish a RFRA violation, a party must

18  demonstrate that the federal government's statute works a *substantial burden* on

19  their ability to practice their religion freely.  *Guam*, 290 F.3d at 1222; *see also*,

20

21  *United States*, 317 F.3d at 771.  A statute burdens the free exercise of religion if it

22  "puts substantial pressure on an adherent to modify his behavior and to violate his

23  beliefs," *Thomas*, 450 U.S. at 718, including, when, if enforced, it "results in the

24  choice to the individual of either abandoning his religious principle or facing

25

26  criminal prosecution." *Braunfeld*, 336 U.S. at 605.  "A substantial burden must be

27  more than an 'inconvenience.'" *Worldwide Church of God,* 227 F.3d at 1121.  In

28  this request, Plaintiff is simply asking for internal communications sent or directed

74

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipluations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

to Plaintiff.  Defendant has not provided any evidence that complying with this discovery request substantially burdens the exercise of its religion.  Nor has Defendant explained why its faith requires immunity from the Federal Rules of Civil Procedure, as they apply to requests for production of documents.  Accordingly, Defendant's objection based on the RFRA is inapplicable.

### D.    Defendant's Objection On Possession Grounds Is Improper.

Finally, Defendant objected on the ground that Demand No. 14 seeks documents not in its possession, custody or control.  However, this response is inadequate.

In responding to a request for production of documents, a party must either: 1)  agree to comply, except to the extent of any objections; 2) or state its inability to comply.  Fed. R. Civ. P. 34(b).  Generally, a response of inability to comply with the Rule 34 request states that a diligent search and reasonable inquiry has been made in an effort to locate the item requested, and the reason the party is unable to comply.  Based on Defendant's responses, it has failed to make reasonable efforts to obtain the documents requested.  Thus, Defendant should be ordered to, in good faith, conduct a diligent search and reasonable inquiry in an effort to locate and provide Plaintiff with all responsive documents in their possession, custody or control.

//

//

75

### E.     Defendant Has Failed To Provide A Privilege Log.

Pursuant to Federal Rule 26(b)(5), a party must notify other parties when withholding documents on grounds of privilege or the work product doctrine. To comply with Rule 26, parties are required to provide a privilege log for documents withheld.  The privilege log must be detailed enough for both the court and the party seeking discovery to conduct an informed and meaningful evaluation of the claims.  The 1993 advisory committee's notes to Rule 26(b)(5) noted, "to withhold materials without such notice is contrary to the rule, subjects the party to sanctions...and may be viewed as a waiver of the privilege or protection."  While Defendant has withheld documents based on claims of privilege, it has not produced a privilege log.  Thus, the Court should order Defendant to provide Plaintiff with a privilege log.

In sum, this Court should order Defendant to provide Plaintiff with all responsive documents and a privilege log without further delay.

### DEFENDANT'S POSITION ON DEMAND FOR PRODUCTION NO. 14:

Once again, Headley seeks enforcement of a Demand that would impose undue burden and cost on CSI particularly as, again, the burden or expense of the proposed discovery outweighs its likely benefit.  And, again, the Demand on its face is overly broad.  It seeks nothing less than "*[a]ll* internal communications ... from *anyone* working or affiliated with CSI or RTC during the time period" Headley provided "labor and services to any Scientology organization."  (Emphasis added).

76

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipluations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

At issue, then, is *every* internal communication on *any* topic that *anyone* sent to Headley in over 15 years of service during which time he held over nine posts including missions and assignments abroad.  This raises all the problems discussed above.  Because many communications sent to Headley would have been addressed to him by post title rather than name, to comply with this Demand CSI would have to task staff to find the files and documents on each post Headley held, hand-sort the documents and determine by date which of the documents were addressed to Headley during the time he was assigned to that post.  (Fraser Decl., ¶¶ 8-9 .)  As noted above in CSI's position regarding Demand No. 12, CSI estimates that it would have to pull 20 staff members from their usual posts and assign them to this task, and that it would take them an entire month to go through by hand what CSI estimates would be thousands of files.

Moreover, as phrased, this Demand seeks documents beyond the scope of discovery permitted by the Federal Rules — those that are "relevant to the claim or defense of any party . . . ."  Fed. R. Civ. P. 26(b)(1).[15]  Headley does not even limit his Demand to that; he simply wants every internal communication no matter what its topic.  This is too broad.

The court denied a similar request in *Quality Aero Technology, Inc. v. Telemetrie Elektronik, GMBH*, 212 F.R.D. 313 (E.D.N.C. 2002).  There, plaintiff

---

[15] Notably, in support of his relevance arguments, Headley relies on cases decided *before* the 2000 amendments that narrowed the scope of discovery.  *See, e.g., Loustalet v. Refco, Inc.*, 154 F.R.D. 243, 245 (C.D. Cal. 1993) (holding that "[g]enerally, discovery may be had as to any matter, not privileged, which is *relevant to the subject matter* of the pending action") (emphasis added).

77

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION
TO COMPEL THE PRODUCTION OF DOCUMENTS

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

sought "any and all correspondence by and between the parties . . . during the period 1995-present." *Id.* at 317. Relying on Rule 26(b)(1) as amended in 2000, the court denied the request, writing that "absent some measure of specificity, [it] could lead to potentially limitless production." *Id.* The same holds true here.

In addition, discovery of all communications to plaintiff on its face is directed to his work as a minister, and therefore is improper under the ministerial exception. See discussion *ante* at 8-14.

**PLAINTIFF'S DEMAND FOR PRODUCTION NO. 15:**

All orders or similar documents restricting plaintiff to the Gold Base at Hemet, California.

**DEFENDANT CSI'S RESPONSE TO DEMAND FOR PRODUCTION NO. 15:**

CSI responds that there are no responsive documents in its possession, custody, or control.

**PLAINTIFF'S POSITION ON DEMAND FOR PRODUCTION NO. 15:**

Defendant objected on the ground that Demand No. 15 seeks documents not in its possession, custody or control. However, not only is this response inadequate, but Plaintiff is informed and believes that the requested documents exist in Plaintiff's Ethics files.

In responding to a request for production of documents, a party must

78

Case 2:09-cv-03986-DSF-MAN    Document 99    Filed 05/27/10    Page 93 of 170    Page ID #:3424

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

either: 1) agree to comply, except to the extent of any objections; 2) or state its inability to comply. Fed. R. Civ. P. 34(b). Generally, a response of inability to comply with the Rule 34 request states that a diligent search and reasonable inquiry has been made in an effort to locate the item requested, and the reason the party is unable to comply. Based on Defendant's response, it has failed to make reasonable efforts to obtain the documents requested. Thus, Defendant should be ordered to, in good faith, conduct a diligent search and reasonable inquiry in an effort to locate and provide Plaintiff with all responsive documents in their possession, custody or control.

**DEFENDANT'S POSITION ON DEMAND FOR PRODUCTION NO. 15:**

Here is yet another Demand that need and should not have been brought to the Court. The problem with CSI's response, Headley says, is that while it stated it had no responsive documents, it failed to state that a diligent search and reasonable inquiry has been made in an effort to locate the requested documents (although this requirement appears nowhere in Rule 34 itself). Any doubt, if any there were, was laid to rest in the parties' counsel's exchange of letters in which CSI's lawyers wrote that "CSI and RTC have performed a reasonable search and diligent inquiry and have determined that no responsive documents exist." (Brody Decl., Ex.B at 5.)

Nothing more is required; nothing more should have been requested.

//

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION
TO COMPEL THE PRODUCTION OF DOCUMENTS

**PLAINTIFF'S DEMAND FOR PRODUCTION NO. 16:**

All records and written materials generated in connection with any auditing of plaintiff by a Scientology auditor.

**DEFENDANT CSI'S RESPONSE TO DEMAND FOR PRODUCTION NO. 16:**

CSI objects to this Request on the grounds that it:

(a)    seeks information that is neither relevant to the claims or defenses of any party, relevant to the subject matter of the action, nor reasonably calculated to lead to the discovery of admissible evidence;

(b)    is vexatious and harassing in the plaintiff is well aware, because he signed agreements acknowledging this fact, that all such records are privileged and confidential and that it is a basic and fundamental religious precept that such records are never given to the person who received auditing (religious counseling);

©    seeks documents that are shielded from discovery by the right to privacy, including the right to privacy for church and corporate information recognized in case law and the privacy of persons named therein, as well as their freedom of association and free exercise of religion; and

(d)    seeks to compel the production of documents that are shielded from discovery by the First Amendment's religion clauses, the California Constitution, and RFRA;

(e)    seeks religious counseling records that are shielded from discovery by the clergy-communicant privilege, by statute and case law.

80

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

**PLAINTIFF'S POSITION ON DEMAND FOR PRODUCTION NO. 16:**

Defendant refused to respond to Demand No. 16 based on improper written objections and a reference to some unknown privilege. The objections are baseless and not well taken. Further, this information is directly relevant to Plaintiff's Forced Labor claim because the responsive documents may contain information showing the means by which Defendant forced labor upon Plaintiff. Thus, Defendant should be ordered to produce all responsive documents without further delay.

### A.    Defendant's Objection That Demand No. 16 Is Irrelevant Is Improper.

Defendant's objection based on relevance lacks merit. "Generally, discovery may be had as to any matter, *not privileged*, which is relevant to the subject matter of the pending action." *Loustalet*, 154 F.R.D. at 245 (*citing* Fed. R. Civ. P. 26(b)(1)). Courts routinely recognize a "broad right" of discovery "based on the general principle that litigants have a right to 'every man's evidence,' and that wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth." *Rivera*, 384 F.3d at 824 (internal citations omitted). Contrary to Defendant's improper objection, the documents requested are relevant.

Plaintiff has requested all records generated in connection with any auditing of Plaintiff by a Scientology auditor, because these documents are directly

81

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

relevant to Plaintiff's claim for Forced Labor.  Specifically, there may be information in these documents showing the means by which Defendant obtained the labor of Plaintiff (e.g., a rigid work schedule, working seven days a week, for 100 or more hours per week; threat of hard labor; sleep deprivation, required to stay up for days on end; confinement; physical restraint; food deprivation; interrogations by use of the e-meter; isolation tactics; threats of the Freeloader Debt).  Defendant should therefore be ordered to produce responsive documents.

### B.     Defendant's Objection That Demand No. 16 Is Vexatious and Harassing Is Improper.

Defendant further object to this request on the grounds that it is unduly vexatious, and harassing.  However, Defendant has failed to demonstrate that there is merit to its general and boilerplate objections.  Such objections are insufficient to meet Defendant's burden.  *Burlington N. & Santa Fe Ry. Co.*, 408 F.3d at 1149 ("We hold that boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege."); *A. Farber & Partners Inc.*, 234 F.R.D. at 188; *see also, McLeod, Alexander, Powel & Apffel, P.C.*, 894 F.2d at 1485 (objections that document requests are overly broad, burdensome, oppressive, and irrelevant are insufficient to meet the objecting party's burden of explaining why discovery requests are objectionable).

Moreover, in an attempt to justify its objection, Defendant claims the request is vexatious and harassing in that Plaintiff " signed agreements

82

Case 2:09-cv-03986-DSF-MAN    Document 99    Filed 05/27/10    Page 97 of 170    Page ID #:3428

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

acknowledging this fact, that all such records are privileged and confidential[.]"

Defendant's objection and reasoning is absurd.  Plaintiff is entitled to these

documents because they are directly relevant to his claim of Forced Labor.  These

documents may contain evidence showing the means by which Defendant obtained

the labor of Plaintiff .  Thus, this request is not vexatious or harassing.  Defendant

should therefore be ordered to produce the responsive documents.

**C.      Defendant's Objections Based On Right of Privacy, First Amendment, California Constitution, Religious Freedom Restoration Act, And Clergy-Communicant Privilege Are Improper.**

In its response, Defendant objected on the basis of the right of privacy,

the First Amendment religion clauses, the California Constitution, the RFRA, and

the clergy-communicant privilege.  During the meet and confer process, Defendant

cited to case law in support of these objections.  However, these objections are

baseless and improper.

With respect to the privacy objection, the constitutional provision

simply does not apply to Defendant.  The information contained in Plaintiff's

personnel files, including, but not limited to, materials generated in connection with

any auditing of Plaintiff, belongs to Plaintiff, not Defendant.  If anyone has a

privacy right in relation to these documents, it is Plaintiff, and only her.  Moreover,

83

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

this objection is improper because "corporations can claim no equality with individuals in the enjoyment of a right to privacy."   *United States*, 338 U.S. at 651-652; *Cf., United States*, 322 U.S. at 694.  Thus, as a corporation, Defendant generally has no right of privacy.  *See*, *First Nat. Bank of Boston*, 435 U.S. at 778, fn. 14; *United States*, 338 U.S. at 651-652.

The objections based on the First Amendment and the California Constitution are unfounded.  There is no case law or constitutional provision in the First Amendment or the California Constitution that indicates that certain documents are protected from discovery due to the First Amendment or California Constitution.

Defendant's claim that this request is objectionable based on the RFRA could not be further off base.  To establish a RFRA violation, a party must demonstrate that the federal government's statute works a *substantial burden* on their ability to practice their religion freely.  *Guam*, 290 F.3d at 1222; *see also*, *United States*, 317 F.3d at 771.  A statute burdens the free exercise of religion if it "puts substantial pressure on an adherent to modify his behavior and to violate his beliefs," *Thomas*, 450 U.S. at 718, including, when, if enforced, it "results in the choice to the individual of either abandoning his religious principle or facing criminal prosecution."  *Braunfeld*, 336 U.S. at 605.  "A substantial burden must be more than an 'inconvenience.'" *Worldwide Church of God,* 227 F.3d at 1121.  In this request, Plaintiff is simply asking for records generated in connection with any auditing of himself.  Defendant has not provided any evidence that complying with this discovery request substantially burdens the exercise of their religion.  Nor has

84

Case 2:09-cv-03986-DSF-MAN    Document 99    Filed 05/27/10    Page 99 of 170    Page ID #:3430

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

Defendant explained why its faith requires immunity from the Federal Rules of Civil Procedure, as they apply to requests for production of documents.  Accordingly, Defendant's objection based on the RFRA is inapplicable.

Finally, Defendant's objection based on the clergy-communicant privilege is inapplicable.  First, courts have held that "[t]he privilege should not be interpreted to comprehend communications to and among members of sects that denominate each and every member as clergy, proclaim that all communications have spiritual significance, or dictate that all communications among members, whether essential to and in furtherance of the purportedly privileged communication or not, shall be confidential."  *In Re Grand Jury Investigation*, 918 F.2d at 384, fn. 13.  Additionally, the privilege is held by Plaintiff, not Defendant, and thus cannot be asserted by it.  Defendant cannot assert that, by virtue of their religion, all communications are privileged and entitled to protection.

**D.    Defendant Has Failed To Provide A Privilege Log.**

Pursuant to Federal Rule 26(b)(5), a party must notify other parties when withholding documents on grounds of privilege or the work product doctrine. To comply with Rule 26, parties are required to provide a privilege log for documents withheld.  The privilege log must be detailed enough for both the court and the party seeking discovery to conduct an informed and meaningful evaluation of the claims.  The 1993 advisory committee's notes to Rule 26(b)(5) noted, "to withhold materials without such notice is contrary to the rule, subjects the party to

85

Case 2:09-cv-03986-DSF-MAN    Document 99    Filed 05/27/10    Page 100 of 170    Page ID #:3431

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

sanctions...and may be viewed as a waiver of the privilege or protection." While Defendant has withheld documents based on claims of privilege, it has not produced a privilege log. Thus, the Court should order Defendant to provide Plaintiff with a privilege log.

In sum, this Court should order Defendant to provide Plaintiff with all responsive documents and a privilege log without further delay.

**DEFENDANT'S POSITION ON DEMAND FOR PRODUCTION NO. 16:**

In this Demand, Plaintiff directly requests that Defendant produce some of the most sacrosanct documents that exist in the Scientology religion — Auditing files.

In order to provide a full argument to address the potential that Auditing files were being sought in Demand No. 1, Defendant fully described in its argument there what auditing is and what Auditing files are. Rather than make this extremely long document even longer yet, Defendant notes that its argument in response to Demand No. 1 is also its comprehensive response to this Demand. Defendant summarizes that argument below.

**Clergy-Penitent Privilege/First Amendment/ RFRA**

The documents that are generated in connection with auditing are the auditor's (i.e., minister's) running notes of what is discussed between the auditor and the person being audited, who are the only persons present, and any minister's

86

notes related to what auditing is to be ministered.    As stressed in Defendant's full argument on this subject, there are several reasons why this Court may not compel production of these auditing-related documents:

1.    These are penitential communications between a member of the clergy and a penitent.  They embody the most important sacrament of the Scientology religion and are part of the spiritual journey of every Scientologist.

2.    Maintaining the confidentiality of the contents of auditing files is a fundamental tenet of the Scientology religion, and the auditor is absolutely forbidden to disclose the file or its contents. It is deemed necessary to ensure that both parishioners and Scientology ministers will be completely frank during the course of auditing and in this regard the confidentiality of the Auditing folder is believed to be absolutely essential for the spiritual development of individual Scientologists.

3.    The clergy-penitent privilege under both the California statutes and the federal common law privilege applies to any "records and written materials generated in connection with any auditing of Plaintiff."

4.    Under California law, the privilege explicitly belongs to both the penitent and the minister.  The ministers who audited Plaintiff cannot, though this litigation, be required to give up their privilege in the records and written materials they created in auditing Plaintiff.  Nothing in the federal common law is to the contrary.

5.    Considerable precedent states that this Court should look to the

87

state law and its underlying policies in determining the scope of the privilege applicable to the documents requested by Plaintiff.

6.     The Auditing files that Plaintiff seeks to compel are integrally related to the ministerial relationship that Plaintiff had with Defendant.  Under *Alcazar*, Defendant's Free Exercise rights — in the form of its relationship with its parishioners and ministerial staff — would be inherently burdened if Defendant is ordered to produce the contents of files that are maintained as confidential and which those persons expect will be so maintained.  Moreover, the process of inquiry into the relationship in order to make the determination would create an impermissible entanglement of this Court into Defendant's religious beliefs and practices.

7.     To order Defendant to produce the auditing records requested by Demand No. 16 would burden Defendant's practice of its religion in that it would require the Church to violate its sacred religious practice in maintaining the confidentiality of the contents of all parishioners' Auditing folders or risk being sanctioned by this Court.  Moreover, breaching this promise of confidentiality fundamentally undermines Scientology's religious practice of auditing.

For all of these reasons and the additional reasons set forth in Defendant's comprehensive argument on this issue, the Motion to Compel Defendant's production in response to this Demand should be denied.

//

//

88

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

Case 2:09-cv-03986-DSF-MAN    Document 99    Filed 05/27/10    Page 103 of 170    Page ID #:3434

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

**Privacy**

With regard to Defendant's privacy objection, the same arguments made as to Request No. 1 are applicable here.  In the process of receiving auditing, a penitent talks to his auditor about numerous people – family members, co-workers, spouse, or anyone else with whom the person has had contact who may be pertinent to the subject of the particular auditing being ministered.   The law cited in its privacy argument concerning Demand No. 1 establishes that Defendant has both a right and an obligation to protect the privacy rights of such persons.

As *Roberts v. Gulf Oil Corp*., 147 Cal. App. 3d at 796-97, citing to federal law, stated, corporations do possess some privacy rights, and where a church is concerned, the privacy rights are even greater than those of a secular corporation. The two "critical factors" that *Roberts* identified are both present here — the nexus to human beings is everything where materials generated in auditing are concerned and the context is private religious counseling.  *See id*.   It is difficult to imagine anything that could be more entitled to privacy.

**PLAINTIFF'S DEMAND FOR PRODUCTION NO. 17:**

All records and written materials generated in the process known as "sec-checking" of plaintiff as the security checking process and terminology is understood and used in Scientology jargon.

//

//

89

## DEFENDANT CSI'S RESPONSE TO DEMAND FOR PRODUCTION NO. 17:

CSI objects to this Request on the grounds that it:

(a)     seeks information that is neither relevant to the claims or defenses of any party, relevant to the subject matter of the action, nor reasonably calculated to lead to the discovery of admissible evidence;

(b)     is vexatious and harassing in the plaintiff is well aware, because he signed agreements acknowledging this fact, that all such records are privileged and confidential and that it is a basic and fundamental religious precept that such records are never given to the person who received auditing (religious counseling);

©     seeks documents that are shielded from discovery by the right to privacy, including the right to privacy for church and corporate information recognized in case law and the privacy of persons named therein, as well as their freedom of association and free exercise of religion;

(d)     seeks to compel the production of documents that are shielded from discovery by the First Amendment's religion clauses, the California Constitution, and RFRA; and

(e)     seeks documents, including Ethics Files and PC Folders (religious counseling files), that are shielded from discovery by the clergy-communicant privilege, by statute and case law.

//

//

//

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

**PLAINTIFF'S POSITION ON DEMAND FOR PRODUCTION NO. 17:**

Defendant refused to respond to Demand No. 17 for essentially the same reasons discussed for Demand No. 16.  Similarly, the objections are baseless and not well taken.  Further, this information is directly relevant to Plaintiff's Forced Labor claim because the responsive documents may contain information showing the means by which Defendant forced labor upon Plaintiff, including, but not limited to confinement.  Thus, Defendant should be ordered to produce all responsive documents without further delay.

A.      **Defendant's Objection That Demand No. 17 Is Irrelevant Is Improper.**

Defendant's objection based on relevance lacks merit.  "Generally, discovery may be had as to any matter, *not privileged*, which is relevant to the subject matter of the pending action." *Loustalet.*, 154 F.R.D. at 245 (*citing* Fed. R. Civ. P. 26(b)(1)).  Courts routinely recognize a "broad right" of discovery "based on the general principle that litigants have a right to 'every man's evidence,' and that wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth." *Rivera*, 384 F.3d at 824 (internal citations omitted).  Contrary to Defendant's improper objection, the documents requested are relevant.

Plaintiff has requested all records generated in the process of "sec-checking" of Plaintiff, because these documents are directly relevant to Plaintiff's

91

claim of Forced Labor. These documents relate to Plaintiff's experiences and treatment while affiliated with Scientology, and are likely to contain evidence of confinement. Thus, Defendant should be ordered to produce the responsive documents.

### B. Defendant's Objection That Demand No. 17 Is Vexatious and Harassing Is Improper.

Defendant further objected to this request on the grounds that it is vexatious and harassing. However, Defendant has failed to demonstrate that there is merit to its general and boilerplate objections. Such objections are insufficient to meet Defendant's burden. *Burlington N. & Santa Fe Ry. Co.*, 408 F.3d at 1149 ("We hold that boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege."); *A. Farber & Partners Inc.*, 234 F.R.D. at 188; *see also, McLeod, Alexander, Powel & Apffel, P.C.*, 894 F.2d at 1485 (5th Cir.1990) (objections that document requests are overly broad, burdensome, oppressive, and irrelevant are insufficient to meet the objecting party's burden of explaining why discovery requests are objectionable).

Moreover, in an attempt to justify its objection, Defendant claimed the request is vexatious and harassing in that Plaintiff " signed agreements acknowledging this fact, that all such records are privileged and confidential[.]" Defendant's objection and reasoning is absurd. Plaintiff is entitled to these documents because they are directly relevant to his claim of Forced Labor. These

92

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

documents may contain evidence showing the means by which Defendant obtained the labor of Plaintiff.  Thus, this request is not vexatious or harassing.  Defendant should therefore be ordered to produce the responsive documents.

**C.    Defendant's Objections Based On Right of Privacy, First Amendment, California Constitution, Religious Freedom Restoration Act, And Clergy-Communicant Privilege Are Improper.**

In their response, Defendant objected on the basis of the right of privacy, the First Amendment religion clauses, the California Constitution, the RFRA, and the clergy-communicant privilege.  During the meet and confer process, Defendant cited to case law in support of these objections.  However, these objections are baseless and improper.

With respect to the privacy objection, the constitutional provision simply does not apply to Defendant.  The documents belong to Plaintiff, therefore, if anyone has a privacy right in relation to these documents, it is Plaintiff, and only him.  Moreover, this objection is improper because "corporations can claim no equality with individuals in the enjoyment of a right to privacy."  *United States*, 338 U.S. at 651-652; *Cf., United States*, 322 U.S. at 694.  Thus, as a corporation, Defendant generally has no right of privacy.  *See*, *First Nat. Bank of Boston*, 435 U.S. at 778, fn. 14; *United States*, 338 U.S. at 651-652.

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

F:\WP\Cases\9526\DISC-MOTI\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

The objections based on the First Amendment and the California Constitution are unfounded.  There is no case law or constitutional provision in the First Amendment or the California Constitution that indicates that certain documents are protected from discovery due to the First Amendment or California Constitution.

Defendant's claim that this request is objectionable based on the RFRA could not be further off base.  To establish a RFRA violation, a party must demonstrate that the federal government's statute works a *substantial burden* on their ability to practice their religion freely.  *Guam*, 290 F.3d at 1222; *see also, United States*, 317 F.3d at 771.  A statute burdens the free exercise of religion if it "puts substantial pressure on an adherent to modify his behavior and to violate his beliefs," *Thomas*, 450 U.S. at 718, including, when, if enforced, it "results in the choice to the individual of either abandoning his religious principle or facing criminal prosecution."  *Braunfeld*, 336 U.S. at 605.  "A substantial burden must be more than an 'inconvenience.'" *Worldwide Church of God,* 227 F.3d at 1121.  In this request, Plaintiff is simply asking for records strictly related to Plaintiff.  Defendant has not provided any evidence that complying with this discovery request substantially burdens the exercise of its religion.  Nor has Defendant explained why its faith requires immunity from the Federal Rules of Civil Procedure, as they apply to requests for production of documents.  Accordingly, Defendant's objection based on the RFRA is inapplicable.

Finally, Defendant's objection based on the clergy-communicant privilege is inapplicable.  First, courts have held that "[t]he privilege should not be

94

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

Case 2:09-cv-03986-DSF-MAN     Document 99     Filed 05/27/10     Page 109 of 170     Page ID #:3440

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

interpreted to comprehend communications to and among members of sects that denominate each and every member as clergy, proclaim that all communications have spiritual significance, or dictate that all communications among members, whether essential to and in furtherance of the purportedly privileged communication or not, shall be confidential." *In Re Grand Jury Investigation*, 918 F.2d at 384, fn. 13.  Additionally, the privilege is held by Plaintiff, not Defendant, and thus cannot be asserted by it.  Defendant cannot assert that, by virtue of its religion, all communications are privileged and entitled to protection.

### D.     Defendant Has Failed To Provide A Privilege Log.

Pursuant to Federal Rule 26(b)(5), a party must notify other parties when withholding documents on grounds of privilege or the work product doctrine. To comply with Rule 26, parties are required to provide a privilege log for documents withheld.  The privilege log must be detailed enough for both the court and the party seeking discovery to conduct an informed and meaningful evaluation of the claims.  The 1993 advisory committee's notes to Rule 26(b)(5) noted, "to withhold materials without such notice is contrary to the rule, subjects the party to sanctions...and may be viewed as a waiver of the privilege or protection."  While Defendant has withheld documents based on claims of privilege, it has not produced a privilege log.  Thus, the Court should order Defendant to provide Plaintiff with a privilege log.

In sum, this Court should order Defendant to provide Plaintiff with all

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

Case 2:09-cv-03986-DSF-MAN    Document 99    Filed 05/27/10    Page 110 of 170    Page ID #:3441

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

1  responsive documents and a privilege log without further delay.

2

3

4  **DEFENDANT'S POSITION ON DEMAND FOR PRODUCTION NO. 17:**

5          In this Demand, as in Demand No. 16, Plaintiff directly asks Defendant

6  to produce some of the most sacrosanct documents that exist in the Scientology

7  religion.  Scientology scriptures set forth techniques, called "Confessionals" (which

8  are sometimes called "Security Checking" or "Sec Checking"), intended to eradicate

9  the harmful effects of overts and to rehabilitate an individual's personal integrity

10  and ability to achieve "case gain", i.e., spiritual progress.  (McShane Decl, ¶ 43.)

11

12          As with Demand No. 16, Defendant's discussion in relation to Demand

13  No. 1  fully addressed its overall argument as to why production of documents such

14  as those requested here — i.e., those generated by a minister in the process of

15  auditing — may not be compelled.  It is equally applicable to this Request.  A brief

16  summary is provided below.

17

18  **Clergy-Penitent Privilege/First Amendment/ RFRA**

19          The documents that are generated in connection with "sec

20  checking" are the same as those generated in connection with auditing.  They are the

21  auditor's (i.e., minister's) running notes of what is discussed between the auditor

22  and the person being audited, who are the only persons present, and any minister's

23  notes related to what "sec checking" is to be ministered.  As explained above, the

24  only additional use of information imparted in such a Confessional is that some of

25  the matters confessed may be the subject of religious discipline.

96

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

To summarize Defendant's argument on this subject, addressed under Request No. 1, there are several reasons why this Court may not compel production of these auditing-related documents:

1.      These are penitential communications between a member of the clergy and a penitent.  They embody the most important sacrament of the Scientology religion and are part of the spiritual journey of every Scientologist.

2.      Maintaining the confidentiality of the contents of auditing files is a fundamental tenet of the Scientology religion, and the auditor is absolutely forbidden to disclose the file or its contents.  It is deemed necessary to ensure that both parishioners and Scientology ministers will be completely frank during the course of all auditing, and especially "sec checking," and in this regard the confidentiality of the Auditing folder is believed to be absolutely essential for the spiritual development of individual Scientologists.

3.      The clergy-penitent privilege under both the California statutes and the federal common law privilege applies to any "records and written materials generated in connection with any auditing of plaintiff."

4.      Under California law, the privilege explicitly belongs to both the penitent and the minister.  The ministers who audited Plaintiff cannot, through this litigation, be required to give up their privilege in the records and written materials they created in auditing Plaintiff on Confessionals.

5.      Nothing in the federal common law is to the contrary, and the Ninth Circuit's decision in *Mockaitis* strongly suggests that federal courts can and,

97

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

constitutionally, must recognize that the minister can invoke the privilege on his/her own behalf.

6.     Considerable precedent holds that this Court should look to the state law and its underlying policies in determining the scope of the federal privilege applicable to the documents requested by Plaintiff both as a matter of comity and so that the widest possible privilege is maintained.

7.     The materials that Plaintiff seeks to compel are from the Auditing files integrally related to the ministerial relationship that Plaintiff had with Defendant.  Under *Alcazar*, Defendant's Free Exercise rights — in the form of its relationship with its parishioners and ministerial staff — would be inherently burdened if Defendant is ordered to produce the contents of files that are maintained as confidential and which those persons expect will be so maintained.  Moreover, the process of inquiry into the relationship in order to make the determination would create an impermissible entanglement of this Court into Defendant's religious beliefs and practices.

8.     To order Defendant to produce the auditing records requested by Demand No. 17 would burden Defendant's practice of its religion in that it would require the Church to violate its sacred religious practice in maintaining the confidentiality of the contents of all parishioners' Auditing folders or risk being sanctioned by this Court.  Moreover, breaching this promise of confidentiality fundamentally undermines Scientology's religious practice of auditing. s

For all of these reasons and the additional reasons set forth in

98

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

1   Defendant's comprehensive argument on this issue, the Motion to Compel

2   Defendant's production in response to Demand No. 17 should be denied.

3

4

5          **Privacy**

6          With regard to Defendant's privacy objection, the same arguments

7   made as to Demand No. 1 are applicable here.  In the process of receiving any

8   auditing, including Confessionals, a penitent talks to his auditor about numerous

9   people — family members, co-workers, spouse, or anyone else with whom the

10  person has had contact.  In Confessional, a person is being asked to divulge overts

11  and withholds,  i.e, the "sins," that he has committed, and obviously other persons

12

13  will have been the recipients of most of those overts.  The law Defendant cited in its

14  privacy argument concerning Demand No. 1 establishes that Defendant has both a

15  right and an obligation to protect the privacy rights of such persons.

16

17          As *Roberts v. Gulf Oil Corp*., 147 Cal. App. 3d at  796-97, citing to

18  federal law, stated, corporations do possess some privacy rights, and where a church

19  is concerned, the privacy rights are even greater than those of a secular corporation.

20  The two "critical factors" that *Roberts* identified are both present here — the nexus

21  to human beings is everything where materials generated in auditing are concerned

22  and the context is private religious counseling.  *See id; U.S. v. Church of*

23  *Scientology of Boston, Inc.,* 933 F.2d at 1074; *Church of Scientology Flag Serv. v.*

24  *Williams*, 671 So. 2d at 842.  It is difficult to imagine anything that could be more

25

26  entitled to privacy, and Plaintiff has not demonstrated a high degree of relevancy or

27

28

99

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION
TO COMPEL THE PRODUCTION OF DOCUMENTS

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

a compelling interest.  The least restrictive means here would be for Plaintiff to provide the information he already knows — after all, it came from him.

In addition, discovery of such files on its face is directed to Plaintiff's work as a minister, and therefore is improper under the ministerial exception.  *See* discussion at  Section I, *ante*.

**PLAINTIFF'S DEMAND FOR PRODUCTION NO. 30:**

Documents showing the amounts collected on "Freeloader debts" for the years 2005-2009 inclusive.

**DEFENDANT CSI'S RESPONSE TO DEMAND FOR PRODUCTION NO. 30:**

CSI objects to this Request on the grounds that it:

(a)    is overbroad, vexatious, and harassing because any records after 2004 are beyond the time period at issue in this case;

(b)    seeks documents that are shielded from discovery by the right to privacy, including the right to privacy for church and corporate information recognized in case law and the privacy of persons named therein, as well as their freedom of association and free exercise of religion;

©    seeks documents that are statutorily and constitutionally shielded from discovery by the right to keep confidential the financial documents of religious organizations;

(d)    seeks to compel the production of documents that are shielded

100

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipluations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

from discovery by the First Amendment's religion clauses, the California Constitution, and RFRA.

## PLAINTIFF'S POSITION ON DEMAND FOR PRODUCTION NO. 30:

Defendant refused to produce responsive documents based on improper objections.  Further, this information is directly relevant to the doctrine of Equitable Estoppel, particularly since this is the time period during which Plaintiff's freeloader debt would have been collected.  Additionally, these documents may contain evidence of witness tampering, which is directly relevant to Plaintiff's case and witness testimony.  Thus, Defendant should be ordered to produce all responsive documents without further delay.

### A.    Defendant's Objection That Demand No. 30 Is Overbroad, Vexatious, and Harassing Is Improper.

Defendant further objected to Demand No. 30 on grounds that it is overbroad, vexatious and harassing.  However, Defendant has failed to demonstrate that there is merit to its general and boilerplate objections.  Such objections are insufficient to meet Defendant's burden.  *Burlington N. & Santa Fe Ry. Co.*, 408 F.3d at 1149 ("We hold that boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege."); *A. Farber & Partners Inc.*, 234 F.R.D. at 188; *see also, McLeod,*

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

*Alexander, Powel & Apffel, P.C.*, 894 F.2d at 1485 (objections that document requests are overly broad, burdensome, oppressive, and irrelevant are insufficient to meet the objecting party's burden of explaining why discovery requests are objectionable).

Moreover, in an attempt to justify its objection, Defendant claims the request is overbroad, vexatious, and harassing because "any such records after 2004 are beyond the time period at issue in this case[.]" Defendant could not be further off base. Any such documents after 2004 are directly relevant to Plaintiff's case, as they may contain evidence of witness tampering, as well as evidence in support of the doctrine of Equitable Estoppel. Thus, this request is not vexatious or harassing. Defendant should therefore be ordered to produce the responsive documents.

## B.    Defendant's Objections Based On Right of Privacy, First Amendment, California Constitution, And Religious Freedom Restoration Act Are Improper.

In its response, Defendant objected on the basis of the right of privacy, the First Amendment religion clauses, the California Constitution, and the RFRA. However, these objections are baseless and improper.

With respect to the privacy objection, the constitutional provision simply does not apply to Defendant. This objection is improper because "corporations can claim no equality with individuals in the enjoyment of a right to privacy." *United States*, 338 U.S. at 651-652; *Cf., United States*, 322 U.S. at 694.

102

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION
TO COMPEL THE PRODUCTION OF DOCUMENTS

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

Thus, as a corporation, Defendant generally has no right of privacy.  *See*, *First Nat. Bank of Boston*, 435 U.S. at 778, fn. 14; *United States*, 338 U.S. at 651-652.

The objections based on the First Amendment and the California Constitution are unfounded.  There is no case law or constitutional provision in the First Amendment or the California Constitution that indicates that certain documents are protected from discovery due to the First Amendment or California Constitution.

Defendant's claim that this request is objectionable based on the RFRA could not be further off base.  To establish a RFRA violation, a party must demonstrate that the federal government's statute works a *substantial burden* on their ability to practice their religion freely.  *Guam*, 290 F.3d at 1222; *see also*, *United States*, 317 F.3d at 771.  A statute burdens the free exercise of religion if it "puts substantial pressure on an adherent to modify his behavior and to violate his beliefs," *Thomas*, 450 U.S. at 718, including, when, if enforced, it "results in the choice to the individual of either abandoning his religious principle or facing criminal prosecution." *Braunfeld*, 336 U.S. at 605.  "A substantial burden must be more than an 'inconvenience.'" *Worldwide Church of God,* 227 F.3d at 1121.  In this request, Plaintiff is simply asking for documentation demonstrating dollar amounts collected on "Freeloader debts."  Defendant has not provided any evidence that complying with this discovery request substantially burdens the exercise of its religion.  Nor has Defendant explained why its faith requires immunity from the Federal Rules of Civil Procedure, as they apply to requests for production of documents.  Accordingly, Defendant's objection based on the RFRA is inapplicable.

103

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION
TO COMPEL THE PRODUCTION OF DOCUMENTS

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

In sum, this Court should order Defendant to provide Plaintiff with all responsive documents without further delay.

**DEFENDANT'S POSITION ON DEMAND FOR PRODUCTION NO. 30:**

Plaintiff's chief relevancy argument, which is based upon an incorrect and outdated legal standard, lies in his contention that the amounts collected on Freeloader Debts are relevant to his equitable estoppel argument in that, he contends, the time period covered by this request is the same "time period during which Plaintiff's Freeloader [D]ebt would have been collected." Thus, he concludes, the documents may be used to support his claim of "repeated and continual intimidation of Plaintiff."

Plaintiff's argument, however, fails in light of his failure to make any showing that he was aware of any purported collection efforts or the amounts that may have been collected. Absent such evidence, the fact that Defendants may have collected some portion of outstanding Freeloader Debt owed by third parties wholly unrelated to this litigation does nothing to advance his position.

Indeed, the only such documents that could even be arguably relevant given Plaintiff's contention are documents related to Freeloader Debt owed by Plaintiff himself. Those documents have already been produced. Those documents also reflect that Plaintiff has paid *no* portion toward his Freeloader Debt, which therefore belie any contention that the Freeloader Debt was the source of "intimidation."

104

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

Plaintiff further contends that the documents sought by this demand "may contain evidence directly relevant to witness tampering." Plaintiff offers no reasoning to support this contention. Moreover, and once again, Plaintiff's showing on this point is wholly lacking. In fact, this request seeks only the *amounts* collected on Freeloader Debt rather than the identity of persons from whom it was collected. Thus, any contention that the documents would support a charge of witness tampering is pure speculation.

Accordingly, the documents sought by this demand are neither necessary nor relevant to Plaintiff's claims or defenses. The demand therefore is yet another improper intrusion into Defendant's internal affairs. Plaintiff's motion to compel these documents should therefore be denied.

## PLAINTIFF'S DEMAND FOR PRODUCTION NO. 31:

Documents showing forgiveness or reduction of claimed Freeloader Debt, and/or offer to reduce said freeloader debt, for all persons contacted by Tommy Davis or other Scientology agent since September 2008.

## DEFENDANT CSI'S RESPONSE TO DEMAND FOR PRODUCTION NO. 31:

CSI objects to this Request on the grounds that it:

(a) is vague and ambiguous in that it uses the undefined term, "Scientology agent";

(b) seeks information that is neither relevant to the claims or

105

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

defenses of any party, relevant to the subject matter of the action, nor reasonably calculated to lead to the discovery of admissible evidence;

    (c) is overbroad, vexatious, and harassing because any records after 2004 are beyond the time period at issue in this case;

    (d) seeks documents that are shielded from discovery by the right to privacy, including the right to privacy for church and corporate information recognized in case law and the privacy of persons named therein, as well as their freedom of association and free exercise of religion;

    (e) seeks documents that are statutorily and constitutionally shielded from discovery by the right to keep confidential the financial documents of religious organizations;

    (f) seeks to compel the production of documents that are shielded from discovery by the First Amendment's religion clauses, the California Constitution, and RFRA.

## PLAINTIFF'S POSITION ON DEMAND FOR PRODUCTION NO. 31:

    Yet again, Defendant refused to produce responsive documents based on inapplicable objections, which are not a proper basis upon which to refuse to respond to discovery. Moreover, contrary to Defendant's claims, these documents are directly relevant to witness tampering. Defendant should therefore be ordered to produce all responsive documents without further delay.

//

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION
TO COMPEL THE PRODUCTION OF DOCUMENTS

Case 2:09-cv-03986-DSF-MAN    Document 99    Filed 05/27/10    Page 121 of 170    Page ID #:3452

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

A.    **Defendant's Objection That Demand No. 31 Is Irrelevant Is Improper.**

Defendant's objection based on relevance lacks merit.  "Generally, discovery may be had as to any matter, *not privileged*, which is relevant to the subject matter of the pending action."  *Loustalet*, 154 F.R.D. at 245 (*citing* Fed. R. Civ. P. 26(b)(1)).  Courts routinely recognize a "broad right" of discovery "based on the general principle that litigants have a right to 'every man's evidence,' and that wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth."  *Rivera*, 384 F.3d at 824 (internal citations omitted).  Contrary to Defendant's improper objection, the documents requested are relevant.

To begin with, Plaintiff has requested all documents showing forgiveness or reduction of claimed "freeloader debt" and/or offers to reduce "freeloader debt" for all persons contacted by Tommy Davis or other Scientology agents, because these documents are directly relevant to witness tampering, which is directly relevant to Plaintiff's case and witness testimony.  Specifically, these documents may show evidence of retaliation, threat, and/or incentive to cooperate with Defendant following being contacted by Tommy Davis or an agent of Scientology.  Since the claims in Plaintiff's case relate to the retaliatory nature of Defendant, this evidence is highly relevant. Thus, Defendant should be ordered to produce responsive documents.

//

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

## B.    Defendant's Objection That Demand No. 31 Is Overbroad, Vexatious, and Harassing Is Improper.

Defendant further object to Demand No. 31 on the grounds that it is overbroad, vexatious, and harassing. However, Defendant has failed to demonstrate that there is merit to its general and boilerplate objections. Such objections are insufficient to meet Defendant's burden. *Burlington N. & Santa Fe Ry. Co.*, 408 F.3d at 1149 ("We hold that boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege."); *A. Farber & Partners Inc.*, 234 F.R.D. at 188; *see also, McLeod, Alexander, Powel & Apffel,* P.C., 894 F.2d at 1485 (objections that document requests are overly broad, burdensome, oppressive, and irrelevant are insufficient to meet the objecting party's burden of explaining why discovery requests are objectionable).

Moreover, in an attempt to justify its objections, Defendant claimed the request is overbroad, vexatious, and harassing because "any such records after 2004 are beyond the time period at issue in this case[.]" Defendant could not be further off base. Any such documents after 2004 are directly relevant to Plaintiff's case, as they may contain evidence of witness tampering. Thus, this request is not vexatious or harassing. Defendant should therefore be ordered to produce the responsive documents.

//

//

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

**C.    Defendant's Objections Based On Right of Privacy, First Amendment, California Constitution, And Religious Freedom Restoration Act Are Improper.**

In its response, Defendant objected on the basis of the right of privacy, the First Amendment religion clauses, the California Constitution, and the RFRA. However, these objections are baseless and improper.

With respect to the privacy objection, the constitutional provision simply does not apply to Defendant. This objection is improper because "corporations can claim no equality with individuals in the enjoyment of a right to privacy." *United States*, 338 U.S. at 651-652; *Cf., United States*, 322 U.S. at 694. Thus, as a corporation, Defendant generally has no right of privacy. *See*, *First Nat. Bank of Boston*, 435 U.S. at 778, fn. 14; *United States*, 338 U.S. at 651-652.

The objections based on the First Amendment and the California Constitution are unfounded. There is no case law or constitutional provision in the First Amendment or the California Constitution that indicates that certain documents are protected from discovery due to the First Amendment or California Constitution.

Defendant's claim that this request is objectionable based on the RFRA could not be further off base. To establish a RFRA violation, a party must demonstrate that the federal government's statute works a *substantial burden* on their ability to practice their religion freely. *Guam*, 290 F.3d at 1222; *see also, United States*, 317 F.3d at 771. A statute burdens the free exercise of religion if it "puts substantial pressure on an adherent to modify his behavior and to violate his

109

beliefs," *Thomas*, 450 U.S. at 718, including, when, if enforced, it "results in the choice to the individual of either abandoning his religious principle or facing criminal prosecution." *Braunfeld*, 336 U.S. at 605. "A substantial burden must be more than an 'inconvenience.'" *Worldwide Church of God*, 227 F.3d at 1121. In this request, Plaintiff is simply asking for documentation of forgiveness or reduction of "Freeloader Debts." Defendant has not provided any evidence that complying with this discovery request substantially burdens the exercise of its religion. Nor has Defendant explained why its faith requires immunity from the Federal Rules of Civil Procedure, as they apply to requests for production of documents. Accordingly, Defendant's objection based on the RFRA is inapplicable.

In sum, this Court should order Defendant to provide Plaintiff with all responsive documents without further delay.

**DEFENDANT'S POSITION ON DEMAND FOR PRODUCTION NO. 31:**

Plaintiff's arguments in support of production are not well taken for two fundamental reasons: (1) the documents sought are subject to a First Amendment privilege; (2) they documents sought are subject to the parishioners' privacy rights. To place Defendant's arguments in proper context, however, some discussion about what a "Freeloader" debt really is, is necessary.

Members of the Sea Org religious order enter into covenants of religious service and religious purpose. When a member of the Sea Org departs from the Order, as part of the ecclesiastical justice and ethics policies, the Church

110

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

issues the member a statement of a debt for the receipt of certain types of services received as a staff member without charge.  This statement is referred to as a "freeloader bill" or "freeloader debt". It is not a legally enforceable debt and no attempts have ever been made to sue to recover these amounts in a civil context. Rather, it is an ecclesiastical debt which the person who broke his covenant is required to fulfill if the former staff member wishes to continue taking Scientology services as a "public" Scientologist.  (McShane Dec. ¶ 48.)

Because it is an ecclesiastical issue and circumstances may vary for any member of the Order, some staff within CSI have the function of evaluating and resolving questions relating to freeloader bills, and typically the debts are reduced.

From this it can be seen that these communications with former staff pertain wholly to ecclesiastical conditions under which a former minister may regain his or her status as a member of good standing within the Scientology community. As such, any such communications are subject to the protections of the First Amendment, for all the reasons discussed in detail at pp.   , *ante*. Second, these communications are subject to the parishioners' rights to privacy, which the Church is duty bound to assert, again for all the reasons discussed in detail at pp.   , *ante*.

**PLAINTIFF'S DEMAND FOR PRODUCTION NO. 32:**

The written materials Nicolas Allen was asked to sign by Tommy Davis and/or Scientology's Office of Special Affairs ("OSA") after Mr. Allen submitted a

111

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

notice of labor code claim to a California state agency.

**DEFENDANT CSI'S RESPONSE TO DEMAND FOR PRODUCTION NO. 32:**

Assuming plaintiff intends to refer to Nicolai Allen, CSI objects on the ground that any responsive document constitutes attorney work product and will not be produced.  The responsive documents will be listed in CSI's privilege log.

**PLAINTIFF'S POSITION ON DEMAND FOR PRODUCTION NO. 32:**

Yet again, Defendant refused to produce responsive documents based on improper objections.  Contrary to Defendant claims, the documents are neither attorney work product nor privileged.  Additionally, the labor claim is sent to a public agency, such that there is no privilege or privacy relating to documents filed therewith.  Further, this information is directly relevant to witness tampering.  Thus, Defendant should be ordered to produce all responsive documents without further delay.

**A.    Defendant's Objection That Demand No. 32 Is Work Product Is Improper.**

The work product doctrine is improper because there is no evidence that these documents were prepared in anticipation of litigation.  In order to invoke work product immunity, "a party must show that the discovery sought is: 1) a

112

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

document or tangible thing; 2) that was prepared in anticipation of litigation; 3) by or for a party, or by or for its representative." *Fresenius Med. Care Holding Inc.*, 224 F.R.D. at 655.  Put otherwise, "work product applies only to material '**that would not have been generated but for the pendency or imminence of litigation**.'" *Griffith*, 161 F.R.D. at 699 (emphasis in original) (granting discovery of memorandum because it "would have been generated whether or not litigation was pending"); *see also, Fischel*, 557 F.2d at 212-213 ("The limited work product immunity extends only to certain materials prepared by an attorney in anticipation of litigation.").  Moreover, as Defendant well know, Plaintiff is not seeking the mental impressions of Defendant's counsel regarding the merits (or vulnerabilities) of their case.  Defendant may not shield these documents from discovery through a specious claim of work product protection. *See, e.g., E.E.O.C.*, 231 F.R.D. at 346.  Moreover, Tommy Davis is not an attorney.  Accordingly, the documents are neither work product, nor privileged, and must be produced.

Additionally, "[t]he party claiming the work-product privilege bears the burden of establishing that documents claimed as work product were prepared in anticipation of litigation." *Kintera, Inc.*, 219 F.R.D. at 507;  *see also, United States*, 241 F.Supp.2d at 1080-81.  Defendant has failed to meet its burden that these documents were prepared in anticipation of litigation, and thus, they are not protected by the work product doctrine.

//

113

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

## B.    Defendant Has Failed To Provide A Privilege Log.

Pursuant to Federal Rule 26(b)(5), a party must notify other parties when withholding documents on grounds of privilege or the work product doctrine. To comply with Rule 26, parties are required to provide a privilege log for documents withheld.  The privilege log must be detailed enough for both the court and the party seeking discovery to conduct an informed and meaningful evaluation of the claims.  The 1993 advisory committee's notes to Rule 26(b)(5) noted, "to withhold materials without such notice is contrary to the rule, subjects the party to sanctions...and may be viewed as a waiver of the privilege or protection."  While Defendant has withheld documents based on claims of privilege and work product, it has not produced a privilege log.  Thus, the Court should order Defendant to provide Plaintiff with a privilege log.

In sum, this Court should order Defendant to provide Plaintiff with all responsive documents and a privilege log without further delay.

## DEFENDANT'S POSITION ON DEMAND FOR PRODUCTION NO. 32:

In responding to Demand No. 1, Defendant provided its general argument concerning work product, which is equally applicable here.  However, with respect to Requests Nos. 31 and 32, there is additional law that is applicable.

As the Declaration of Jeanne M. Reynolds shows, Defendant obtained

114

Case 2:09-cv-03986-DSF-MAN    Document 99    Filed 05/27/10    Page 129 of 170    Page ID #:3460

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

four declarations from Nicolai Allen[16] during the pendency of this litigation.  As Ms. Reynolds states, she prepared these declarations for possible use in litigation.  None of the declarations has been filed in Court since they were obtained.  (Reynolds Decl. ¶¶ 3-6.)

Witness statements obtained in connection with litigation are work product.  *Kintera, Inc. v. Convio, Inc.*, *supra*, 219 F.R.D. at 509-10.  It is not required that they contain counsel's mental impressions, as "[f]act work product is protected if the documents were prepared in anticipation of litigation."  *Id.* (citing Fed. R. Civ. P. 26(b)(3)).  Documents that "'would not have been generated but for the pendency or imminence of litigation'" satisfy that criterion.  *Id.* (citation omitted).

Furthermore, "[a] declaration drafted by an attorney is 'clearly work product right up until the moment it [is] filed,' and could easily reveal the same thought processes as a summary or memorandum of a statement."  *Tierno v. Rite Aid Corp.*, 2008 WL 2705089, at *4 -5 (N.D. Cal. 2008) (quoting *Intel Corp. v. VIA Technologies, Inc.,* 204 F.R.D. 450, 452 (N.D. Cal. 2001); *see Hickman v. Taylor,* 329 U.S. at 509-10.[17]

---

[16] Request No. 32 asks for documents related to Nicolas Allen.  Even though the name of the witness was misspelled, Defendant responded to the Request.

[17] Although not always necessary to qualify as work-product material, as noted above, because these declarations reflect the attorney's mental impressions, they enjoy "'a nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances.'"  *Tierno*, 2008 WL 2705089, at *4 (citation omitted).  But even if these were classified as fact work product, Headley, as his own authority recognizes, would be entitled to them only "upon a showing that he has *substantial need* of the materials in preparation of [his] case and that [he] is

115

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

As the Nicolai Allen declarations were drafted by counsel and have never been filed, they remain work product and the Court should deny the Motion to Compel their production.

**PLAINTIFF'S DEMAND FOR PRODUCTION NO. 33:**

The written materials Eric Glaser was asked to sign by Tommy Davis or other Scientology agent relating to Marc Headley's work at CSI and/or David Miscavige's physical assault of Sea Org workers.

**DEFENDANT CSI'S RESPONSE TO DEMAND FOR PRODUCTION NO. 33:**

CSI objects to this Request on the grounds that it is vexatious and harassing insofar as it makes false allegations of physical assaults; and assumes facts not in evidence, i,e., that any physical assaults occurred.

Assuming plaintiff intends to refer to Erick Geisler, CSI objects on the ground that any responsive document constitutes attorney work product and will not

---

*unable without undue hardship* to obtain the *substantial equivalent* of the materials by other means." *Kintera, Inc. v. Convio, Inc.*, *supra*, 219 F.R.D at 510 (citing Fed. R. Civ. P. 26(b)(3)) (emphasis added). This is a difficult standard to meet, however, and here, as in *Kintera*, Headley "has not met [his] burden of showing substantial need. [Headley] can depose the witnesses. At this time, there is no evidence to indicate any statements [Headley] obtains during deposition would differ from the witness statements [Defendant] possesses." *Id. Accord Kandel v. Brother Int'l Corp.*, 2009 WL 5454888, at * 5 (C.D. Cal. Feb. 1, 2010) (noting that "[o]ne of the primary purposes of the work product doctrine is to prevent one party exploiting the other party's efforts to prepare for litigation" and concluding that the moving parties had failed "to show 'substantial need for the materials [witness declarations] to prepare [their] case' and that they 'cannot, without undue hardship, obtain their substantial equivalent by other means'") (quoting Fed. R. Civ. P. 26(b)(3)(A)(ii)).

**JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS**

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

be produced. The responsive documents will be listed in CSI's privilege log.

**PLAINTIFF'S POSITION ON DEMAND FOR PRODUCTION NO. 33:**

Defendant refused to produce responsive documents based on inapplicable objections, which are not a proper basis upon which to refuse to respond to discovery.  Contrary to Defendant's claims, the documents are neither attorney work product, nor privileged.  Moreover, this information is directly relevant to witness tampering.  Thus, Defendant should be ordered to produce all responsive documents without further delay.

> **A.** **Defendant's Objection That Demand No. 33 Is Work Product Is Improper.**

The work product doctrine is improper because there is no evidence that these documents were prepared in anticipation of litigation.  In order to invoke work product immunity, "a party must show that the discovery sought is: 1) a document or tangible thing; 2) **that was prepared in anticipation of litigation**; 3) by or for a party, or by or for its representative." *Fresenius Med. Care Holding Inc.*, 224 F.R.D. at 655 (emphasis added).  Put otherwise, "work product applies only to material '**that would not have been generated but for the pendency or imminence of litigation**.'" *Griffith*, 161 F.R.D. at 699 (emphasis in original) (granting discovery of memorandum because it "would have been generated whether

117

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

or not litigation was pending"); *see also, Fischel*, 557 F.2d at 212-213 ("The limited work product immunity extends only to certain materials prepared by an attorney in anticipation of litigation.").  Moreover, as Defendant well knows, Plaintiff is not seeking the mental impressions of Defendant's counsel regarding the merits (or vulnerabilities) of its case.   Defendant may not shield these documents from discovery through a specious claim of work product protection.  *See, e.g., E.E.O.C.*, 231 F.R.D. at 346.  Moreover, Tommy Davis is not an attorney.  Accordingly, the documents are neither work product, nor privileged, and must be produced.

Additionally, "[t]he party claiming the work-product privilege bears the burden of establishing that documents claimed as work product were prepared in anticipation of litigation."  *Kintera, Inc.*, 219 F.R.D. at 507;  *see also, United States*, 241 F.Supp.2d at 1080-81.  Defendant has failed to meet its burden that these documents were prepared in anticipation of litigation, and thus, they are not protected by the work product doctrine.

**B.    Defendant's Objection That Demand No. 33 Is Vexatious, Harassing, And Assumes Facts Not In Evidence Is Improper.**

Defendant's objections to Demand No. 33 on grounds that it is vexatious, harassing, and assumes facts not in evidence are improper and not well taken.  Plaintiff has a right to obtain any non-privileged information relevant to the subject matter of the pending action.  *Loustalet.*, 154 F.R.D. at 245 (*citing* Fed. R. Civ. P. 26(b)(1)).  Courts routinely recognize a "broad right" of discovery "based on

118

the general principle that litigants have a right to 'every man's evidence,' and that wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth." *Rivera*, 384 F.3d at 824 (internal citations omitted).

To begin with, Defendant claims that Demand No. 33 assumes facts not in evidence. This is not a proper reason to refuse to produce the documents requested. Moreover, contrary to Defendant's improper objection, the documents requested are relevant. They are directly relevant to witness tampering, which will impact Plaintiff's case and witness testimony. Thus, the document request is not vexatious or harassing, and Defendant should be ordered to produce the responsive documents.

## C.    Defendant Has Failed To Provide A Privilege Log.

Pursuant to Federal Rule 26(b)(5), a party must notify other parties when withholding documents on grounds of privilege or the work product doctrine. To comply with Rule 26, parties are required to provide a privilege log for documents withheld. The privilege log must be detailed enough for both the court and the party seeking discovery to conduct an informed and meaningful evaluation of the claims. The 1993 advisory committee's notes to Rule 26(b)(5) noted, "to withhold materials without such notice is contrary to the rule, subjects the party to sanctions...and may be viewed as a waiver of the privilege or protection." While Defendant has withheld documents based on claims of privilege and work product, it

119

has not produced a privilege log.  Thus, the Court should order Defendant to provide Plaintiff with a privilege log.

In sum, this Court should order Defendant to provide Plaintiff with all responsive documents and a privilege log without further delay.

## DEFENDANT'S POSITION ON DEMAND FOR PRODUCTION NO. 33:

Like the Allen declarations, the Erick Geisler declaration was drafted by counsel and has never been filed.  (Reynolds  Decl., ¶¶ 3-6.)  Hence, for all the reasons discussed in connection with Demands 1 and 32, they remain work product, and the Court should deny the Motion to Compel their production.

## PLAINTIFF'S DEMAND FOR PRODUCTION NO. 38:

All employment contract forms used by CSI or other Scientology entity during the period 1990 -2005 inclusive, with respect to staff, Sea Org member or other person providing labor or services to CSI or affiliated Scientology organization.

## DEFENDANT CSI'S RESPONSE TO DEMAND FOR PRODUCTION NO. 38:

CSI objects to this Request on the grounds that it:

(a)    it is vague and ambiguous in that CSI has no "employment" documents, since it has no employees. In addition, the vagueness and ambiguity, is

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

1   exacerbated by plaintiffs proffered definition of "employment" to include "full-time

2   employment, part-time employment, self-employment, work as an independent

3   contractor, or any other activity intended to generate income in exchange for the

4   performance of personal services";

5

6          (b)    is unduly burdensome and oppressive in that: (I) CSI has had

7   thousands of staff in the last 20 years; and (ii) it would take many hundreds of hours

8   to search for responsive documents;

9

10         ©     is overbroad, vexatious, and harassing for the same reasons stated

11  in (b) and because any records after 2004 are beyond the time period at issue in this

12  case;

13

14         (d)    seeks documents that are shielded from discovery by the right to

15  privacy, including the right to privacy for church and corporate information

16  recognized in case law and the privacy of persons named therein, as well as their

17  freedom of association and free exercise of religion;

18

19         (e)    seeks documents that are statutorily and constitutionally shielded

20  from discovery by the right to keep confidential the financial documents of religious

21  organizations, and entities; and

22

23         (f)    seeks to compel the production of documents that are shielded

24  from discovery by the First Amendment's religion clauses, the California

25  Constitution, and RFRA.

26         Without waiving the foregoing objections, CSI responds that it has

27  already produced in discovery all staff contracts that pertain to Plaintiff.

28

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION
TO COMPEL THE PRODUCTION OF DOCUMENTS

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

**PLAINTIFF'S POSITION ON DEMAND FOR PRODUCTION NO. 38:**

Defendant refused to produce responsive documents based on various objections, primarily claiming that it does not have "employment" documents because it does not have employees. Defendant's objections are improper and not well taken. Defendant also claimed it has produced all staff contracts that pertain to Plaintiff, however, this is not completely responsive to the request. Plaintiff has requested *all* employment contract forms used by Defendant during the period 1990-2005. Further, the documents requested are relevant. They are directly relevant to witness tampering. Thus, Defendant should be ordered to produce all responsive documents without further delay.

> A.  **Defendant's Objection That Demand No. 38 Is Vague, Ambiguous, Unduly Burdensome And Oppressive, Overbroad, Vexatious, and Harassing Is Improper.**

Defendant further objected to Demand No. 38 on grounds that it is vague, ambiguous, unduly burdensome and oppressive, overbroad, vexatious, and harassing. However, Defendant has failed to demonstrate that there is merit to its general and boilerplate objections. Such objections are insufficient to meet Defendant's burden. *Burlington N. & Santa Fe Ry. Co.*, 408 F.3d at 1149 ("We hold that boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege."); *A.*

122

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

*Farber & Partners Inc.*, 234 F.R.D. at 188; *see also, McLeod, Alexander, Powel & Apffel,* P.C., 894 F.2d at 1485 (objections that document requests are overly broad, burdensome, oppressive, and irrelevant are insufficient to meet the objecting party's burden of explaining why discovery requests are objectionable).

In an attempt to justify its objection, Defendant claimed this request was unduly burdensome and oppressive in that Defendant has had "(i)...thousands of staff in the last 20 years; and (ii) it would take hundreds of hours to search for responsive documents[.]" The mere fact that Defendant has to conduct a search for documents from a 20-year period does not make the request burdensome. Moreover, as previously discussed, Plaintiff is not asking for each employment contract signed by each staff, Sea Org Member or other person providing labor or services to CSI or affiliated Scientology organization, but rather for one copy of every *form of employment contract* used during the period 1990-2005. Therefore, it is unlikely that it would take Defendant thousands of hours to search for these documents. Finally, while this request may present some minimal burden on Defendant, such is not unduly burdensome when, as here, the responding party will have to gather the requested documents in preparation for its own case. *See generally, L.H.*, 2007 U.S. Dist. LEXIS 73752, at *9-10. In short, Defendant may not refuse to produce documents responsive to this request with claims of burden, when Defendant will presumably gather these documents in the preparation of their own case.

Moreover, Defendant claimed the request is vague and ambiguous because "CSI has no 'employment' documents, since it has no employees." It is

123

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

hard to believe that Defendant does not have a single "employee," particularly since Defendant refers to its workers as "employees" and also provides W-2 forms, which is a demonstration of employment status. Thus, this request is not vague or ambiguous. Defendant should therefore be ordered to produce the responsive documents.

**B.    Defendant's Objections Based On Right of Privacy, First Amendment, California Constitution, And Religious Freedom Restoration Act Are Improper.**

In its response, Defendant objected on the basis of the right of privacy, the First Amendment religion clauses, the California Constitution, and the RFRA. However, these objections are baseless and improper.

With respect to the privacy objection, the constitutional provision simply does not apply to Defendant. This objection is improper because "corporations can claim no equality with individuals in the enjoyment of a right to privacy." *United States*, 338 U.S. at 651-652; *Cf., United States*, 322 U.S. at 694. Thus, as a corporation, Defendant generally has no right of privacy. *See*, *First Nat. Bank of Boston*, 435 U.S. at 778, fn. 14; *United States*, 338 U.S. at 651-652.

The objections based on the First Amendment and the California Constitution are unfounded. There is no case law or constitutional provision in the First Amendment or the California Constitution that indicates that certain documents

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

are protected from discovery due to the First Amendment or California Constitution.

Defendant's claim that this request is objectionable based on the RFRA could not be further off base.  To establish a RFRA violation, a party must demonstrate that the federal government's statute works a *substantial burden* on their ability to practice their religion freely.  *Guam*, 290 F.3d at 1222; *see also, United States*, 317 F.3d at 771.  A statute burdens the free exercise of religion if it "puts substantial pressure on an adherent to modify his behavior and to violate his beliefs," *Thomas*, 450 U.S. at 718, including, when, if enforced, it "results in the choice to the individual of either abandoning his religious principle or facing criminal prosecution." *Braunfeld*, 336 U.S. at 605.  "A substantial burden must be more than an 'inconvenience.'" *Worldwide Church of God,* 227 F.3d at 1121.  In this request, Plaintiff is simply asking for all forms of employment contracts used by Defendant during the period 1990-2005.  Defendant has not provided any evidence that complying with this discovery request substantially burdens the exercise of its religion.  Nor has Defendant explained why its faith requires immunity from the Federal Rules of Civil Procedure, as they apply to requests for production of documents.  Accordingly, Defendant's objection based on the RFRA is inapplicable.

In sum, this Court should order Defendant to provide Plaintiff with all responsive documents and a privilege log without further delay.

//

//

//

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

**DEFENDANT'S POSITION ON DEMAND FOR PRODUCTION NO. 38:**

This Demand raises two problems that have previously been seen in connection with many of Headley's other Demands: (1) he has failed to report accurately what CSI has produced and said during the truncated meet-and-confer (if it can be called that) which preceded this motion, and (2) the overbreadth of his Demand if he is seeking production as it is literally written.

In his portion above, Headley writes that he seeks only "every *form of employment contract* used during the period 1990-2005." (Emphasis in the original.) But Headley again fails to note that CSI already has made the requested production. In discussing this Demand in its attorney's letter of March 29, CSI referred Headley's counsel to the discussion about Demand No. 25. There, CSI's counsel had written:

> Although we disagree with your contention that Sea Org members entered 'employment contracts,' Defendants have produced *all forms* of Sea Org. covenants in place from 1990 that pertain to the volunteer nature of Sea Org staff members . . . .

(Brody Decl., Ex. B at 7, 10 (emphasis added).) These represent all the form agreements that CSI used with Sea Org members since 1990 and should satisfy Headley's demand (something that would have quickly have been sorted out had his attorneys engaged in a proper meet-and-confer).[18]

---

[18] As Judge Fischer's Order recognized, CSI does not "employ" Sea Org members. Hence, CSI's producing all form agreements that reflect the Sea Org members' volunteer status represents all the form of agreements it used.

126

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

The only potential remaining issue is whether Headley seeks the form agreements CSI uses with various independent contractors whom it occasionally engages to provide services (e.g., performers engaged for various of its religious videos and films).  As such agreements are not relevant to any claim or defense at issue in this case, any such request would be irrelevant.  Fed. R. Civ. P. 26(b)(1).  In addition, discovery under this category is directed to the work of plaintiff and others as ministers, and therefore is improper under the ministerial exception.  See discussion *ante* at 8-14.

## PLAINTIFF'S DEMAND FOR PRODUCTION NO. 40:

All documents generated in connection with any agreements, including but not limited to, settlement, confidentiality, non-disclosure, and "no testimony" agreements, made with any former Sea Org member since the initial administrative complaint in this action was made known to you in approximately September 2008.

## DEFENDANT CSI'S RESPONSE TO DEMAND FOR PRODUCTION NO. 40:

CSI objects to this Request on the grounds that it:

(a)    is vague and ambiguous in its language of "documents generated in connection with any agreements";

(b)    seeks information that is neither relevant to the claims or defenses of any party, relevant to the subject matter of the action, nor reasonably calculated to lead to the discovery of admissible evidence;

127

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

(c)    is vexatious and harassing in that it seeks to interfere with CSI's relationship with its staff members and former staff members;

(d)    seeks documents that are shielded from discovery by the right to privacy, including the right to privacy for church and corporate information recognized in case law and the privacy of persons named therein, as well as their freedom of association and free exercise of religion;

(e)    seeks to compel the production of documents that are shielded from discovery by the First Amendment's religion clauses, the California Constitution, and RFRA;

(f)    may seek documents that are shielded from discovery by the attorney-client privilege or as attorney work-product.

**PLAINTIFF'S POSITION ON DEMAND FOR PRODUCTION NO. 40:**

Defendant refused to produce responsive documents based on improper objections. Further, this information is directly relevant to the doctrine of Equitable Estoppel, as well as witness tampering. Thus, Defendant should be ordered to produce all responsive documents without further delay.

//

//

//

//

//

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

Case 2:09-cv-03986-DSF-MAN    Document 99    Filed 05/27/10    Page 143 of 170    Page ID #:3474

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

**A.    Defendant's Objection That Demand No. 40 Is Work Product Is Improper.**

The work product doctrine is improper because there is no evidence that these documents were prepared in anticipation of litigation.  In order to invoke work product immunity, "a party must show that the discovery sought is: 1) a document or tangible thing; 2) *that was prepared in anticipation of litigation*; 3) by or for a party, or by or for its representative." *Fresenius Med. Care Holding Inc.*, 224 F.R.D. at 655 (emphasis added).  Put otherwise, "work product applies only to material '**that would not have been generated but for the pendency or imminence of litigation**.'"  Griffith, 161 F.R.D. at 699 (emphasis in original) (granting discovery of memorandum because it "would have been generated whether or not litigation was pending"); *see also, Fischel*, 557 F.2d at 212-213 ("The limited work product immunity extends only to certain materials prepared by an attorney in anticipation of litigation.").  Moreover, as Defendant well knows, Plaintiff is not seeking the mental impressions of Defendant's counsel regarding the merits (or vulnerabilities) of its case.  Defendant may not shield these documents from discovery through a specious claim of work product protection.  *See, e.g., E.E.O.C.*, 231 F.R.D. at 346.

Moreover, "[t]he party claiming the work-product privilege bears the burden of establishing that documents claimed as work product were prepared in anticipation of litigation." *Kintera, Inc.*, 219 F.R.D. at 507;  *see also, United States*,

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

241 F.Supp.2d at 1080-81.  Defendant has failed to meet its burden that these documents were prepared in anticipation of litigation, and thus, they are not protected by the work product doctrine.

## B.    Defendant's Objection That Demand No. 40 Is Attorney-Client Privileged Is Improper.

Likewise, the attorney-client privilege is improper.  Mere transmission to an attorney does not render the documents privileged.  These documents, based on their description, do not invoke the attorney-client privilege, as the documents do not involve any confidential attorney-client communications.

## C.    Defendant's Objection That Demand No. 40 Is Irrelevant Is Improper.

Defendant's objection based on relevance lacks merit.  "Generally, discovery may be had as to any matter, *not privileged*, which is relevant to the subject matter of the pending action."  *Loustalet,* 154 F.R.D. at 245 (*citing* Fed. R. Civ. P. 26(b)(1)).  Courts routinely recognize a "broad right" of discovery "based on the general principle that litigants have a right to 'every man's evidence,' and that wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth."  *Rivera*, 384 F.3d at 824 (internal citations omitted).  This request is relevant to the doctrine of Equitable Estoppel, as well as

130

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

1    witness tampering.

2          These documents are directly relevant to the doctrine of Equitable

3

4    Estoppel, as these documents may demonstrate Defendant's repeated and continual

5    intimidation of Plaintiff which induced Plaintiff to forbear filing suit within some of

6    the applicable limitations periods.  Additionally, these documents may contain

7

8    evidence of  witness tampering through Defendant's retaliatory agenda, which is

9    directly relevant to witness testimony and Plaintiff's case.  Thus, Defendant should

10    be ordered to produce responsive documents.

11

12

13      **D.**      **Defendant's Objection That Demand No. 40 Is Vague,**

14           **Ambiguous, Vexatious and Harassing Is Improper.**

15          Defendant further objected to Demand No. 40 on grounds that it is

16

17    vague, ambiguous, vexatious, and harassing.  However, Defendant has failed to

18    demonstrate that there is merit to its general and boilerplate objections.  Such

19    objections are insufficient to meet Defendant's burden.  *Burlington N. & Santa Fe*

20

21    *Ry. Co.*, 408 F.3d at 1149 ("We hold that boilerplate objections or blanket refusals

22    inserted into a response to a Rule 34 request for production of documents are

23    insufficient to assert a privilege."); *A. Farber & Partners Inc.*, 234 F.R.D. at 188;

24

25    *see also, McLeod, Alexander, Powel & Apffel,* P.C., 894 F.2d at 1485 (objections

26    that document requests are overly broad, burdensome, oppressive, and irrelevant are

27    insufficient to meet the objecting party's burden of explaining why discovery

28    requests are objectionable).

131

---

Further, in an attempt to justify its objection, Defendant improperly claimed the request is vague and ambiguous "in its language of 'documents generated in connection with any agreements[.]'" However, this request is quite clear. Plaintiff is simply seeking all documents pertaining to any agreements made with any former Sea Org member since September 2008. In a request for production of documents, the requesting party is often seeking documents he or she has never seen, and which may or may not exist, out of files with which he or she has no familiarity. Fed. R. Civ. P. 34(b); *SEC*, 47 F.R.D. at 68. Therefore, the request is sufficient if the documents or things to be produced are of a category described with "reasonable particularity" in the request. *Id*. Thus, Defendant should produce all responsive documents.

### E.     Defendant's Objections Based On Right of Privacy, First Amendment, California Constitution, And Religious Freedom Restoration Act Are Improper.

In its response, Defendant objected on the basis of the right of privacy, the First Amendment religion clauses, the California Constitution, and the RFRA. However, these objections are baseless and improper.

With respect to the privacy objection, the constitutional provision simply does not apply to Defendant. This objection is improper because "corporations can claim no equality with individuals in the enjoyment of a right to

132

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

privacy."   *United States*, 338 U.S. at 651-652; *Cf., United States*, 322 U.S. at 694. Thus, as a corporation, Defendant generally has no right of privacy.  *See*, *First Nat. Bank of Boston*, 435 U.S. at 778, fn. 14; *United States*, 338 U.S. at 651-652.

The objections based on the First Amendment and the California Constitution are unfounded.  There is no case law or constitutional provision in the First Amendment or the California Constitution that indicates that certain documents are protected from discovery due to the First Amendment or California Constitution.

Defendant's claim that this request is objectionable based on the RFRA could not be further off base.  To establish a RFRA violation, a party must demonstrate that the federal government's statute works a *substantial burden* on their ability to practice their religion freely.  *Guam*, 290 F.3d at 1222; *see also, United States*, 317 F.3d at 771.  A statute burdens the free exercise of religion if it "puts substantial pressure on an adherent to modify his behavior and to violate his beliefs," *Thomas*, 450 U.S. at 718, including, when, if enforced, it "results in the choice to the individual of either abandoning his religious principle or facing criminal prosecution."  *Braunfeld*, 336 U.S. at 605.  "A substantial burden must be more than an 'inconvenience.'" *Worldwide Church of God,* 227 F.3d at 1121.  In this request, Plaintiff is simply asking for all documents pertaining to any agreements made with any former Sea Org member since September 2008. Defendant has not provided any evidence that complying with this discovery request substantially burdens the exercise of its religion.  Nor has Defendant explained why its faith requires immunity from the Federal Rules of Civil Procedure, as they apply

133

to requests for production of documents.  Accordingly, Defendant's objection based on the RFRA is inapplicable.

**F.     Defendant Has Failed To Provide A Privilege Log.**

Pursuant to Federal Rule 26(b)(5), a party must notify other parties when withholding documents on grounds of privilege or the work product doctrine. To comply with Rule 26, parties are required to provide a privilege log for documents withheld.  The privilege log must be detailed enough for both the court and the party seeking discovery to conduct an informed and meaningful evaluation of the claims.  The 1993 advisory committee's notes to Rule 26(b)(5) noted, "to withhold materials without such notice is contrary to the rule, subjects the party to sanctions...and may be viewed as a waiver of the privilege or protection."  While Defendant has withheld documents based on claims of privilege and work product, it has not produced a privilege log.  Thus, the Court should order Defendant to provide Plaintiff with a privilege log.

In sum, this Court should order Defendant to provide Plaintiff with all responsive documents and a privilege log without further delay.

**DEFENDANT'S POSITION ON DEMAND FOR PRODUCTION NO. 40:**

Production should be denied for three primary reasons: (1) the Demand is overbroad; (2) it seeks irrelevant information; and (3) it invades third-party privacy rights.

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

Read literally, the Demand asks for "*[a]ll* documents generated in connection with *any* agreements . . . made with *any* former Sea Org member" since approximately September 2008.  (Emphasis added.)  For the reasons discussed in detail in connection with Demand  No. 1, *ante*, the Demand is overbroad and complying with it would impose undue burden and cost on CSI.  Moreover, as the Demand, read literally, seeks all documents about *any* agreements, irrespective of their topic, it plainly seeks documents that are irrelevant to any claim or defense at issue here, particularly since Headley left the Church in January 2005.

Even if the Demand is read more narrowly as Plaintiff may have intended, i.e., limited to settlement and other identified agreements, it is still objectionable. The Demand seeks documents that bear on a church's relationship with former ministers. As such, the documents at issue are subject to protection under both the First Amendment and their production abridges the former Sea Org members' rights to privacy, discussed in detail in connection with Demand No. 1, *ante*.

**PLAINTIFF'S DEMAND FOR PRODUCTION NO. 42:**

All documents including what purport to be releases, settlement agreements, confidentiality agreements, non-disclosure agreements, bonds, and agreements not to testify against CSI or a Scientology party (even truthfully), which have been obtained from or executed by past or present Sea Org members since September 1, 2004.

135

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION
TO COMPEL THE PRODUCTION OF DOCUMENTS

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipluations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

**DEFENDANT CSI'S RESPONSE TO DEMAND FOR PRODUCTION NO. 42:**

CSI objects to this Request on the grounds that it:

(a)    seeks information that is neither relevant to the claims or defenses of any party, relevant to the subject matter of the action, nor reasonably calculated to lead to the discovery of admissible evidence;

(b)    is unduly burdensome and oppressive in that it asks for "all documents," is not limited as to entity, CSI has thousands of staff and former staff, and it would have to search more than five years of records to determine what past and present staff members may have signed any such documents, which have no valid use in this case;

©    is unduly overbroad, vexatious, and harassing for the same reason stated in (b);

(d)    seeks documents that are shielded from discovery by the right to privacy, including the right to privacy for church and corporate financial information recognized in case law and the privacy of persons named therein, as well as their freedom of association and free exercise of religion.

**PLAINTIFF'S POSITION ON DEMAND FOR PRODUCTION NO. 42:**

Defendant, yet again, refused to produce responsive documents based on improper objections.  The documents requested are directly relevant to the doctrine of Equitable Estoppel, as well as witness tampering.  Thus, Defendant should be ordered to produce all responsive documents without further delay.

136

## A.    Defendant's Objection That Demand No. 42 Is Irrelevant Is Improper.

Defendant's objection based on relevance lacks merit.  "Generally, discovery may be had as to any matter, *not privileged*, which is relevant to the subject matter of the pending action."  *Loustalet*, 154 F.R.D. at 245 (*citing* Fed. R. Civ. P. 26(b)(1)).  Courts routinely recognize a "broad right" of discovery "based on the general principle that litigants have a right to 'every man's evidence,' and that wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth."  *Rivera*, 384 F.3d at 824 (internal citations omitted).  This request is relevant to the doctrine of Equitable Estoppel, as well as witness tampering.

These documents are directly relevant to the doctrine of Equitable Estoppel, as these documents may demonstrate Defendant's repeated and continual intimidation of Plaintiff which induced Plaintiff to forbear filing suit within some of the applicable limitations periods.  Additionally, these documents may contain evidence of witness tampering, which is directly relevant to witness testimony and Plaintiff's case.  Thus, Defendant should be ordered to produce responsive documents.

//

//

//

//

137

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

### B. Defendant's Objection That Demand No. 42 Is Unduly Burdensome, Oppressive, Unduly Overbroad, Vexatious, and Harassing Is Improper.

Defendant further objected to Demand No. 42 on the grounds that it is unduly burdensome, oppressive, unduly overbroad, vexatious and harassing. However, Defendant has failed to demonstrate that there is merit to its general and boilerplate objections. Such objections are insufficient to meet Defendant's burden. *Burlington N. & Santa Fe Ry. Co.*, 408 F.3d at 1149 ("We hold that boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege."); *A. Farber & Partners Inc.*, 234 F.R.D. at 188; *see also, McLeod, Alexander, Powel & Apffel, P.C.*, 894 F.2d at 1485 (objections that document requests are overly broad, burdensome, oppressive, and irrelevant are insufficient to meet the objecting party's burden of explaining why discovery requests are objectionable).

Further, in an attempt to justify its objection, Defendant improperly claimed the request is unduly burdensome and oppressive because it has "thousands of staff and former staff[,]" and it "would have to search more than five years of records[.]" The mere fact that Defendant will have to search through more than five years of records does not make the request burdensome. While this request may present some minimal burden on Defendant, such is not unduly burdensome when, as here, the responding party will have to gather the requested documents in preparation for its own case. *See generally, L.H.*, 2007 U.S. Dist. LEXIS 73752, at

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

*9-10.  In short, Defendant may not refuse to produce documents responsive to this request with claims of burden, when Defendant will presumably gather these documents in the preparation of its own case.  Thus, Defendant should be ordered to produce all responsive documents.

### C.    Defendant's Objection Based On Right of Privacy Is Improper.

In its response, Defendant objected on the basis of the right of privacy. This objection is improper because "corporations can claim no equality with individuals in the enjoyment of a right to privacy."   *United States*, 338 U.S. at 651-652; *Cf., United States,* 322 U.S. at 694.  Thus, as a corporation, Defendants generally have no right of privacy.  *See*, *First Nat. Bank of Boston*, 435 U.S. at 778, fn. 14; *United States*, 338 U.S. at 651-652.

In sum, this Court should order Defendant to provide Plaintiff with all responsive documents and without further delay.

**DEFENDANT'S POSITION ON DEMAND FOR PRODUCTION NO. 42:**

This Demand raises numerous issues, none of which Headley deals with satisfactorily.

First, on its face the Demand is overbroad and unduly burdensome. Read literally, the Demand asks for "*[a]ll* documents . . . which have been obtained

139

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

from or executed by past or present Sea Org members since September 1, 2004." (Emphasis added.) That is, Headley wants *every* document that *any* Sea Org member gave or signed since September 1, 2004. As Sea Org members comprise CSI's staff, and as staff submit some form of paperwork in connection with virtually every post or assignment, literally read this would require CSI to produce virtually *every* document about *every* facet of its operations since September 1, 2004.

Nothing in the Federal Rules sanctions a demand of this breadth or intrusiveness. To begin with, it plainly is irrelevant, as the Demand is not limited to the claims or defenses at issue, but seeks "all documents . . .obtained from" any past or present Sea Org member on any topic since September 1, 2004. Fed. R. Civ. P. 26(b)(1). Second, it would require multiple staff working hundreds of hours to produce literally hundreds of thousands of documents. For the reasons discussed and the authorities cited above, CSI should not be put to that burden and expense in pursuit of discovery of such marginal value. Indeed, this is the sort of potential discovery abuse that the Court "*must*" prevent. *J&M Assocs.*, *supra*, 2008 WL 638137, at *6 (emphasis added).

Third, requiring CSI to produce virtually all its documents for the past six years would invade all sorts of privileges: it would require the production of proprietary, confidential information; it would require the production of writings and communications pertaining to religious topics that invade CSI's and the Sea Org members' First Amendment rights. All these items are properly shielded from production for the reasons discussed in Section I, *ante*.

140

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipluations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

**PLAINTIFF'S DEMAND FOR PRODUCTION NO. 43:**

All documents signed by Plaintiff Headley.

**DEFENDANT CSI'S RESPONSE TO DEMAND FOR PRODUCTION NO. 43:**

CSI objects to this Request on the grounds that it:

(a)     seeks information that is neither relevant to the claims or defenses of any party, relevant to the subject matter of the action, nor reasonably calculated to lead to the discovery of admissible evidence;

(b)     is unduly burdensome and oppressive in that there may be documents signed by plaintiff in any of numerous locations at Golden Era Productions, which is a large facility containing numerous buildings;

©     is overbroad, vexatious, and harassing for the same reason stated in (b);

(d)     seeks documents that are shielded from discovery by the right to privacy, including the right to privacy for church and corporate financial information recognized in case law and the privacy of persons named therein, as well as their freedom of association and free exercise of religion;

(e)     seeks to compel the production of documents that are shielded from discovery by the First Amendment's religion clauses, the California Constitution, and RFRA; and

(f)     may seek documents that are shielded from discovery by the clergy-communicant privilege.

141

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipluations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

1   Without waiving any of the foregoing objections, CSI responds that

2   responsive, non-privileged documents in CSI's possession, custody or control have

3   previously been produced in discovery.  See also Response to Request No. 1.

4

5

6   **PLAINTIFF'S POSITION ON DEMAND FOR PRODUCTION NO. 43:**

7

8   Defendant improperly objected to Demand No. 43 on various grounds,

9   and also asserted that certain responsive documents have previously been produced

10  in discovery.  During the meet and confer process, Defendant stated that they were

11  withholding responsive documents located in Plaintiff's ethics files, "which are

12  highly confidential."  However, it remains unclear what responsive documents have

13  been produced, and whether any documents are being properly withheld.  Moreover,

14

15  contrary to Defendant's claims, the documents requested are directly relevant to

16  Plaintiff's case.  Thus, Defendant should be ordered to produce all responsive

17  documents without further delay.

18

19

20  **A.**        **Defendant's Objection That Demand No. 43 Is**

21               **Irrelevant Is  Improper.**

22

23  Defendant's objection based on relevance lacks merit.  "Generally,

24  discovery may be had as to any matter, *not privileged*, which is relevant to the

25  subject matter of the pending action."  *Loustalet*, 154 F.R.D. at 245 (*citing* Fed. R.

26  Civ. P. 26(b)(1)).  Courts routinely recognize a "broad right" of discovery "based on

27

28

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION
TO COMPEL THE PRODUCTION OF DOCUMENTS

Case 2:09-cv-03986-DSF-MAN Document 99 Filed 05/27/10 Page 157 of 170 Page ID #:3488

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

the general principle that litigants have a right to 'every man's evidence,' and that wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth." *Rivera*, 384 F.3d at 824 (internal citations omitted). Contrary to Defendant's claims, the documents requested are relevant because Demand No. 43 seeks Defendant's documents concerning the Plaintiff in this action. These documents belong to Plaintiff. Thus, Defendant should be ordered to produce responsive documents.

**B. Defendant's Objection That Demand No. 43 Is Unduly Burdensome, Oppressive, Overbroad, Vexatious, and Harassing Is Improper.**

Defendant further objected to this request on the grounds that it is unduly burdensome, oppressive, overbroad, vexatious, and harassing. However, Defendant has failed to demonstrate that there is merit to its general and boilerplate objections. Such objections are insufficient to meet Defendant's burden. *Burlington N. & Santa Fe Ry. Co.*, 408 F.3d at 1149 ("We hold that boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege."); *A. Farber & Partners Inc.*, 234 F.R.D. at 188; *see also, McLeod, Alexander, Powel & Apffel,* P.C., 894 F.2d at 1485 (objections that document requests are overly broad, burdensome, oppressive, and irrelevant are insufficient to meet the objecting party's burden of explaining why discovery requests are objectionable).

143

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

Further, in an attempt to justify its objection, Defendant claimed this request is unduly burdensome and oppressive "in that there may be documents signed by plaintiff in any of numerous locations at Golden Era Productions, which is a large facility containing numerous buildings[.]"  The mere fact that Defendant has documents regarding Plaintiff in various locations at one large facility does not make the request burdensome.  While this request may present some minimal burden on Defendant, such is not unduly burdensome when, as here, the responding party will have to gather the requested documents in preparation for its own case.  *See generally, L.H.*, 2007 U.S. Dist. LEXIS 73752, at *9-10.  In short, Defendant may not refuse to produce documents responsive to this request with claims of burden, when Defendant will presumably gather all documents in any file it has pertaining to Plaintiff in the preparation of its own case.

**C.**     **Defendant's Objections Based On Right of Privacy, First Amendment, California Constitution, Religious Freedom Restoration Act, And Clergy-Communicant Privilege Are Improper.**

In its response, Defendant objected on the basis of the right of privacy, the First Amendment religion clauses, the California Constitution, the RFRA, and the clergy-communicant privilege.  During the meet and confer process, Defendant cited to case law in support of these objections.  However, these objections are

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

1   baseless and improper.

2           With respect to the privacy objection, the constitutional provision

3   simply does not apply to Defendant. The information contained in Plaintiff's files

4

5   belongs to Plaintiff, not Defendant.  If anyone has a privacy right in relation to these

6   documents, it is Plaintiff, and only him.  Moreover, this objection is improper

7   because "corporations can claim no equality with individuals in the enjoyment of a

8

9   right to privacy."  *United States*, 338 U.S. at 651-652; *Cf., United States*, 322 U.S.

10  at 694.  Thus, as a corporation, Defendant generally has no right of privacy.  *See*,

11
    *First Nat. Bank of Boston*, 435 U.S. at 778, fn. 14; *United States*, 338 U.S. at 651-
12
13  652.

14          The objections based on the First Amendment and the California

15  Constitution are unfounded.  There is no case law or constitutional provision in the

16
    First Amendment or the California Constitution that indicates that certain documents
17
18  are protected from discovery due to the First Amendment or California Constitution.

19          Defendant's claim that this request is objectionable based on the RFRA

20  could not be further off base.  To establish a RFRA violation, a party must

21
22  demonstrate that the federal government's statute works a *substantial burden* on

23  their ability to practice their religion freely.  *Guam*, 290 F.3d at 1222; *see also,*

24  *United States*, 317 F.3d at 771.  A statute burdens the free exercise of religion if it

25
26  "puts substantial pressure on an adherent to modify his behavior and to violate his

27  beliefs," *Thomas*, 450 U.S. at 718, including, when, if enforced, it "results in the

28  choice to the individual of either abandoning his religious principle or facing

145

Case 2:09-cv-03986-DSF-MAN   Document 99   Filed 05/27/10   Page 160 of 170   Page ID #:3491

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

1  criminal prosecution." *Braunfeld*, 336 U.S. at 605.  "A substantial burden must be

2  more than an 'inconvenience.'" *Worldwide Church of God,* 227 F.3d at 1121.  In

3

4  this request, Plaintiff is simply asking for all documents signed by Plaintiff.

5  Defendant has not provided any evidence that complying with this discovery request

6  substantially burdens the exercise of its religion.  Nor has Defendant explained why

7

8  its faith requires immunity from the Federal Rules of Civil Procedure, as they apply

9  to requests for production of documents.  Accordingly, Defendant's objection based

10 on the RFRA is inapplicable.

11

12         Finally, Defendant's objection based on the clergy-communicant

13 privilege is inapplicable.  First, Courts have held that "[t]he privilege should not be

14 interpreted to comprehend communications to and among members of sects that

15 denominate each and every member as clergy, proclaim that all communications

16 have spiritual significance, or dictate that all communications among members,

17

18 whether essential to and in furtherance of the purportedly privileged communication

19 or not, shall be confidential."  *In Re Grand Jury Investigation*, 918 F.2d at 384, fn.

20 13.  Additionally, the privilege is held by Plaintiff, not Defendant, and thus

21

22 Defendant cannot assert the privilege.  Defendant cannot assert that, by virtue of its

23 religion, all communications are privileged and entitled to protection.

24

25

26         **D.      Defendant Has Failed To Provide A Privilege Log.**

27         Pursuant to Federal Rule 26(b)(5), a party must notify other parties

28 when withholding documents on grounds of privilege or the work product doctrine.

146

To comply with Rule 26, parties are required to provide a privilege log for documents withheld. The privilege log must be detailed enough for both the court and the party seeking discovery to conduct an informed and meaningful evaluation of the claims. The 1993 advisory committee's notes to Rule 26(b)(5) noted, "to withhold materials without such notice is contrary to the rule, subjects the party to sanctions...and may be viewed as a waiver of the privilege or protection." While Defendant has withheld documents based on claims of privilege, it has not produced a privilege log. Thus, the Court should order Defendant to provide Plaintiff with a privilege log.

In sum, this Court should order Defendant to provide Plaintiff with all responsive documents and a privilege log without further delay.

## DEFENDANT'S POSITION ON DEMAND FOR PRODUCTION NO. 43:

There are three fundamental problems with Plaintiff's position. First, he fails to disclose that CSI has produced all the documents he signed that were located in his personnel and student files.

Second, it seeks the production of documents in Plaintiff's PC folders and Ethics folder. For all the reasons discussed in connection with Demands No. 1 and No. 16, above, an order compelling their production would violate the First Amendment, RFRA and State and federal evidentiary privileges.

Third, to the extent it seeks the production of *every* document Headley may have signed during his tenure with Defendant, it is unduly burdensome and

147

costly.  To locate these documents, Defendant would be forced to divert staff from their normal duties, in order to locate *every* file in connection with *every* post Headley held during his 15+ year tenure.  Defendant would then be required to hand sort through those files to determine if they contain any documents signed by Headley.  For all the reasons discussed above and based on all the authorities cited above, the burden and cost of this search far exceed the likely benefit of any additional documents that might be located.  (Fraser Decl., ¶ 12.)

In addition, this category on its face is directed to Plaintiff's work as a minister, and therefore is improper under the ministerial exception.  See discussion *ante* at Section I.

### PLAINTIFF'S DEMAND FOR PRODUCTION NO. 44:

All documents that support Responding Defendant CSI affirmative defenses as plead [*sic*] in CSI's Answer filed herein.

### DEFENDANT CSI'S RESPONSE TO DEMAND FOR PRODUCTION NO. 44:

CSI objects to this Request on the grounds that it:

(a)    is unduly burdensome and oppressive in that it asks for "all documents," and there may be documents that would support CSI's affirmative defenses of which CSI is unaware and has no intention of using and it would serve no valid purpose for CSI to conduct extensive searches of thousands or millions of files merely to determine if they contain something that might be responsive; and

148

(b)    is unduly overbroad, vexatious, and harassing for the reasons stated in (a).

Without waiving any of the foregoing objections, CSI responds that responsive, non-privileged documents in CSI's possession, custody or control that it locates will be made available for inspection and copying at a mutually agreeable time and place, some of which will only be produced after the Court has entered a stipulated or Court ordered protective order.

**PLAINTIFF'S POSITION ON DEMAND FOR PRODUCTION NO. 44:**

Defendant improperly objected to Demand No. 44 on various grounds, and also asserted that certain responsive documents will be produced at a mutually agreeable time.  Thus far, Defendant has not produced any documents responsive to Demand No. 44.  Then, during the meet and confer process, Defendant stated the request sought documents subject to the attorney-client and/or work product privileges, and that it was withholding certain confidential documents.  However, it remains unclear whether any documents have been properly withheld.  Moreover, Plaintiff is entitled to obtain all evidence Defendant intends to use in support of its affirmative defenses.  Thus, Defendant should be ordered to produce all responsive documents without further delay.

//

//

//

149

Case 2:09-cv-03986-DSF-MAN    Document 99    Filed 05/27/10    Page 164 of 170    Page ID #:3495

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

### A.    Defendant's Objection That Demand No. 44 Is Work Product Is Improper.

The work product doctrine is improper because there is no evidence that these documents were prepared in anticipation of litigation.  In order to invoke work product immunity, "a party must show that the discovery sought is: 1) a document or tangible thing; 2) *that was prepared in anticipation of litigation*; 3) by or for a party, or by or for its representative." *Fresenius Med. Care Holding Inc.*, 224 F.R.D. at 655  (emphasis added).  Put otherwise, "work product applies only to material '**that would not have been generated but for the pendency or imminence of litigation**.'" *Griffith*, 161 F.R.D. at 699 (emphasis in original) (granting discovery of memorandum because it "would have been generated whether or not litigation was pending"); *see also, Fischel*, 557 F.2d at 212-213 ("The limited work product immunity extends only to certain materials prepared by an attorney in anticipation of litigation.").  Moreover, as Defendant well know, Plaintiff is not seeking the mental impressions of Defendant's counsel regarding the merits (or vulnerabilities) of its case.  Instead, Plaintiff is asking for the evidence that support Defendant's affirmative defenses.  Defendant may not shield these documents from discovery through a specious claim of work product protection. *See, e.g., E.E.O.C.*, 231 F.R.D. at 346.

Moreover, "[t]he party claiming the work-product privilege bears the burden of establishing that documents claimed as work product were prepared in

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION
TO COMPEL THE PRODUCTION OF DOCUMENTS

Case 2:09-cv-03986-DSF-MAN    Document 99    Filed 05/27/10    Page 165 of 170    Page ID #:3496

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

anticipation of litigation." *Kintera, Inc.*, 219 F.R.D. at 507; *see also, United States*, 241 F.Supp.2d at 1080-81. Defendant has failed to meet its burden that these documents were prepared in anticipation of litigation, and thus, they are not protected by the work product doctrine.

### B.    Defendant's Objection That Demand No. 44 Is Attorney-Client Privileged Is Improper.

Likewise, the attorney-client privilege is improper. Mere transmission to an attorney does not render the documents privileged. These documents, based on their description, do not invoke the attorney-client privilege, as the documents do not involve any confidential attorney-client communications.

### C.    Defendant's Objection That Demand No. 44 Is Unduly Burdensome, Oppressive, Unduly Overbroad, Vexatious, and Harassing Is Improper.

Defendant further objected to this request on the grounds that it is unduly burdensome, oppressive, unduly overbroad, vexatious, and harassing. However, Defendant has failed to demonstrate that there is merit to its general and boilerplate objections. Such objections are insufficient to meet Defendant's burden. *Burlington N. & Santa Fe Ry. Co.*, 408 F.3d at 1149 ("We hold that boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for

151

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

production of documents are insufficient to assert a privilege."); *A. Farber & Partners Inc.*, 234 F.R.D. at 188; *see also, McLeod, Alexander, Powel & Apffel, P.C.*, 894 F.2d at 1485 (objections that document requests are overly broad, burdensome, oppressive, and irrelevant are insufficient to meet the objecting party's burden of explaining why discovery requests are objectionable).

Further, in an attempt to justify its objection, Defendant claimed this request is unduly burdensome and oppressive because it asks for "all documents" in support of their affirmative defenses. Defendant's attempt to label this request as unduly burdensome and oppressive is not well taken. Plaintiff is simply for asking documents he is entitled to, which are all documents in support of Defendant's affirmative defenses. Moreover, while this request may present some minimal burden on Defendant, such is not unduly burdensome when, as here, the responding party will have to gather the requested documents in preparation for its own case. *See generally, L.H.*, 2007 U.S. Dist. LEXIS 73752, at *9-10. In short, Defendant may not refuse to produce documents responsive to this request with claims of burden, when Defendant will presumably gather these documents in the preparation of its own case.

### D.    Defendant Has Failed To Provide A Privilege Log.

Pursuant to Federal Rule 26(b)(5), a party must notify other parties when withholding documents on grounds of privilege or the work product doctrine. To comply with Rule 26, parties are required to provide a privilege log for

152

documents withheld. The privilege log must be detailed enough for both the court and the party seeking discovery to conduct an informed and meaningful evaluation of the claims. The 1993 advisory committee's notes to Rule 26(b)(5) noted, "to withhold materials without such notice is contrary to the rule, subjects the party to sanctions...and may be viewed as a waiver of the privilege or protection." While Defendant has withheld documents based on claims of privilege and work product, it has not produced a privilege log. Thus, the Court should order Defendant to provide Plaintiff with a privilege log.

In sum, this Court should order Defendant to provide Plaintiff with all responsive documents and a privilege log without further delay.

**DEFENDANT'S POSITION ON DEMAND FOR PRODUCTION NO. 44:**

Once more, Plaintiff fails to report accurately what Defendant stated in the parties' exchange of correspondence: In that exchange, Defendant stated that it had produced all responsive documents except those that will be produced after the Protective Order that Defendant sought has been entered. (Brody Decl., Ex. B at 11.) That remains Defendant's position: once the Protective Order has been entered, Defendant will produce any remaining additional responsive documents. No further response or order should be needed or required.

//

//

//

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

1

**IV.**        **CONCLUSION**

2

3

4            **A.    PLAINTIFF'S POSITION**

5            For each of the forgoing reasons, the present Motion should be granted.

6

7

8            **B.    DEFENDANT'S POSITION**

9            For all the reasons set forth above, the Motion should be denied.

10

11

12      DATE: May 24, 2010          Respectfully submitted:
                                    METZGER LAW GROUP

13                                  A Professional Law Corporation

14                                  By:_____/s/Raphael Metzger_____
                                              RAPHAEL METZGER
15                                  Attorneys for Plaintiffs

16                                  MARC HEADLEY and CLAIRE HEADLEY

17

18      DATE: May 24, 2010          PROSKAUER ROSE LLP

19                                  By:_____/s/Bert H. Deixler_____
                                              BERT H. DEIXLER
20

21                                  RABINOWITZ, BOUDIN, STANDARD, KRINSKY &
                                    LIEBERMAN, P.C.
22
                                    Eric M. Lieberman
23                                  111 Broadway, 11th Floor
                                    New York, NY  10006
24

25                                  Attorneys for Defendant
                                    CHURCH OF SCIENTOLOGY INTERNATIONAL
26

27

28

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION
TO COMPEL THE PRODUCTION OF DOCUMENTS

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipluations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and am not a party to the within action.  My business address is 401 East Ocean Blvd., #800, Long Beach, CA 90802.

On May 27, 2010, I served the foregoing document, described as: **JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED DATA** on the parties to this action as follows:

X  (ELECTRONIC FILING/SERVICE) Complying with United States District Court General Order re Electronic Filing, my electronic business address is nvidal@toxictorts.com and I caused such document(s) to be electronically served through CM/ECF of the Central District of California, United States District Court website at www.cacd.uscourts.com addressed to all parties appearing on the electronic service list for the above-entitled case.  The file transmission was reported as complete and a copy of the Filing/Service Receipt will be maintained with the original document(s) in our offices.

I declare that I am employed in the offices of a member of this court, at whose direction service was made.

Executed on May 27, 2010, at Long Beach, California.

_____s/_____
Nina S. Vidal, Declarant

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

F:\WP\Cases\9526\DISC-MOT\INSP-DEM.MTC\Joint Stipulations May 2010\Final Mtn for Filing\Marc's Motion\Joint Stipulation of Marc Headley Final 1.wpd

1

<u>PROOF OF SERVICE</u>
Marc Headley vs. Church of Scientology, Case No. CV09-3986 DSF (MANx)

2
and
Claire Headley vs. Church of Scientology, Case No. CV09-3987 DSF (MANx)

3

4
-o0o-

5
Barry Van Sickle, Esq.
1079 Sunrise Avenue, Suite B-315
Roseville, ca 95661

6
(Plaintiff)

7
Anthony J. Oncidi, Esq.
Harold M. Brody, Esq.

8
G. Samuel Cleaver, Esq.
Proskauer Rose

9
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
(Church of Scientology International)

10

11
Kendrick L. Moxon, Esq.
Moxon & Kobrin
3055 Wilshire Blvd., Suite 900

12
Los Angeles, CA 90010
(Church of Scientology International)

13
Eric M. Lieberman, Esq.
Rabinowitz, Boudin, Standard, Krinsky & Lieberman

14
111 Broadway, 11th Floor
New York, NY 10006

15
(Church of Scientology International)

16

17
(Updated January 21, 2010 kk)

18

19

20

21

22

23

24

25

26

27

28

156

JOINT STIPULATION REGARDING PLAINTIFF MARC HEADLEY'S MOTION
TO COMPEL THE PRODUCTION OF DOCUMENTS